UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>Peabody Energy Corporation, et al.,<br><br>                      Debtors.[1] | Case No. 16-42529<br>CHAPTER 11<br><br> (Joint Administration Requested)<br><br>Hearing Date and Time:<br>TBD<br><br>Hearing Location:<br>TBD |

**MOTION OF THE DEBTORS AND DEBTORS IN POSSESSION, PURSUANT TO SECTIONS 105(a), 107(c), 342 AND 521 OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 1007(a), 2002(a), 2002(f) AND 9037 AND LOCAL BANKRUPTCY RULES 1002(C), 1007-7, 1009, 2002-1 AND 2002-2, FOR AN ORDER (I) AUTHORIZING THE DEBTORS AND DEBTORS IN POSSESSION TO FILE A REDACTED CREDITOR MAILING MATRIX; (II) DEEMING THAT CERTAIN PROCEDURES SATISFY THE REQUIREMENTS OF LOCAL BANKRUPTCY RULES 1007-7 AND 1009; (III) APPROVING THE MANNER OF SERVICE OF THE ORDER AND NOTICE OF THE COMMENCEMENT OF THE DEBTORS' CHAPTER 11 CASES; AND (IV) AUTHORIZING THE FILING OF A CONSOLIDATED LIST OF TOP 50 <u>UNSECURED CREDITORS</u>**

Peabody Energy Corporation ("PEC") and certain of its direct and indirect subsidiaries, as debtors and debtors in possession (collectively, the "Debtors"), hereby move this Court, pursuant to sections 105(a), 107(c), 342 and 521 of title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rules 1007(a), 2002(a), 2002(f) and 9037 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 1002(C), 1007-7, 1009, 2002-1 and 2002-2 of the Local Rules of Bankruptcy Procedure for the United States Bankruptcy Court for the Eastern District of Missouri (the "Local Bankruptcy Rules"), for an order:

---

[1]   The Debtors and their employer identification numbers are listed on Schedule 1 attached hereto.  The addresses for each of the Debtors are set forth in the Debtors' chapter 11 petitions.

(a) authorizing them to file a redacted creditor mailing matrix; (b) deeming that the Procedures (as defined below) satisfy the requirements of Local Bankruptcy Rules 1007-7 and 1009; (c) approving the manner of service for the Court's Order and notice (the "Commencement Notice") of the commencement of these chapter 11 cases and of the meeting of creditors to be held pursuant to section 341 of the Bankruptcy Code (the "Section 341 Meeting"); and (d) authorizing the Debtors to file a single consolidated list of the 50 largest unsecured creditors in these cases in lieu of filing over 100 separate lists of the 20 largest unsecured creditors of each Debtor pursuant to Bankruptcy Rule 1007(d) and Local Bankruptcy Rule 1002(C), and in support thereof, respectfully represent as follows:[2]

## Jurisdiction and Venue

1.  This Court has subject matter jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and Rule 81-9.01(B)(1) of the Local Rules of the United States District Court for the Eastern District of Missouri. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

2.  On April 13, 2016 (the "Petition Date"), the Debtors commenced their reorganization cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

---

[2] A copy of the proposed order will be made available on the Debtors' case website at http://www.kccllc.net/peabody.

3. Debtor PEC is a Delaware corporation headquartered in St. Louis, Missouri. PEC was incorporated in 1998 and became a public company in 2001. Each of the other Debtors is a wholly-owned direct or indirect subsidiary of PEC.

4. PEC is the world's largest private-sector coal company (by volume), with 26 active coal mining operations located in the United States and Australia. The Debtors' domestic mines produce and sell thermal coal, which is primarily purchased by electricity generators. PEC's Australian operations mine both thermal and metallurgical coal, a majority of which is exported to international customers. As of December 31, 2015, Debtor PEC and its subsidiaries' property holdings include 6.3 billion tons of proven and probable coal reserves and approximately 500,000 acres of surface property through ownership and lease agreements. In the United States alone, as of December 31, 2015, the Debtors held an estimated 5.5 billion tons of proven and probable coal reserves, and the Debtors generated sales of approximately 180 million tons of coal. In addition to its mining operations, the Debtors market and broker coal from other coal producers across the United States, Australia, Europe and Asia.

