UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>Peabody Energy Corporation, <u>et al.</u>,<br><br>                   Debtors.[1] | Case No. 16-42529<br>CHAPTER 11<br><br>(Joint Administration Requested)<br><br>Hearing Date and Time:<br>TBD<br><br>Hearing Location:<br>TBD |

**MOTION OF THE DEBTORS AND DEBTORS IN POSSESSION FOR AN ORDER (I) GRANTING THEM AN EXTENSION OF TIME WITHIN WHICH TO FILE SCHEDULES AND RELATED DOCUMENTS; (II) WAIVING THE REQUIREMENT TO FILE A LIST OF EQUITY SECURITY HOLDERS, (III) EXTENDING THE TIME TO SCHEDULE THE 341 MEETING; AND (IV) GRANTING THEM AN EXTENSION <u>OF TIME TO FILE 2015.3 REPORTS</u>**

Peabody Energy Corporation ("<u>PEC</u>") and certain of its direct and indirect subsidiaries, as debtors and debtors in possession (collectively, the "<u>Debtors</u>"), hereby move this Court, pursuant to sections 105(a) and 521 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rules 1007(a)(3), (c), 2003 and 9006(b) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") and Rule 1007-6 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Eastern District of Missouri (the "<u>Local Bankruptcy Rules</u>"), for an order:  (a) extending the time within which the Debtors must file their (i) schedules of assets and liabilities, (ii) schedules of executory contracts and unexpired leases and (iii) statements of financial affairs (items (i) through (iii) collectively, the "<u>Schedules and Statements</u>") until 60

---

[1]     The Debtors and their employer identification numbers are listed on Schedule 1 attached hereto.  The addresses for each of the Debtors are set forth in the Debtors' chapter 11 petitions.

days after the Petition Date; (b) waiving the requirement that PEC file a list of equity security holders (the "Shareholder List") within 14 days of the Petition Date, as set forth in Bankruptcy Rule 1007(a)(3); (c) authorizing the Office of the United States Trustee for the Eastern District of Missouri (the "United States Trustee") to schedule the meeting of creditors under section 341 of the Bankruptcy Code after the 40-day deadline imposed by Bankruptcy Rule 2003 (the "341 Meeting"); (d) extending time within which the Debtors must (i) file their initial reports of financial information in respect of entities in which their chapter 11 estates hold a controlling or substantial interest, as set forth in Bankruptcy Rule 2015.3 (the "2015.3 Reports"), until 45 days after the Petition Date or, alternatively, to grant an extension of the time to (ii) file a motion with the Court seeking a modification of such reporting requirements for cause; and (e) granting related relief, and in support thereof, respectfully represent as follows:[2]

## Jurisdiction and Venue

1.  This Court has subject matter jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and Rule 81-9.01(B)(1) of the Local Rules of the United States District Court for the Eastern District of Missouri.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

2.  On April 13, 2016 (the "Petition Date"), the Debtors commenced their reorganization cases by filing voluntary petitions for relief under the Bankruptcy Code.  The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

---

[2]  A copy of the proposed order will be made available on the Debtors' case website at http://www.kccllc.net/peabody.

3. Debtor PEC is a Delaware corporation headquartered in St. Louis, Missouri. PEC was incorporated in 1998 and became a public company in 2001. Each of the other Debtors is a wholly-owned direct or indirect subsidiary of PEC.

4. PEC is the world's largest private-sector coal company (by volume), with 26 active coal mining operations located in the United States and Australia. The Debtors' domestic mines produce and sell thermal coal, which is primarily purchased by electricity generators. PEC's Australian operations mine both thermal and metallurgical coal, a majority of which is exported to international customers. As of December 31, 2015, Debtor PEC and its subsidiaries' property holdings include 6.3 billion tons of proven and probable coal reserves and approximately 500,000 acres of surface property through ownership and lease agreements. In the United States alone, as of December 31, 2015, the Debtors held an estimated 5.5 billion tons of proven and probable coal reserves, and the Debtors generated sales of approximately 180 million tons of coal. In addition to its mining operations, the Debtors market and broker coal from other coal producers across the United States, Australia, Europe and Asia.

