# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>Peabody Energy Corporation, et al.,<br><br>Debtors[1]. | Case No. 16-42529<br>CHAPTER 11<br><br>(Joint Administration Requested)<br><br>Hearing Date and Time:<br>TBD<br><br>Hearing Location:<br>TBD |

## MOTION OF THE DEBTORS AND DEBTORS IN POSSESSION, PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE, FOR AN ORDER (I) CONFIRMING THE PROTECTIONS OF SECTIONS 362, 365 AND 525 OF THE BANKRUPTCY CODE AND (II) GRANTING CERTAIN RELATED RELIEF

Peabody Energy Corporation ("PEC") and certain of its direct and indirect subsidiaries, as debtors and debtors in possession (collectively, the "Debtors"), hereby move this Court, pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), for an order: (a) confirming the application of (i) the automatic stay provisions of section 362 of the Bankruptcy Code; (ii) the anti-termination and anti-modification provisions of section 365 of the Bankruptcy Code; and (iii) the anti-discrimination provisions of section 525 of the Bankruptcy Code (collectively, the "Code Protections"); and (b) approving a procedure to expeditiously address violations of the Code Protections, and in support thereof, respectfully represent as follows:[2]

---

[1]    The Debtors and their employer identification numbers are listed on Schedule 1 attached hereto. The addresses for each of the Debtors are set forth in the Debtors' chapter 11 petitions.

[2]    A copy of the proposed order will be made available on the Debtors' case website at http://www.kccllc.net/peabody.

**Jurisdiction and Venue**

1.      This Court has subject matter jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and Rule 81-9.01(B)(1) of the Local Rules of the United States District Court for the Eastern District of Missouri.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Background**

2.      On April 13, 2016 (the "Petition Date"), the Debtors commenced their reorganization cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.      Debtor PEC is a Delaware corporation headquartered in St. Louis, Missouri.  PEC was incorporated in 1998 and became a public company in 2001.  Each of the other Debtors is a wholly-owned direct or indirect subsidiary of PEC.

4.      PEC is the world's largest private-sector coal company (by volume), with 26 active coal mining operations located in the United States and Australia.  The Debtors' domestic mines produce and sell thermal coal, which is primarily purchased by electricity generators.  PEC's Australian operations mine both thermal and metallurgical coal, a majority of which is exported to international customers.  As of December 31, 2015, Debtor PEC and its subsidiaries' property holdings include 6.3 billion tons of proven and probable coal reserves and approximately 500,000 acres of surface property through ownership and lease agreements.  In the United States alone, as of December 31, 2015, the Debtors held an estimated 5.5 billion tons of proven and probable coal reserves, and the Debtors generated sales of approximately 180

million tons of coal.  In addition to its mining operations, the Debtors market and broker coal from other coal producers across the United States, Australia, Europe and Asia.

5.     The Debtors operate in a competitive and highly regulated industry that has experienced strong headwinds and precipitously declining demand and pricing in recent years due to the rise of low priced alternative energy sources – including an abundance of natural gas.  Combined with these factors, slowing global economic growth drove a wide range of goods prices lower in 2015 and resulted in the largest broad market decline since 1991.  Indeed, demand from electric utilities in the United States alone declined approximately 110 million tons in 2015.  These market conditions, in connection with lower realized pricing in the United States and Australia, resulted in a 21.0 million ton decline in the Debtors' and their non-debtor subsidiaries' coal sales during 2015.  As a result of these challenges, several large United States coal companies have filed for chapter 11 protection in recent years.

6.     A comprehensive description of the Debtors' businesses and operations, capital structure and the events leading to the commencement of these chapter 11 cases can be found in the Declaration of Amy Schwetz, Executive Vice President and Chief Financial Officer of Debtor PEC, in Support of First Day Motions of Debtors and Debtors in Possession (the "First Day Declaration"), which was filed contemporaneously herewith and is incorporated herein by reference.

**Argument**

7.     As set forth in detail below, the Code Protections are fundamental debtor protections that take effect immediately upon a bankruptcy filing.  The extensive and highly regulated nature of the Debtors' businesses, the Debtors' need for, and reliance upon, among other things, contract parties continuing to perform their obligations and the Debtors' interactions with parties who may be unfamiliar with, are mistaken regarding or who simply ignore the Code

Protections require that an order confirming these protections be entered by this Court to maximize value for stakeholders.  Furthermore, to ensure that any violations of the Code Protections do not disrupt the Debtors' businesses, the Debtors are seeking approval of a process to promptly adjudicate any such violations to the extent not otherwise resolved.

