UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>Peabody Energy Corporation, et al.,<br><br>                   Debtors.[1] | Case No. 16-42529<br>CHAPTER 11<br><br>(Joint Administration Requested)<br><br>Hearing Date and Time:<br>TBD<br><br>Hearing Location:<br>TBD |

**MOTION OF THE DEBTORS AND DEBTORS IN POSSESSION,
PURSUANT TO SECTIONS 105(a) AND 107(B) OF THE BANKRUPTCY
CODE, FOR ENTRY OF AN ORDER AUTHORIZING THEM TO FILE
UNDER SEAL THE FEE LETTER RELATING TO THE DEBTORS' DIP MOTION**

Peabody Energy Corporation ("PEC") and certain of its direct and indirect subsidiaries, as debtors and debtors in possession (collectively, the "Debtors"), hereby move this Court, pursuant to sections 105(a) and 107(b) of title 11 of the United States Code (the "Bankruptcy Code"), for the entry of an order:[2] (a) authorizing the Debtors to file under seal that certain Arrangement, Structuring and Agency Fee Letter (the "Fee Letter"), dated April 11, 2016, between PEC and Citigroup Global Markets, Inc. ("Citi") executed in connection with that certain Superpriority Secured Debtor-In-Possession Credit Agreement, dated as of April 13 among PEC, certain of PEC's subsidiaries as Guarantors, Citibank, N.A. as Administrative Agent and L/C Issuer and certain Lenders parties thereto (the "DIP Credit Agreement") and (b) directing that the Fee Letter shall remain under seal, confidential and not be made available to anyone without the consent of the Debtors and the other parties to the Fee

---

[1] The Debtors and their employer identification numbers are listed on Schedule 1 attached hereto. The address for each of the Debtors are set forth in the Debtors' chapter 11 petitions.

[2] Capitalized terms used but not defined herein have the meanings ascribed to them in the DIP Credit Agreement.

Letter, except for (i) the United States Trustee for the Eastern District of Missouri (the "<u>United States Trustee</u>") and (ii) the counsel and financial advisors to any statutory committee appointed in these cases, in each case on a strictly confidential and "professionals' eyes only" basis. In support thereof, the Debtors respectfully represent as follows:[3]

## Jurisdiction and Venue

1. This Court has subject matter jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and Rule 81-9.01(B)(1) of the Local Rules of the United States District Court for the Eastern District of Missouri. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

2. On April 13, 2016 (the "<u>Petition Date</u>"), the Debtors commenced their reorganization cases by filing voluntary petitions for relief under chapter 11 the Bankruptcy Code. The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. Debtor PEC is a Delaware corporation headquartered in St. Louis, Missouri. PEC was incorporated in 1998 and became a public company in 2001. Each of the other Debtors is a wholly-owned direct or indirect subsidiary of PEC.

4. PEC is the world's largest private-sector coal company, with 26 active coal mining operations located in the United States and Australia. The Debtors' domestic mines produce and sell thermal coal, which is typically purchased by electricity generators and industrial customers. PEC's Australian operations mine both thermal and metallurgical coal,

---

[3] A copy of the proposed order will be made available on the Debtors' case website at http://www.kccllc.net/peabody.

which are exported primarily to international customers. As of December 31, 2015, Debtor PEC and its subsidiaries' property holdings contain 6.3 billion tons of proven and probable coal reserves and cover approximately 500,000 acres of surface property. In the United States alone, as of December 31, 2015, the Debtors hold approximately 5.4 billion tons of proven and probable coal reserves, and the Debtors generated sales of approximately 180 million tons of coal. In addition to its mining operations, the Debtors market and broker coal from other coal producers across the United States, Australia, Europe and Asia.

5. The Debtors operate in a competitive and highly regulated industry that has experienced strong headwinds and precipitously declining demand in recent years due to the rise of low priced alternative energy sources – including a glut of natural gas. Combined with these factors, slowing global economic growth drove a wide range of goods prices lower in 2015 and resulted in the largest broad market decline since 1991. Indeed, demand from electric utilities in the United States alone declined approximately 110 million tons in 2015. These market conditions, in connection with lower realized pricing in the United States and Australia, resulted in a 21.0 million ton decline in the Debtors' coal sales during 2015. As a result of these challenges, several large United States coal companies have filed for chapter 11 protection in recent years.

