UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>Peabody Energy Corporation, et al.,<br><br>Debtors.[1] | Case No. 16-42529<br>CHAPTER 11<br><br>(Joint Administration Requested)<br><br>Hearing Date and Time:<br>TBD<br><br>Hearing Location:<br>TBD |

**MOTION OF THE DEBTORS AND DEBTORS IN POSSESSION, PURSUANT TO
SECTIONS 105(a) AND 362 OF THE BANKRUPTCY CODE AND
BANKRUPTCY RULE 9019(b), FOR AN ORDER (I) ESTABLISHING PROCEDURES
FOR RESOLVING RECLAMATION CLAIMS ASSERTED AGAINST THE DEBTORS
AND DEBTORS IN POSSESSION AND (II) GRANTING RELATED RELIEF**

Peabody Energy Corporation ("PEC") and certain of its direct and indirect subsidiaries, as debtors and debtors in possession (collectively, the "Debtors"), hereby move this Court, pursuant to sections 105(a) and 362 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the entry of an order:  (a) establishing procedures for resolving reclamation claims asserted against them; and (b) granting certain related relief, and in support thereof, respectfully represent as follows:[2]

---

[1]  The Debtors and their employer identification numbers are listed on Schedule 1 attached hereto.  The addresses for each of the Debtors are set forth in the Debtors' chapter 11 petitions.

[2]  A copy of the proposed order will be made available on the Debtors' case website at http://www.kccllc.net/peabody.

**Jurisdiction and Venue**

1. This Court has subject matter jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and Rule 81-9.01(B)(1) of the Local Rules of the United States District Court for the Eastern District of Missouri. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Background**

2. On April 13, 2016 (the "Petition Date"), the Debtors commenced their reorganization cases by filing voluntary petitions for relief under the Bankruptcy Code. The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. Debtor PEC is a Delaware corporation headquartered in St. Louis, Missouri. PEC was incorporated in 1998 and became a public company in 2001. Each of the other Debtors is a wholly-owned direct or indirect subsidiary of PEC.

4. PEC is the world's largest private-sector coal company (by volume), with 26 active coal mining operations located in the United States and Australia. The Debtors' domestic mines produce and sell thermal coal, which is primarily purchased by electricity generators. PEC's Australian operations mine both thermal and metallurgical coal, a majority of which is exported to international customers. As of December 31, 2015, Debtor PEC and its subsidiaries' property holdings include 6.3 billion tons of proven and probable coal reserves and approximately 500,000 acres of surface property through ownership and lease agreements. In the United States alone, as of December 31, 2015, the Debtors held an estimated 5.5 billion tons of proven and probable coal reserves, and the Debtors generated sales of approximately 180 million tons of coal. In addition to its mining operations, the Debtors market and broker coal from other coal producers across the United States, Australia, Europe and Asia.

5. The Debtors operate in a competitive and highly regulated industry that has experienced strong headwinds and precipitously declining demand and pricing in recent years due to the rise of low priced alternative energy sources – including an abundance of natural gas. Combined with these factors, slowing global economic growth drove a wide range of goods prices lower in 2015 and resulted in the largest broad market decline since 1991. Indeed, demand from electric utilities in the United States alone declined approximately 110 million tons in 2015. These market conditions, in connection with lower realized pricing in the United States and Australia, resulted in a 21.0 million ton decline in the Debtors' and their non-debtor subsidiaries' coal sales during 2015. As a result of these challenges, several large United States coal companies have filed for chapter 11 protection in recent years.

6. A comprehensive description of the Debtors' businesses and operations, capital structure and the events leading to the commencement of these chapter 11 cases can be found in the Declaration of Amy Schwetz, Executive Vice President and Chief Financial Officer of Debtor PEC, in Support of First Day Motions of Debtors and Debtors in Possession (the "First Day Declaration"), which was filed contemporaneously herewith and is incorporated herein by reference.

**Argument**

7. Consistent with their normal operations prior to the Petition Date, the Debtors purchased, on credit, a wide variety of products used in their business operations from various vendors on varying terms (collectively, the "Goods"). As of the Petition Date, the Debtors were in possession of certain of these Goods, but for which they had not yet been invoiced by, or made payment to, the suppliers of such Goods.

8. As a result of the commencement of these bankruptcy cases, the Debtors expect to receive numerous written reclamation demands from various vendors or other parties (collectively, the "Sellers") with respect to the Goods under section 2-702 of each relevant state's version of the Uniform Commercial Code. This section allows a Seller of Goods, upon discovery that the buyer has received such Goods on credit while insolvent, to reclaim the Goods upon demand made within ten days after buyer's receipt. The Debtors also anticipate that a number of Sellers, after becoming aware of the commencement of these chapter 11 cases, might attempt to interfere with the delivery of Goods to the Debtors, or even attempt to forcibly repossess delivered Goods from the Debtors.