5. The Debtors operate in a competitive and highly regulated industry that has experienced strong headwinds and precipitously declining demand and pricing in recent years due to the rise of low priced alternative energy sources – including an abundance of natural gas. Combined with these factors, slowing global economic growth drove a wide range of goods prices lower in 2015 and resulted in the largest broad market decline since 1991. Indeed, demand from electric utilities in the United States alone declined approximately 110 million tons in 2015. These market conditions, in connection with lower realized pricing in the United States and Australia, resulted in a 21.0 million ton decline in the Debtors' and their non-debtor

subsidiaries' coal sales during 2015. As a result of these challenges, several large United States coal companies have filed for chapter 11 protection in recent years.

6. A comprehensive description of the Debtors' businesses and operations, capital structure and the events leading to the commencement of these chapter 11 cases can be found in the Declaration of Amy Schwetz, Executive Vice President and Chief Financial Officer of Debtor PEC, in Support of First Day Motions of Debtors and Debtors in Possession (the "<u>First Day Declaration</u>"), which was filed contemporaneously herewith and is incorporated herein by reference.

## Argument

*Authorization to File Redacted Creditor Mailing Matrix and Approval of Certain Related Procedures*

7. Pursuant to section 521(a)(1)(A) of the Bankruptcy Code, Bankruptcy Rule 1007(a)(1) and Local Bankruptcy Rules 1002(C) and 1007-7(A), a chapter 11 petition must be accompanied by a list of creditors containing the name and address of each entity included or to be included on a debtor's schedules of liabilities (the "<u>Creditor Matrix</u>").[3]

8. The Debtors comprise a large enterprise with approximately 50,000 creditors identified on the Creditor Matrix. As such, the Debtors were not able to prepare their schedules of liabilities for filing on the Petition Date.[4]

---

[3] Specifically, section 521(a)(1)(A) of the Bankruptcy Code provides that "[the debtor shall file] a list of creditors . . . ." 11 U.S.C. § 521(a)(1)(A). Bankruptcy Rule 1007(a)(1) implements the requirement of section 521 of the Bankruptcy Code by requiring that a voluntary debtor "shall file with the petition a list containing the name and address of each entity included or to be included on Schedules D, E/F, G, and H as prescribed by the Official Forms." Similarly, Local Bankruptcy Rule 1002(C)(11) provides that the Creditor Matrix shall be filed with the debtor's petition.

[4] Contemporaneously herewith, the Debtors have filed a motion for a 60-day extension of the time to file, among other things, their schedules of assets and liabilities.

9. The Debtors have contemporaneously filed a motion, pursuant to 28 U.S.C. § 156(c), for an order authorizing the appointment of Kurtzman Carson Consultants, LLC ("KCC") as claims and noticing agent in these chapter 11 cases.[5] The Debtors intend to furnish their Creditor Matrix to KCC so that KCC can undertake the mailing of the Commencement Notice to creditors, pursuant to section 342(a) of the Bankruptcy Code, Bankruptcy Rules 2002(a) and (f), and Local Bankruptcy Rule 2002-2(A).[6]

10. Further, included in the Debtors' Creditor Matrix are approximately 7,100 employees and directors of the Debtors. Additional employees and directors of the Debtors may be added to the Creditor Matrix through the future filing of an amended Creditor Matrix (the "Amended Creditor Matrix").