5. The Debtors operate in a competitive and highly regulated industry that has experienced strong headwinds and precipitously declining demand and pricing in recent years due to the rise of low priced alternative energy sources – including an abundance of natural gas. Combined with these factors, slowing global economic growth drove a wide range of goods prices lower in 2015 and resulted in the largest broad market decline since 1991. Indeed, demand from electric utilities in the United States alone declined approximately 110 million tons in 2015. These market conditions, in connection with lower realized pricing in the United States and Australia, resulted in a 21.0 million ton decline in the Debtors' and their non-debtor

subsidiaries' coal sales during 2015.  As a result of these challenges, several large United States coal companies have filed for chapter 11 protection in recent years.

6.     A comprehensive description of the Debtors' businesses and operations, capital structure and the events leading to the commencement of these chapter 11 cases can be found in the Declaration of Amy Schwetz, Executive Vice President and Chief Financial Officer of Debtor PEC, in Support of First Day Motions of Debtors and Debtors in Possession (the "First Day Declaration"), which was filed contemporaneously herewith and is incorporated herein by reference.

## Argument

***Cause Exists to Extend the Time to File the Schedules and Statements and 341 Meeting***

7.     Pursuant to section 521 of the Bankruptcy Code, Bankruptcy Rule 1007(c) and Local Bankruptcy Rule 1002(C), a chapter 11 debtor must file its Schedules and Statements no later than 14 days after the date on which the debtor files its voluntary petition and Bankruptcy Rule 2003 requires that the 341 Meeting take place between 21 and 40 days of the Petition Date unless rescheduled pursuant to Local Bankruptcy Rule 1007-6.  The Debtors' Schedules and Statements, therefore, would be due (absent any extension of time granted by the Court) by April 27, 2016.  Bankruptcy Rules 1007(c) and 9006(b)(1), however, provide a bankruptcy court with the ability to extend a debtor's time to file its Schedules and Statements "for cause."  See Fed. R. Bankr. P. 1007(c), 9006(b)(1).  In addition, Local Bankruptcy Rule 1007-6(A) expressly provides that the Court may extend the time for filing the Debtors' Schedules and Statements.

8.     Completing the Schedules and Statements for each of the 154 discrete Debtors requires the collection, review and assembly of a substantial amount of information located in numerous places throughout the Debtors' organization.  The Debtors and all of their

Debtor and non-Debtor affiliates constitute an international enterprise with roughly $11.0 billion in assets and more than $10.1 billion in liabilities, on a consolidated basis, as of December 31, 2015.  The Debtors have thousands of employees, creditors and other parties in interest due to the size and complexity of the Debtors' businesses and financial affairs.  Collection of the information necessary to complete the Schedules and Statements requires significant time and effort by the Debtors as well as their employees and advisors.  Further, given the timing elements related to processing or receiving certain invoices and to other business operations, some of the information necessary to complete the Schedules and Statements is not yet available in the Debtors' accounting system.

9. As established above, the Debtors were not in a position to complete the Schedules and Statements by the Petition Date, even with the assistance of professionals.  Given the critical matters to be addressed in the early days of these chapter 11 cases, the Debtors will require significantly more than 14 days after the Petition Date to complete the Schedules and Statements.  Nevertheless, recognizing the importance of assembling this information, the Debtors have begun compiling the information necessary to complete the Schedules and Statements as quickly as practicable under the circumstances.

10. Given the volume of information provided in the Schedules and Statements, and the fact that the information is required to be accurate as of the Petition Date, providing the Debtors with additional time will help ensure that the relevant information is fully processed through the Debtors' various information systems and can be incorporated into the relevant schedules.  Rushing to complete the Schedules and Statements soon after the Petition Date likely would compromise the completeness and accuracy of the Schedules and Statements.

Accordingly, the additional time requested should help ensure that the Schedules and Statements are as accurate as possible.