***The Protections of Sections 362, 365 and 525 of the Bankruptcy Code***

8.      The Court's general equitable powers are codified in section 105(a) of the Bankruptcy Code.  Under section 105(a) of the Bankruptcy Code, the Court has expansive equitable powers to fashion any order or decree that is in the interest of preserving or protecting the value of the Debtors' assets.  See, e.g., Otoe Cnty. Nat'l Bank v. Easton (In re Easton), 882 F.2d 312, 315 (8th Cir. 1989) ("Section 105(a) of the Bankruptcy Code provides bankruptcy courts with broad general powers to grant such relief as is necessary to effectuate the provisions of the Bankruptcy Code."); Bird v. Crown Convenience (In re NWFX, Inc.), 864 F.2d 588, 590 (8th Cir. 1988) ("The overriding consideration in bankruptcy, however, is that equitable principles govern.").

9.      As a result of the commencement of the Debtors' chapter 11 cases, the automatic stay imposed pursuant to section 362 of the Bankruptcy Code enjoins (subject to certain exceptions) all persons and all governmental units from, among other things: (a) commencing or continuing any judicial, administrative or other proceeding against the Debtors that was or could have been commenced before the Debtors' chapter 11 cases were commenced; (b) recovering upon a claim against any of the Debtors that arose prior to the commencement of the Debtors' chapter 11 cases; (c) taking any action to collect, assess or recover a claim against any of the Debtors that arose before the commencement of these chapter 11 cases; and (d) acting to obtain possession of, or exercise control over, property of the Debtors' estates.  See 11 U.S.C. §§ 362(a)(1), (3), (6).

Case 16-42529    Doc 17    Filed 04/13/16    Entered 04/13/16 10:55:20    Main Document
Pg 5 of 22

10.     Section 365 of the Bankruptcy Code prohibits all parties to executory contracts or unexpired leases with any Debtors from, among other things, modifying or terminating such contracts or leases, or any right or obligation under such contracts or leases, at any time after the commencement of these cases solely because of a provision in any such contract or lease that is conditioned on, among other things:  (a) the insolvency or financial condition of a Debtor at any time before the closing of the Debtors' chapter 11 cases; or (b) the commencement of the Debtors' chapter 11 cases.  See 11 U.S.C. § 365(e)(1).

11.     In addition, section 525(a) of the Bankruptcy Code prohibits and enjoins any and all governmental units from, among other things:  (a) denying, revoking, suspending or refusing to renew any permit, license, charter, franchise or other similar grant to the Debtors; (b) placing conditions upon such a grant to the Debtors; or (c) discriminating against the Debtors with respect to such a grant, solely because the Debtors are debtors under the Bankruptcy Code, may have been insolvent before the commencement of these chapter 11 cases or are insolvent during the pendency of these chapter 11 cases or have not paid a dischargeable debt. See 11 U.S.C. § 525(a).

12.     Each of the Code Protections is self-executing and, collectively, they constitute fundamental debtor protections that, in combination with other provisions of the Bankruptcy Code, provide the Debtors with the "breathing spell" that is essential to the Debtors' ability to position themselves to maximize value to stakeholders.  See, e.g., Farley v. Henson, 2 F.3d 273, 274 (8th Cir. 1993) ("the purpose of the automatic stay is to give the debtor a breathing spell from his creditors in which he may attempt a repayment or reorganization plan.") (internal quotations and citations omitted); In re Fine, 285 B.R. 700, 702 (Bankr. D. Minn. 2002) ("The primary purpose of the automatic stay is to give the debtor a breathing spell from his creditors, to stop all collection efforts, stop all harassment of a debtor seeking relief and to

maintain the status quo between the debtor and his creditors . . . ."). <u>See</u> <u>also</u> <u>FCC v. NextWave</u>
<u>Pers. Commc'ns Inc.</u>, 537 U.S. 293, 307 (2003) ("The government is not to revoke a bankruptcy
debtor's license [under section 525(a) of the Bankruptcy Code] solely because of a failure to pay
his debts.").

      13.    The protections in these provisions extend to protect a debtor's property,
contracts and regulatory rights and privileges wherever they are located and by whomever held.
<u>See</u>, <u>e.g.</u>, <u>NextWave Pers. Commc'ns</u>, 537 U.S. at 308 (pursuant to section 525(a) of the
Bankruptcy Code, the Federal Communications Commission could not cancel a debtor's
broadcasting license due to non-payment of licensing fees during the bankruptcy process);
<u>Underwood v. Hilliard (In re Rimsat, Ltd.)</u>, 98 F.3d 956, 961 (7th Cir. 1996) (bankruptcy court's
<u>in</u> <u>rem</u> jurisdiction over property of the estate permits injunctions against foreign proceedings
pursuant to the automatic stay); <u>Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec., LLC</u>,
474 B.R. 76, 82 (S.D.N.Y. 2012) ("[A]s numerous judicial opinions explain, 'the automatic stay
applies extraterritorially.'") (quoting <u>In re McLean Indus., Inc.</u>, 74 B.R. 589, 601
(Bankr. S.D.N.Y. 1987)); <u>In re Chiles Power Supply Co., Inc.</u>, 264 B.R. 533, 540-41
(Bankr. W.D. Mo. 2001) ("A creditor's action in a foreign court poses a direct threat to the
bankruptcy estate if it threatens to deplete the estate."). <u>See</u> <u>also</u> 11 U.S.C. § 541(a) ("The
commencement of a case under section 301 . . . of this title creates an estate. Such estate is
comprised of all the following property, <u>wherever located and by whomever held</u> . . . .")
(emphasis added).