6. A comprehensive description of the Debtors' businesses and operations, capital structure and the events leading to the commencement of these chapter 11 cases can be found in the Declaration of Amy Schwetz, Executive Vice President and Chief Financial Officer of Debtor PEC, in Support of First Day Pleadings of Debtors and Debtors in Possession (the "First Day Declaration"), which was filed contemporaneously herewith and is incorporated herein by reference.

**Facts Relevant to the Motion**

7. The Debtors seek to provide the Court with the Fee Letter for the hearing (the "Hearing") regarding the *Motion of the Debtors and Debtors in Possession, Pursuant to Sections 105, 361, 362, 363, 364 and 507(b) and Bankruptcy Rules 4001(b) and (c), for Interim and Final Orders (I) Authorizing Debtors (A) to Obtain Postpetition Financing and (B) to Utilize Cash Collateral; (II) Granting Adequate Protection to Prepetition Secured Parties and (III) Scheduling Final Hearing* (the "DIP Motion"), filed contemporaneously herewith, to ensure a complete record. Pursuant to the Fee Letter, the Debtors have agreed to keep the terms of the Fee Letter confidential. By this Motion, and pursuant to sections 105(a) and 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Debtors seek entry of an order (the "Proposed Order") authorizing them to file the Fee Letter under seal and directing that the Fee Letter shall remain under seal and confidential and not be made available to anyone without the consent of the Debtors and Citi or further order from the Court (after notice and hearing), in each case, under appropriate confidentiality agreements reasonably satisfactory to the Debtors and Citi. The fees set forth in the Fee Letter are ancillary to the core economic terms of the DIP Credit Agreement and are in the nature of highly sensitive commercial information. The core economic terms of the DIP Credit Agreement are described in the publicly-filed DIP Motion. The Debtors also will provide copies of the Fee Letter (a) to the United States Trustee on a strictly confidential basis, and (b) upon request, to the counsel and financial advisors to any statutory committee appointed in these cases on a strictly confidential and "professionals' eyes only" basis.

**Argument**

8. Section 105(a) of the Bankruptcy Code empowers a bankruptcy court to issue "any order, process, or judgment that is necessary or appropriate to carry out the provisions

-4-

of" the Bankruptcy Code.  11 U.S.C. § 105.  The purpose of section 105 of the Bankruptcy Code is to ensure the bankruptcy court has the power to take whatever action "is appropriate or necessary in aid of the exercise of [its] jurisdiction." 2 Collier on Bankruptcy ¶ 105.01 (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2015).

9. In addition, section 107(b) of the Bankruptcy Code empowers bankruptcy courts to protect parties in interest from potentially harmful disclosures, providing:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—
>
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; or
>
> (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under [the Bankruptcy Code].

11 U.S.C. § 107(b).

10. A party in interest seeking protection under section 107(b) may obtain a protective order authorizing the filing of a document under seal pursuant to the procedures set forth in Bankruptcy Rule 9018, which provides:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . .

Fed. R. Bankr. P. 9018.  See also In re Farmland Indus., Inc., 290 B.R. 364, 369 (Bankr. W.D. Mo. 2003) (Bankruptcy Rule 9019 authorizes the court to prohibit disclosures where "necessary to protect the bankruptcy estate")

*Section 107(b) Requires the Court to Protect Parties from Disclosing Sensitive Commercial Information*

11. If a court determines that an interested party seeks to protect information that falls within the categories enumerated in section 107(b) of the Bankruptcy Code, "the court is required to protect [the requesting party] and has no discretion to deny the application." In re Orion Pictures Corp., 21 F.3d 24, 27 (2d Cir. 1994) (emphasis in original); accord Neal v. Kansas City Star (In re Neal), 461 F.3d 1048, 1054 (8th Cir. Mo. 2006) ("If a paper filed in a bankruptcy court fits within § 107(b)(1) or (2), protection is mandatory when requested by a 'party in interest'"). Accordingly, an interested party need not show "extraordinary circumstance or compelling need" or even good cause to obtain protection under section 107(b) of the Bankruptcy Code. In re Orion Pictures Corp., 21 F.3d at 27-28. Rather, an interested party will obtain protection from disclosure for information upon a showing that such information constitutes "commercial information" under section 107(b)(1) of the Bankruptcy Code. Id. at 27.