9. Upon the commencement of a chapter 11 case, the Sellers' reclamation rights are governed by section 546(c) of the Bankruptcy Code. Section 546(c) provides that a Seller who sold goods to a debtor, in the ordinary course of the Seller's business, within 45 days before the petition date, may assert reclamation rights if: (i) the debtor received the goods while insolvent; and (ii) the Seller makes a reclamation demand in writing (a) before 45 days after receipt of the goods by the debtor or (b) if the 45-day period expires after the petition date, not later than 20 days after the petition date. See 11 U.S.C. § 546(c).[3]

---

[3] Certain Sellers may receive payment on account of their prepetition claims pursuant to other motions that are filed contemporaneously herewith or may be filed by the Debtors, including: Motion of the Debtors and Debtors in Possession, Pursuant to Sections 105(a) and 503 of the Bankruptcy Code and Bankruptcy Rules 3002 and 3003, for an Order Establishing Procedures to Resolve Claims Arising Under Section 503(b)(9) of the Bankruptcy Code; Motion of the Debtors and Debtors in Possession, Pursuant to Section 105(a), 363(b) and 503(b)(9) of the Bankruptcy Code, for Interim and Final Orders Authorizing Them to Pay Prepetition Claims of Certain Essential Suppliers and Service Providers; Motion of the Debtors and Debtors in Possession for an Order (I) Authorizing Debtors to Pay Prepetition Obligations Owed to Foreign Creditors; (II) Authorizing Financial Institutions to Honor and Process Related Checks and Transfers; and (III) Granting Related Relief; Motion of the Debtors and Debtors in Possession for an Order (I) Confirming the Administrative Expense Status of the Debtors' Undisputed Obligations to Vendors Arising From the Postpetition Delivery of Goods and Provision of Services and (II) Granting Other Related Relief; Motion of the Debtors and Debtors in Possession, Pursuant to Sections 105(a) and 363(b) of the Bankruptcy Code, for an Order Authorizing Them to Honor or Pay Prepetition Obligations to Customers and for Related Relief; and Motion of the Debtors and Debtors in Possession for an Order (I) Authorizing Them to Pay Prepetition

10. Section 546(c) also specifies, however, that reclamation rights are "subject to the prior rights of a holder of a security interest in such goods or the proceeds thereof." 11 U.S.C. § 546(c)(1). Indeed, the Eighth Circuit has held, along with other bankruptcy courts, that a lender or other creditor with a security interest in after-acquired property who acted in good faith and for value is a good faith purchaser to whose claim that of a reclaiming seller is subject. See In re Pester Ref. Co., 964 F.2d 842, 844-45 (8th Cir. 1992) (stating that "the UCC . . . made the seller's reclamation right 'subject to' the rights of good faith purchasers from the buyer . . . Section 546(c) recognizes, with some limitations, the seller's state law right to reclaim . . . but also gives the bankruptcy court broad power to substitute a lien or a priority claim for the seller's right to reclaim possession."); In re Bridge Info. Sys., Inc., 288 B.R. 133, 138 (Bankr. E.D. Mo. 2001) (relying on Pester Ref. Co. to hold that a seller's rights to reclamation are subject to a lienholder's rights, and if the goods in question are sold and "the proceeds of the sale are less than the secured party's claim, the seller's state law reclamation rights are destroyed."); see also In re Circuit City Stores, Inc., 441 B.R. 496, 508-09 (Bankr. E.D.Va. 2010) (explaining that "a seller's right to reclaim under subsection (2) of § 2-702 of the UCC is subject to the rights of a good faith purchaser.… Consistent therewith, BAPCPA added additional language to § 546(c) confirming that reclamation rights in bankruptcy are 'subject to the prior rights of a holder of a security interest in such goods or the proceeds thereof.'"); In re Dana Corp., 367 B.R. 409, 419-21 (Bankr. S.D.N.Y. 2007) (holding that

---

(continued…)

Claims of Certain Lien Claimants and (II) Granting Related Relief. To the extent a Seller receives payment on account of its prepetition claim pursuant to an order of this Court approving the foregoing motions, the Reclamation Procedures (as defined herein) shall not apply to such Seller.