11. Accordingly, a substantial number of individuals are at risk of having their personal information unnecessarily disclosed publicly without their knowledge or consent if the Debtors are required to file an unredacted copy of the Debtors' Creditor Matrix. Thus, to protect certain sensitive information of the Debtors' employees and directors, the Debtors seek authority to file a copy of the Creditor Matrix redacting their employees' and directors' home addresses (the "Confidential Information") and to submit the unredacted matrix under seal in accordance with Local Bankruptcy Rules.

---

[5] 28 U.S.C. § 156(c) authorizes the use of non-court services for noticing, by providing that "[a]ny court may utilize . . . services, either on or off the court's premises, which pertain to the provision of notices … to parties in cases filed under the provisions of title 11 . . . . The utilization of such . . . services shall be subject to such conditions and limitations as the pertinent circuit council may prescribe." 28 U.S.C. § 156(c).

[6] Section 342 of the Bankruptcy Code provides that "[t]here shall be given such notice as is appropriate … of an order for relief in a case under this title." 11 U.S.C. § 342(a). Bankruptcy Rule 2002(a) provides that "the clerk, or some other person as the court may direct, shall give . . . at least 21 days' notice by mail of: (1) the meeting of creditors under § 341 or § 1104(b) of the Code . . . . " Fed. R. Bankr. P. 2002(a). Bankruptcy Rule 2002(f) provides that "the clerk, or some other person as the court may direct, shall give . . . notice by mail of: (1) the order for relief . . . . " Fed. R. Bankr. P. 2002(f). Local Bankruptcy Rule 2002-2(A) provides that the court may authorize a third party to provide notice of the commencement of the case.

12. The Debtors propose that the Court approve the following procedures (the "Procedures"):

    a. Contemporaneous with the filing of the Debtors' voluntary petitions, the Debtors will file a copy of the Creditor Matrix redacting the Confidential Information.

    b. Within two days after entry of an order approving this Motion, the Debtors will provide an unredacted copy of the Creditor Matrix to the Clerk of the Court's Office to be filed under seal.

    c. For each Amended Creditor Matrix, if any, the Debtors will file a copy of the Amended Creditor Matrix redacting the Confidential Information.

    d. Within two days after filing an Amended Creditor Matrix, if any, the Debtors will provide to the Clerk of the Court's Office an unredacted copy of the Creditor Matrix to be filed under seal.

13. This Court has the authority to authorize the filing of a redacted Creditor Matrix pursuant to sections 105(a) and 107(c) of the Bankruptcy Code and Bankruptcy Rule 9037. See 11 U.S.C. § 105(a) ("The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."); 11 U.S.C. § 107(c) (to "protect an individual," for cause, court may authorize redaction of information from a publicly-filed paper, including "any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual" (citing 18 U.S.C. § 1028(d)(7)); Bankruptcy Rule 9037(c) ("The court may order that a filing be made under seal without redaction."); Bankruptcy Rule 9037(e) ("An entity making a redacted filing may also file an unredacted copy under seal.").

14. Similar relief has recently been granted by this Court in other large chapter 11 cases filed in this district. See, e.g., In re Abengoa Bioenergy US Holding, LLC, No. 16-41161 (Bankr. E.D. Mo. Mar. 4, 2016) (Docket No. 89) (authorizing debtors to file redacted creditor mailing matrix and approving procedures similar to those requested herein); In re Noranda Aluminum, Inc., No. 16-10083 (Bankr. E.D. Mo. Feb. 10, 2016) (Docket No. 86)

(same); In re Arch Coal, Inc., No. 16-40120 (Bankr. E.D. Mo. Jan. 13, 2016) (Docket No. 74) (same).[7]

*Request for Approval of the Manner of Service of the Commencement Notice*

15. Pursuant to Local Bankruptcy Rule 2002-2(A), the Debtors additionally request authority for KCC to serve the Commencement Notice entered by the Court in the Debtors' chapter 11 cases. The Debtors propose that the Commencement Notice be served by regular mail, postage prepaid, on those entities entitled to receive such notice pursuant to Bankruptcy Rule 2002(a) and Local Bankruptcy Rule 2002-1, and that such service occur no later than two days after the Commencement Notice is entered by the Court in the Debtors' chapter 11 cases. The Debtors hereby request that the Court approve the foregoing as providing sufficient notice of the commencement of these chapter 11 cases and the Section 341 Meeting.