11. The Debtors respectfully request that the Court extend the date by which the Schedules and Statements must be filed pursuant to Bankruptcy Rule 1007(c) until 60 days after the Petition Date, or until June 13, 2016 without prejudice to the Debtors' right to seek a further extension. In addition, to the extent that the United States Trustee decides to schedule the 341 Meeting after the 40-day period contemplated in Bankruptcy Rule 2003, the Debtors also request that the Court authorize the United States Trustee to schedule the 341 Meeting beyond this period to allow sufficient time for all parties to review the Schedules and Statements.

12. As set forth herein, cause exists for such relief in light of the number of Debtor entities, the substantial size, scope and complexity of their businesses and the volume of material that must be compiled and reviewed by the Debtors' staff and professionals.

13. In large chapter 11 cases such as these, courts routinely extend the deadline to file Schedules and Statements. Indeed, similar relief to that requested herein has been granted by courts in this District and elsewhere in other large chapter 11 cases. See, e.g., In re Abengoa Bioenergy US Holdings, LLC, No. 16-41161 (Bankr. E.D. Mo. Mar. 4, 2016) (Docket No. 87); In re Noranda Aluminum, Inc., No. 16-10083 (Bankr. E.D. Mo. Feb. 10, 2016) (Docket No. 82) (extending time to file schedules of assets and liabilities, extending the time to schedule 341 meeting and authorizing the debtors to file consolidated creditor list); In re Arch Coal, Inc., No. 16-40120 (Bankr. E.D. Mo. Jan. 13, 2016) (Docket No. 76) (extending the time for debtors to file schedules and statements and 341 meeting); In re Jamat, LLC, No. 14-44811 (Bankr. E.D Mo. June 30, 2014) (Docket No. 28); In re Dave Sinclair Lincoln-Mercury St. Peters, Inc., No. 14-40679 (Bankr. E.D. Mo. Feb. 19, 2014) (Docket No. 44); In re Hazel Invs. LP,

-6-

No. 13-50282 (Bankr. E.D. Mo. Nov. 25, 2013) (Docket No. 30); In re Ridgecrest Estates, L.P., No. 13-49315 (Bankr. E.D. Mo. Oct. 17, 2013) (Docket No. 32); In re Old Bakeco, Inc., No. 13-47789 (Bankr. E.D. Mo. Sept. 3, 2013) (Docket No. 40); In re Grau Contracting, No 10-46815 (Bankr. E.D. Mo. June 29, 2010) (Docket No. 30); In re ContinentalAFA Dispensing Co., No. 08-45921 (Bankr. E.D. Mo. Aug. 26, 2008) (Docket No. 64); accord In re Alpha Natural Res., Inc., No. 15-33896 (Bankr. E.D. Va. Aug. 5, 2015) (Docket No. 98); In re Patriot Coal Corp., No. 15-32450 (Bankr. E.D. Va. May 14, 2015) (Docket No. 85); In re James River Coal Co., No. 14-31848 (Bankr. E.D. Va. Apr. 10, 2014) (Docket No. 88); In re Patriot Coal Corp., No. 12-12900 (Bankr. S.D.N.Y. July 12, 2012) (Docket No. 53).[3]

***Cause Exists to Waive the Requirement to File the Shareholder List***

14. Bankruptcy Rule 1007(a)(3) provides that "[i]n a chapter 11 reorganization case, unless the court orders otherwise, the debtor shall file within 14 days after entry of the order for relief a list of the debtor's equity security holders of each class showing the number and kind of interests registered in the name of each holder, and the last known address or place of business of each holder."  Fed. R. Bankr. P. 1007(a)(3).

15. PEC is a public company and, as of April 4, 2016, there were approximately 18.5 million shares of common stock issued and outstanding.  Preparing a list of PEC's equity security holders with their last known addresses and sending notice to all parties on such a list would prove both expensive and time-consuming.  Further, to the extent that the Debtors were even able to ascertain such information, the Shareholder List would ultimately serve little or no beneficial purpose.  The equity markets will have immediate notice of these

---

[3] Unreported orders cited herein are not attached to this Motion.  Copies of these orders will be made available to the Court or other parties upon request made to the Debtors' counsel.

chapter 11 cases through public news outlets and PEC's filing of a Form 8-K Statement with the SEC.