      14.    Moreover, "contract rights . . . are widely recognized as property of the
bankruptcy estate." <u>Official Comm. of Unsecured Creditors v. Sharp Elecs. Corp. (In re Phelps</u>
<u>Techs., Inc.)</u>, 245 B.R. 858, 865 (Bankr. W.D. Mo. 2000) (citing <u>Stingley v. AlliedSignal, Inc.</u>
<u>(In re Libby Intl'l Inc.)</u>, 240 B.R. 375, 378 (Bankr. W.D. Mo. 1999)); <u>see</u> <u>Hutchins v. Fordyce</u>

Bank & Trust Co. (In re Hutchins), 216 B.R. 1, 7 (Bankr. E.D. Ark. 1997) (holding that contract rights are property of the estate); In re Am. Cent. Airlines, 52 B.R. 567, 570 (Bankr. N.D. Iowa. 1985) ("Contractual rights constitute intangible property which is included within the definition of property of the estate."); In re Wegner Farms Co., 49 B.R. 440, 443 (Bankr. N.D. Iowa 1985) (same).  See also U.S. Bank Trust Nat'l Assn. v. AMR Corp. (In re AMR Corp.), 730 F.3d 88, 102-03 (2d Cir. 2013) (finding that contract rights are property of the estate); In re Enron Corp., 300 B.R. 201, 212 (Bankr. S.D.N.Y. 2003) (finding that "[c]ourts have consistently held that contract rights are property of the estate.") (quoting In re Elder-Beerman Stores Corp., 195 B.R. 1019, 1023 (Bankr. S.D. Ohio 1996)); In re EBC I, Inc. v. Am. Online, Inc. (In re EBC I, Inc.), 356 B.R. 631, 639 (Bankr. D. Del. 2006) (same).

15.    Accordingly, any actions by third parties to modify or terminate contracts are prohibited absent court approval or express statutory exceptions.  United States ex rel. U.S. Postal Serv. v. Dewey Freight Sys., Inc., 31 F.3d  620, 624-25 (8th Cir. 1994) ("After a debtor commences a Chapter 11 proceeding, but before executory contracts are assumed or rejected under § 365(a), those contracts remain in existence, enforceable by the debtor but not against the debtor.") (emphasis in original); In re Gilbertson's Rests. LLC, No. 04-00385, 2004 WL 1724880, at *2 (Bankr. N.D. Iowa May 25, 2004) (same).  See also NLRB v. Bildisco & Bildisco, 465 U.S. 513, 531 (1984) (holding that while the debtor may enforce the terms of the contract against the creditor, the creditor is "precluded from . . . enforcing the contract terms" of an executory contract prior to assumption by the debtor), superseded by statute on other grounds, Pub. L. No. 98-353, § 541(a), 98 Stat. 390 (July, 10, 1984) Codified at 11 U.S.C. § 1113; Hutchins, 216 B.R. at 7 ("Indeed, the Supreme Court[, in Bildisco,] has noted that until the time period under section 365(a) expires, the terms of an executory contract are even unenforceable against the debtor.").

16.     Notwithstanding the self-executing and global nature of the Code Protections, not all parties affected or potentially affected by the commencement of a chapter 11 case are aware of, comprehensively understand or will abide by these provisions.  Experience has shown that it is often necessary to advise third parties of the existence, scope and effect of sections 362, 365 and 525 of the Bankruptcy Code through a separate order.  For these reasons, it is both appropriate and common for a bankruptcy court to issue an order confirming the Code Protections.

17.     Such an order is appropriate in the Debtors' chapter 11 cases because the Debtors' mining operations are particularly dependent upon, among other things, (a) the permits and other regulatory rights protected by section 525 of the Bankruptcy Code and (b) the uninterrupted performance by counterparties to contracts with the Debtors (including contractual relationships with foreign entities operating in foreign jurisdictions).  The Debtors believe that many of the entities subject to the Code Protections may be unaware of or misapprehend the scope of the protection these sections provide to the Debtors.  Accordingly, the Debtors respectfully request that this Court issue an order that confirms the applicability of the Code Protections.  The Debtors believe that the existence of such an order, which the Debtors will be able to transmit to affected parties, will both maximize the protections afforded by sections 362, 365 and 525 of the Bankruptcy Code and facilitate a smooth and orderly transition into chapter 11.  The Debtors, therefore, request that this Court grant the requested relief.