12. The Second Circuit has explained that such a showing requires only that the interested party demonstrate that the information it seeks to place under seal is "'confidential' and 'commercial' in nature." Id. at 28. "Commercial information" does not need to rise to the level of trade secret to receive protection under section 107(b) of the Bankruptcy Code. See Id. (holding that an agreement authorizing a licensee "to reproduce, manufacture, distribute and sell videocassettes of films" contained "commercial information"). One court within the Eighth Circuit has found, instead, that "'commercial information' is information which would cause an unfair advantage to competitors by providing them with information as to the commercial operations of the debtor." See In re Farmland Indus., Inc., 290 B.R. 855 at 368 (quoting In re Orion Pictures Corp., 21 F.3d at 27) (internal quotation marks omitted)).

***The Fee Letter Contains "Commercial Information" That Warrants Confidential Treatment Under the Bankruptcy Code***

13. The Fee Letter contains commercially sensitive information that merits protection under section 107(b)(1) of the Bankruptcy Code. For example, the Fee Letter contains information about Citi's methodologies for calculating fees that are critically sensitive and should remain confidential.

14. As is customary in the finance industry, Citi treats this information as highly sensitive and confidential. Such information is rarely disclosed to the public or made available to competitor financial institutions. Given the intense competition in the banking and lending industries, disclosure of the Fee Letter could heavily constrain the ability of Citi and its affiliates to negotiate their fees in future transactions, putting them at a strategic disadvantage relative to their competitors and causing them commercial injury.

15. In addition, disclosure of the Fee Letter would violate PEC's agreement with Citi, setting a discouraging precedent for the Debtors' other potential creditors and trade partners. As noted above, under the terms of the Fee Letter, PEC has agreed not to disclose the contents of the Fee Letter outside certain of PEC's affiliates on a confidential, "need to know basis" in connection with the DIP Credit Agreement, except for such public disclosures (i) as PEC is required by law or compulsory legal process to make, (ii) to legal and financial advisers of any official committee appointed in these chapter 11 cases on a "professionals' eyes only" basis or (iii) as may be otherwise mutually agreed in writing between PEC and Citi. The Debtors believe that it is critical, especially at the outset of their chapter 11 cases, that they be able to assure their contractual counterparties that the confidential terms of their contracts will not face disclosure, so as not to further discourage such parties from contracting with the Debtors. The Debtors submit that providing copies of the Fee Letter to the United States Trustee and the advisors to

any statutory committee later appointed, together with the public disclosure of the core economic terms of the DIP Credit Agreement in the DIP Motion, will subject the relief sought in the DIP Motion to sufficient scrutiny on the merits, while at the same time minimizing any impact on the ongoing business objectives of the Debtors or the other parties to the Fee Letter.

16. Bankruptcy courts in this District and elsewhere have granted similar relief in numerous other cases. See, e.g., In re Noranda Aluminum, Inc., No. 16-10083 (Bankr. E.D. Mo. Feb. 12, 2016) (Docket No. 120) (authorizing debtors to file fee letter agreements with proposed debtor in possession lenders under seal); In re Arch Coal, Inc., No. 16-40120 (Bankr. E.D. Mo. Jan. 14, 2016) (Docket No. 83) (same); accord In re Alpha Natural Res., Inc., No. 15-33896 (Bankr. E.D. Va. Aug. 5, 2015 and Sept. 17, 2015) (Docket Nos. 108 and 472) (interim and final orders authorizing same); In re Energy Future Holdings Corp., No. 14-10979 (Bankr. D. Del. May 1, 2014) (Docket No. 288) (same); In re Longview Power, LLC, No. 13-12211 (Bankr. D. Del. Nov. 21, 2013) (Docket No. 510) (same); In re Patriot Coal Corp., No. 12-12900 (Bankr. S.D.N.Y. July 16, 2012) (Docket No. 85) (same); In re Residential Capital, LLC, No. 12-12020 (Bankr. S.D.N.Y. May 18, 2012) (114) (same); In re The Great Atl. & Pac. Tea Co., No. 10-24549 (Bankr. S.D.N.Y. Jan. 18, 2012) (Docket No. 3184) (authorizing debtors to file unredacted fee letter agreements in connection with debtors' motion for approval of an exit financing arrangement under seal); In re NewPage Corp., No. 11-12804 (Bankr. D. Del. Sept. 8, 2011) (Docket No. 78) (authorizing debtors to file fee letter agreements with proposed debtor in possession lenders under seal).[4]