-5-

reclamation claims have value only to the extent the value of the subject goods exceeds the amount of any third party liens on such goods); Cargill Inc. v. Trico Steel Co. (In re Trico Steel Co.), 282 B.R. 318, 328 (Bankr. D. Del. 2002) (stating that a seller's ability to reclaim goods is subject to the rights of a good faith purchaser, e.g., a holder of a perfected floating lien on the subject goods); but see Phar-Mor, Inc. v. McKesson Corp., 534 F.3d 502, 506 (6th Cir. 2008) (holding that "a defrauded seller's right to reclaim his goods is superior to any right of attaching creditors, despite UCC § 2-702's 'subject to' provision."). The Eighth Circuit has held that section 546(c) "allows the [bankruptcy] court to leave the goods in the debtor's possession to facilitate a Chapter 11 reorganization. It also provides flexibility in enforcing secured creditors' superior rights." Pester Ref. Co., 964 F.2d at 845. "[A]fter the secured creditors' superior interests have been satisfied or released, the reclaiming seller retains a priority interest in any remaining goods, and in any surplus proceeds from the secured creditors' foreclosure sale." Id. at 846. "[W]here the value of the reclaiming seller's rights is worthless because of the secured lien, the reclamation request is not denied, but is of no value." In re Child World, 145 B.R. 5, 8 (Bankr. S.D.N.Y. 1992) (citations omitted); see also Pester Ref. Co., 964 F.2d at 847 (noting that the text and legislative history of § 546(c) do not indicate that "Congress intended to expand the state law rights of reclamation sellers at the expense of the bankrupt's unsecured creditors. In this situation, the bankruptcy court does not 'deny reclamation' in recognizing that the reclamation right no longer has value.").

11. To avoid piecemeal litigation that would interfere with the Debtors' restructuring efforts and to focus on other more pressing business issues, the Debtors seek authority, pursuant to sections 105(a) and 362 of the Bankruptcy Code, to establish exclusive procedures for the reconciliation and allowance of all asserted reclamation claims. If the Debtors

are unable to establish and implement uniform procedures for addressing reclamation claims, the Debtors will face the prospect of simultaneously defending multiple reclamation proceedings or other enforcement efforts while attempting to expeditiously resolve these chapter 11 cases.

12. Therefore, the Debtors seek entry of an order establishing the following procedures (the "Reclamation Procedures") for resolving all asserted reclamation claims in these cases (collectively, the "Reclamation Claims"):

(a) Any Seller asserting a Reclamation Claim must satisfy all procedural and timing requirements under applicable state and/or federal law and demonstrate that it has satisfied all legal elements entitling it to a right of reclamation.

(b) Any Seller who fails to timely submit a Reclamation Claim shall be deemed to have irrevocably waived its right to payment of any purported Reclamation Claim but shall not be barred from asserting, consistent with applicable law, related or unrelated claims pursuant to applicable sections of the Bankruptcy Code.

(c) Any Seller asserting a Reclamation Claim must deliver a copy of its written reclamation demand and its value (the "Reclamation Demand"), which must include: (i) a description of the Goods subject to the Reclamation Demand; (ii) the name of the Debtor entity to which such Goods were delivered; (iii) copies of documents supporting the Reclamation Demand (e.g., purchase orders, invoices, receipts, etc.); (iv) documentation establishing the date(s) such Goods were shipped and received by the Debtor entity; and (v) a statement indicating whether the Seller intends to or has already filed any other claim against any Debtor entity regarding the Goods that are the subject of the Reclamation Demand. Such information shall be submitted to Kurtzman Carson Consultants, LLC at 2335 Alaska Ave., El Segundo, CA 90245 (Attn: Drake D. Foster). Upon receipt of any written Reclamation Demand, the Debtors will serve upon the Seller, at the address indicated in its Reclamation Demand, a copy of the Motion or, if the Motion has been granted, the order approving the Motion.

(d) Unless a Seller already submitted a Reclamation Demand to the Debtors within 45 days prior to the Petition Date, any Seller asserting a Reclamation Claim must submit a Reclamation Demand so that it is received on or before 20 days after the Petition Date (the "Reclamation Deadline") by: (i) Peabody Energy Corporation, 701 Market Street, St. Louis, MO 63101

(Attn: Scott T. Jarboe, Esq., Vice President and Deputy General Counsel Corporate and Capital Markets); (ii) Jones Day, North Point, 901 Lakeside Avenue, Cleveland, OH 44114 (Attn: Heather Lennox, Esq.); (iii) Jones Day, 51 Louisiana Avenue, N.W. Washington, D.C. 20001 (Attn: Amy Edgy, Esq. and Daniel T. Moss, Esqs.); and (iv) Armstrong Teasdale LLP, 7700 Forsyth Boulevard, Suite 1800, St. Louis, MO 63105 (Attn: Steven N. Cousins, Esq. and Susan K. Ehlers, Esq.).