*Request for Authority to File a Single Consolidated List of Creditors*

16. Pursuant to Bankruptcy Rule 1007(d) and Local Bankruptcy Rule 1002(C)(3), a chapter 11 debtor must file with its voluntary petition a list setting forth the names, addresses, telephone numbers and claim amounts of those creditors, excluding insiders, holding the 20 largest unsecured claims in the debtor's case (a "Top 20 List"). This Top 20 List is used primarily by the United States Trustee to evaluate the types and amounts of unsecured claims against the debtor and, thus, identify potential candidates to serve on any official committee of unsecured creditors (the "Creditors' Committee") appointed in the chapter 11 case under section 1102 of the Bankruptcy Code. See In re Dandy Doughboy Donuts, Inc., 66 B.R. 457, 458 (Bankr. S.D. Fla. 1986) (stating that the purpose of the list is to facilitate the appointment of an unsecured creditors committee); 9 Collier on Bankruptcy ¶ 1007.04 (Alan N.

---

[7] Unreported orders cited herein are not attached to this Motion. Copies of these orders will be made available to the Court or other parties upon request made to the Debtors' counsel.

Resnick & Henry J. Sommer eds., 16th ed.) (stating "the list enables the United States Trustee to determine the different types of claims existing in order to assure that a fully representative committee is appointed").

17. Given the affiliated nature of the Debtors and the fact that they share a number of creditors in common, the Debtors believe that filing a list of their creditors holding the 50 largest unsecured claims on a consolidated basis (the "<u>Consolidated Top 50 List</u>") would facilitate the United States Trustee's review of creditors' claims and its appointment of a single Creditors' Committee in these cases. Under these circumstances, the exercise of satisfying the literal requirements of Bankruptcy Rule 1007(d) and Local Bankruptcy Rule 1002(C)(3) would only serve to frustrate their intended purpose.

18. Considering the inconvenience to the United States Trustee if the Debtors filed over 100 separate but generally similar Top 20 Lists, and the absence of any corresponding benefit, the Debtors request authority to file the Consolidated Top 50 List in lieu of filing separate Top 20 Lists for each Debtor. The Debtors believe that such relief is appropriate under the circumstances for the efficient and orderly administration of these cases.

19. Relief similar to that requested in this Motion has been granted in chapter 11 cases in this and other districts. <u>See</u>, <u>e.g.</u>, <u>In re Noranda Aluminum, Inc.</u>, No. 16-10083 (Bankr. E.D. Mo. Feb. 10, 2016) (Docket No. 82) (authorizing the debtors to file a consolidated list of top 30 creditors); <u>In re Arch Coal, Inc.</u>, No. 16-40120 (Bankr. E.D. Mo. Jan. 13, 2016) (Docket No. 76) (same); <u>accord</u> <u>In re Alpha Natural Res., Inc.</u>, No. 15-33896 (Bankr. E.D. Va. Aug. 5, 2015) (Docket No. 94) (authorizing the debtors to file a consolidated list of top 50 creditors); <u>In re Patriot Coal Corp.</u>, No. 15-32450 (Bankr. E.D. Va. May 14, 2015) (Docket No. 85) (authorizing the debtors to file a consolidated list of top 30 creditors);