16.     If it becomes necessary for PEC's equity security holders to file proofs of interest, the Debtors will provide them with particularized notice of the deadline and an opportunity to assert such interests.  Thus, equity security holders will not be prejudiced, and a waiver of the requirement that PEC file the Shareholder List and serve notices to all parties on such list is appropriate.

17.     Given the foregoing, the Debtors submit that sufficient cause exists for the Court to waive the requirement under Bankruptcy Rule 1007(a)(3) that the Debtors file the Shareholder List.  Further, section 105(a) of the Bankruptcy Code, which codifies the equitable powers of the bankruptcy court, empowers courts to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).  This section "provides bankruptcy courts with broad general powers to grant such relief as is necessary to effectuate the provisions of the Bankruptcy Code."  Otoe Cnty. Nat'l Bank v. Easton (In re Easton), 883 F.2d 312, 315 (8th Cir. 1989) (quoted by Miller v. Farmers Home Admin. (In re Miller), 16 F.3d 240, 244 (8th Cir. 1994)).  In light of the complexity of these chapter 11 cases, the Court has authority, consistent with Bankruptcy Rule 1007, to grant the relief requested herein.  See, e.g., In re Arch Coal, Inc., No. 16-40120 (Bankr. E.D. Mo. Jan. 13, 2016) (Docket No. 76); In re Noranda Aluminum Inc., No. 16-10083 (Bankr. E.D. Mo. Feb. 10, 2016) (Docket No. 82); In re Bakers Footwear Grp., Inc., No. 12-49658 (Bankr. E.D. Mo. Oct. 5, 2012) (Docket No. 50); accord In re Patriot Coal Corp., No. 12-12900 (Bankr. S.D.N.Y.  July 12, 2012) (Docket No. 53) (waiving requirement to file equity lists); In re Molycorp, Inc., No. 15-11357 (Bankr. D. Del. June 26, 2015) (Docket No. 80) (waiving requirement to file list of equity

security holders); In re RadioShack Corp., No. 15-10197 (Bankr. D. Del. Feb. 9, 2015) (Docket No. 166) (same); In re PMGI Holdings, Inc., No. 13-12404 (Bankr. D. Del. Sept. 18, 2014) (Docket No. 52) (same).

***Cause Exists to Extend the Time to File the 2015.3 Reports***

18. Pursuant to Bankruptcy Rule 2015.3, a chapter 11 debtor must file periodic financial reports, no later than seven days before the date set for the 341 Meeting and no less than every six months thereafter, disclosing the value, operations and profitability of each entity that is not a publicly traded corporation or a debtor in the chapter 11 cases, and in which the estate holds a substantial or controlling interest. Bankruptcy Rule 9006(b)(1) provides the Court with the ability to enlarge the period of time to file the 2015.3 Reports "for cause." Bankruptcy Rule 2015.3(d) also provides the Court with the ability, after notice and a hearing, to modify the reporting requirements for cause, including that the debtor is "not able, after a good faith effort, to comply with those reporting requirements, or that the information . . . is publicly available." Fed. R. Bankr. P. 2015.3(d).

19. As noted above, the Debtors consist of 154 separate entities, many of which hold a "substantial or controlling interest" as defined by Bankruptcy Rule 2015.3. As of the Petition Date, the Debtors have identified 143 entities in which they hold some form of equity interest. Pursuant to Bankruptcy Rule 2015.3(c), the Debtors are presumed to hold (a) a "substantial or controlling interest" in 136 of these entities (collectively, the "Qualifying Entities") and (b) less than a substantial or controlling interest in the remaining 7. The Debtors submit that cause exists to extend the deadline for filing the Rule 2015.3 Reports for the Qualifying Entities as requested herein based on (a) the size and complexity of the Debtors' businesses and (b) the substantial burdens imposed by compliance with Bankruptcy Rule 2015.3 in the early days of these chapter 11 cases.