18.     Relief similar to that requested in this Motion has been granted in chapter 11 cases in this and other districts.  See, e.g., In re Noranda Aluminum, Inc., No. 16-10083 (Bankr. E.D. Mo. Feb. 11, 2016) (Docket No. 102); In re Arch Coal, Inc., No. 16-40120 (Bankr. E.D. Mo. Jan. 1, 2016) (Docket No. 70); accord In re Atna Res., Inc., No. 15-22848 (Bankr. D. Colo. Nov. 20, 2015) (Docket No. 55); In re Am. Apparel, Inc.,

No. 15-12055 (Bankr. D. Del. Oct. 6, 2015) (Docket No. 78); In re Alpha Natural Res., Inc.,

No. 15-33896 (Bankr. E.D. Va. Aug. 5, 2015) (Docket No. 106); In re Cal Dive Int'l, Inc.,

No. 15-10458 (Bankr. D. Del. Mar. 6, 2015) (Docket No. 60); In re NII Holdings, Inc.,

No. 14-12611 (Bankr. S.D.N.Y. Sept. 16, 2014) (Docket No. 29); In re St. Francis' Hosp.,

Poughkeepsie, NY, No. 13-37725 (Bankr. S.D.N.Y. Jan. 28, 2014) (Docket No. 192);

In re Arcapita Bank B.S.C.(C), No. 12-11076 (Bankr. S.D.N.Y. Mar. 22, 2012) (Docket No. 19);

In re Oldco M Corp., No. 09-13412 (Bankr. S.D.N.Y. May 29, 2009) (Docket No. 76);

In re Mark IV Indus., Inc., No. 09-12795 (Bankr. S.D.N.Y. May 4, 2009) (Docket No. 49); In re

Chrysler LLC, No. 09-50002 (Bankr. S.D.N.Y. May 4, 2009) (Docket No. 213).[3]

***Request for Approval of Code Protections Procedures***

19.     Given the vulnerability of the Debtors' business and operations to immediate disruption if parties violate the Code Protections, the Debtors seek authority to implement a process to formally and expeditiously address violations of the Code Protections and propose that the following procedures (the "Code Protections Procedures") be implemented. If, in the Debtors' reasonable judgment, a party (such party, a "Non-Compliant Party") has violated the Code Protections in any manner, the Debtors may:  (a) file a notice (a "Notice of Non-Compliance"), substantially in the form attached hereto as Exhibit A, setting forth (i) the identity of the Non-Compliant Party, (ii) the Debtors' belief that the Non-Compliant Party has violated the Code Protections and (iii) the nature of such violation; and (b) seek the entry of an order (an "Order to Show Cause"), substantially in the form attached hereto as Exhibit B, requiring the Non-Compliant Party to appear before the Court and show cause why it should not be found to have violated the Code Protections.

---

[3]     Unreported orders cited herein are not attached to this Motion.  Copies of these orders will be made available to the Court or other parties upon request made to the Debtors' counsel.

20.     Similar procedures ensuring interested parties' compliance with certain of the Code Protections have been approved in this and other districts.  See, e.g., In re Noranda Aluminum, Inc., No. 16-10083 (Bankr. E.D. Mo. Feb. 11, 2016) (Docket No. 102) (approving code protections procedures similar to those requested herein); In re Arch Coal, Inc., No. 16-40120 (Bankr. E.D. Mo. Jan. 13, 2016) (Docket No. 70) (same); accord In re Alpha Natural Res., Inc., No. 15-33896 (Bankr. E.D. Va. Aug. 5, 2015) (Docket No. 106) (same).

**Notice**

21.     Notice of this Motion has been given to: (a) Davis Polk & Wardwell LLP and Bryan Cave LLP as counsel to Citibank, N.A. as Administrative Agent for the First Lien Secured Credit Facility and the Debtors' proposed debtor in possession secured credit facility; (b) Brown Rudnick LLP, as counsel to Wilmington Savings Fund Society, FSB as prospective trustee and collateral agent for the Secured Second Lien Notes; (c) Foley & Lardner LLP, as counsel to Wilmington Trust Company as prospective Indenture Trustee for the Unsecured Notes;[4] (d) Robinson & Cole LLP, as counsel to U.S. Bank as resigning trustee and collateral agent for the Second Lien Notes, the Unsecured Notes and the Convertible Notes;[5] (e) counsel to any ad hoc committees; (f) the Debtors' 50 largest unsecured creditors; (g) Mayer Brown LLP, as counsel to PNC Bank, N.A., as Administrator under the Debtors' prepetition accounts receivable securitization facility; (h) the United Mine Workers of America; (i) the Office of the United States Trustee for the Eastern District of Missouri; (j) the Internal Revenue Service; (k) the Securities and Exchange Commission; (l) the United States Department of the Interior; (m) the

---

[4]     These include the: (i) 6.00% Senior Notes due November 2018; (ii) 6.50% Senior Notes due September 2020; (iii) 6.25% Senior Notes due September 2021; and the (iv) 7.875% Senior Notes due November 2026.