---

[4] Unreported orders cited herein are not attached to this Motion. Copies of these orders will be made available to the Court or other parties upon request made to the Debtors' counsel.

**Notice**

17.  Notice of this Motion has been given to: (a) Davis Polk & Wardwell LLP and Bryan Cave LLP as counsel to Citibank, N.A. as Administrative Agent for the First Lien Secured Credit Facility and the Debtors' proposed debtor in possession secured credit facility; (b) Brown Rudnick LLP, as counsel to Wilmington Savings Fund Society, FSB as prospective trustee and collateral agent for the Secured Second Lien Notes; (c) Foley & Lardner LLP, as counsel to Wilmington Trust Company as prospective Indenture Trustee for the Unsecured Notes;[5] (d) Robinson & Cole LLP, as counsel to U.S. Bank as resigning trustee and collateral agent for the Second Lien Notes, the Unsecured Notes and the Convertible Notes;[6] (e) counsel to any ad hoc committees; (f) the Debtors' 50 largest unsecured creditors; (g) Mayer Brown LLP, as counsel to PNC Bank, N.A., as Administrator under the Debtors' prepetition accounts receivable securitization facility; (h) the United Mine Workers of America; (i) the Office of the United States Trustee for the Eastern District of Missouri; (j) the Internal Revenue Service; (k) the Securities and Exchange Commission; (l) the United States Department of the Interior; (m) the United States Department of Labor; (n) the United States Attorney's Office for the Eastern District of Missouri; and (o) Pension Benefit Guaranty Corporation (collectively, the "Notice Parties").  In light of the nature of the relief requested, the Debtors submit that no further notice is necessary.

**No Prior Request**

18.  No prior request for the relief sought in this Motion has been made to this or any other Court in connection with these chapter 11 cases.

---

[5] These include the: (i) 6.00% Senior Notes due November 2018; (ii) 6.50% Senior Notes due September 2020; (iii) 6.25% Senior Notes due September 2021; and the (iv) 7.875% Senior Notes due November 2026.

[6] These include the: (i) 6.00% Senior Notes due November 2018; (ii) 6.50% Senior Notes due September 2020; (iii) 6.25% Senior Notes due September 2021; (iv) 7.875% Senior Notes due November 2026; and the (v) Convertible Junior Subordinated Debentures due December 2066.

WHEREFORE, the Debtors respectfully request that the Court: (i) enter an order, substantially in the form submitted to the Court, granting the relief requested herein; and (ii) grant such other relief to the Debtors as the Court may deem just and proper.

Dated: April 13, 2016  
      St. Louis, Missouri

Respectfully submitted,

/s/ Steven N. Cousins  
Steven N. Cousins, MO 30788  
Susan K. Ehlers, MO 49855  
Armstrong Teasdale, LLP  
7700 Forsyth Boulevard, Suite 1800  
St. Louis, MO  63105  
Telephone:  (314) 621-5070  
Facsimile:  (314) 621-5065  
Email:  scousins@armstrongteasdale.com  
Email  sehlers@armstrongteasdale.com

Heather Lennox (*pro hac vice* pending)  
Jones Day  
North Point  
901 Lakeside Avenue  
Cleveland, OH  44114  
Telephone:  (216) 586-3939  
Facsimile:  (216) 579-0212  
Email:  hlennox@jonesday.com