(e) After receipt of all timely Reclamation Demands and an opportunity to review such demands – including, without limitation, whether the demand is subordinate to the prior rights of a holder of a security interest in the applicable Goods or the proceeds thereof – but no later than 120 days after the Petition Date (the "Reclamation Notice Deadline"), the Debtors will file with the Court a Notice (a "Reclamation Notice") listing the Reclamation Claims and amount, if any, that the Debtors determine to be valid for each such Reclamation Claim. The Debtors will serve the Reclamation Notice on the following parties (collectively, the "Reclamation Notice Parties"): (a) Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, NY 10017 (Attn: Damian S. Schaible, Esq. and Angela M. Libby, Esq.); (b) Bryan Cave LLP, 211 N. Broadway, Suite 3600, St. Louis, MO 63102 (Attn: Laura Uberti Hughes, Esq.); (c) Brown Rudnick LLP, as counsel to Wilmington Savings Fund Society, FSB as prospective trustee and collateral agent for the Secured Second Lien Notes; (d) Foley & Lardner LLP, as counsel to Wilmington Trust Company as prospective Indenture Trustee for Unsecured Notes;[4] (e) Robinson & Cole LLP, as counsel to U.S. Bank as resigning trustee and collateral agent for the Second Lien Notes, the Unsecured Notes and the Convertible Notes;[5] (f) counsel to any official committee of unsecured creditors; (g) counsel to any ad hoc committees; (h) Mayer Brown LLP, as counsel to PNC Bank, N.A., as Administrator under the Debtors' prepetition accounts receivable securitization facility; (i) the Office of the United States Trustee for the Eastern District of Missouri; (j) the 2002 Notice Parties; and (k) each Seller that is subject to the Reclamation Notice at the address indicated in its Reclamation Demand.

---

[4] These include the: (i) 6.00% Senior Notes due November 2018; (ii) 6.50% Senior Notes due September 2020; (iii) 6.25% Senior Notes due September 2021; and (iv) 7.875% Senior Notes due November 2026.

[5] These include the: (i) 6.00% Senior Notes due November 2018; (ii) 6.50% Senior Notes due September 2020; (iii) 6.25% Senior Notes due September 2021; (iv) 7.875% Senior Notes due November 2026; and the (v) Convertible Junior Subordinated Debentures due December 2066.

(f) If the Debtors fail to file the Reclamation Notice within the required period of time, any holder of a Reclamation Claim may file an adversary proceeding or bring a motion on its own behalf to seek relief with respect to its Reclamation Claim, but may not file an adversary proceeding or bring any such motion until the expiration of the Reclamation Notice Deadline.

(g) All Reclamation Notice Parties or other parties in interest shall have the right and opportunity to object to the proposed allowance or disallowance of any asserted Reclamation Claim in the Reclamation Notice as set forth therein. Such objections shall be filed with the Court and served so as to be received no later than on the 20th day after the date on which a Reclamation Notice is filed (the "Objection Deadline").

(h) Any Reclamation Claim that is included in the Reclamation Notice and is not the subject of an objection that is filed and served by the Objection Deadline, shall be deemed a valid Reclamation Claim allowed by the Court in the amount and in the priority (if any) identified in the Reclamation Notice; provided, however, that all issues relating to the treatment of any such allowed Reclamation Claim shall be reserved.

(i) Notwithstanding and without limiting the foregoing, the Debtors are authorized, but not required, to negotiate, in their sole discretion, with any Seller and to seek an agreement with any Seller to resolve its Reclamation Claim. If the Debtors and a Seller are able to agree on the validity, amount or treatment (including, determining that a section 503(b)(9) claim should be a Reclamation Claim) of the Seller's Reclamation Claim, the Debtors shall prepare a notice of settlement (a "Settlement Notice"), file it with the Court and serve such Settlement Notice on the Reclamation Notice Parties. The Reclamation Notice Parties shall have 14 days from the date of the Settlement Notice to file with the Court an objection thereto (a "Settlement Objection"). Settlement Objections must be served so as to be received by the Debtors, the Debtors' counsel and the Reclamation Notice Parties within the 14-day objection period.

(j) If no Settlement Objection with respect to a Settlement Notice is timely filed and served, the Reclamation Claim at issue shall be allowed, disallowed or otherwise treated in accordance with the Settlement Notice without further order of the Court. If a Settlement Objection with respect to a Settlement Notice is timely filed and served, the parties may negotiate a consensual resolution of such objection to be incorporated in a stipulation filed with the Court (a "Settlement Stipulation"). Upon the filing of a Settlement

Stipulation, the applicable Reclamation Claim shall be allowed, disallowed or otherwise and treated in accordance with the terms of the Settlement Stipulation without further order of the Court.  If no consensual resolution of a Settlement Objection is reached within 30 days after the date of the Settlement Objection, any party in interest may notice the dispute for a hearing that provides at least 20 days' notice.

    (k)    Nothing in the Reclamation Procedures shall modify the automatic stay of section 362(a) of the Bankruptcy Code.  As such, the Reclamation Procedures shall not alter in any way the procedures, standards and burden of proof applicable or required pursuant to section 362(a) of the Bankruptcy Code with respect to any attempt by a Seller to obtain possession of any of the Goods or otherwise to collect its Reclamation Claim.  Without limiting the foregoing, no Seller shall be entitled to obtain possession of any Goods without first filing a motion with the Court for relief from the automatic stay or obtaining the prior express written consent of the Debtors.  The Debtors and all other parties in interest reserve all rights to object to any such motion for relief from the automatic stay.  Sellers shall be prohibited from seeking relief from the automatic stay with respect to any Reclamation Demand until the time a Reclamation Notice is filed by the Debtors with respect to such Reclamation Demand or the Reclamation Notice Deadline otherwise expires.