In re James River Coal Co., No. 14-31848 (Bankr. E.D. Va. Apr. 10, 2014) (Docket No. 79) (same); In re Sbarro LLC, No. 14-10557 (Bankr. S.D.N.Y. Mar. 13, 2014) (Docket No. 66) (same); In re Entegra Power Grp. LLC, No. 14-11859 (Bankr. D. Del. Aug. 6, 2014) (Docket No. 44) (authorizing the debtors to file a consolidated list of creditors); In re Dolan Co., No. 14-10614 (Bankr. D. Del. Mar. 25, 2014) (Docket No. 70) (same); In re Patriot Coal Corp., No. 12-12900 (Bankr. S.D.N.Y. July 11, 2012) (Docket No. 42) (waiving the requirement that debtors file a list of creditors); In re Hostess Brands, Inc., No. 12-22052 (Bankr. S.D.N.Y. Jan. 12, 2012) (Docket No. 61) (authorizing the debtors to file a consolidated list of top 40 creditors).

**Notice**

20. Notice of this Motion has been given to: (a) Davis Polk & Wardwell LLP and Bryan Cave LLP as counsel to Citibank, N.A. as Administrative Agent for the First Lien Secured Credit Facility and the Debtors' proposed debtor in possession secured credit facility; (b) Brown Rudnick LLP, as counsel to Wilmington Savings Fund Society, FSB as prospective trustee and collateral agent for the Secured Second Lien Notes; (c) Foley & Lardner LLP, as counsel to Wilmington Trust Company as prospective Indenture Trustee for the Unsecured Notes; (d) Robinson & Cole LLP, as counsel to U.S. Bank as resigning trustee and collateral agent for the Second Lien Notes, the Unsecured Notes and the Convertible Notes; (e) counsel to any ad hoc committees; (f) the Debtors' 50 largest unsecured creditors; (g) Mayer Brown LLP, as counsel to PNC Bank, N.A., as Administrator under the Debtors' prepetition accounts receivable securitization facility; (h) the United Mine Workers of America; (i) the Office of the United States Trustee for the Eastern District of Missouri; (j) the Internal Revenue Service; (k) the Securities and Exchange Commission; (l) the United States Department of the Interior; (m) the United States Department of Labor; (n) the United States Attorney's Office for the Eastern

District of Missouri; and (o) Pension Benefit Guaranty Corporation (collectively, the "Notice Parties"). In light of the nature of the relief requested, the Debtors submit that no further notice is necessary.

## No Prior Request

21. No prior request for the relief sought in this Motion has been made to this or any other Court in connection with these chapter 11 cases.

WHEREFORE, the Debtors respectfully request that the Court: (i) enter an order, substantially in the form submitted to the Court, granting the relief requested herein; and (ii) grant such other and further relief to the Debtors as the Court may deem just and proper.

Dated: April 13, 2016
      St. Louis, Missouri

Respectfully submitted,

/s/ Steven N. Cousins
Steven N. Cousins, MO 30788
Susan K. Ehlers, MO 49855
Armstrong Teasdale LLP
7700 Forsyth Boulevard, Suite 1800
St. Louis, MO  63105
Telephone:  (314) 621-5070
Facsimile:  (314) 612-2239
Email:  scousins@armstrongteasdale.com
Email:  sehlers@armstrongteasdale.com

Heather Lennox (*pro hac vice* pending)
Jones Day
North Point
901 Lakeside Avenue
Cleveland, OH  44114
Telephone:  (216) 586-3939
Facsimile:  (216) 579-0212
Email:  hlennox@jonesday.com

Amy Edgy (*pro hac vice* pending)
Daniel T. Moss (*pro hac vice* pending)
Jones Day
51 Louisiana Avenue, N.W.
Washington, D.C.  20001-2113
Telephone:  (202) 879-3939
Facsimile:  (202) 626-1700
Email:  aedgy@jonesday.com
Email:  dtmoss@jonesday.com