20. Extending the deadline for the initial 2015.3 Reports also will enable the Debtors to work with their financial advisors and the United States Trustee to determine the appropriate nature and scope of the 2015.3 Reports and any proposed modifications to the reporting requirements established by Bankruptcy Rule 2015.3. Accordingly, the Debtors respectfully request that the Court grant an extension of the time by which the Debtors must either file their initial 2015.3 Reports or file a motion with the Court seeking appropriate modifications of such reporting requirements, for cause, pursuant to Bankruptcy Rule 2015.3(d) until 45 days after the Petition Date, or until May 30, 2016.

21. The relief requested herein will not prejudice any party in interest. The Debtors intend to work cooperatively with the United States Trustee and any statutory committee of unsecured creditors appointed in these chapter 11 cases to provide access to relevant information regarding the business and financial affairs of the Debtors to the extent such information is not available in the Debtors' reporting to the United States Securities and Exchange Commission.

**Notice**

22. Notice of this Motion has been given to: (a) Davis Polk & Wardwell LLP and Bryan Cave LLP as counsel to Citibank, N.A. as Administrative Agent for the First Lien Secured Credit Facility and the Debtors' proposed debtor in possession secured credit facility; (b) Brown Rudnick LLP, as counsel to Wilmington Savings Fund Society, FSB as prospective trustee and collateral agent for the Secured Second Lien Notes; (c) Foley & Lardner LLP, as counsel to Wilmington Trust Company as prospective Indenture Trustee for the Unsecured

Notes;[4] (d) Robinson & Cole LLP, as counsel to U.S. Bank as resigning trustee and collateral agent for the Second Lien Notes, the Unsecured Notes and the Convertible Notes;[5] (e) counsel to any ad hoc committees; (f) the Debtors' 50 largest unsecured creditors; (g) Mayer Brown LLP, as counsel to PNC Bank, N.A., as Administrator under the Debtors' prepetition accounts receivable securitization facility; (h) the United Mine Workers of America; (i) the Office of the United States Trustee for the Eastern District of Missouri; (j) the Internal Revenue Service; (k) the Securities and Exchange Commission; (l) the United States Department of the Interior; (m) the United States Department of Labor; (n) the United States Attorney's Office for the Eastern District of Missouri; and (o) Pension Benefit Guaranty Corporation (collectively, the "Notice Parties").  In light of the nature of the relief requested, the Debtors submit that no further notice is necessary.

## No Prior Request

23. No prior request for the relief sought in this Motion has been made to this or any other Court in connection with these chapter 11 cases.

---

[4] These include the: (i) 6.00% Senior Notes due November 2018; (ii) 6.50% Senior Notes due September 2020; (iii) 6.25% Senior Notes due September 2021; and the (iv) 7.875% Senior Notes due November 2026.

[5] These include the: (i) 6.00% Senior Notes due November 2018; (ii) 6.50% Senior Notes due September 2020; (iii) 6.25% Senior Notes due September 2021; (iv) 7.875% Senior Notes due November 2026; and the (v) Convertible Junior Subordinated Debentures due December 2066.

WHEREFORE, the Debtors respectfully request that the Court: (i) enter an order, substantially in the form submitted to the Court, granting the relief requested herein; and (ii) grant such other and further relief to the Debtors as the Court may deem just and proper.

Dated: April 13, 2016
      St. Louis, Missouri

Respectfully submitted,

/s/ Steven N. Cousins
Steven N. Cousins, MO 30788
Susan K. Ehlers, MO 49855
Armstrong Teasdale LLP
7700 Forsyth Boulevard, Suite 1800
St. Louis, MO 63105
Telephone: (314) 621-5070
Facsimile: (314) 612-2239
Email: scousins@armstrongteasdale.com
Email: sehlers@armstrongteasdale.com

Heather Lennox (*pro hac vice* pending)
Jones Day
North Point
901 Lakeside Avenue
Cleveland, OH 44114
Telephone: (216) 586-3939
Facsimile: (216) 579-0212
Email: hlennox@jonesday.com