[5]     These include the: (i) 6.00% Senior Notes due November 2018; (ii) 6.50% Senior Notes due September 2020; (iii) 6.25% Senior Notes due September 2021; (iv) 7.875% Senior Notes due November 2026; and the (v) Convertible Junior Subordinated Debentures due December 2066.

United States Department of Labor; (n) the United States Attorney's Office for the Eastern

District of Missouri; and (o) Pension Benefit Guaranty Corporation (collectively, the "Notice

Parties").  In light of the nature of the relief requested, the Debtors submit that no further notice

is necessary.

**No Prior Request**

22.    No prior request for the relief sought in this Motion has been made to this

or any other Court in connection with these chapter 11 cases.

WHEREFORE, the Debtors respectfully request that the Court:  (i) enter an order, substantially in the form that was submitted to the Court, granting the relief requested herein; and (ii) grant such other and further relief to the Debtors as the Court may deem just and proper.

Dated:  April 13, 2016
       St. Louis, Missouri

Respectfully submitted,

/s/ Steven N. Cousins
Steven N. Cousins, MO 30788
Susan K. Ehlers, MO 49855
Armstrong Teasdale LLP
7700 Forsyth Boulevard, Suite 1800
St. Louis, MO  63105
Telephone:  (314) 621-5070
Facsimile:  (314) 612-2239
Email:  scousins@armstrongteasdale.com
Email:  sehlers@armstrongteasdale.com

Heather Lennox (*pro hac vice* pending)
Jones Day
North Point
901 Lakeside Avenue
Cleveland, OH  44114
Telephone:  (216) 586-3939
Facsimile:  (216) 579-0212

Amy Edgy (*pro hac vice* pending)
Daniel T. Moss (*pro hac vice* pending)
Jones Day
51 Louisiana Avenue, N.W.
Washington, D.C.  20001-2113
Telephone:  (202) 879-3939
Facsimile:  (202) 626-1700

*Proposed Attorneys for Debtors*
*and Debtors in Possession*

## SCHEDULE 1

| | Debtor's Name | Debtor's EIN Number |
|---|---|---|
| 1. | Peabody Energy Corporation | 13-4004153 |
| 2. | American Land Development, LLC | 20-3405570 |
| 3. | American Land Holdings of Colorado, LLC | 26-3730572 |
| 4. | American Land Holdings of Illinois, LLC | 30-0440127 |
| 5. | American Land Holdings of Indiana, LLC | 20-2514299 |
| 6. | American Land Holdings of Kentucky, LLC | 20-0766113 |
| 7. | American Land Holdings of New Mexico, LLC | 32-0478983 |
| 8. | American Land Holdings of West Virginia, LLC | 20-5744666 |
| 9. | Arid Operations, Inc. | 84-1199578 |
| 10. | Big Ridge, Inc. | 37-1126950 |
| 11. | Big Sky Coal Company | 81-0476071 |
| 12. | Black Hills Mining Company, LLC | 32-0049741 |
| 13. | BTU Western Resources, Inc. | 20-1019486 |
| 14. | Caballo Grande, LLC | 27-1773243 |
| 15. | Caseyville Dock Company, LLC | 20-8080107 |
| 16. | Central States Coal Reserves of Illinois, LLC | 43-1869432 |
| 17. | Central States Coal Reserves of Indiana, LLC | 20-3960696 |
| 18. | Century Mineral Resources, Inc. | 36-3925555 |
| 19. | Coal Reserve Holding Limited Liability Company No. 1 | 43-1922737 |
| 20. | COALSALES II, LLC | 43-1610419 |
| 21. | Colorado Yampa Coal Company, LLC | 95-3761211 |
| 22. | Conservancy Resources, LLC | 20-5744701 |
| 23. | Cottonwood Land Company | 43-1721982 |
| 24. | Cyprus Creek Land Company | 73-1625890 |
| 25. | Cyprus Creek Land Resources LLC | 75-3058264 |
| 26. | Dyson Creek Coal Company, LLC | 43-1898526 |
| 27. | Dyson Creek Mining Company, LLC | 20-8080062 |
| 28. | El Segundo Coal Company, LLC | 20-8162824 |
| 29. | Empire Land Holdings, LLC | 61-1742786 |
| 30. | Falcon Coal Company, LLC | 35-2006760 |
| 31. | Four Star Holdings, LLC | 30-0885825 |
| 32. | Francisco Equipment Company, LLC | 37-1805119 |
| 33. | Francisco Land Holdings Company, LLC | 36-4831111 |
| 34. | Francisco Mining, LLC | 30-0922117 |
| 35. | Gallo Finance Company, LLC | 43-1823616 |
| 36. | Gold Fields Chile, LLC | 13-3004607 |
| 37. | Gold Fields Mining, LLC | 36-2079582 |
| 38. | Gold Fields Ortiz, LLC | 22-2204381 |
| 39. | Hayden Gulch Terminal, LLC | 86-0719481 |
| 40. | Highwall Mining Services Company | 20-0010659 |
| 41. | Hillside Recreational Lands, LLC | 32-0214135 |
| 42. | HMC Mining, LLC | 43-1875853 |
| 43. | Illinois Land Holdings, LLC | 26-1865197 |
| 44. | Independence Material Handling, LLC | 43-1750064 |
| 45. | James River Coal Terminal, LLC | 55-0643770 |
| 46. | Juniper Coal Company, LLC | 43-1744675 |
| 47. | Kayenta Mobile Home Park, Inc. | 86-0773596 |
| 48. | Kentucky Syngas, LLC | 26-1156957 |
| 49. | Kentucky United Coal, LLC | 35-2088769 |
| 50. | Lively Grove Energy, LLC | 20-5752800 |
| 51. | Lively Grove Energy Partners, LLC | 26-0180403 |
| 52. | Marigold Electricity, LLC | 26-0180352 |
| 53. | Midco Supply and Equipment Corporation | 43-6042249 |
| 54. | Midwest Coal Acquisition Corp. | 20-0217640 |
| 55. | Midwest Coal Reserves of Illinois, LLC | 20-3960648 |