Amy Edgy (*pro hac vice* pending)  
Daniel Moss (*pro hac vice* pending)  
Jones Day  
51 Louisiana Avenue, N.W.  
Washington, D.C.  20001-2113  
Telephone:  (202) 879-3939  
Facsimile:  (202) 626-1700  
Email:  aedgy@jonesday.com  
Email:  dtmoss@jonesday.com

*Proposed Attorneys for Debtors  
and Debtors in Possession*

# SCHEDULE 1

| | Debtor's Name | Debtor's EIN Number |
|---|---|---|
| 1. | Peabody Energy Corporation | 13-4004153 |
| 2. | American Land Development, LLC | 20-3405570 |
| 3. | American Land Holdings of Colorado, LLC | 26-3730572 |
| 4. | American Land Holdings of Illinois, LLC | 30-0440127 |
| 5. | American Land Holdings of Indiana, LLC | 20-2514299 |
| 6. | American Land Holdings of Kentucky, LLC | 20-0766113 |
| 7. | American Land Holdings of New Mexico, LLC | 32-0478983 |
| 8. | American Land Holdings of West Virginia, LLC | 20-5744666 |
| 9. | Arid Operations, Inc. | 84-1199578 |
| 10. | Big Ridge, Inc. | 37-1126950 |
| 11. | Big Sky Coal Company | 81-0476071 |
| 12. | Black Hills Mining Company, LLC | 32-0049741 |
| 13. | BTU Western Resources, Inc. | 20-1019486 |
| 14. | Caballo Grande, LLC | 27-1773243 |
| 15. | Caseyville Dock Company, LLC | 20-8080107 |
| 16. | Central States Coal Reserves of Illinois, LLC | 43-1869432 |
| 17. | Central States Coal Reserves of Indiana, LLC | 20-3960696 |
| 18. | Century Mineral Resources, Inc. | 36-3925555 |
| 19. | Coal Reserve Holding Limited Liability Company No. 1 | 43-1922737 |
| 20. | COALSALES II, LLC | 43-1610419 |
| 21. | Colorado Yampa Coal Company, LLC | 95-3761211 |
| 22. | Conservancy Resources, LLC | 20-5744701 |
| 23. | Cottonwood Land Company | 43-1721982 |
| 24. | Cyprus Creek Land Company | 73-1625890 |
| 25. | Cyprus Creek Land Resources LLC | 75-3058264 |
| 26. | Dyson Creek Coal Company, LLC | 43-1898526 |
| 27. | Dyson Creek Mining Company, LLC | 20-8080062 |
| 28. | El Segundo Coal Company, LLC | 20-8162824 |
| 29. | Empire Land Holdings, LLC | 61-1742786 |
| 30. | Falcon Coal Company, LLC | 35-2006760 |
| 31. | Four Star Holdings, LLC | 30-0885825 |
| 32. | Francisco Equipment Company, LLC | 37-1805119 |
| 33. | Francisco Land Holdings Company, LLC | 36-4831111 |
| 34. | Francisco Mining, LLC | 30-0922117 |
| 35. | Gallo Finance Company, LLC | 43-1823616 |
| 36. | Gold Fields Chile, LLC | 13-3004607 |
| 37. | Gold Fields Mining, LLC | 36-2079582 |
| 38. | Gold Fields Ortiz, LLC | 22-2204381 |
| 39. | Hayden Gulch Terminal, LLC | 86-0719481 |
| 40. | Highwall Mining Services Company | 20-0010659 |
| 41. | Hillside Recreational Lands, LLC | 32-0214135 |
| 42. | HMC Mining, LLC | 43-1875853 |
| 43. | Illinois Land Holdings, LLC | 26-1865197 |
| 44. | Independence Material Handling, LLC | 43-1750064 |
| 45. | James River Coal Terminal, LLC | 55-0643770 |
| 46. | Juniper Coal Company, LLC | 43-1744675 |
| 47. | Kayenta Mobile Home Park, Inc. | 86-0773596 |
| 48. | Kentucky Syngas, LLC | 26-1156957 |
| 49. | Kentucky United Coal, LLC | 35-2088769 |
| 50. | Lively Grove Energy, LLC | 20-5752800 |
| 51. | Lively Grove Energy Partners, LLC | 26-0180403 |
| 52. | Marigold Electricity, LLC | 26-0180352 |
| 53. | Midco Supply and Equipment Corporation | 43-6042249 |
| 54. | Midwest Coal Acquisition Corp. | 20-0217640 |
| 55. | Midwest Coal Reserves of Illinois, LLC | 20-3960648 |