13.    The Debtors propose that, unless the Seller has been paid as a result of another order of this Court, the foregoing Reclamation Procedures be the sole and exclusive method for the handling of Reclamation Claims, to the extent permitted by the Debtors' postpetition secured debtor-in-possession financing.  As a result, except as provided above, the Debtors request that all Sellers be prohibited from seeking any other means for the resolution or treatment of their Reclamation Claims, including, without limitation:  (i) seeking to obtain possession of any Goods, except as permitted by the Reclamation Procedures or (ii) interfering with the delivery of any Goods to the Debtors.  Such relief is appropriate, as section 105(a) of the Bankruptcy Code provides that bankruptcy courts "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code, and section

362 of the Bankruptcy Code further prohibits creditors from undertaking impermissible collection activities on account of a debtor's prepetition obligations.  See 11 U.S.C. §§ 105, 362.

14. The Debtors' operations and their ability to effectively administer these chapter 11 cases will be undermined if Sellers are allowed to exercise their reclamation rights without a uniform procedure that is fair to all interested parties.  Further, the attention of the Debtors' management and operational personnel would be diverted from focusing on emerging from these chapter 11 cases if the Reclamation Procedures are not approved.  Moreover, responding to and resolving each Reclamation Claim on an ad hoc basis as numerous, individual, adversary proceedings or contested matters are filed or as other actions are taken by the Sellers seeking to enforce their reclamation rights will add unnecessary expense to the Debtors and will be a waste of judicial resources.  Instead, the Debtors believe that the proposed Reclamation Procedures will effectively and efficiently streamline the process of resolving the Reclamation Claims for the Debtors and the Sellers alike, without impacting the parties' substantive rights.

15. The Debtors submit that establishing and implementing the Reclamation Procedures is necessary and appropriate pursuant to sections 105(a) and 362 of the Bankruptcy Code and Bankruptcy Rule 9019(b), and that the Reclamation Procedures are consistent with section 546(c) of the Bankruptcy Code.  The Debtors believe that their ability to resolve Reclamation Claims in this uniform manner will assist in the consensual resolution of such claims and, ultimately, the maximization of value for the Debtors, their estates and their creditors.  Therefore, it is in the best interests of the Debtors and their respective estates and creditors to implement the Reclamation Procedures.

16. Relief similar to that requested in this Motion relating to reclamation procedures has been granted in other chapter 11 cases in this District and elsewhere.  See, e.g.,

In re ContinentalAFA Dispensing Co., No. 08-45921 (Bankr. E.D. Mo. Apr. 2, 2009) (Docket No. 388); In re Brauer Supply Co., No. 05-51754 (Bankr. E.D. Mo. Aug. 30, 2005) (Docket No. 41); accord In re Alpha Natural Res., Inc., No. 15-33896 (Bankr. E.D. Va. Aug. 5, 2015) (Docket No. 106); In re Patriot Coal Corp., No. 12-12900 (Bankr. S.D.N.Y. Aug. 2, 2012) (Docket No. 261) (same); In re Hostess Brands, Inc., No. 12-22052 (Bankr. S.D.N.Y. Jan. 27, 2012) (Docket No. 202) (same); In re AMR Corp., No. 11-15463 (Bankr. S.D.N.Y. Dec. 14, 2011) (Docket No. 283) (same); In re Chrysler LLC, No. 09-50002 (Bankr. S.D.N.Y. May 6, 2009 and May 20, 2009) (Docket Nos. 354 and 1316) (interim and final orders establishing procedures for resolving reclamation demands); In re Circuit City Stores, Inc., No. 08-35653 (Bankr. E.D. Va. Dec. 11, 2008) (Docket No. 897) (establishing procedures for resolving reclamation demands); In re Cadence Innovation LLC, No. 08-11973 (Bankr. D. Del. Sept. 18, 2008) (Docket No. 164) (establishing procedures for resolving reclamation demands).[6]

**Notice**

17.     Notice of this Motion has been given to: (a) Davis Polk & Wardwell LLP and Bryan Cave LLP as counsel to Citibank, N.A. as Administrative Agent for the First Lien Secured Credit Facility and the Debtors' proposed debtor in possession secured credit facility; (b) Brown Rudnick LLP, as counsel to Wilmington Savings Fund Society, FSB as prospective trustee and collateral agent for the Secured Second Lien Notes; (c) Foley & Lardner LLP, as counsel to Wilmington Trust Company as prospective Indenture Trustee for the Unsecured

---

[6] Unreported orders cited herein are not attached to this Motion. Copies of these orders will be made available to the Court or other parties upon request made to the Debtors' counsel.