*Proposed Attorneys for Debtors*
*and Debtors in Possession*

# SCHEDULE 1

| | Debtor's Name | Debtor's EIN Number |
|---|---|---|
| 1. | Peabody Energy Corporation | 13-4004153 |
| 2. | American Land Development, LLC | 20-3405570 |
| 3. | American Land Holdings of Colorado, LLC | 26-3730572 |
| 4. | American Land Holdings of Illinois, LLC | 30-0440127 |
| 5. | American Land Holdings of Indiana, LLC | 20-2514299 |
| 6. | American Land Holdings of Kentucky, LLC | 20-0766113 |
| 7. | American Land Holdings of New Mexico, LLC | 32-0478983 |
| 8. | American Land Holdings of West Virginia, LLC | 20-5744666 |
| 9. | Arid Operations, Inc. | 84-1199578 |
| 10. | Big Ridge, Inc. | 37-1126950 |
| 11. | Big Sky Coal Company | 81-0476071 |
| 12. | Black Hills Mining Company, LLC | 32-0049741 |
| 13. | BTU Western Resources, Inc. | 20-1019486 |
| 14. | Caballo Grande, LLC | 27-1773243 |
| 15. | Caseyville Dock Company, LLC | 20-8080107 |
| 16. | Central States Coal Reserves of Illinois, LLC | 43-1869432 |
| 17. | Central States Coal Reserves of Indiana, LLC | 20-3960696 |
| 18. | Century Mineral Resources, Inc. | 36-3925555 |
| 19. | Coal Reserve Holding Limited Liability Company No. 1 | 43-1922737 |
| 20. | COALSALES II, LLC | 43-1610419 |
| 21. | Colorado Yampa Coal Company, LLC | 95-3761211 |
| 22. | Conservancy Resources, LLC | 20-5744701 |
| 23. | Cottonwood Land Company | 43-1721982 |
| 24. | Cyprus Creek Land Company | 73-1625890 |
| 25. | Cyprus Creek Land Resources LLC | 75-3058264 |
| 26. | Dyson Creek Coal Company, LLC | 43-1898526 |
| 27. | Dyson Creek Mining Company, LLC | 20-8080062 |
| 28. | El Segundo Coal Company, LLC | 20-8162824 |
| 29. | Empire Land Holdings, LLC | 61-1742786 |
| 30. | Falcon Coal Company, LLC | 35-2006760 |
| 31. | Four Star Holdings, LLC | 30-0885825 |
| 32. | Francisco Equipment Company, LLC | 37-1805119 |
| 33. | Francisco Land Holdings Company, LLC | 36-4831111 |
| 34. | Francisco Mining, LLC | 30-0922117 |
| 35. | Gallo Finance Company, LLC | 43-1823616 |
| 36. | Gold Fields Chile, LLC | 13-3004607 |
| 37. | Gold Fields Mining, LLC | 36-2079582 |
| 38. | Gold Fields Ortiz, LLC | 22-2204381 |
| 39. | Hayden Gulch Terminal, LLC | 86-0719481 |
| 40. | Highwall Mining Services Company | 20-0010659 |
| 41. | Hillside Recreational Lands, LLC | 32-0214135 |
| 42. | HMC Mining, LLC | 43-1875853 |
| 43. | Illinois Land Holdings, LLC | 26-1865197 |
| 44. | Independence Material Handling, LLC | 43-1750064 |
| 45. | James River Coal Terminal, LLC | 55-0643770 |
| 46. | Juniper Coal Company, LLC | 43-1744675 |
| 47. | Kayenta Mobile Home Park, Inc. | 86-0773596 |
| 48. | Kentucky Syngas, LLC | 26-1156957 |
| 49. | Kentucky United Coal, LLC | 35-2088769 |
| 50. | Lively Grove Energy, LLC | 20-5752800 |
| 51. | Lively Grove Energy Partners, LLC | 26-0180403 |
| 52. | Marigold Electricity, LLC | 26-0180352 |
| 53. | Midco Supply and Equipment Corporation | 43-6042249 |
| 54. | Midwest Coal Acquisition Corp. | 20-0217640 |
| 55. | Midwest Coal Reserves of Illinois, LLC | 20-3960648 |