Amy Edgy (*pro hac vice* pending)
Daniel T. Moss (*pro hac vice* pending)
Jones Day
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2113
Telephone: (202) 879-3939
Facsimile: (202) 626-1700
Email: aedgy@jonesday.com
Email: dtmoss@jonesday.com

*Proposed Attorneys for Debtors
and Debtors in Possession*

# SCHEDULE 1

| | Debtor's Name | Debtor's EIN Number |
|---|---|---|
| 1. | Peabody Energy Corporation | 13-4004153 |
| 2. | American Land Development, LLC | 20-3405570 |
| 3. | American Land Holdings of Colorado, LLC | 26-3730572 |
| 4. | American Land Holdings of Illinois, LLC | 30-0440127 |
| 5. | American Land Holdings of Indiana, LLC | 20-2514299 |
| 6. | American Land Holdings of Kentucky, LLC | 20-0766113 |
| 7. | American Land Holdings of New Mexico, LLC | 32-0478983 |
| 8. | American Land Holdings of West Virginia, LLC | 20-5744666 |
| 9. | Arid Operations, Inc. | 84-1199578 |
| 10. | Big Ridge, Inc. | 37-1126950 |
| 11. | Big Sky Coal Company | 81-0476071 |
| 12. | Black Hills Mining Company, LLC | 32-0049741 |
| 13. | BTU Western Resources, Inc. | 20-1019486 |
| 14. | Caballo Grande, LLC | 27-1773243 |
| 15. | Caseyville Dock Company, LLC | 20-8080107 |
| 16. | Central States Coal Reserves of Illinois, LLC | 43-1869432 |
| 17. | Central States Coal Reserves of Indiana, LLC | 20-3960696 |
| 18. | Century Mineral Resources, Inc. | 36-3925555 |
| 19. | Coal Reserve Holding Limited Liability Company No. 1 | 43-1922737 |
| 20. | COALSALES II, LLC | 43-1610419 |
| 21. | Colorado Yampa Coal Company, LLC | 95-3761211 |
| 22. | Conservancy Resources, LLC | 20-5744701 |
| 23. | Cottonwood Land Company | 43-1721982 |
| 24. | Cyprus Creek Land Company | 73-1625890 |
| 25. | Cyprus Creek Land Resources LLC | 75-3058264 |
| 26. | Dyson Creek Coal Company, LLC | 43-1898526 |
| 27. | Dyson Creek Mining Company, LLC | 20-8080062 |
| 28. | El Segundo Coal Company, LLC | 20-8162824 |
| 29. | Empire Land Holdings, LLC | 61-1742786 |
| 30. | Falcon Coal Company, LLC | 35-2006760 |
| 31. | Four Star Holdings, LLC | 30-0885825 |
| 32. | Francisco Equipment Company, LLC | 37-1805119 |
| 33. | Francisco Land Holdings Company, LLC | 36-4831111 |
| 34. | Francisco Mining, LLC | 30-0922117 |
| 35. | Gallo Finance Company, LLC | 43-1823616 |
| 36. | Gold Fields Chile, LLC | 13-3004607 |
| 37. | Gold Fields Mining, LLC | 36-2079582 |
| 38. | Gold Fields Ortiz, LLC | 22-2204381 |
| 39. | Hayden Gulch Terminal, LLC | 86-0719481 |
| 40. | Highwall Mining Services Company | 20-0010659 |
| 41. | Hillside Recreational Lands, LLC | 32-0214135 |
| 42. | HMC Mining, LLC | 43-1875853 |
| 43. | Illinois Land Holdings, LLC | 26-1865197 |
| 44. | Independence Material Handling, LLC | 43-1750064 |
| 45. | James River Coal Terminal, LLC | 55-0643770 |
| 46. | Juniper Coal Company, LLC | 43-1744675 |
| 47. | Kayenta Mobile Home Park, Inc. | 86-0773596 |
| 48. | Kentucky Syngas, LLC | 26-1156957 |
| 49. | Kentucky United Coal, LLC | 35-2088769 |
| 50. | Lively Grove Energy, LLC | 20-5752800 |
| 51. | Lively Grove Energy Partners, LLC | 26-0180403 |
| 52. | Marigold Electricity, LLC | 26-0180352 |
| 53. | Midco Supply and Equipment Corporation | 43-6042249 |
| 54. | Midwest Coal Acquisition Corp. | 20-0217640 |
| 55. | Midwest Coal Reserves of Illinois, LLC | 20-3960648 |