|  | Debtor's Name | Debtor's EIN Number |
|---|---|---|
| 56. | Midwest Coal Reserves of Indiana, LLC | 20-3405958 |
| 57. | Midwest Coal Reserves of Kentucky, LLC | 20-3405872 |
| 58. | Moffat County Mining, LLC | 74-1869420 |
| 59. | Mustang Energy Company, LLC | 43-1898532 |
| 60. | New Mexico Coal Resources, LLC | 20-3405643 |
| 61. | NM Equipment Company, LLC | 36-4821991 |
| 62. | Pacific Export Resources, LLC | 27-5135144 |
| 63. | Peabody America, LLC | 93-1116066 |
| 64. | Peabody Archveyor, L.L.C. | 43-1898535 |
| 65. | Peabody Arclar Mining, LLC | 31-1566354 |
| 66. | Peabody Asset Holdings, LLC | 20-3367333 |
| 67. | Peabody Bear Run Mining, LLC | 26-3582291 |
| 68. | Peabody Bear Run Services, LLC | 26-3725923 |
| 69. | Peabody Caballo Mining, LLC | 83-0309633 |
| 70. | Peabody Cardinal Gasification, LLC | 20-5047955 |
| 71. | Peabody China, LLC | 43-1898525 |
| 72. | Peabody Coalsales, LLC | 20-1759740 |
| 73. | Peabody COALTRADE International (CTI), LLC | 20-1435716 |
| 74. | Peabody COALTRADE, LLC | 43-1666743 |
| 75. | Peabody Colorado Operations, LLC | 20-2561644 |
| 76. | Peabody Colorado Services, LLC | 26-3723774 |
| 77. | Peabody Coulterville Mining, LLC | 20-0217834 |
| 78. | Peabody Development Company, LLC | 43-1265557 |
| 79. | Peabody Electricity, LLC | 20-3405744 |
| 80. | Peabody Employment Services, LLC | 26-3730348 |
| 81. | Peabody Energy Generation Holding Company | 73-1625891 |
| 82. | Peabody Energy Investments, Inc. | 68-0541702 |
| 83. | Peabody Energy Solutions, Inc. | 43-1753832 |
| 84. | Peabody Gateway North Mining, LLC | 27-2294407 |
| 85. | Peabody Gateway Services, LLC | 26-3724075 |
| 86. | Peabody Holding Company, LLC | 74-2666822 |
| 87. | Peabody Holdings (Gibraltar) Limited | 20-5543587 |
| 88. | Peabody IC Funding Corporation | 46-2326991 |
| 89. | Peabody IC Holdings, LLC | 30-0829603 |
| 90. | Peabody Illinois Services, LLC | 26-3722638 |
| 91. | Peabody Indiana Services, LLC | 26-3724339 |
| 92. | Peabody International Investments, Inc. | 26-1361182 |
| 93. | Peabody International Services, Inc. | 20-8340434 |
| 94. | Peabody Investments Corp. | 20-0480084 |
| 95. | Peabody Magnolia Grove Holdings, LLC | 61-1683376 |
| 96. | Peabody Midwest Management Services, LLC | 26-3726045 |
| 97. | Peabody Midwest Mining, LLC | 35-1799736 |
| 98. | Peabody Midwest Operations, LLC | 20-3405619 |
| 99. | Peabody Midwest Services, LLC | 26-3722194 |
| 100. | Peabody Mongolia, LLC | 20-8714315 |
| 101. | Peabody Natural Gas, LLC | 43-1890836 |
| 102. | Peabody Natural Resources Company | 51-0332232 |
| 103. | Peabody New Mexico Services, LLC | 20-8162939 |
| 104. | Peabody Operations Holding, LLC | 26-3723890 |
| 105. | Peabody Powder River Mining, LLC | 43-0996010 |
| 106. | Peabody Powder River Operations, LLC | 20-3405797 |
| 107. | Peabody Powder River Services, LLC | 26-3725850 |
| 108. | Peabody PowerTree Investments, LLC | 20-0116980 |
| 109. | Peabody Recreational Lands, L.L.C. | 43-1898382 |
| 110. | Peabody Rocky Mountain Management Services, LLC | 26-3725390 |
| 111. | Peabody Rocky Mountain Services, LLC | 20-8162706 |
| 112. | Peabody Sage Creek Mining, LLC | 26-3730653 |
| 113. | Peabody School Creek Mining, LLC | 20-3585831 |