|  | **Debtor's Name** | **Debtor's EIN Number** |
|---|---|---|
| 56. | Midwest Coal Reserves of Indiana, LLC | 20-3405958 |
| 57. | Midwest Coal Reserves of Kentucky, LLC | 20-3405872 |
| 58. | Moffat County Mining, LLC | 74-1869420 |
| 59. | Mustang Energy Company, LLC | 43-1898532 |
| 60. | New Mexico Coal Resources, LLC | 20-3405643 |
| 61. | NM Equipment Company, LLC | 36-4821991 |
| 62. | Pacific Export Resources, LLC | 27-5135144 |
| 63. | Peabody America, LLC | 93-1116066 |
| 64. | Peabody Archveyor, L.L.C. | 43-1898535 |
| 65. | Peabody Arclar Mining, LLC | 31-1566354 |
| 66. | Peabody Asset Holdings, LLC | 20-3367333 |
| 67. | Peabody Bear Run Mining, LLC | 26-3582291 |
| 68. | Peabody Bear Run Services, LLC | 26-3725923 |
| 69. | Peabody Caballo Mining, LLC | 83-0309633 |
| 70. | Peabody Cardinal Gasification, LLC | 20-5047955 |
| 71. | Peabody China, LLC | 43-1898525 |
| 72. | Peabody Coalsales, LLC | 20-1759740 |
| 73. | Peabody COALTRADE International (CTI), LLC | 20-1435716 |
| 74. | Peabody COALTRADE, LLC | 43-1666743 |
| 75. | Peabody Colorado Operations, LLC | 20-2561644 |
| 76. | Peabody Colorado Services, LLC | 26-3723774 |
| 77. | Peabody Coulterville Mining, LLC | 20-0217834 |
| 78. | Peabody Development Company, LLC | 43-1265557 |
| 79. | Peabody Electricity, LLC | 20-3405744 |
| 80. | Peabody Employment Services, LLC | 26-3730348 |
| 81. | Peabody Energy Generation Holding Company | 73-1625891 |
| 82. | Peabody Energy Investments, Inc. | 68-0541702 |
| 83. | Peabody Energy Solutions, Inc. | 43-1753832 |
| 84. | Peabody Gateway North Mining, LLC | 27-2294407 |
| 85. | Peabody Gateway Services, LLC | 26-3724075 |
| 86. | Peabody Holding Company, LLC | 74-2666822 |
| 87. | Peabody Holdings (Gibraltar) Limited | 20-5543587 |
| 88. | Peabody IC Funding Corporation | 46-2326991 |
| 89. | Peabody IC Holdings, LLC | 30-0829603 |
| 90. | Peabody Illinois Services, LLC | 26-3722638 |
| 91. | Peabody Indiana Services, LLC | 26-3724339 |
| 92. | Peabody International Investments, Inc. | 26-1361182 |
| 93. | Peabody International Services, Inc. | 20-8340434 |
| 94. | Peabody Investments Corp. | 20-0480084 |
| 95. | Peabody Magnolia Grove Holdings, LLC | 61-1683376 |
| 96. | Peabody Midwest Management Services, LLC | 26-3726045 |
| 97. | Peabody Midwest Mining, LLC | 35-1799736 |
| 98. | Peabody Midwest Operations, LLC | 20-3405619 |
| 99. | Peabody Midwest Services, LLC | 26-3722194 |
| 100. | Peabody Mongolia, LLC | 20-8714315 |
| 101. | Peabody Natural Gas, LLC | 43-1890836 |
| 102. | Peabody Natural Resources Company | 51-0332232 |
| 103. | Peabody New Mexico Services, LLC | 20-8162939 |
| 104. | Peabody Operations Holding, LLC | 26-3723890 |
| 105. | Peabody Powder River Mining, LLC | 43-0996010 |
| 106. | Peabody Powder River Operations, LLC | 20-3405797 |
| 107. | Peabody Powder River Services, LLC | 26-3725850 |
| 108. | Peabody PowerTree Investments LLC | 20-0116980 |
| 109. | Peabody Recreational Lands, L.L.C. | 43-1898382 |
| 110. | Peabody Rocky Mountain Management Services, LLC | 26-3725390 |
| 111. | Peabody Rocky Mountain Services, LLC | 20-8162706 |