Notes;[7] (d) Robinson & Cole LLP, as counsel to U.S. Bank as resigning trustee and collateral agent for the Second Lien Notes, the Unsecured Notes and the Convertible Notes;[8] (e) counsel to any ad hoc committees; (f) the Debtors' 50 largest unsecured creditors; (g) Mayer Brown LLP, as counsel to PNC Bank, N.A., as Administrator under the Debtors' prepetition accounts receivable securitization facility; (h) the United Mine Workers of America; (i) the Office of the United States Trustee for the Eastern District of Missouri; (j) the Internal Revenue Service; (k) the Securities and Exchange Commission; (l) the United States Department of the Interior; (m) the United States Department of Labor; (n) the United States Attorney's Office for the Eastern District of Missouri; (o) Pension Benefit Guaranty Corporation; and (p) any creditor that has already submitted a Reclamation Demand to the Debtors (collectively, the "Notice Parties").  In light of the nature of the relief requested, the Debtors submit that no further notice is necessary.

## No Prior Request

18.     No prior request for the relief sought in this Motion has been made to this or any other Court in connection with these chapter 11 cases.

---

[7] These include the: (i) 6.00% Senior Notes due November 2018; (ii) 6.50% Senior Notes due September 2020; (iii) 6.25% Senior Notes due September 2021; and the (iv) 7.875% Senior Notes due November 2026.

[8] These include the: (i) 6.00% Senior Notes due November 2018; (ii) 6.50% Senior Notes due September 2020; (iii) 6.25% Senior Notes due September 2021; (iv) 7.875% Senior Notes due November 2026; and the (v) Convertible Junior Subordinated Debentures due December 2066.

-13-

WHEREFORE, the Debtors respectfully request that the Court: (i) enter an order, substantially in the form submitted to the Court, granting the relief requested herein; and (ii) grant such other and further relief to the Debtors as the Court may deem just and proper.

Dated: April 13, 2016
      St. Louis, Missouri

Respectfully submitted,

/s/ Steven N. Cousins
Steven N. Cousins, MO 30788
Susan K. Ehlers, MO 49855
Armstrong Teasdale LLP
7700 Forsyth Boulevard, Suite 1800
St. Louis, MO  63105
Telephone:  (314) 621-5070
Facsimile:  (314) 612-2239
Email:  scousins@armstrongteasdale.com
Email:  sehlers@armstrongteasdale.com

Heather Lennox (*pro hac vice* pending)
Jones Day
North Point
901 Lakeside Avenue
Cleveland, OH  44114
Telephone:  (216) 586-3939
Facsimile:  (216) 579-0212
Email:  hlennox@jonesday.com

Amy Edgy (*pro hac vice* pending)
Daniel T. Moss (*pro hac vice* pending)
Jones Day
51 Louisiana Avenue, N.W.
Washington, D.C.  20001-2113
Telephone:  (202) 879-3939
Facsimile:  (202) 626-1700
Email:  aedgy@jonesday.com
Email:  dtmoss@jonesday.com