|      | **Debtor's Name** | **Debtor's EIN Number** |
|------|-------------------|-------------------------|
| 56.  | Midwest Coal Reserves of Indiana, LLC | 20-3405958 |
| 57.  | Midwest Coal Reserves of Kentucky, LLC | 20-3405872 |
| 58.  | Moffat County Mining, LLC | 74-1869420 |
| 59.  | Mustang Energy Company, LLC | 43-1898532 |
| 60.  | New Mexico Coal Resources, LLC | 20-3405643 |
| 61.  | NM Equipment Company, LLC | 36-4821991 |
| 62.  | Pacific Export Resources, LLC | 27-5135144 |
| 63.  | Peabody America, LLC | 93-1116066 |
| 64.  | Peabody Archveyor, L.L.C. | 43-1898535 |
| 65.  | Peabody Arclar Mining, LLC | 31-1566354 |
| 66.  | Peabody Asset Holdings, LLC | 20-3367333 |
| 67.  | Peabody Bear Run Mining, LLC | 26-3582291 |
| 68.  | Peabody Bear Run Services, LLC | 26-3725923 |
| 69.  | Peabody Caballo Mining, LLC | 83-0309633 |
| 70.  | Peabody Cardinal Gasification, LLC | 20-5047955 |
| 71.  | Peabody China, LLC | 43-1898525 |
| 72.  | Peabody Coalsales, LLC | 20-1759740 |
| 73.  | Peabody COALTRADE International (CTI), LLC | 20-1435716 |
| 74.  | Peabody COALTRADE, LLC | 43-1666743 |
| 75.  | Peabody Colorado Operations, LLC | 20-2561644 |
| 76.  | Peabody Colorado Services, LLC | 26-3723774 |
| 77.  | Peabody Coulterville Mining, LLC | 20-0217834 |
| 78.  | Peabody Development Company, LLC | 43-1265557 |
| 79.  | Peabody Electricity, LLC | 20-3405744 |
| 80.  | Peabody Employment Services, LLC | 26-3730348 |
| 81.  | Peabody Energy Generation Holding Company | 73-1625891 |
| 82.  | Peabody Energy Investments, Inc. | 68-0541702 |
| 83.  | Peabody Energy Solutions, Inc. | 43-1753832 |
| 84.  | Peabody Gateway North Mining, LLC | 27-2294407 |
| 85.  | Peabody Gateway Services, LLC | 26-3724075 |
| 86.  | Peabody Holding Company, LLC | 74-2666822 |
| 87.  | Peabody Holdings (Gibraltar) Limited | 20-5543587 |
| 88.  | Peabody IC Funding Corporation | 46-2326991 |
| 89.  | Peabody IC Holdings, LLC | 30-0829603 |
| 90.  | Peabody Illinois Services, LLC | 26-3722638 |
| 91.  | Peabody Indiana Services, LLC | 26-3724339 |
| 92.  | Peabody International Investments, Inc. | 26-1361182 |
| 93.  | Peabody International Services, Inc. | 20-8340434 |
| 94.  | Peabody Investments Corp. | 20-0480084 |
| 95.  | Peabody Magnolia Grove Holdings, LLC | 61-1683376 |
| 96.  | Peabody Midwest Management Services, LLC | 26-3726045 |
| 97.  | Peabody Midwest Mining, LLC | 35-1799736 |
| 98.  | Peabody Midwest Operations, LLC | 20-3405619 |
| 99.  | Peabody Midwest Services, LLC | 26-3722194 |
| 100. | Peabody Mongolia, LLC | 20-8714315 |
| 101. | Peabody Natural Gas, LLC | 43-1890836 |
| 102. | Peabody Natural Resources Company | 51-0332232 |
| 103. | Peabody New Mexico Services, LLC | 20-8162939 |
| 104. | Peabody Operations Holding, LLC | 26-3723890 |
| 105. | Peabody Powder River Mining, LLC | 43-0996010 |
| 106. | Peabody Powder River Operations, LLC | 20-3405797 |
| 107. | Peabody Powder River Services, LLC | 26-3725850 |
| 108. | Peabody PowerTree Investments, LLC | 20-0116980 |
| 109. | Peabody Recreational Lands, L.L.C. | 43-1898382 |
| 110. | Peabody Rocky Mountain Management Services, LLC | 26-3725390 |
| 111. | Peabody Rocky Mountain Services, LLC | 20-8162706 |
| 112. | Peabody Sage Creek Mining, LLC | 26-3730653 |
| 113. | Peabody School Creek Mining, LLC | 20-3585831 |