|  | **Debtor's Name** | **Debtor's EIN Number** |
|---|---|---|
| 56. | Midwest Coal Reserves of Indiana, LLC | 20-3405958 |
| 57. | Midwest Coal Reserves of Kentucky, LLC | 20-3405872 |
| 58. | Moffat County Mining, LLC | 74-1869420 |
| 59. | Mustang Energy Company, LLC | 43-1898532 |
| 60. | New Mexico Coal Resources, LLC | 20-3405643 |
| 61. | NM Equipment Company, LLC | 36-4821991 |
| 62. | Pacific Export Resources, LLC | 27-5135144 |
| 63. | Peabody America, LLC | 93-1116066 |
| 64. | Peabody Archveyor, L.L.C. | 43-1898535 |
| 65. | Peabody Arclar Mining, LLC | 31-1566354 |
| 66. | Peabody Asset Holdings, LLC | 20-3367333 |
| 67. | Peabody Bear Run Mining, LLC | 26-3582291 |
| 68. | Peabody Bear Run Services, LLC | 26-3725923 |
| 69. | Peabody Caballo Mining, LLC | 83-0309633 |
| 70. | Peabody Cardinal Gasification, LLC | 20-5047955 |
| 71. | Peabody China, LLC | 43-1898525 |
| 72. | Peabody Coalsales, LLC | 20-1759740 |
| 73. | Peabody COALTRADE International (CTI), LLC | 20-1435716 |
| 74. | Peabody COALTRADE, LLC | 43-1666743 |
| 75. | Peabody Colorado Operations, LLC | 20-2561644 |
| 76. | Peabody Colorado Services, LLC | 26-3723774 |
| 77. | Peabody Coulterville Mining, LLC | 20-0217834 |
| 78. | Peabody Development Company, LLC | 43-1265557 |
| 79. | Peabody Electricity, LLC | 20-3405744 |
| 80. | Peabody Employment Services, LLC | 26-3730348 |
| 81. | Peabody Energy Generation Holding Company | 73-1625891 |
| 82. | Peabody Energy Investments, Inc. | 68-0541702 |
| 83. | Peabody Energy Solutions, Inc. | 43-1753832 |
| 84. | Peabody Gateway North Mining, LLC | 27-2294407 |
| 85. | Peabody Gateway Services, LLC | 26-3724075 |
| 86. | Peabody Holding Company, LLC | 74-2666822 |
| 87. | Peabody Holdings (Gibraltar) Limited | 20-5543587 |
| 88. | Peabody IC Funding Corporation | 46-2326991 |
| 89. | Peabody IC Holdings, LLC | 30-0829603 |
| 90. | Peabody Illinois Services, LLC | 26-3722638 |
| 91. | Peabody Indiana Services, LLC | 26-3724339 |
| 92. | Peabody International Investments, Inc. | 26-1361182 |
| 93. | Peabody International Services, Inc. | 20-8340434 |
| 94. | Peabody Investments Corp. | 20-0480084 |
| 95. | Peabody Magnolia Grove Holdings, LLC | 61-1683376 |
| 96. | Peabody Midwest Management Services, LLC | 26-3726045 |
| 97. | Peabody Midwest Mining, LLC | 35-1799736 |
| 98. | Peabody Midwest Operations, LLC | 20-3405619 |
| 99. | Peabody Midwest Services, LLC | 26-3722194 |
| 100. | Peabody Mongolia, LLC | 20-8714315 |
| 101. | Peabody Natural Gas, LLC | 43-1890836 |
| 102. | Peabody Natural Resources Company | 51-0332232 |
| 103. | Peabody New Mexico Services, LLC | 20-8162939 |
| 104. | Peabody Operations Holding, LLC | 26-3723890 |
| 105. | Peabody Powder River Mining, LLC | 43-0996010 |
| 106. | Peabody Powder River Operations, LLC | 20-3405797 |
| 107. | Peabody Powder River Services, LLC | 26-3725850 |
| 108. | Peabody PowerTree Investments, LLC | 20-0116980 |
| 109. | Peabody Recreational Lands, L.L.C. | 43-1898382 |
| 110. | Peabody Rocky Mountain Management Services, LLC | 26-3725390 |
| 111. | Peabody Rocky Mountain Services, LLC | 20-8162706 |
| 112. | Peabody Sage Creek Mining, LLC | 26-3730653 |
| 113. | Peabody School Creek Mining, LLC | 20-3585831 |