| | Debtor's Name | Debtor's EIN Number |
|---|---|---|
| 114. | Peabody Services Holdings, LLC | 26-3726126 |
| 115. | Peabody Southwest, LLC | 20-5744732 |
| 116. | Peabody Southwestern Coal Company, LLC | 43-1898372 |
| 117. | Peabody Terminal Holding Company, LLC | 26-1087861 |
| 118. | Peabody Terminals, LLC | 31-1035824 |
| 119. | Peabody Trout Creek Reservoir LLC | 30-0746873 |
| 120. | Peabody Twentymile Mining, LLC | 26-3725223 |
| 121. | Peabody Venezuela Coal Corp. | 43-1609813 |
| 122. | Peabody Venture Fund, LLC | 20-3405779 |
| 123. | Peabody-Waterside Development, L.L.C. | 75-3098342 |
| 124. | Peabody Western Coal Company | 86-0766626 |
| 125. | Peabody Wild Boar Mining, LLC | 26-3730759 |
| 126. | Peabody Wild Boar Services, LLC | 26-3725591 |
| 127. | Peabody Williams Fork Mining, LLC | 20-8162742 |
| 128. | Peabody Wyoming Gas, LLC | 20-5744610 |
| 129. | Peabody Wyoming Services, LLC | 26-3723011 |
| 130. | PEC Equipment Company, LLC | 20-0217950 |
| 131. | PG INVESTMENTS SIX, L.L.C. | 43-1898530 |
| 132. | Point Pleasant Dock Company, LLC | 20-0117005 |
| 133. | Pond River Land Company | 73-1625893 |
| 134. | Porcupine Production, LLC | 43-1898379 |
| 135. | Porcupine Transportation, LLC | 43-1898380 |
| 136. | Riverview Terminal Company | 13-2899722 |
| 137. | Sage Creek Holdings, LLC | 26-3286872 |
| 138. | Sage Creek Land & Reserves, LLC | 38-3936826 |
| 139. | School Creek Coal Resources, LLC | 20-2902073 |
| 140. | Seneca Coal Company, LLC | 84-1273892 |
| 141. | Seneca Property, LLC | 36-4820253 |
| 142. | Shoshone Coal Corporation | 25-1336898 |
| 143. | Southwest Coal Holdings, LLC | 37-1794829 |
| 144. | Star Lake Energy Company, L.L.C. | 43-1898533 |
| 145. | Sugar Camp Properties, LLC | 35-2130006 |
| 146. | Thoroughbred Generating Company, L.L.C. | 43-1898534 |
| 147. | Thoroughbred Mining Company LLC. | 73-1625889 |
| 148. | Twentymile Coal, LLC | 95-3811846 |
| 149. | Twentymile Equipment Company, LLC | 38-3982017 |
| 150. | Twentymile Holdings, LLC | 38-3937156 |
| 151. | United Minerals Company, LLC | 35-1922432 |
| 152. | West Roundup Resources, LLC | 20-2561489 |
| 153. | Wild Boar Equipment Company, LLC | 32-0488114 |
| 154. | Wild Boar Land Holdings Company, LLC | 36-4831131 |

**<u>Exhibit A</u>**

**Proposed Notice of Non-Compliance**

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| In re:<br><br>Peabody Energy Corporation, et al.,<br><br>                     Debtors. | Case No. 16-42529<br>CHAPTER 11<br><br>(Jointly Administered)<br><br>Related to Docket No. ____ |

<u>**NOTICE OF NON-COMPLIANCE**</u>

PLEASE TAKE NOTICE OF THE FOLLOWING:

        1.      On April 13, 2016 (the "<u>Petition Date</u>"), PEC and its debtor affiliates commenced voluntary cases under chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>").