|  | **Debtor's Name** | **Debtor's EIN Number** |
|---|---|---|
| 112. | Peabody Sage Creek Mining, LLC | 26-3730653 |
| 113. | Peabody School Creek Mining, LLC | 20-3585831 |
| 114. | Peabody Services Holdings, LLC | 26-3726126 |
| 115. | Peabody Southwest, LLC | 20-5744732 |
| 116. | Peabody Southwestern Coal Company, LLC | 43-1898372 |
| 117. | Peabody Terminal Holding Company, LLC | 26-1087861 |
| 118. | Peabody Terminals, LLC | 31-1035824 |
| 119. | Peabody Trout Creek Reservoir LLC | 30-0746873 |
| 120. | Peabody Twentymile Mining, LLC | 26-3725223 |
| 121. | Peabody Venezuela Coal Corp. | 43-1609813 |
| 122. | Peabody Venture Fund, LLC | 20-3405779 |
| 123. | Peabody-Waterside Development, L.L.C. | 75-3098342 |
| 124. | Peabody Western Coal Company | 86-0766626 |
| 125. | Peabody Wild Boar Mining, LLC | 26-3730759 |
| 126. | Peabody Wild Boar Services, LLC | 26-3725591 |
| 127. | Peabody Williams Fork Mining, LLC | 20-8162742 |
| 128. | Peabody Wyoming Gas, LLC | 20-5744610 |
| 129. | Peabody Wyoming Services, LLC | 26-3723011 |
| 130. | PEC Equipment Company, LLC | 20-0217950 |
| 131. | PG INVESTMENTS SIX, L.L.C. | 43-1898530 |
| 132. | Point Pleasant Dock Company, LLC | 20-0117005 |
| 133. | Pond River Land Company | 73-1625893 |
| 134. | Porcupine Production, LLC | 43-1898379 |
| 135. | Porcupine Transportation, LLC | 43-1898380 |
| 136. | Riverview Terminal Company | 13-2899722 |
| 137. | Sage Creek Holdings, LLC | 26-3286872 |
| 138. | Sage Creek Land & Reserves, LLC | 38-3936826 |
| 139. | School Creek Coal Resources, LLC | 20-2902073 |
| 140. | Seneca Coal Company, LLC | 84-1273892 |
| 141. | Seneca Property, LLC | 36-4820253 |
| 142. | Shoshone Coal Corporation | 25-1336898 |
| 143. | Southwest Coal Holdings, LLC | 37-1794829 |
| 144. | Star Lake Energy Company, L.L.C. | 43-1898533 |
| 145. | Sugar Camp Properties, LLC | 35-2130006 |
| 146. | Thoroughbred Generating Company, L.L.C. | 43-1898534 |
| 147. | Thoroughbred Mining Company LLC | 73-1625889 |
| 148. | Twentymile Coal, LLC | 95-3811846 |
| 149. | Twentymile Equipment Company, LLC | 38-3982017 |
| 150. | Twentymile Holdings, LLC | 38-3937156 |
| 151. | United Minerals Company LLC | 35-1922432 |
| 152. | West Roundup Resources, LLC | 20-2561489 |
| 153. | Wild Boar Equipment Company, LLC | 32-0488114 |
| 154. | Wild Boar Land Holdings Company, LLC | 36-4831131 |