*Proposed Attorneys for Debtors
and Debtors in Possession*

# SCHEDULE 1

|  | Debtor's Name | Debtor's EIN Number |
|---|---|---|
| 1. | Peabody Energy Corporation | 13-4004153 |
| 2. | American Land Development, LLC | 20-3405570 |
| 3. | American Land Holdings of Colorado, LLC | 26-3730572 |
| 4. | American Land Holdings of Illinois, LLC | 30-0440127 |
| 5. | American Land Holdings of Indiana, LLC | 20-2514299 |
| 6. | American Land Holdings of Kentucky, LLC | 20-0766113 |
| 7. | American Land Holdings of New Mexico, LLC | 32-0478983 |
| 8. | American Land Holdings of West Virginia, LLC | 20-5744666 |
| 9. | Arid Operations, Inc. | 84-1199578 |
| 10. | Big Ridge, Inc. | 37-1126950 |
| 11. | Big Sky Coal Company | 81-0476071 |
| 12. | Black Hills Mining Company, LLC | 32-0049741 |
| 13. | BTU Western Resources, Inc. | 20-1019486 |
| 14. | Caballo Grande, LLC | 27-1773243 |
| 15. | Caseyville Dock Company, LLC | 20-8080107 |
| 16. | Central States Coal Reserves of Illinois, LLC | 43-1869432 |
| 17. | Central States Coal Reserves of Indiana, LLC | 20-3960696 |
| 18. | Century Mineral Resources, Inc. | 36-3925555 |
| 19. | Coal Reserve Holding Limited Liability Company No. 1 | 43-1922737 |
| 20. | COALSALES II, LLC | 43-1610419 |
| 21. | Colorado Yampa Coal Company, LLC | 95-3761211 |
| 22. | Conservancy Resources, LLC | 20-5744701 |
| 23. | Cottonwood Land Company | 43-1721982 |
| 24. | Cyprus Creek Land Company | 73-1625890 |
| 25. | Cyprus Creek Land Resources LLC | 75-3058264 |
| 26. | Dyson Creek Coal Company, LLC | 43-1898526 |
| 27. | Dyson Creek Mining Company, LLC | 20-8080062 |
| 28. | El Segundo Coal Company, LLC | 20-8162824 |
| 29. | Empire Land Holdings, LLC | 61-1742786 |
| 30. | Falcon Coal Company, LLC | 35-2006760 |
| 31. | Four Star Holdings, LLC | 30-0885825 |
| 32. | Francisco Equipment Company, LLC | 37-1805119 |
| 33. | Francisco Land Holdings Company, LLC | 36-4831111 |
| 34. | Francisco Mining, LLC | 30-0922117 |
| 35. | Gallo Finance Company, LLC | 43-1823616 |
| 36. | Gold Fields Chile, LLC | 13-3004607 |
| 37. | Gold Fields Mining, LLC | 36-2079582 |
| 38. | Gold Fields Ortiz, LLC | 22-2204381 |
| 39. | Hayden Gulch Terminal, LLC | 86-0719481 |
| 40. | Highwall Mining Services Company | 20-0010659 |
| 41. | Hillside Recreational Lands, LLC | 32-0214135 |
| 42. | HMC Mining, LLC | 43-1875853 |
| 43. | Illinois Land Holdings, LLC | 26-1865197 |
| 44. | Independence Material Handling, LLC | 43-1750064 |
| 45. | James River Coal Terminal, LLC | 55-0643770 |
| 46. | Juniper Coal Company, LLC | 43-1744675 |
| 47. | Kayenta Mobile Home Park, Inc. | 86-0773596 |
| 48. | Kentucky Syngas, LLC | 26-1156957 |
| 49. | Kentucky United Coal, LLC | 35-2088769 |
| 50. | Lively Grove Energy, LLC | 20-5752800 |
| 51. | Lively Grove Energy Partners, LLC | 26-0180403 |
| 52. | Marigold Electricity, LLC | 26-0180352 |
| 53. | Midco Supply and Equipment Corporation | 43-6042249 |
| 54. | Midwest Coal Acquisition Corp. | 20-0217640 |
| 55. | Midwest Coal Reserves of Illinois, LLC | 20-3960648 |

|  | **Debtor's Name** | **Debtor's EIN Number** |
|---|---|---|
| 56. | Midwest Coal Reserves of Indiana, LLC | 20-3405958 |
| 57. | Midwest Coal Reserves of Kentucky, LLC | 20-3405872 |
| 58. | Moffat County Mining, LLC | 74-1869420 |
| 59. | Mustang Energy Company, LLC | 43-1898532 |
| 60. | New Mexico Coal Resources, LLC | 20-3405643 |
| 61. | NM Equipment Company, LLC | 36-4821991 |
| 62. | Pacific Export Resources, LLC | 27-5135144 |
| 63. | Peabody America, LLC | 93-1116066 |
| 64. | Peabody Archveyor, L.L.C. | 43-1898535 |
| 65. | Peabody Arclar Mining, LLC | 31-1566354 |
| 66. | Peabody Asset Holdings, LLC | 20-3367333 |
| 67. | Peabody Bear Run Mining, LLC | 26-3582291 |
| 68. | Peabody Bear Run Services, LLC | 26-3725923 |
| 69. | Peabody Caballo Mining, LLC | 83-0309633 |
| 70. | Peabody Cardinal Gasification, LLC | 20-5047955 |
| 71. | Peabody China, LLC | 43-1898525 |
| 72. | Peabody Coalsales, LLC | 20-1759740 |
| 73. | Peabody COALTRADE International (CTI), LLC | 20-1435716 |
| 74. | Peabody COALTRADE, LLC | 43-1666743 |
| 75. | Peabody Colorado Operations, LLC | 20-2561644 |
| 76. | Peabody Colorado Services, LLC | 26-3723774 |
| 77. | Peabody Coulterville Mining, LLC | 20-0217834 |
| 78. | Peabody Development Company, LLC | 43-1265557 |
| 79. | Peabody Electricity, LLC | 20-3405744 |
| 80. | Peabody Employment Services, LLC | 26-3730348 |
| 81. | Peabody Energy Generation Holding Company | 73-1625891 |
| 82. | Peabody Energy Investments, Inc. | 68-0541702 |
| 83. | Peabody Energy Solutions, Inc. | 43-1753832 |
| 84. | Peabody Gateway North Mining, LLC | 27-2294407 |
| 85. | Peabody Gateway Services, LLC | 26-3724075 |
| 86. | Peabody Holding Company, LLC | 74-2666822 |
| 87. | Peabody Holdings (Gibraltar) Limited | 20-5543587 |
| 88. | Peabody IC Funding Corporation | 46-2326991 |
| 89. | Peabody IC Holdings, LLC | 30-0829603 |
| 90. | Peabody Illinois Services, LLC | 26-3722638 |
| 91. | Peabody Indiana Services, LLC | 26-3724339 |
| 92. | Peabody International Investments, Inc. | 26-1361182 |
| 93. | Peabody International Services, Inc. | 20-8340434 |
| 94. | Peabody Investments Corp. | 20-0480084 |
| 95. | Peabody Magnolia Grove Holdings, LLC | 61-1683376 |
| 96. | Peabody Midwest Management Services, LLC | 26-3726045 |
| 97. | Peabody Midwest Mining, LLC | 35-1799736 |
| 98. | Peabody Midwest Operations, LLC | 20-3405619 |
| 99. | Peabody Midwest Services, LLC | 26-3722194 |
| 100. | Peabody Mongolia, LLC | 20-8714315 |
| 101. | Peabody Natural Gas, LLC | 43-1890836 |
| 102. | Peabody Natural Resources Company | 51-0332232 |
| 103. | Peabody New Mexico Services, LLC | 20-8162939 |
| 104. | Peabody Operations Holding, LLC | 26-3723890 |
| 105. | Peabody Powder River Mining, LLC | 43-0996010 |
| 106. | Peabody Powder River Operations, LLC | 20-3405797 |
| 107. | Peabody Powder River Services, LLC | 26-3725850 |
| 108. | Peabody PowerTree Investments, LLC | 20-0116980 |
| 109. | Peabody Recreational Lands, L.L.C. | 43-1898382 |
| 110. | Peabody Rocky Mountain Management Services, LLC | 26-3725390 |
| 111. | Peabody Rocky Mountain Services, LLC | 20-8162706 |
| 112. | Peabody Sage Creek Mining, LLC | 26-3730653 |
| 113. | Peabody School Creek Mining, LLC | 20-3585831 |