|  | **Debtor's Name** | **Debtor's EIN Number** |
|---|---|---|
| 114. | Peabody Services Holdings, LLC | 26-3726126 |
| 115. | Peabody Southwest, LLC | 20-5744732 |
| 116. | Peabody Southwestern Coal Company, LLC | 43-1898372 |
| 117. | Peabody Terminal Holding Company, LLC | 26-1087861 |
| 118. | Peabody Terminals, LLC | 31-1035824 |
| 119. | Peabody Trout Creek Reservoir LLC | 30-0746873 |
| 120. | Peabody Twentymile Mining, LLC | 26-3725223 |
| 121. | Peabody Venezuela Coal Corp. | 43-1609813 |
| 122. | Peabody Venture Fund, LLC | 20-3405779 |
| 123. | Peabody-Waterside Development, L.L.C. | 75-3098342 |
| 124. | Peabody Western Coal Company | 86-0766626 |
| 125. | Peabody Wild Boar Mining, LLC | 26-3730759 |
| 126. | Peabody Wild Boar Services, LLC | 26-3725591 |
| 127. | Peabody Williams Fork Mining, LLC | 20-8162742 |
| 128. | Peabody Wyoming Gas, LLC | 20-5744610 |
| 129. | Peabody Wyoming Services, LLC | 26-3723011 |
| 130. | PEC Equipment Company, LLC | 20-0217950 |
| 131. | PG INVESTMENTS SIX, L.L.C. | 43-1898530 |
| 132. | Point Pleasant Dock Company, LLC | 20-0117005 |
| 133. | Pond River Land Company | 73-1625893 |
| 134. | Porcupine Production, LLC | 43-1898379 |
| 135. | Porcupine Transportation, LLC | 43-1898380 |
| 136. | Riverview Terminal Company | 13-2899722 |
| 137. | Sage Creek Holdings, LLC | 26-3286872 |
| 138. | Sage Creek Land & Reserves, LLC | 38-3936826 |
| 139. | School Creek Coal Resources, LLC | 20-2902073 |
| 140. | Seneca Coal Company, LLC | 84-1273892 |
| 141. | Seneca Property, LLC | 36-4820253 |
| 142. | Shoshone Coal Corporation | 25-1336898 |
| 143. | Southwest Coal Holdings, LLC | 37-1794829 |
| 144. | Star Lake Energy Company, L.L.C. | 43-1898533 |
| 145. | Sugar Camp Properties, LLC | 35-2130006 |
| 146. | Thoroughbred Generating Company, L.L.C. | 43-1898534 |
| 147. | Thoroughbred Mining Company LLC. | 73-1625889 |
| 148. | Twentymile Coal, LLC | 95-3811846 |
| 149. | Twentymile Equipment Company, LLC | 38-3982017 |
| 150. | Twentymile Holdings, LLC | 38-3937156 |
| 151. | United Minerals Company, LLC | 35-1922432 |
| 152. | West Roundup Resources, LLC | 20-2561489 |
| 153. | Wild Boar Equipment Company, LLC | 32-0488114 |
| 154. | Wild Boar Land Holdings Company, LLC | 36-4831131 |