|      | **Debtor's Name**                          | **Debtor's EIN Number** |
|------|--------------------------------------------|-------------------------|
| 114. | Peabody Services Holdings, LLC             | 26-3726126              |
| 115. | Peabody Southwest, LLC                     | 20-5744732              |
| 116. | Peabody Southwestern Coal Company, LLC     | 43-1898372              |
| 117. | Peabody Terminal Holding Company, LLC      | 26-1087861              |
| 118. | Peabody Terminals, LLC                     | 31-1035824              |
| 119. | Peabody Trout Creek Reservoir LLC          | 30-0746873              |
| 120. | Peabody Twentymile Mining, LLC             | 26-3725223              |
| 121. | Peabody Venezuela Coal Corp.               | 43-1609813              |
| 122. | Peabody Venture Fund, LLC                  | 20-3405779              |
| 123. | Peabody-Waterside Development, L.L.C.      | 75-3098342              |
| 124. | Peabody Western Coal Company               | 86-0766626              |
| 125. | Peabody Wild Boar Mining, LLC              | 26-3730759              |
| 126. | Peabody Wild Boar Services, LLC            | 26-3725591              |
| 127. | Peabody Williams Fork Mining, LLC          | 20-8162742              |
| 128. | Peabody Wyoming Gas, LLC                   | 20-5744610              |
| 129. | Peabody Wyoming Services, LLC              | 26-3723011              |
| 130. | PEC Equipment Company, LLC                 | 20-0217950              |
| 131. | PG INVESTMENTS SIX, L.L.C.                 | 43-1898530              |
| 132. | Point Pleasant Dock Company, LLC           | 20-0117005              |
| 133. | Pond River Land Company                    | 73-1625893              |
| 134. | Porcupine Production, LLC                  | 43-1898379              |
| 135. | Porcupine Transportation, LLC              | 43-1898380              |
| 136. | Riverview Terminal Company                 | 13-2899722              |
| 137. | Sage Creek Holdings, LLC                   | 26-3286872              |
| 138. | Sage Creek Land & Reserves, LLC            | 38-3936826              |
| 139. | School Creek Coal Resources, LLC           | 20-2902073              |
| 140. | Seneca Coal Company, LLC                   | 84-1273892              |
| 141. | Seneca Property, LLC                       | 36-4820253              |
| 142. | Shoshone Coal Corporation                  | 25-1336898              |
| 143. | Southwest Coal Holdings, LLC               | 37-1794829              |
| 144. | Star Lake Energy Company, L.L.C.           | 43-1898533              |
| 145. | Sugar Camp Properties, LLC                 | 35-2130006              |
| 146. | Thoroughbred Generating Company, L.L.C.    | 43-1898534              |
| 147. | Thoroughbred Mining Company LLC.           | 73-1625889              |
| 148. | Twentymile Coal, LLC                       | 95-3811846              |
| 149. | Twentymile Equipment Company, LLC          | 38-3982017              |
| 150. | Twentymile Holdings, LLC                   | 38-3937156              |
| 151. | United Minerals Company, LLC               | 35-1922432              |
| 152. | West Roundup Resources, LLC                | 20-2561489              |
| 153. | Wild Boar Equipment Company, LLC           | 32-0488114              |
| 154. | Wild Boar Land Holdings Company, LLC       | 36-4831131              |