        2.      On April 13, 2016, the above-captioned debtors (collectively, the "<u>Debtors</u>") filed their Motion of the Debtors and Debtors in Possession, Pursuant to Section 105(a) of the Bankruptcy Code, for an Order (I) Confirming the Protections of Sections 362, 365 and 525 of the Bankruptcy Code and (II) Granting Certain Related Relief (the "<u>Motion</u>"). On _____, 2016, the United States Bankruptcy Court for the Eastern District of Missouri (the "<u>Bankruptcy Court</u>") entered an order granting the relief requested in the Motion (____) (the "<u>Order</u>").

        3.      Pursuant to paragraph __ of the Order, the Debtors have identified _____ as a "Non-Compliant Party" (as such term is defined in the Motion) due to the Non-Compliant Party's violation of one or more of sections 362, 365 or 525 of the Bankruptcy Code (the "<u>Code Protections</u>").  Specifically, the Debtors believe that the Non-Compliant Party has **[_____]**.

4.    Contemporaneously herewith, the Debtors are filing a proposed Order to Show Cause requesting that the Bankruptcy Court order the Non-Compliant Party to appear before the Bankruptcy Court at a hearing to be held at _____ __.m., Central Time, on _____, 2016, before the Honorable _____, United States Bankruptcy Judge, in the Bankruptcy Court, Courtroom _____, 111 South 10th Street, 4th Floor, St. Louis, MO  63102, and demonstrate why the Non-Compliant Party should not be held in violation of the Code Protections.

[*Remainder of Page Left Blank Intentionally*]

Dated: April 13, 2016
   St. Louis, Missouri

Respectfully submitted,

_____DRAFT_____
Steven N. Cousins, MO 30788
Susan K. Ehlers, MO 49855
Armstrong Teasdale LLP
7700 Forsyth Boulevard, Suite 1800
St. Louis, MO  63105
Telephone:  (314) 621-5070
Facsimile:  (314) 621-5065
Email:  scousins@armstrongteasdale.com
Email:  sehelers@armstrongteasdale.com

Heather Lennox (*pro hac vice* pending)
Jones Day
North Point
901 Lakeside Avenue
Cleveland, OH  44114
Telephone:  (216) 586-3939
Facsimile:  (216) 579-0212
Email:  hlennox@jonesday.com

Amy Edgy (*pro hac vice* pending)
Daniel T. Moss (*pro hac vice* pending)
Jones Day
51 Louisiana Avenue, N.W.
Washington, D.C.  20001-2113
Telephone:  (202) 879-3939
Facsimile:  (202) 626-1700
Email:  aedgy@jonesday.com
Email:  dtmoss@jonesday.com

*Proposed Attorneys for Debtors*
*and Debtors in Possession*

-3-

## **Exhibit B**

**Proposed Order to Show Cause**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| In re:<br><br>Peabody Energy Corporation, et al.,<br><br>                            Debtors. | Case No. 16-42529<br>CHAPTER 11<br><br>(Jointly Administered)<br><br>Related to Docket No. ____ |

## <u>ORDER TO SHOW CAUSE</u>

This matter coming before the Court on the Notice of Non-Compliance dated

____ __, 2016 (the "<u>Notice</u>"), filed by the debtors and debtors in possession in the above-

captioned cases (collectively, the "<u>Debtors</u>"); the Court having reviewed the Notice and the

Order, Pursuant to Section 105(a) of the Bankruptcy Code, (I) Confirming the Protections of

Sections 362, 365 and 525 of the Bankruptcy Code and (II) Granting Certain Related Relief

(the "<u>Order</u>") pursuant to which the Notice was filed; and the Court having found that (i) the

Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and

Rule 81-9.01(B)(1) of the Local Rules of the United States District Court for the Eastern District

of Missouri; (ii) venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409;

(iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b); (iv) the Notice provided for herein

is sufficient under the circumstances; and (v) the Debtors have complied with the terms and

conditions set forth in the Order;

IT IS HEREBY ORDERED THAT:

1.          _____, who is identified by the Debtors as a "Non-Compliant

Party" in the Notice, is hereby ordered, at a hearing to be conducted before this Court at _____

__.m., Central Time on _____, 2016, before the Honorable _____, United

States Bankruptcy Judge, in the Bankruptcy Court, Courtroom ___, 111 South 10th Street, 4th

Floor, St. Louis, MO  63102 (the "Hearing"), to show cause why the Non-Compliant Party

should not be held to have violated sections 362, 365 and/or 525 of the Bankruptcy Code, as

identified in the Notice.

        2.     Service of this Order to Show Cause is to be made by the Debtors upon

(i) the Non-Compliant Party, (ii) the Office of the United States Trustee for the Eastern District

of Missouri and (iii) counsel for any official committee of unsecured creditors appointed in these

cases pursuant to section 1102 of the Bankruptcy Code.

        3.     This Court shall retain exclusive jurisdiction to hear and determine all

matters arising from or related to the interpretation, implementation and enforcement of this

Order.

Dated: _____
      St. Louis, Missouri               _____
                                   UNITED STATES BANKRUPTCY JUDGE