|      | **Debtor's Name**                          | **Debtor's EIN Number** |
|------|--------------------------------------------|-------------------------|
| 114. | Peabody Services Holdings, LLC             | 26-3726126              |
| 115. | Peabody Southwest, LLC                     | 20-5744732              |
| 116. | Peabody Southwestern Coal Company, LLC     | 43-1898372              |
| 117. | Peabody Terminal Holding Company, LLC      | 26-1087861              |
| 118. | Peabody Terminals, LLC                     | 31-1035824              |
| 119. | Peabody Trout Creek Reservoir LLC          | 30-0746873              |
| 120. | Peabody Twentymile Mining, LLC             | 26-3725223              |
| 121. | Peabody Venezuela Coal Corp.               | 43-1609813              |
| 122. | Peabody Venture Fund, LLC                  | 20-3405779              |
| 123. | Peabody-Waterside Development, L.L.C.      | 75-3098342              |
| 124. | Peabody Western Coal Company               | 86-0766626              |
| 125. | Peabody Wild Boar Mining, LLC              | 26-3730759              |
| 126. | Peabody Wild Boar Services, LLC            | 26-3725591              |
| 127. | Peabody Williams Fork Mining, LLC          | 20-8162742              |
| 128. | Peabody Wyoming Gas, LLC                   | 20-5744610              |
| 129. | Peabody Wyoming Services, LLC              | 26-3723011              |
| 130. | PEC Equipment Company, LLC                 | 20-0217950              |
| 131. | PG INVESTMENTS SIX, L.L.C.                 | 43-1898530              |
| 132. | Point Pleasant Dock Company, LLC           | 20-0117005              |
| 133. | Pond River Land Company                    | 73-1625893              |
| 134. | Porcupine Production, LLC                  | 43-1898379              |
| 135. | Porcupine Transportation, LLC              | 43-1898380              |
| 136. | Riverview Terminal Company                 | 13-2899722              |
| 137. | Sage Creek Holdings, LLC                   | 26-3286872              |
| 138. | Sage Creek Land & Reserves, LLC            | 38-3936826              |
| 139. | School Creek Coal Resources, LLC           | 20-2902073              |
| 140. | Seneca Coal Company, LLC                   | 84-1273892              |
| 141. | Seneca Property, LLC                       | 36-4820253              |
| 142. | Shoshone Coal Corporation                  | 25-1336898              |
| 143. | Southwest Coal Holdings, LLC               | 37-1794829              |
| 144. | Star Lake Energy Company, L.L.C.           | 43-1898533              |
| 145. | Sugar Camp Properties, LLC                 | 35-2130006              |
| 146. | Thoroughbred Generating Company, L.L.C.    | 43-1898534              |
| 147. | Thoroughbred Mining Company LLC.           | 73-1625889              |
| 148. | Twentymile Coal, LLC                       | 95-3811846              |
| 149. | Twentymile Equipment Company, LLC          | 38-3982017              |
| 150. | Twentymile Holdings, LLC                   | 38-3937156              |
| 151. | United Minerals Company, LLC               | 35-1922432              |
| 152. | West Roundup Resources, LLC                | 20-2561489              |
| 153. | Wild Boar Equipment Company, LLC           | 32-0488114              |
| 154. | Wild Boar Land Holdings Company, LLC       | 36-4831131              |