# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

|  |  |
|---|---|
| In re:<br><br>Peabody Energy Corporation, et al.,<br><br>Debtors.[1] | Case No. 16-42529<br>CHAPTER 11<br><br>(Joint Administration Requested)<br><br>Hearing Date and Time:<br>TBD<br><br>Hearing Location:<br>TBD |

**APPLICATION OF THE DEBTORS AND DEBTORS IN POSSESSION, PURSUANT TO SECTIONS 327(a), 328(a) AND 1107(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 2014(a) AND 2016 AND LOCAL BANKRUPTCY RULES 2014(A) AND 2016-1, FOR AN ORDER AUTHORIZING THE DEBTORS AND DEBTORS IN POSSESSION TO RETAIN AND EMPLOY LAZARD FRÈRES & CO. LLC AND LAZARD PTY LIMITED AS INVESTMENT BANKER, *NUNC PRO TUNC* TO THE PETITION DATE**

Peabody Energy Corporation ("PEC") and certain of its direct and indirect subsidiaries, as debtors and debtors in possession (collectively, the "Debtors"), hereby move this Court, pursuant to sections 327(a), 328(a) and 1107(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 2014(A) and 2016-1 of the Local Rules of Bankruptcy Procedure for the United States Bankruptcy Court for the Eastern District of Missouri (the "Local Bankruptcy Rules"), for an order: (a) authorizing the Debtors to employ and retain Lazard Frères & Co. LLC ("Lazard Frères") and Lazard Pty Limited ("LPL" and, together, "Lazard") as the investment banker in these chapter 11 cases, nunc pro tunc to the Petition Date,

---

[1]     The Debtors and their employer identification numbers are listed on Schedule 1 attached hereto. The addresses for each of the Debtors are set forth in the Debtors' chapter 11 petitions.

in accordance with the terms and conditions set forth in the engagement letter (the "Engagement Letter"), dated as of April 1, 2016, a copy of which is attached hereto as Exhibit A[2] and an indemnification agreement dated July 6, 2015 and modified by the Engagement Letter (the "Indemnification Letter"),[3] a copy of which is attached hereto as Exhibit B; (b) approving the terms of Lazard's employment and retention, including the fee and expense structure and the indemnification and reimbursement and related provisions set forth in the Engagement Letter and the Indemnification Letter provided that the proposed fee and expense structure set forth in the Engagement Letter shall not be subject to the standard of review set forth in section 330 of the Bankruptcy Code, except solely by the Office of the United States Trustee for the Eastern District of Missouri (the "United States Trustee"), who, for the avoidance of doubt, shall be entitled to review applications for payment of compensation and reimbursement of expenses of Lazard under section 330 of the Bankruptcy Code; and (c) granting such other further relief as is just and proper, and in support thereof, respectfully represent as follows:[4]

**Jurisdiction and Venue**

1.    This Court has subject matter jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and Rule 81-9.01(B)(1) of the Local Rules of the United States

---

[2]    The Engagement Letter amends and restates the prior agreement between Peabody and Lazard dated as of October 1, 2015 (the "October Engagement Letter").  The October Engagement Letter amended and restated the prior agreement between Peabody and Lazard dated as of September 1, 2015, which amended the prior agreement between Peabody and Lazard dated as of July 6, 2015.

[3]    Any references to, or summaries of, the Engagement Letter or the Indemnification Letter in this Application are qualified by the express terms of the Engagement Letter, which shall govern if there is any conflict between the Engagement Letter and such summaries or references herein.  Additionally, any initially capitalized terms used in this Application and not otherwise defined herein have the meanings given to them in the Engagement Letter.

[4]    A copy of the proposed order will be made available on the Debtors' case website at http://www.kccllc.net/peabody.

District Court for the Eastern District of Missouri.  This is a core proceeding pursuant to

28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

2.        On April 13, 2016 (the "Petition Date"), the Debtors commenced their

reorganization cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy

Code.  The Debtors are authorized to continue to operate their businesses and manage their

properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy

Code.

3.        Debtor PEC is a Delaware corporation headquartered in St. Louis,

Missouri.  PEC was incorporated in 1998 and became a public company in 2001.  Each of the

other Debtors is a wholly-owned direct or indirect subsidiary of PEC.

4.        PEC is the world's largest private-sector coal company (by volume), with

26 active coal mining operations located in the United States and Australia.  The Debtors'

domestic mines produce and sell thermal coal, which is primarily purchased by electricity

generators.  PEC's Australian operations mine both thermal and metallurgical coal, a majority of

which is exported to international customers.  As of December 31, 2015, Debtor PEC and its

subsidiaries' property holdings include 6.3 billion tons of proven and probable coal reserves and

approximately 500,000 acres of surface property through ownership and lease agreements.  In

the United States alone, as of December 31, 2015, the Debtors held an estimated 5.5 billion tons

of proven and probable coal reserves, and the Debtors generated sales of approximately 180

million tons of coal.  In addition to its mining operations, the Debtors market and broker coal

from other coal producers across the United States, Australia, Europe and Asia.

5.        The Debtors operate in a competitive and highly regulated industry that

has experienced strong headwinds and precipitously declining demand and pricing in recent

years due to the rise of low priced alternative energy sources – including an abundance of natural gas. Combined with these factors, slowing global economic growth drove a wide range of goods prices lower in 2015 and resulted in the largest broad market decline since 1991. Indeed, demand from electric utilities in the United States alone declined approximately 110 million tons in 2015. These market conditions, in connection with lower realized pricing in the United States and Australia, resulted in a 21.0 million ton decline in the Debtors' and their non-debtor subsidiaries' coal sales during 2015. As a result of these challenges, several large United States coal companies have filed for chapter 11 protection in recent years.

6.      A comprehensive description of the Debtors' businesses and operations, capital structure and the events leading to the commencement of these chapter 11 cases can be found in the Declaration of Amy Schwetz, Executive Vice President and Chief Financial Officer of Debtor PEC, in Support of First Day Motions of Debtors and Debtors in Possession (the "First Day Declaration"), which was filed contemporaneously herewith and is incorporated herein by reference.

7.      In support of this Application, the Debtors submit the Declaration of Tyler W. Cowan, Managing Director of Lazard Frères (the "Cowan Declaration"), which is attached hereto as Exhibit C and incorporated herein by reference.

## Lazard's Qualifications

8.      The Debtors seek to retain Lazard as their investment banker in connection with these chapter 11 cases because, among other things, Lazard has extensive experience in providing high quality investment banking services to debtors and creditors in chapter 11 cases and other restructurings.

9.      Lazard Frères and LPL are operating subsidiaries of an international financial advisory and asset management firm.  Lazard, together with its predecessors and affiliates, has been advising clients around the world for more than 165 years.  Lazard has dedicated professionals who provide restructuring services to its clients.

10.     Lazard is well-qualified to serve as the Debtors' investment banker.  As detailed in the Cowan Declaration, the current vice chairmen, managing directors, directors, vice presidents, associates and analysts of Lazard have extensive experience working with financially troubled companies in complex in-court and out-of-court financial restructurings.  Lazard and its principals have been involved as advisors to debtors, creditor and equity constituencies and government agencies in numerous chapter 11 cases.  Since 1990, Lazard's professionals have been involved in more than 250 restructurings, representing over $1 trillion in debtor assets.

11.     The professionals of Lazard have been retained as investment bankers in a number of troubled company situations, including, among others:  In re Offshore Grp. Inv. Ltd., No. 15-12422 (Bankr. D. Del. Jan. 5, 2016) (Docket No. 130); In re Hovensa L.L.C., No. 15-10003 (Bankr. D.V.I. Oct. 8, 2015) (Docket No. 210); In re Sabine Oil & Gas Corp., No. 15-11835 (Bankr. S.D.N.Y. Sept. 11, 2015) (Docket No. 325); In re Chassix Holdings, Inc., No. 15-10578 (Bankr. S.D.N.Y. Apr. 20, 2015) (Docket No. 294); In re RadioShack Corp., No. 15-10197 (Bankr. D. Del. Mar. 13, 2015) (Docket No.  994); In re Dendreon Corp., No. 14-12515 (Bankr. D. Del. Dec. 9, 2014) (Docket No. 156); In re Autoseis, Inc., No. 14-20130 (Bankr. S.D. Tex. June 5, 2014) (Docket No. 388); In re Legend Parent, Inc., No. 14-10701 (Bankr. S.D.N.Y. June 10, 2014) (Docket No. 286); In re Savient Pharm., Inc., No. 13-12680 (Bankr. D. Del. Nov. 19, 2013) (Docket No. 154); In re Longview Power, LLC, No. 13-12211 (Bankr. D. Del. Sept. 24, 2013) (Docket No. 260); In re Rural/Metro Corp.,

No. 13-11952 (Bankr. D. Del. Aug. 28, 2013) (Docket No. 190); In re Eastman Kodak Co.,

No. 12-10202 (Bankr. S.D.N.Y. Feb. 28, 2012) (Docket No. 442); In re Los Angeles Dodgers,

LLC, No. 11-12010 (Bankr. D. Del. Oct. 12, 2011) (Docket No 610); In re Great Atlantic &

Pacific Tea Co., Inc., No. 10-24549 (Bankr. S.D.N.Y. Jan. 13, 2011) (Docket No. 487);

In re Station Casinos, Inc., No. 09-52477 (Bankr. D. Nev. Sept. 18, 2009) (Docket No. 326).

12.     The resources, capabilities and experience of Lazard in advising the

Debtors are critical to the Debtors achieving their chapter 11 strategy.  Indeed, the Debtors

require the services of a capable and experienced investment bank such as Lazard, which fulfills

a critical need that complements the services offered by the Debtors' other restructuring

professionals.

13.     Since its initial engagement in July 2015, Lazard has advised the Debtors

in connection with their efforts to raise capital and explore all restructuring alternatives.  As a

result of the prepetition work performed on behalf of the Debtors, Lazard has acquired

significant insight into and institutional knowledge of the Debtors and their businesses and assets

and is intimately familiar with the Debtors' financial affairs, debt structure, operations and

related matters.  In providing prepetition services to the Debtors, Lazard has worked closely with

the Debtors' senior management and their other advisors and has gained familiarity with the

other major stakeholders that will be involved in these chapter 11 cases.  Accordingly, Lazard

has developed relevant experience and expertise regarding the Debtors that will assist Lazard in

providing effective and efficient services in these chapter 11 cases.

**Services to Be Provided**

14.     The terms and conditions of the Engagement Letter were negotiated

between the Debtors and Lazard and reflect the parties' mutual agreement as to the substantial

efforts that will be required in this engagement.  The Debtors anticipate that, subject to further orders of this Court and consistent with the Engagement Letter, in consideration for the compensation contemplated thereby, Lazard will render the following investment banking services if and as the Debtors may reasonably request:[5]

(a)  Reviewing and analyzing the Debtors' businesses, operations and financial projections;

(b)  Evaluating the Debtors' potential debt capacity in light of their projected cash flow;

(c)  Assisting in the determination of a target capital structure for the Debtors;

(d)  Assisting in the determination of a range of values for the Debtors on a going concern basis;

(e)  Evaluating the Debtors' capital structure alternatives, including any Restructuring and/or Financing, among others;[6]

(f)  Advising the Debtors on tactics and strategies for potentially negotiating with transaction counterparties and with their own stakeholders in connection with any Restructuring and/or Financing;

---

[5]  Capitalized terms that are used in this summary or the summary at paragraph 17 below, but that are not otherwise defined herein, shall have the meanings set forth in the Engagement Letter.  To the extent that this Application and the terms of the Engagement Letter are inconsistent, the terms of the Engagement Letter shall control.

[6]  As used in the Engagement Letter, the terms "Restructuring" and "Financing" are defined as follows:

(a) Financing means any transaction or series of transactions involving the public or private issuance, sale, or placement of newly-issued (including securities held in treasury) equity, equity-linked or debt securities, instruments, or other funded debt of the Debtors, including any DIP Financing or exit financing in connection with a case under the Bankruptcy Code.

(b) Restructuring means any restructuring, reorganization (whether or not pursuant to Chapter 11 of the United States Bankruptcy Code) and/or recapitalization of all or a majority of the Debtors' outstanding indebtedness for borrowed money (including bank debt, bond debt and other balance-sheet indebtedness), trade claims, leases (both on and off balance sheet) (collectively, the "Existing Obligations") that is achieved, without limitation, through a solicitation of waivers and consents from the holders of Existing Obligations; rescheduling of the maturities of Existing Obligations; a change in interest rates, repurchase, settlement or forgiveness of Existing Obligations; conversion of Existing Obligations into equity; an exchange offer involving the issuance of new securities in exchange for Existing Obligations effected in or as part of a bankruptcy case; the issuance of new securities, sale or disposition of all or substantially all of the Debtors' assets, sale of debt or equity securities or other interests or other similar transaction or series of transactions.

(g)     Rendering financial advice to the Debtors and participating in meetings or negotiations with transaction counterparties, the Debtors' stakeholders and/or rating agencies or other appropriate parties in connection with any Restructuring and/or Financing;

(h)     Advising the Debtors on the timing, nature and terms of new securities, other consideration or other inducements to be offered pursuant to any Restructuring and/or Financing;

(i)     Advising and assisting the Debtors in evaluating any potential Financing by the Debtors, and, subject to Lazard's agreement so to act and, if requested by Lazard, to execution of appropriate agreements, on behalf of the Debtors, contacting potential sources of capital as the Debtors may designate and assisting the Debtors in implementing such Financing;

(j)     Assisting the Debtors in preparing documentation within Lazard's areas of expertise that is required in connection with any Restructuring and/or Financing;

(k)     Attending meetings of the Board of Directors of PEC with respect to matters on which Lazard has been engaged to advise under the Engagement Letter;

(l)     Providing testimony, as necessary, with respect to matters on which Lazard has been engaged to advise under the Engagement Letter in any proceeding before this Court; and

(m)     Providing the Debtors with other financial advice.

15.     The services that Lazard will provide to the Debtors are necessary to enable the Debtors to maximize the value of their estates.  The Debtors believe that the services will not duplicate the services that other professionals will be providing to the Debtors in these chapter 11 cases.  Specifically, Lazard will carry out unique functions and will use reasonable efforts to coordinate with the Debtors' other retained professionals to avoid the unnecessary duplication of services.

## **Terms of Retention**

16.     Subject to approval by the Court, the Debtors propose to employ and

retain Lazard to serve as the Debtors' investment banker on the terms and conditions set forth in

the Engagement Letter.

### ***Compensation and Expenses***

17.     In accordance with the terms of the Engagement Letter, Lazard will be

paid the following fees (the "Fee Structure"):

(a)     Monthly Fee.  A monthly fee of $250,000 per month payable on
April 1, 2016 and on the first day of each month thereafter until the
earlier of the completion of a Restructuring or the termination of
Lazard's engagement.  One-half of all Monthly Fees paid in respect
of the thirteenth month after the Petition Date and each month
thereafter shall be credited (without duplication) against any
Restructuring Fee or Financing Fee (each as defined below)
payable; provided that such credit shall only apply to the extent
that such fees are approved in their entirety by this Court.

(b)     Restructuring Fee.  A fee equal to $15,100,000, payable upon the
consummation of a Restructuring.

(c)     Financing Fee.  A fee, payable upon consummation of a Financing,
equal to the total gross proceeds provided for in such Financing
(including all amounts committed but not drawn down under credit
lines or other indebtedness) multiplied by (i) 1.0% with respect to
any debtor-in-possession financing (including any bonding
accommodation facility or debtor-in-possession carve-out related
to self-bonding of reclamation obligations ("DIP Financing") or
senior debt financing, (ii) 1.5% with respect to any junior debt
financing (that is not DIP Financing) or (iii) 2.0% with respect to
any equity or equity-linked financing (that is not DIP Financing);
provided, however, that any Financing Fee with respect to DIP
Financing shall be earned and shall be payable upon the execution
of a commitment letter with respect to such financing; provided,
further, that in the event that Lazard is paid a fee in connection
with DIP Financing and such financing is not consummated,
Lazard shall return such fee to the Debtors.  One half of any
Financing Fee shall be credited (without duplication) against up to
50 percent of any Restructuring Fee subsequently payable;
provided that such credit shall only apply to the extent that the
Restructuring Fee is approved in its entirety by this Court.

      (d)     For the avoidance of any doubt, more than one fee may be payable pursuant to each of clauses (b) and (c) above.

18.     The Debtors are informed that these fees are comparable to compensation generally charged by other firms of similar stature for comparable engagements, both in and out of bankruptcy. Accordingly, the Debtors and Lazard both believe that the foregoing compensation arrangements are both reasonable and market-based and consistent with Lazard's normal and customary billing practices for comparably sized and complex cases, both in- and out-of-court, involving the services to be provided in these chapter 11 cases.

19.     In addition to any fees that may be payable to Lazard and, regardless of whether any transaction occurs, the Debtors will also reimburse Lazard for all reasonable, documented out-of-pocket expenses incurred by Lazard in connection with providing the services contemplated by this Engagement Letter (including travel and lodging, data processing and communications charges, courier services and other expenditures).[7] Reimbursable expenses will not include any outside lawyers' or advisors' fees without PEC's consent (not to be unreasonably withheld) (it being agreed that this provision does not apply in the case of expenses subject to the Indemnification Letter).

### Indemnification Provisions

20.     Pursuant to the Engagement Letter, the Debtors and Lazard entered into the Indemnification Letter, wherein the Debtors agreed, among other things, to indemnify, hold harmless and provide contribution and reimbursement to Lazard and its affiliates, and its and their respective directors, officers, members, employees, agents and controlling persons and each of their respective successors and assigns (each, an "Indemnified Person") except to the extent

---

[7]    The Debtors have provided Lazard with an expense advance retainer of $50,000 upon execution of the Engagement Letter, to be applied by Lazard against expenses that are reimbursable pursuant to the terms of the Engagement Letter.

that any such loss, claim, damage, liability or expense is found by a court of competent

jurisdiction in a judgment which has become final in that it is no longer subject to appeal or

review to have resulted from such Indemnified Person's bad faith, willful misconduct or gross

negligence.  As part of the compensation payable to Lazard under the Engagement Letter, the

Debtors agreed that the Indemnification Letter shall also apply to Lazard's engagement under the

Engagement Letter, effective as of the commencement of Lazard's services.

        21.      The Debtors are informed that, and Lazard believes that, the

indemnification provisions contained in the Indemnification Letter, are customary and

reasonable for investment banking engagements, both in and out-of-court, and reflect the

qualifications and limitations on indemnification provisions that are customary in this and other

districts.  See, e.g., In re Arch Coal, Inc., No. 16-40120 (Bankr E.D. Mo. Mar. 23, 2016) (Docket

No. 602) (authorizing indemnification of investment banker by the debtors); In re Noranda

Aluminum, Inc., No. 16-10083 (Bankr. E.D. Mo. Mar. 18, 2016) (Docket No. 452) (same);

accord In re Alpha Natural Res. Inc., No. 15-33896 (Bankr. E.D. Va. Sept. 17, 2015)

(Docket No. 469) (same); In re Patriot Coal Corp., No. 15-32450 (Bankr. E.D. Va. June 10, 2015)

(Docket No. 274) (same); In re Magnetation LLC, No. 15-50307 (Bankr. D. Minn. May 27, 2015)

(Docket No. 142) (same); In re James River Coal Co., No. 14-31848 (Bankr. E.D. Va.

May 9, 2014) (Docket No. 248) (same); In re RadioShack Corp.,

No. 15-10197 (Bankr. D. Del. Mar. 13, 2015) (Docket No. 994) (authorizing indemnification of

Lazard as investment banker by the debtors); In re NII Holdings, Inc., No. 14-12611

(Bankr. S.D.N.Y. Oct. 14, 2014) (Docket No. 102) (authorizing indemnification of restructuring

consultant by the debtors); In re Rogers Bancshares, Inc., No. 13-13838 (Bankr. E.D. Ark.

July 8, 2013) (Docket No. 17) (same); In re Patriot Coal Corp., No. 12-12900 (Bankr. S.D.N.Y.

Sept. 5, 2012) (Docket No. 523) (authorizing indemnification of financial advisor by the debtors with modifications).[8]

22.     The terms and conditions of the Engagement Letter and Indemnification Letter were negotiated by the Debtors and Lazard at arm's-length and in good faith.  During the pendency of these chapter 11 cases, however, the following conditions will apply with respect to any such indemnification, reimbursement or contribution pursuant to the Indemnification Letter:

(a)     All requests of Indemnified Persons for payment of indemnity, reimbursement or contribution pursuant to the Indemnification Letter shall be made by means of an application (interim or final as the case may be) and shall be subject to review by this Court to ensure that payment of such indemnity, reimbursement or contribution conforms to the terms of the Indemnification Letter and is reasonable based upon the circumstances of the litigation or settlement in respect of which the indemnity, reimbursement or contribution is sought; provided, however, that in no event shall an Indemnified Person be indemnified in the case of its own bad faith, fraud, gross negligence or willful misconduct.

(b)     In the event that an Indemnified Person seeks reimbursement from the Debtors for reasonable attorneys' fees in connection with a request by such Indemnified Person for payment of indemnity, reimbursement or contribution pursuant to the Indemnification Letter, the invoices and supporting time records from such attorneys shall be included in the Indemnified Person's own application (both interim and final) and such invoices and time records shall be subject to the approval of the Court under the standards of section 330 and 331 of the Bankruptcy Code without regard to whether such attorneys have been retained under section 327 of the Bankruptcy Code and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code.

23.     The Debtors respectfully submit that the indemnification, reimbursement and other provisions contained in the Indemnification Letter, viewed in conjunction with the other terms of Lazard's proposed retention are reasonable and in the best interests of the Debtors,

---

[8]     The unreported orders cited herein are not attached to this Application.  Copies of these orders will be made available to the Court or other parties upon request made to the Debtors' counsel.

their estates and creditors in light of the fact that the Debtors require Lazard's services to maximize the value of the Debtors' estates for all parties in interest.  Accordingly, the Debtors respectfully request that the Court approve the Engagement Letter and Indemnification Letter and the obligations contained therein.

***Allowance of Fees and Expenses***

       24.     The Debtors are informed, and therefore believe, that the Fee Structure is consistent with and typical of compensation arrangements entered into by Lazard and other comparable firms in connection with rendering of similar services under similar circumstances. The Debtors and Lazard have agreed upon the Fee Structure in anticipation that (a) a substantial commitment of professional time and effort will be required of Lazard in connection with these cases; (b) such commitment may foreclose other opportunities for Lazard; and (c) the actual time and commitment required of Lazard and its professionals to perform its services under the Engagement Letter may vary substantially from week to week and month to month, creating "peak load" issues for Lazard.

       25.     To induce Lazard to represent the Debtors, the Fee Structure was established to reflect the difficulty of the extensive responsibilities Lazard has undertaken and expects to undertake and to account for the potential for an unfavorable outcome resulting from factors outside of Lazard's control.  Lazard's restructuring expertise, as well as its capital markets knowledge, financing skills and mergers and acquisitions expertise, some or all of which may be required by the Debtors during the term of Lazard's engagement hereunder, were important factors in determining the Fee Structure.

       26.     In light of the foregoing and given the numerous issues that Lazard may be required to address in the performance of its services hereunder, Lazard's commitment to the variable level of time and effort necessary to address all such issues as they arise, and the market

prices for Lazard's services for engagements of this nature both in the in-court and out-of-court contexts, the Debtors believe that the Fee Structure is fair and reasonable and market-based under the standards set forth in section 328(a) of the Bankruptcy Code.

***Record Keeping and Applications for Compensation***

27.     Lazard has requested, pursuant to section 328(a) of the Bankruptcy Code, payment of its fees on a monthly and fixed-rate basis, which is customary in the investment banking industry.  It is not the general practice of investment banking firms, including Lazard, to keep detailed time records similar to those customarily kept by attorneys.  Accordingly, if the Court grants the Application, Lazard will file interim and final fee applications for the allowance of compensation for services rendered and reimbursement of expenses incurred in accordance with the applicable provisions of the Bankruptcy Code, Bankruptcy Rules, the Local Rules and any applicable orders of this Court.  However, because, Lazard is being compensated with a fixed fee, the Debtors request that Lazard not be required to submit time records in support of its fee applications.

28.     Lazard will also maintain records in support of any costs and expenses incurred in connection with the aforementioned services.  Lazard's applications for compensation and expenses will be paid by the Debtors pursuant to the terms of the Engagement Letter. Except as necessary to comply with an applicable order of this Court, all such expense billings are in accordance with Lazard's customary practices.

### Payments Prior to the Petition Date

29.     In connection with their prepetition engagements, the Debtors were required to pay Lazard certain fees.  During the 90 days immediately preceding the Petition Date, the Debtors paid Lazard $7,850,000 in fees and $95,200.10 in expenses, including a $50,000

expense retainer, for prepetition services rendered and expenses incurred in accordance with the
October Engagement Letter and the Engagement Letter.

30.     As of the Petition Date, the Debtors did not owe Lazard any fees or
expenses incurred prior to the Petition Date.

## Lazard's Disinterestedness

31.     To the best of the Debtors' knowledge and except to the extent disclosed
herein and in the Cowan Declaration:  (a) Lazard is a "disinterested person" within the meaning
of section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy
Code and does not hold or represent an interest materially adverse to the Debtors' estates with
respect to the matter on which Lazard will be employed; and (b) Lazard has no connection to the
Debtors, their creditors or other parties in interest in these chapter 11 cases.  To the extent that
any new relevant facts or relationships bearing on the matters described herein during the period
of Lazard's engagement are discovered or arise, Lazard will use reasonable efforts to file
promptly a supplemental declaration, as required by Bankruptcy Rule 2014(a).

32.     As set forth in further detail in the Cowan Declaration, Lazard has certain
connections with certain creditors and other parties in interest in these chapter 11 cases.  All of
these matters, however, are unrelated to these chapter 11 cases.  Lazard does not believe that any
of these matters represent an interest materially adverse to the Debtors' estates or otherwise
create a conflict of interest regarding the Debtors or these chapter 11 cases.  Nonetheless, Lazard
will conduct an ongoing review of its files to ensure that no conflicts or other disqualifying
circumstances exist or arise.

## Efforts to Avoid Duplication of Services

33.     The Debtors and Lazard intend that all of the services that Lazard will
provide to the Debtors will be appropriately directed by the Debtors so as to avoid duplication of

-15-

efforts among the other professionals retained in these chapter 11 cases and performed in

accordance with applicable standards of the profession.  Lazard will work collaboratively with

the Debtors' senior management team and other professionals to avoid duplication of services

among professionals.  The Debtors believe that the services to be provided by Lazard will

complement and will not be duplicative of any services of the Debtors' other professionals,

including any services provided by the Debtors' proposed restructuring advisor, FTI Consulting,

Inc.

### Argument

34.     The Debtors seek authority to retain and employ Lazard as their

investment banker under sections 327 and 328 of the Bankruptcy Code, which provide that a

debtor is authorized to employ professional persons "that do not hold or represent an interest

adverse to the estate, and that are disinterested persons, to represent or assist the [Debtors] in

carrying out their duties under this title."  11 U.S.C. §§ 327(a), 328.  Section 1107(b) of the

Bankruptcy Code elaborates upon sections 101(14) and 327(a) of the Bankruptcy Code in cases

under chapter 11 of the Bankruptcy Code and provides that "a person is not disqualified for

employment under section 327 of [the Bankruptcy Code] by a debtor in possession solely

because of such person's employment by or representation of the debtor before the

commencement of the case."  11 U.S.C. § 1107(b).

35.     The Debtors seek approval of the Engagement Letter (including, without

limitation, the Fee Structure and the indemnification provisions in the Indemnification Letter)

pursuant to section 328(a) of the Bankruptcy Code, which provides, in relevant part, that the

Debtors "with the court's approval, may employ or authorize the employment of a professional

person under section 327 . . . on any reasonable terms and conditions of employment, including

on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee

basis . . . ."  11 U.S.C. § 328(a).  Section 328 of the Bankruptcy Code permits the compensation

of professionals, including investment bankers, on more flexible terms that reflect the nature of

their services and market conditions.  As the United States Court of Appeals for the Fifth Circuit

recognized in Donaldson Lufkin & Jenrette Sec. Corp. v. Nat'l Gypsum Co. (In re Nat'l Gypsum

Co.), 123 F.3d 861 (5th Cir. 1997):

> Prior to 1978 the most able professionals were often unwilling to
> work for bankruptcy estates where their compensation would be
> subject to the uncertainties of what a judge thought the work was
> worth after it had been done.  That uncertainty continues under the
> present § 330 of the Bankruptcy Code, which provides that the
> court award to professional consultants "reasonable compensation"
> based on relevant factors of time and comparable costs, etc.  Under
> present § 328 the professional may avoid that uncertainty by
> obtaining court approval of compensation agreed to with the
> trustee (or debtor or committee).

Id. at 862 (citations omitted) (cited in In re Ashby, 2006 Bankr. LEXIS 954, at *7 (Bankr. N.D.

Iowa 2006).  Owing to this inherent uncertainty, courts have approved similar arrangements that

contain reasonable terms and conditions under section 328 of the Bankruptcy Code.  See, e.g., In

re Old Bakeco, Inc., No. 13-47789 (Bankr. E.D. Mo. Nov. 6, 2013) (Docket No. 99); In re Mid

America Brick and Structural Clay Products LLC, No. 13-20029 (Bankr. E.D. Mo. Apr. 23, 2013)

(Docket No. 87).

   36. Furthermore, the Bankruptcy Abuse Prevention and Consumer Protection

Act of 2005 amended section 328(a) of the Bankruptcy Code as follows:

> The trustee, or a committee appointed under section 1102 of this
> title, with the court's approval, may employ or authorize the
> employment of a professional person under section 327 or 1103 of
> this title, as the case may be, on any reasonable terms and
> conditions of employment, including on a retainer, on an hourly
> basis, on a fixed or percentage fee basis, or on a contingent fee
> basis.

11 U.S.C. § 328(a) (amendment underlined).  This change makes clear that the Debtors are able

to retain a professional on a fixed or percentage fee basis, such as the Fee Structure, with

bankruptcy court approval.

      37.     The Engagement Letter appropriately reflects (a) the nature and scope of

services to be provided by Lazard; (b) Lazard's substantial experience with respect to investment

banking services; and (c) the fee structures typically utilized by Lazard and other leading

investment bankers that do not bill their clients on an hourly basis.

      38.     Similar fixed and contingency fee arrangements have been approved and

implemented by courts in other chapter 11 cases throughout the country.  See, e.g., In re Arch

Coal, Inc., No. 16-40120 (Bankr. E.D. Mo. Mar. 23, 2016) (Docket No. 602) (authorizing

investment banker to receive monthly, restructuring, sale transaction and capital raising fees;

waiving requirement to keep detailed time records); In re Noranda Aluminum, Inc., No. 16-

10083 (Bankr. E.D. Mo. Mar. 18, 2016) (Docket No. 452) (same); In re Old Bakeco, Inc.,

No. 13-47789 (Bankr. E.D. Mo. Nov. 6, 2013) (Docket No. 99) (authorizing investment banker

to receive monthly and success fees; waiving requirement to keep detailed time records); In re

Mid America Brick and Structural Clay Products LLC, No. 13-20029 (Bankr. E.D. Mo.

Apr., 23, 2013) (Docket No. 87) (same); accord In re Patriot Coal Corp., No. 15-32450

(Bankr. E.D. Va. June 10, 2015) (Docket No. 274) (authorizing investment banker to receive

monthly and transaction fees; waiving requirement to submit time records in support of fee

applications); In re Magnetation LLC, No. 15-50307 (Bankr. D. Minn. May 27, 2015)

(Docket No. 142) (authorizing investment banker to receive monthly and restructuring fees;

waiving requirement to submit time records in support of fee applications); In re James River

Coal Co., No. 14-31848 (Bankr. E.D. Va. May 9, 2014) (Docket No. 248) (authorizing

investment banker to receive transaction fees; waiving requirement to keep detailed time records);

In re Rogers Bancshares, Inc., No. 13-13838 (Bankr. E.D. Ark. July 8, 2013) (Docket No. 17)

(authorizing investment banker to receive monthly and transaction fees; waiving requirement to

keep detailed time records; In re Patriot Coal Corp., No. 12-12900 (Bankr. S.D.N.Y.

Sept. 5, 2012) (Docket No. 523) (authorizing investment banker to receive monthly, restructuring,

equity raise and debtor in possession financing fee; waiving requirement to keep records in one

tenth-hour increments).[9]

## Notice

39.     Notice of this Application has been given to: (a) Davis Polk & Wardwell

LLP and Bryan Cave LLP as counsel to Citibank, N.A. as Administrative Agent for the First

Lien Secured Credit Facility and the Debtors' proposed debtor in possession secured credit

facility; (b) Brown Rudnick LLP, as counsel to Wilmington Savings Fund Society, FSB as

prospective trustee and collateral agent for the Secured Second Lien Notes; (c) Foley & Lardner

LLP, as counsel to Wilmington Trust Company as prospective Indenture Trustee for the

Unsecured Notes;[10] (d) Robinson & Cole LLP, as counsel to U.S. Bank as resigning trustee and

collateral agent for the Second Lien Notes, the Unsecured Notes and the Convertible Notes;[11] (e)

counsel to any ad hoc committees; (f) the Debtors' 50 largest unsecured creditors; (g) Mayer

Brown LLP, as counsel to PNC Bank, N.A., as Administrator under the Debtors' prepetition

---

[9]     The unreported orders cited herein are not attached to this Application.  Copies of these orders will be made available to the Court or other parties upon request made to the Debtors' counsel.

[10]     These include the: (i) 6.00% Senior Notes due November 2018; (ii) 6.50% Senior Notes due September 2020; (iii) 6.25% Senior Notes due September 2021; and the (iv) 7.875% Senior Notes due November 2026.

[11]     These include the: (i) 6.00% Senior Notes due November 2018; (ii) 6.50% Senior Notes due September 2020; (iii) 6.25% Senior Notes due September 2021; (iv) 7.875% Senior Notes due November 2026; and the (v) Convertible Junior Subordinated Debentures due December 2066.

accounts receivable securitization facility; (h) the United Mine Workers of America; (i) the

Office of the United States Trustee for the Eastern District of Missouri; (j) the Internal Revenue

Service; (k) the Securities and Exchange Commission; (l) the United States Department of the

Interior; (m) the United States Department of Labor; (n) the United States Attorney's Office for

the Eastern District of Missouri; and (o) Pension Benefit Guaranty Corporation (collectively, the

"Notice Parties").  In light of the nature of the relief requested, the Debtors submit that no further

notice is necessary.

### No Prior Request

40.     No prior request for the relief sought in this Application has been made to

this or any other Court in connection with these chapter 11 cases.

WHEREFORE, the Debtors respectfully request that the Court:  (i) enter an order,

substantially in the form submitted to the Court, granting the relief requested herein; and

(ii) grant such other and further relief to the Debtors as the Court may deem just and proper.

Dated: April 13, 2016
      St. Louis, Missouri

Respectfully submitted,

Peabody Energy Corporation, et al
Debtors and Debtors in Possession


/s/ Amy Schwetz_____
Amy Schwetz
Executive Vice President and
Chief Financial Officer
Peabody Energy Corporation

Filed by:

/s/ Steven N. Cousins
Steven N. Cousins, MO 30788
Susan K. Ehlers, MO 49855
Armstrong Teasdale LLP
7700 Forsyth Boulevard, Suite 1800
St. Louis, MO  63105
Telephone:  (314) 621-5070
Facsimile:  (314) 621-5065
Email:  scousins@armstrongteasdale.com
Email:  sehlers@armstrongteasdale.com

Heather Lennox (*pro hac vice* pending)
Jones Day
North Point
901 Lakeside Avenue
Cleveland, OH  44114
Telephone:  (216) 586-3939
Facsimile:  (216) 579-0212
Email:  hlennox@jonesday.com

Amy Edgy (*pro hac vice* pending)
Daniel T. Moss (*pro hac vice* pending)
Jones Day
51 Louisiana Avenue, N.W.
Washington, D.C.  20001-2113
Telephone:  (202) 879-3939
Facsimile:  (202) 626-1700
Email:  aedgy@jonesday.com
Email:  dtmoss@jonesday.com

*Proposed Attorneys for Debtors
and Debtors in Possession*

## SCHEDULE 1

| | Debtor's Name | Debtor's EIN Number |
|---|---|---|
| 1. | Peabody Energy Corporation | 13-4004153 |
| 2. | American Land Development, LLC | 20-3405570 |
| 3. | American Land Holdings of Colorado, LLC | 26-3730572 |
| 4. | American Land Holdings of Illinois, LLC | 30-0440127 |
| 5. | American Land Holdings of Indiana, LLC | 20-2514299 |
| 6. | American Land Holdings of Kentucky, LLC | 20-0766113 |
| 7. | American Land Holdings of New Mexico, LLC | 32-0478983 |
| 8. | American Land Holdings of West Virginia, LLC | 20-5744666 |
| 9. | Arid Operations, Inc. | 84-1199578 |
| 10. | Big Ridge, Inc. | 37-1126950 |
| 11. | Big Sky Coal Company | 81-0476071 |
| 12. | Black Hills Mining Company, LLC | 32-0049741 |
| 13. | BTU Western Resources, Inc. | 20-1019486 |
| 14. | Caballo Grande, LLC | 27-1773243 |
| 15. | Caseyville Dock Company, LLC | 20-8080107 |
| 16. | Central States Coal Reserves of Illinois, LLC | 43-1869432 |
| 17. | Central States Coal Reserves of Indiana, LLC | 20-3960696 |
| 18. | Century Mineral Resources, Inc. | 36-3925555 |
| 19. | Coal Reserve Holding Limited Liability Company No. 1 | 43-1922737 |
| 20. | COALSALES II, LLC | 43-1610419 |
| 21. | Colorado Yampa Coal Company, LLC | 95-3761211 |
| 22. | Conservancy Resources, LLC | 20-5744701 |
| 23. | Cottonwood Land Company | 43-1721982 |
| 24. | Cyprus Creek Land Company | 73-1625890 |
| 25. | Cyprus Creek Land Resources LLC | 75-3058264 |
| 26. | Dyson Creek Coal Company, LLC | 43-1898526 |
| 27. | Dyson Creek Mining Company, LLC | 20-8080062 |
| 28. | El Segundo Coal Company, LLC | 20-8162824 |
| 29. | Empire Land Holdings, LLC | 61-1742786 |
| 30. | Falcon Coal Company, LLC | 35-2006760 |
| 31. | Four Star Holdings, LLC | 30-0885825 |
| 32. | Francisco Equipment Company, LLC | 37-1805119 |
| 33. | Francisco Land Holdings Company, LLC | 36-4831111 |
| 34. | Francisco Mining, LLC | 30-0922117 |
| 35. | Gallo Finance Company, LLC | 43-1823616 |
| 36. | Gold Fields Chile, LLC | 13-3004607 |
| 37. | Gold Fields Mining, LLC | 36-2079582 |
| 38. | Gold Fields Ortiz, LLC | 22-2204381 |
| 39. | Hayden Gulch Terminal, LLC | 86-0719481 |
| 40. | Highwall Mining Services Company | 20-0010659 |
| 41. | Hillside Recreational Lands, LLC | 32-0214135 |
| 42. | HMC Mining, LLC | 43-1875853 |
| 43. | Illinois Land Holdings, LLC | 26-1865197 |
| 44. | Independence Material Handling, LLC | 43-1750064 |
| 45. | James River Coal Terminal, LLC | 55-0643770 |
| 46. | Juniper Coal Company, LLC | 43-1744675 |
| 47. | Kayenta Mobile Home Park, Inc. | 86-0773596 |
| 48. | Kentucky Syngas, LLC | 26-1156957 |
| 49. | Kentucky United Coal, LLC | 35-2088769 |
| 50. | Lively Grove Energy, LLC | 20-5752800 |
| 51. | Lively Grove Energy Partners, LLC | 26-0180403 |
| 52. | Marigold Electricity, LLC | 26-0180352 |
| 53. | Midco Supply and Equipment Corporation | 43-6042249 |
| 54. | Midwest Coal Acquisition Corp. | 20-0217640 |
| 55. | Midwest Coal Reserves of Illinois, LLC | 20-3960648 |

| | Debtor's Name | Debtor's EIN Number |
|---|---|---|
| 56. | Midwest Coal Reserves of Indiana, LLC | 20-3405958 |
| 57. | Midwest Coal Reserves of Kentucky, LLC | 20-3405872 |
| 58. | Moffat County Mining, LLC | 74-1869420 |
| 59. | Mustang Energy Company, LLC | 43-1898532 |
| 60. | New Mexico Coal Resources, LLC | 20-3405643 |
| 61. | NM Equipment Company, LLC | 36-4821991 |
| 62. | Pacific Export Resources, LLC | 27-5135144 |
| 63. | Peabody America, LLC | 93-1116066 |
| 64. | Peabody Archveyor, L.L.C. | 43-1898535 |
| 65. | Peabody Arclar Mining, LLC | 31-1566354 |
| 66. | Peabody Asset Holdings, LLC | 20-3367333 |
| 67. | Peabody Bear Run Mining, LLC | 26-3582291 |
| 68. | Peabody Bear Run Services, LLC | 26-3725923 |
| 69. | Peabody Caballo Mining, LLC | 83-0309633 |
| 70. | Peabody Cardinal Gasification, LLC | 20-5047955 |
| 71. | Peabody China, LLC | 43-1898525 |
| 72. | Peabody Coalsales, LLC | 20-1759740 |
| 73. | Peabody COALTRADE International (CTI), LLC | 20-1435716 |
| 74. | Peabody COALTRADE, LLC | 43-1666743 |
| 75. | Peabody Colorado Operations, LLC | 20-2561644 |
| 76. | Peabody Colorado Services, LLC | 26-3723774 |
| 77. | Peabody Coulterville Mining, LLC | 20-0217834 |
| 78. | Peabody Development Company, LLC | 43-1265557 |
| 79. | Peabody Electricity, LLC | 20-3405744 |
| 80. | Peabody Employment Services, LLC | 26-3730348 |
| 81. | Peabody Energy Generation Holding Company | 73-1625891 |
| 82. | Peabody Energy Investments, Inc. | 68-0541702 |
| 83. | Peabody Energy Solutions, Inc. | 43-1753832 |
| 84. | Peabody Gateway North Mining, LLC | 27-2294407 |
| 85. | Peabody Gateway Services, LLC | 26-3724075 |
| 86. | Peabody Holding Company, LLC | 74-2666822 |
| 87. | Peabody Holdings (Gibraltar) Limited | 20-5543587 |
| 88. | Peabody IC Funding Corporation | 46-2326991 |
| 89. | Peabody IC Holdings, LLC | 30-0829603 |
| 90. | Peabody Illinois Services, LLC | 26-3722638 |
| 91. | Peabody Indiana Services, LLC | 26-3724339 |
| 92. | Peabody International Investments, Inc. | 26-1361182 |
| 93. | Peabody International Services, Inc. | 20-8340434 |
| 94. | Peabody Investments Corp. | 20-0480084 |
| 95. | Peabody Magnolia Grove Holdings, LLC | 61-1683376 |
| 96. | Peabody Midwest Management Services, LLC | 26-3726045 |
| 97. | Peabody Midwest Mining, LLC | 35-1799736 |
| 98. | Peabody Midwest Operations, LLC | 20-3405619 |
| 99. | Peabody Midwest Services, LLC | 26-3722194 |
| 100. | Peabody Mongolia, LLC | 20-8714315 |
| 101. | Peabody Natural Gas, LLC | 43-1890836 |
| 102. | Peabody Natural Resources Company | 51-0332232 |
| 103. | Peabody New Mexico Services, LLC | 20-8162939 |
| 104. | Peabody Operations Holding, LLC | 26-3723890 |
| 105. | Peabody Powder River Mining, LLC | 43-0996010 |
| 106. | Peabody Powder River Operations, LLC | 20-3405797 |
| 107. | Peabody Powder River Services, LLC | 26-3725850 |
| 108. | Peabody PowerTree Investments, LLC | 20-0116980 |
| 109. | Peabody Recreational Lands, L.L.C. | 43-1898382 |
| 110. | Peabody Rocky Mountain Management Services, LLC | 26-3725390 |
| 111. | Peabody Rocky Mountain Services, LLC | 20-8162706 |
| 112. | Peabody Sage Creek Mining, LLC | 26-3730653 |
| 113. | Peabody School Creek Mining, LLC | 20-3585831 |

|  | Debtor's Name | Debtor's EIN Number |
|---|---|---|
| 114. | Peabody Services Holdings, LLC | 26-3726126 |
| 115. | Peabody Southwest, LLC | 20-5744732 |
| 116. | Peabody Southwestern Coal Company, LLC | 43-1898372 |
| 117. | Peabody Terminal Holding Company, LLC | 26-1087861 |
| 118. | Peabody Terminals, LLC | 31-1035824 |
| 119. | Peabody Trout Creek Reservoir LLC | 30-0746873 |
| 120. | Peabody Twentymile Mining, LLC | 26-3725223 |
| 121. | Peabody Venezuela Coal Corp. | 43-1609813 |
| 122. | Peabody Venture Fund, LLC | 20-3405779 |
| 123. | Peabody-Waterside Development, L.L.C. | 75-3098342 |
| 124. | Peabody Western Coal Company | 86-0766626 |
| 125. | Peabody Wild Boar Mining, LLC | 26-3730759 |
| 126. | Peabody Wild Boar Services, LLC | 26-3725591 |
| 127. | Peabody Williams Fork Mining, LLC | 20-8162742 |
| 128. | Peabody Wyoming Gas, LLC | 20-5744610 |
| 129. | Peabody Wyoming Services, LLC | 26-3723011 |
| 130. | PEC Equipment Company, LLC | 20-0217950 |
| 131. | PG INVESTMENTS SIX, L.L.C. | 43-1898530 |
| 132. | Point Pleasant Dock Company, LLC | 20-0117005 |
| 133. | Pond River Land Company | 73-1625893 |
| 134. | Porcupine Production, LLC | 43-1898379 |
| 135. | Porcupine Transportation, LLC | 43-1898380 |
| 136. | Riverview Terminal Company | 13-2899722 |
| 137. | Sage Creek Holdings, LLC | 26-3286872 |
| 138. | Sage Creek Land & Reserves, LLC | 38-3936826 |
| 139. | School Creek Coal Resources, LLC | 20-2902073 |
| 140. | Seneca Coal Company, LLC | 84-1273892 |
| 141. | Seneca Property, LLC | 36-4820253 |
| 142. | Shoshone Coal Corporation | 25-1336898 |
| 143. | Southwest Coal Holdings, LLC | 37-1794829 |
| 144. | Star Lake Energy Company, L.L.C. | 43-1898533 |
| 145. | Sugar Camp Properties, LLC | 35-2130006 |
| 146. | Thoroughbred Generating Company, L.L.C. | 43-1898534 |
| 147. | Thoroughbred Mining Company LLC. | 73-1625889 |
| 148. | Twentymile Coal, LLC | 95-3811846 |
| 149. | Twentymile Equipment Company, LLC | 38-3982017 |
| 150. | Twentymile Holdings, LLC | 38-3937156 |
| 151. | United Minerals Company, LLC | 35-1922432 |
| 152. | West Roundup Resources, LLC | 20-2561489 |
| 153. | Wild Boar Equipment Company, LLC | 32-0488114 |
| 154. | Wild Boar Land Holdings Company, LLC | 36-4831131 |

## <u>Exhibit A</u>

**Engagement Letter**

# LAZARD

Lazard Frères & Co. LLC
190 S. LaSalle Street
31st Floor
Chicago, IL 60603
(312) 407-6600

As of April 1, 2016

Peabody Energy Corporation
Peabody Plaza
701 Market St.
St. Louis, MO 63101-1826

Attention:     A. Verona Dorch
Executive Vice President, Chief Legal Officer,
Government Affairs and Corporate Secretary

Dear Ladies and Gentlemen:

This letter (this "Agreement") confirms the amended and restated understanding and agreement between Lazard Frères & Co. LLC ("Lazard") and Peabody Energy Corporation ("Peabody") and its controlled subsidiaries (collectively with any entity formed or used for the purposes set forth herein, the "Company") and amends and restates the prior agreement between Peabody and Lazard dated as of October 1, 2015. The Company hereby retains Lazard as its investment banker to provide it with strategic, financial and general restructuring advice and to advise it in connection with any Restructuring and Financing (each as defined herein) on the terms and conditions set forth herein. By signing this letter, Lazard hereby accepts its appointment as the Company's investment banker under the terms hereof.

*Description of Services:*

1. Lazard agrees, in consideration of the compensation provided in Section 2 below, to perform such investment banking services as the Company may reasonably request, which may include the following:

(a)     Reviewing and analyzing the Company's business, operations and financial projections;

(b)     Evaluating the Company's potential debt capacity in light of its projected cash flows;

(c)     Assisting in the determination of a target capital structure for the Company;

(d)     Assisting in the determination of a range of values for the Company on a going concern basis;

Page 2

(e)    Evaluating the Company's capital structure alternatives, including any Restructuring and/or Financing, among others;

(f)    Advising the Company on tactics and strategies for potentially negotiating with transaction counterparties and with its own stakeholders in connection with any Restructuring and/or Financing;

(g)    Rendering financial advice to the Company and participating in meetings or negotiations with transaction counterparties, Company stakeholders and/or rating agencies or other appropriate parties in connection with any Restructuring and/or Financing;

(h)    Advising the Company on the timing, nature, and terms of new securities, other consideration or other inducements to be offered pursuant to any Restructuring and/or Financing;

(i)    Advising and assisting the Company in evaluating any potential Financing by the Company, and, subject to Lazard's agreement so to act and, if requested by Lazard, to execution of appropriate agreements, on behalf of the Company, contacting potential sources of capital as the Company may designate and assisting the Company in implementing such Financing;

(j)    Assisting the Company in preparing documentation within our area of expertise that is required in connection with any Restructuring and/or Financing;

(k)    Attending meetings of the Board of Directors of Peabody with respect to matters on which we have been engaged to advise hereunder; and

(l)    Providing testimony, as necessary, with respect to matters on which we have been engaged to advise hereunder in any proceeding before the Bankruptcy Court; and

(m)    Providing the Company with other financial advice.

*Fees:*

2.  As consideration for the services to be provided, the Company shall pay Lazard the following fees:

(a)    A monthly fee of $250,000 (the "Monthly Fee"), payable on April 1, 2016 and on the first day of each month thereafter until the earlier of the completion of a Restructuring or the termination of Lazard's engagement pursuant to Section 10 herein. Fifty percent of all Monthly Fees paid in respect of the thirteenth month after the commencement of a case by the Company under the Bankruptcy Code and each month thereafter shall be

credited (without duplication) against any Restructuring Fee or Financing Fee (each as defined below) payable; provided, that, in the event of a Chapter 11 filing, such credit shall only apply to the extent that such fees are approved in their entirety by the Bankruptcy Court, if applicable.

(b)    A fee equal to $15,100,000, payable upon the consummation of a Restructuring (the "Restructuring Fee").

(c)    A fee, payable upon consummation of a Financing, equal to the total gross proceeds provided for in such Financing (including all amounts committed but not drawn down under credit lines, other indebtedness or other facilities) multiplied by (i) 1.0% with respect to any debtor-in-possession financing (including any bonding accommodation facility or debtor-in-possession carve-out related to self-bonding of reclamation obligations) ("DIP Financing") or senior debt financing, (ii) 1.5% with respect to any junior debt financing (that is not DIP Financing) or (iii) 2.0% with respect to any equity or equity-linked financing (that is not DIP Financing) (the "Financing Fee"); provided, however, that any Financing Fee with respect to DIP Financing shall be earned and shall be payable upon the execution of a commitment letter with respect to such financing; provided, further, that in the event that Lazard is paid a fee in connection with DIP Financing and such financing is not consummated, Lazard shall return such fee to the Company.  One half of any Financing Fee shall be credited (without duplication) against up to fifty percent of any Restructuring Fee subsequently payable; provided, that, in the event of a Chapter 11 filing, such credit shall only apply to the extent that the Restructuring Fee is approved in its entirety by the Bankruptcy Court, if applicable.

(d)    For the avoidance of any doubt, more than one fee may be payable pursuant to each of clauses (b) and (c) above.

(e)    (i) In addition to any fees that may be payable to Lazard and, regardless of whether any transaction occurs, the Company shall promptly reimburse Lazard for all reasonable, documented out-of-pocket expenses incurred by Lazard in connection with providing the services contemplated by this Agreement (including travel and lodging, data processing and communications charges, courier services and other expenditures). Reimbursable expenses will not include any outside lawyers' or advisors' fees without Peabody's consent (not to be unreasonably withheld) (it being agreed that this provision does not apply in the case of expenses subject to the Indemnification Letter (as defined below)); and

(ii) an expense advance retainer of $50,000 payable upon the execution of this Agreement, to be applied by Lazard against the expenses that it incurs and that are reimbursable pursuant to clause (e)(i) above.

(f)     As part of the compensation payable to Lazard hereunder, Peabody, on behalf of itself and its controlled subsidiaries, agrees that the indemnification letter dated July 6, 2015 between Lazard and Peabody (the "Indemnification Letter"), as modified in Section 14 below, shall apply to Lazard's services provided pursuant to this Agreement. The Indemnification Letter (as so modified) is incorporated herein in its entirety.

*Retention in Chapter 11 Proceedings:*

3.   Lazard recognizes that no decision has been made by the Company to institute chapter 11 proceedings. In the event of the commencement of chapter 11 proceedings, however, the Company agrees that it will use best efforts to obtain prompt authorization from the Bankruptcy Court to retain Lazard and, if requested by Lazard, those of its affiliates that may assist herewith pursuant to paragraph 13 hereof, on the terms and conditions set forth in this Agreement under the provisions of Section 328(a) of the Bankruptcy Code. Subject to being so retained, Lazard agrees that during the pendency of any such proceedings, it shall continue to perform its obligations under this Agreement and that it shall file interim and final applications for allowance of the fees and expenses payable to it under the terms of this Agreement pursuant to the applicable Federal Rules of Bankruptcy Procedure, and the local rules and orders of the Bankruptcy Court. The Company shall supply Lazard with a draft of the application and proposed retention order authorizing Lazard's retention sufficiently in advance of the filing of such application and proposed order to enable Lazard and its counsel to review and comment thereon. Lazard shall be under no obligation to provide any services under this agreement in the event that the Company becomes a debtor under the Bankruptcy Code unless Lazard's retention under the terms of this Agreement is approved under section 328(a) of the Bankruptcy Code by final order of the Bankruptcy Court, which order is reasonably acceptable to Lazard. The retention application shall note that in so agreeing to seek Lazard's retention under Section 328(a) of the Bankruptcy Code, the Company acknowledges that it believes that Lazard's general restructuring experience and expertise, its knowledge of the capital markets and its merger and acquisition capabilities will inure to the benefit of the Company in pursuing any Restructuring or Financing, that the value to the Company of Lazard's services hereunder derives in substantial part from that expertise and experience and that, accordingly, the structure and amount of the deferred fees, including the Restructuring Fee and Financing Fee is reasonable regardless of the number of hours to be expended by Lazard's professionals in the performance of the services to be provided hereunder, and that the deferred fees shall not be considered to be "bonuses" or fee enhancements under applicable law.

*Other:*

4.   No fee payable to any third party, by the Company or any other person or entity, shall reduce or otherwise affect any fee payable hereunder to Lazard. All amounts referenced hereunder reflect United States currency and shall be paid promptly in cash after such amounts accrue hereunder.

5. The Company will furnish or cause to be furnished to Lazard such current and historical financial information and other information regarding the business of the Company as Lazard may reasonably request in connection with this engagement. The Company represents and warrants to Lazard that all of the foregoing information will be accurate in all material respects at the time it is furnished, and agrees to keep Lazard advised of all developments materially affecting the Company or its financial position. In performing its services pursuant to this Agreement, Lazard shall be entitled to rely upon information furnished to it by the Company or any third party and information that is publicly available, may assume the accuracy and completeness of such information and shall not assume any responsibility for independent verification of any such information. Lazard will not, as part of its engagement, undertake any independent valuation or appraisal of any of the assets or liabilities of the Company or of any third party.

6. In performing its services pursuant to this Agreement, Lazard is not assuming any responsibility for the decision of the Company or any other party to pursue (or not to pursue) any business strategy or to effect (or not to effect) any Restructuring, Financing or other transaction. Lazard shall not have any obligation or responsibility to provide "crisis management" for or business consultant services to the Company, and shall have no responsibility for designing or implementing operating, organizational, administrative, cash management or liquidity improvements; nor shall Lazard be responsible for providing or deemed to have provided any tax, accounting, actuarial, legal or other specialist advice.

7. It is understood and agreed that nothing contained in this Agreement shall constitute an express or implied commitment by Lazard or any of its affiliates to underwrite, place or purchase any securities in a financing or otherwise, which commitment shall only be set forth in a separate underwriting, placement agency or purchase agreement, as applicable, relating to the financing.

8. The Indemnification Letter, as modified hereby, shall survive any termination or expiration of this Agreement or our engagement hereunder.

9. In the event that Lazard receives an inquiry concerning any transaction, we will promptly inform Peabody of such inquiry.

10. Lazard's engagement hereunder will automatically expire upon consummation of a Restructuring and may be earlier terminated by Peabody or Lazard at any time by providing prior written notice to the other party, without liability or continuing obligation to the Company or Lazard, as applicable, following any termination or expiration, except that (a) following any termination or expiration of Lazard's engagement, Lazard shall remain entitled to any fees accrued pursuant to Section 2 but not yet paid prior to such termination or expiration, as the case may be, and to reimbursement of expenses incurred in accordance with this Agreement prior to such termination or expiration, as the case may be; (b) in the case of any Restructuring, and/or Financing announced or resulting from negotiations occurring during the period from the date hereof until nine (9) months following such termination or expiration, as the case may be, Lazard shall remain entitled to full payment of all fees contemplated by Section 2 hereof in respect of

Page 6

any Restructuring and/or Financing; and (c) the provisions of Section 12 shall survive as set forth therein; *provided*, that Lazard will not remain entitled to the payment of fees as contemplated in (b) above if its engagement hereunder is terminated (i) by Lazard for any reason other than a material breach by the Company of this Agreement or (ii) by the Company due to Lazard's bad faith, gross negligence or willful misconduct in the performance of its services hereunder.

11. Lazard has been retained under this Agreement as an independent contractor to Peabody, and nothing herein is intended to confer any rights or remedies as against Lazard upon any person (including the management, Board of Directors, employees, securityholders and creditors of the Company) other than Peabody. In addition, it is understood and agreed that this Agreement and Lazard's engagement do not create a fiduciary relationship between Lazard and any person, including the Company or its management, Board of Directors, employees, securityholders and creditors. No one, other than senior management or the Board of Directors of Peabody (in their capacities as such) is authorized to rely upon the Company's engagement of Lazard or any statements, advice, opinions or conduct by Lazard. Without limiting the foregoing, any advice, written or oral, rendered in the course of the Company's engagement of Lazard are solely for the purpose of assisting senior management or the Board of Directors of Peabody (in their capacities as such) in evaluating a potential Restructuring, Financing, or other relevant transaction and does not constitute a recommendation to any stakeholder of the Company that such stakeholder might or should take in connection with any such transaction. The Company agrees that, notwithstanding any termination or expiration of Lazard's engagement, any advice, written or oral, rendered by Lazard and the terms of Lazard's engagement hereunder may not be disclosed publicly or made available to third parties without the prior written consent of Lazard, except to the extent that such disclosure is required by applicable law, rule, regulation or stock exchange requirement or by a court, governmental or regulatory agency, stock exchange or similar body. Notwithstanding the foregoing, nothing herein shall prohibit the Company from disclosing to any and all persons the tax treatment and tax structure of any transaction and the portions of any materials that relate to such tax treatment or tax structure.

12. Except as otherwise provided in this Agreement or authorized by or on behalf of the Company, Lazard agrees to keep confidential the existence and terms of this Agreement and to use all non-public information provided to it by or on behalf of the Company hereunder solely for the purpose of providing the services which are the subject of this Agreement and to treat all such information confidentially, provided that nothing herein shall prevent Lazard from disclosing any such information (a) as required by applicable law, rule, regulation or stock exchange requirement or by a court, governmental or regulatory agency, stock exchange or similar body, (b) to the extent that such information was or becomes publicly available other than by reason of disclosure by Lazard or its Representatives (as defined below) in violation of this Section 12, (c) to the extent that such information was or becomes available to Lazard or its Representatives from a source which is not known by Lazard or its Representatives to be subject to a confidentiality obligation to the Company with respect thereto, or (d) to such of Lazard's affiliates and Lazard's and its affiliates' respective officers, directors, employees, legal counsel, independent auditors and other experts or agents (such persons to whom such information is

disclosed, "Representatives") as Lazard determines to have a need to know such information in connection with any services provided by Lazard or its affiliates to the Company and its affiliates. Lazard accepts responsibility for compliance by its Representatives with the provisions of this Section 12. The foregoing shall survive any termination or expiration of this Agreement and Lazard's engagement hereunder for a period of three years from the date of such termination or expiration, as the case may be.

13. In connection with the services to be provided hereunder, Lazard may employ the services of its affiliates and may share with any such affiliate any information concerning the Company in accordance with the terms of this Agreement. Any affiliate so employed shall be entitled to all of the benefits afforded to Lazard hereunder and under the Indemnification Letter and shall be entitled to be reimbursed for its expenses on the same basis as Lazard.

14. Neither party may transfer, assign or sub-contract this Agreement or its rights and obligations hereunder without the other party's prior written consent. The provisions hereof shall inure to the benefit of and be binding upon the successors and assigns of the Company, Lazard and any other person entitled to indemnity under the Indemnification Letter. The Company's obligations pursuant to this Agreement and under the Indemnification Letter, as modified hereby, shall be joint and several. This Agreement and the related Indemnification Letter embody the entire agreement and understanding between the parties hereto and supersede any and all prior agreements, arrangements, and understandings, related to the matters provided for herein (it being agreed that this Agreement amends and restates the prior agreement dated October 1, 2015, between Peabody and Lazard, however, Lazard shall remain entitled to any amounts paid pursuant to such agreement or the engagement agreement dated July 6, 2015). No waiver, amendment or other modification of this Agreement shall be effective unless in writing and signed by each party to be bound thereby.

15. This Agreement and any claim related directly or indirectly to this Agreement (including any claim concerning advice provided pursuant to Lazard's engagement hereunder) shall be governed by and construed in accordance with the laws of the State of New York without regard to the principle of conflicts of law. No such claim shall be commenced, prosecuted or continued in any forum other than the courts of the State of New York located in the City and County of New York or the United States District Court for the Southern District of New York, and each of the parties hereby submits to the jurisdiction of such courts. Each of the parties hereto hereby waives on behalf of itself and its successors and assigns any and all right to argue that the choice of forum provision is or has become unreasonable in any legal proceeding. Each of the parties hereto waives all right to trial by jury in any action, proceeding or counterclaim (whether based upon contract, tort or otherwise) related to or arising out of this Agreement or the engagement of Lazard pursuant to, or the performance by Lazard of the services contemplated by, this Agreement.

16. Nothing in this Agreement shall be construed as appointing Lazard as the Company's agent, partner or joint venturer for any purpose. Lazard shall have no authority to enter into any agreement or undertake any obligation on the Company's behalf. Nothing in this Agreement shall be deemed in any way to obligate the Company to undertake any transaction, and the

Page 8

decision to undertake any transaction shall be in the sole and absolute discretion of the Company. Additionally, nothing herein shall restrict or prohibit the Company from entering into any transaction with a third party or pursuing any transaction with or investment from a third party as an alternative to any transaction contemplated or described in this Agreement with any party and no amounts will be due and owing to Lazard with respect to any such alternative transactions.

*Definitions:*

17. As used in this Agreement, the term "Restructuring" shall mean, collectively, any restructuring, reorganization (whether or not pursuant to Chapter 11 of the United States Bankruptcy Code) and/or recapitalization of all or a majority of the Company's outstanding indebtedness for borrowed money (including bank debt, bond debt and other balance-sheet indebtedness), trade claims, leases (both on and off balance sheet) (collectively, the "Existing Obligations") that is achieved, without limitation, through a solicitation of waivers and consents from the holders of Existing Obligations; rescheduling of the maturities of Existing Obligations; a change in interest rates, repurchase, settlement or forgiveness of Existing Obligations; conversion of Existing Obligations into equity; an exchange offer involving the issuance of new securities in exchange for Existing Obligations effected in or as part of a bankruptcy case; the issuance of new securities, sale or disposition of all or substantially all of the Company's assets, sale of debt or equity securities or other interests or other similar transaction or series of transactions.

18. As used in this Agreement, the term "Financing" shall mean any transaction or series of transactions involving the public or private issuance, sale, or placement of newly-issued (including securities held in treasury) equity, equity-linked or debt securities, instruments, or other funded debt of the Company, including any DIP Financing or exit financing in connection with a case under the Bankruptcy Code.

Page 9

If the foregoing Agreement is in accordance with your understanding of the terms of our engagement, please sign and return to us the enclosed duplicate hereof.

Very truly yours,

LAZARD FRERES & CO. LLC

By: _____

Tyler Cowan
Managing Director

AGREED TO AND ACCEPTED
as of the date first written above:

PEABODY ENERGY CORPORATION,
on behalf of itself and its controlled
subsidiaries

By. _____

A. Verona Dorch
Executive Vice President, Chief Legal Officer,
Government Affairs and Corporate Secretary

## **Exhibit B**

**Indemnification Letter**

# LAZARD

Lazard Frères & Co. LLC
190 S. LaSalle Street
31st Floor
Chicago, IL 60603
(312) 407-6600

July 6, 2015

Peabody Energy Corporation
Peabody Plaza
701 Market St.
St. Louis, MO 63101-1826

Attention:    Bryan L. Sutter
Vice President and General Counsel - Corporate

Dear Ladies and Gentlemen:

In connection with our engagement to advise and assist Peabody Energy Corporation ("you") with the matters set forth in the engagement letter of even date herewith, you and we are entering into this letter agreement. It is understood and agreed that in the event that Lazard Frères & Co. LLC or any of our affiliates, or any of our or their respective directors, officers, members, employees, agents or controlling persons, if any (each of the foregoing, including Lazard Frères & Co. LLC, being an "Indemnified Person"), become involved in any capacity in any action, claim, proceeding or investigation brought or threatened by or against any person, including your securityholders, related to, arising out of or in connection with our engagement, you will promptly reimburse each such Indemnified Person for its reasonable legal and other expenses (including the cost of any investigation and preparation) as and when they are incurred in connection therewith; *provided, however,* that such Indemnified Person will be required to return to you promptly any such reimbursed expenses to the extent that such reimbursed expenses are attributable to any loss, claim, damage or liability that is found by a court of competent jurisdiction in a judgment which has become final in that it is no longer subject to appeal or review to have resulted from such Indemnified Person's bad faith, willful misconduct or gross negligence. You will indemnify and hold harmless each Indemnified Person from and against any losses, claims, damages, liabilities or expenses to which any Indemnified Person may become subject under any applicable federal or state law, or otherwise, related to, arising out of or in connection with our engagement, whether or not any pending or threatened action, claim, proceeding or investigation giving rise to such losses, claims, damages, liabilities or expenses is initiated or brought by you or on your behalf and whether or not in connection with any action, claim, proceeding or investigation in which you or any such Indemnified Person are a party, except to the extent that any such loss, claim, damage, liability or expense is found by a court of competent jurisdiction in a judgment which has become final in that it is no longer subject to appeal or review to have resulted from such Indemnified Person's bad faith, willful misconduct or gross negligence. You also agree that no Indemnified Person shall have any liability (whether direct or indirect, in contract or tort or otherwise) to you or your securityholders or creditors related to, arising out of or in connection with our engagement except to the extent that any loss, claim, damage or liability is found by a court of competent jurisdiction in a judgment which has become final in that it is no longer subject to appeal or review to have resulted from such

Indemnified Person's bad faith, willful misconduct or gross negligence. If multiple claims are brought against any Indemnified Person in an arbitration related to, arising out of or in connection with our engagement, and indemnification is permitted under applicable law with respect to at least one such claim, you agree that any arbitration award shall be conclusively deemed to be based on claims as to which indemnification is permitted and provided for hereunder, except to the extent the arbitration award expressly states that the award, or any portion thereof, is based on a claim as to which indemnification is not available.

If for any reason the foregoing indemnification is held unenforceable (other than due to a failure to meet the standard of care set forth above), then you shall contribute to the loss, claim, damage, liability or expense for which such indemnification is held unenforceable in such proportion as is appropriate to reflect the relative benefits received, or sought to be received, by you and your securityholders and creditors on the one hand and the Indemnified Persons on the other hand in the matters contemplated by our engagement as well as the relative fault of yourselves and such persons with respect to such loss, claim, damage, liability or expense and any other relevant equitable considerations. You agree that for the purposes hereof the relative benefits received, or sought to be received, by you and your securityholders and creditors and the Indemnified Persons shall be deemed to be in the same proportion as (i) the total value paid or proposed to be paid by or to you and your securityholders and creditors, as the case may be, pursuant to any transaction (whether or not consummated) for which we have been engaged to perform investment banking services bears to (ii) the fees paid or proposed to be paid to us in connection with such engagement; provided, however, that, to the extent permitted by applicable law, in no event shall we or any other Indemnified Person be required to contribute an aggregate amount in excess of the aggregate fees actually paid to us for such investment banking services. Your reimbursement, indemnity and contribution obligations under this agreement shall be in addition to any liability which you may otherwise have, shall not be limited by any rights we or any other Indemnified Person may otherwise have and shall be binding upon and inure to the benefit of any successors, assigns, heirs and personal representatives of yourselves, ourselves, and any other Indemnified Persons.

Lazard shall give prompt written notice to you upon receipt by Lazard of actual notice of any action, claim, proceeding or investigation in respect of which indemnity may be sought hereunder and will provide you such information in Lazard's possession with respect to such claim that you may reasonably request; provided, that, the failure to give such notification shall not affect the indemnification provided for hereunder except to the extent you shall have been materially prejudiced by such failure or delay. You will have the right, and will if requested by Lazard, at any time to assume and thereafter conduct the defense of any claim subject to indemnification hereunder with counsel of your choice reasonably satisfactory to the Indemnified Person and Lazard. In any such action, claim, proceeding or investigation the defense of which is assumed by the Company, the applicable Indemnified Person shall have the right to employ separate counsel and to participate in the defense thereof, but the fees and expenses of such counsel shall be at the expense of such Indemnified Person, unless (i) the Company shall have failed promptly to assume the defense thereof and employ counsel reasonably satisfactory to such Indemnified Person and Lazard or (ii) a conflict of interest exists

or may exist between the Company and such Indemnified Person, *provided that* the Company shall not be responsible for the fees and expenses of more than one firm of separate counsel for such Indemnified Person and other Indemnified Persons in connection with any one such action, claim, proceeding or investigation, in addition to any local counsel. You agree that, without our prior written consent (which will not be unreasonably withheld or delayed), you will not settle, compromise or consent to the entry of any judgment in any pending or threatened claim, action, proceeding or investigation in respect of which indemnification or contribution could be sought hereunder (whether or not we or any other Indemnified Persons are an actual or potential party to such claim, action, proceeding or investigation), unless such settlement, compromise or consent includes an unconditional release of each Indemnified Person from all liability arising out of such claim, action, proceeding or investigation. No Indemnified Person may consent to the entry of any judgment on or enter into any settlement, compromise or consent of any claim for which such party makes an indemnity claim hereunder without your prior written consent (not to be unreasonably withheld or delayed)

No waiver, amendment or other modification of this agreement shall be effective unless in writing and signed by Peabody and Lazard. This agreement and any claim related directly or indirectly to this agreement shall be governed and construed in accordance with the laws of the State of New York (without giving regard to the conflicts of law provisions thereof). No such claim shall be commenced, prosecuted or continued in any forum other than the courts of the State of New York located in the City and County of New York or the United States District Court for the Southern District of New York, and each of us hereby submits to the jurisdiction of such courts. You hereby waive on behalf of yourself and your successors and assigns any and all right to argue that the choice of forum provision is or has become unreasonable. You (on your own behalf and, to the extent permitted by applicable law, on behalf of your securityholders and creditors) waive all right to trial by jury in any action, proceeding or counterclaim (whether based upon contract, tort or otherwise) related to, arising out of or in connection with this agreement or our engagement. This agreement shall remain in effect indefinitely, notwithstanding any termination or expiration of our engagement.

Page 4
Indemnification Letter

Very truly yours,

LAZARD FRERES & CO. LLC

By: _David S. Kurtz_

David S. Kurtz
Vice Chairman

AGREED TO AND ACCEPTED
as of the date first written above:

PEABODY ENERGY CORPORATION

By._____

Bryan L. Sutter
Vice President and General Counsel - Corporate

## **Exhibit C**

**Cowan Declaration**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| In re:<br><br>Peabody Energy Corporation, et al.,<br><br>                    Debtors. | Case No. 16-42529<br>CHAPTER 11<br><br> (Joint Administration Requested)<br><br>Hearing Date and Time:<br>TBD<br><br>Hearing Location:<br>TBD |

**DECLARATION OF TYLER W. COWAN IN SUPPORT OF APPLICATION OF THE DEBTORS AND DEBTORS IN POSSESSION, PURSUANT TO SECTIONS 327(a), 328(a) AND 1107(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 2014(a) AND 2016 AND LOCAL BANKRUPTCY RULE 2014(A) AND 2016-1, FOR AN ORDER AUTHORIZING THE DEBTORS TO RETAIN AND EMPLOY LAZARD FRÈRES & CO. LLC AND LAZARD PTY LIMITED AS INVESTMENT BANKER, *NUNC PRO TUNC* TO THE PETITION DATE**

Pursuant to Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Tyler W. Cowan declares:

        1.      I am a Managing Director at Lazard Frères & Co., LLC ("Lazard Frères"), which has its principal office at 30 Rockefeller Plaza, New York, New York.  I am authorized to execute this declaration on behalf of Lazard.  Unless otherwise stated in this declaration, I have personal knowledge of the facts set forth herein.

        2.      This Declaration is being submitted in connection with the proposed employment and retention of Lazard Frères and Lazard Pty Limited ("LPL" and, together with Lazard Frères, "Lazard") as investment banker to the above-captioned debtors and debtors in possession (collectively, the "Debtors") to perform services as set forth in the Application of the Debtors and Debtors in Possession, Pursuant to Sections 327(a), 328(a) and 1107(b) of the

Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016 and Local Bankruptcy Rules 2014(A) and 2016-1, for an Order Authorizing the Debtors and Debtors in Possession to Retain and Employ Lazard Frères & Co., LLC and Lazard Pty Limited as Investment Banker, <u>Nunc</u> <u>Pro</u> <u>Tunc</u> to the Petition Date (the "<u>Application</u>").[1]  I submit this Declaration in compliance with sections 327, 328 and 1107(b) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") and to provide the disclosure required under Bankruptcy Rules 2014(a) and 2016 and Rule 2014(A) of the Local Rules of Bankruptcy Procedure for the United States Bankruptcy Court for the Eastern District of Missouri (the "<u>Local Bankruptcy Rules</u>").

       3.      Lazard Frères is the primary U.S. operating subsidiary of a preeminent international investment banking, financial advisory and asset management firm.  LPL is a wholly-owned subsidiary of Lazard Frères' parent company, Lazard Group LLC.  Together with its predecessors and affiliates, Lazard has been advising clients around the world for over 165 years.  Lazard and its professionals have considerable expertise and experience in providing investment banking and financial advisory services to financially distressed companies and to creditors, equity holders and other constituencies in reorganization proceedings and complex financial restructurings, both in and out of court.  In addition, Lazard's investment banking professionals have extensive experience in advising debtors in chapter 11 cases and have served as investment bankers to numerous debtors, chapter 11 trustees, creditors' committees and buyers in chapter 11 proceedings.  Since 1990, Lazard professionals have been involved in over 250 restructurings, representing over $1 trillion in debtor assets.

       4.      In connection with its proposed retention by the Debtors in these cases, Lazard undertook to determine whether Lazard had any conflicts or other relationships that

---

[1]      Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Application.

might cause it not to be disinterested or to hold or represent an interest adverse to the Debtors. Specifically, Lazard obtained from the Debtors and/or their representatives the names of individuals and entities that may be parties in interest in these chapter 11 cases (the "Potential Parties in Interest"), which parties are listed on Schedule 1 annexed hereto.

5.    Lazard has researched Lazard Frères' and LPL's electronic client files and records to determine its connections with the Potential Parties in Interest.  Pursuant to the Engagement Letter, Lazard may continue to provide services to affiliates of the Debtors.  To the extent that I have been able to ascertain that Lazard Frères or LPL has been retained within the last three years to represent any of the other Potential Parties in Interest (or their apparent affiliates or entities that we believe to be affiliates, as the case may be) in matters unrelated to these cases, such parties are listed on Schedule 2 annexed hereto.[2]  Lazard's representation of each entity listed on Schedule 2 (or its apparent affiliate or entity that we believe to be affiliated, as the case may be), however, was or is only on matters that are unrelated to the Debtors and these cases.  In addition, Lazard has represented the Debtor Peabody Energy Corporation ("PEC") with respect to restructuring matters pursuant to an engagement letter dated July 6, 2015.[3]  Other

---

[2]    Effective May 10, 2005, Lazard transferred its then existing alternative investments business (which included fund management and investment, but which did not include (and was prior to Lazard's acquisition of) Edgewater (as defined below)) and capital markets business (which included equity research, syndicate, sales and trading) to new privately-held companies, Lazard Alternative Investments LLC ("LAI") and FM Partners Holdings LLC (formerly Lazard Capital Markets LLC) ("FM"), respectively, which were and are neither owned nor controlled by Lazard.  LAI and FM were and are owned and operated by LMDC Holdings LLC (formerly LFCM Holdings LLC) ("LMDC"), which is owned in large part by former and current Lazard managing directors.  LMDC was and is separate from Lazard and its businesses.  From May 10, 2005 to August 14, 2014, Lazard and FM referred business to one another, and paid fees to one another, pursuant to a business alliance agreement that is no longer in effect.  To the extent that FM acted as underwriter in connection with offerings by Potential Parties in Interest in the last three years (and during the term of the business alliance agreement), such parties have been listed on Schedule 2.

[3]    The Engagement Letter amends and restates the prior agreement between Peabody and Lazard dated as of October 1, 2015 (the "October Engagement Letter").  The October Engagement Letter amended and restated the prior agreement between Peabody and Lazard dated as of September 1, 2015, which amended the prior agreement between Peabody and Lazard dated as of July 6, 2015.

than as listed on Schedule 2 or in this paragraph 5, I am unaware of any engagements of Lazard

by the Potential Parties in Interest within the last three years.

      6.    Given the size of the firm and the breadth of Lazard's client base, it is

possible that Lazard Frères or LPL may now or in the future be retained by one or more of the

Potential Parties in Interest in unrelated matters without my knowledge.  To the extent that

Lazard Frères or LPL discovers any, or enters into any new, material relationship with Potential

Parties in Interest, it will supplement this disclosure to the Court promptly.

      7.    In addition to the parties listed on Schedule 2, Lazard Frères and/or LPL

may also represent, or may have represented, affiliates of Potential Parties in Interest, and Lazard

Frères and/or LPL may have worked with, continue to work with and/or have mutual clients with,

certain accounting and law firms who appear on the Potential Parties in Interest list.  Lazard

Frères and/or LPL may also represent, or may have represented in the past, committees or groups

of lenders or creditors in connection with certain restructuring or refinancing engagements,

which committees or groups include, or included, entities that appear on the Potential Parties in

Interest list.

      8.    Although Lazard has researched the Potential Parties in Interest list, the

Debtors may have customers, creditors, competitors and other parties with whom they maintain

business relationships that are not included as Potential Parties-in-Interest and with whom Lazard

Frères and/or LPL may maintain business relationships.  Additionally, as noted above, Lazard

Frères and LPL are operating subsidiaries of an international investment banking, financial

advisory and asset management firm and thus have several legally separate and distinct affiliates.

Although it is possible that employees of certain affiliates may assist Lazard Frères and LPL in

connection with Lazard's engagement, as Lazard Frères and LPL are the only entities being

retained by the Debtors, we have researched only the electronic client files and records of Lazard Frères and LPL, not of all of its affiliates, to determine connections with any Potential Parties in Interest.

9.       Lazard Frères and LPL also have asset management affiliates, Lazard Asset Management LLC ("LAM") and Lazard Frères Gestion SAS ("LFG"), and an affiliate, Edgewater HoldCo LLC, that holds interests in the management companies for certain private funds (collectively, "Edgewater").  Although Lazard receives payments from LAM, LFG and Edgewater generated by their respective business operations, each of LAM, LFG and Edgewater is operated as a separate and distinct affiliate and is separated from the firm's other businesses.

10.       As part of their regular business operations, LAM and LFG may act as investment advisor for or trade securities (including in discretionary client accounts, and through the operation of hedge funds and mutual funds, in which cases investment decisions are made by LAM or LFG), including on behalf of creditors, equity holders or other parties in interest in these cases, and Lazard or its affiliates, managing directors and employees.  Some of these LAM or LFG accounts and funds may have held, may now hold or may in the future hold debt or equity securities of the Debtors or the Debtors' creditors, equity holders or other parties in interest in these cases, and LAM or LFG may have relationships with such parties.  Furthermore, some of the investment funds managed by Edgewater may have held, may now hold or may in the future hold debt or equity securities of the Debtors or the Debtors' creditors, equity holders or other parties in interest in these cases.  Additionally, the Debtors, creditors, equity holders or other parties in interest in these cases, and Lazard Frères, LPL or their respective affiliates, managing directors and employees, may be investors in investment funds that are managed by Edgewater. Lazard has in place compliance procedures to ensure that no confidential or nonpublic

information concerning the Debtors has been or will be available to employees of LAM, LFG or Edgewater.

11.     Other than as disclosed herein, Lazard has no relationship with the Debtors of which I am aware after due inquiry.

12.     Lazard charges its clients for reasonably incurred, out-of-pocket expenses associated with any assignment.  Except as necessary to comply with an applicable administrative order, all such expense billings are in accordance with the firm's customary practices.

13.     Based on the foregoing, I believe Lazard is disinterested as defined in section 101(14) of the Bankruptcy Code and does not hold or represent an interest materially adverse to the Debtors or their estates.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.


Dated: April 13, 2016
        Chicago, Illinois

/s/ Tyler W. Cowan
Tyler W. Cowan
Managing Director
Lazard Frères & Co., LLC

## **Schedule 1**

**Interested Parties**

**Interested Parties**

**Debtors and Debtors' Affiliates**

American Land Development, LLC
American Land Holdings of Colorado, LLC
American Land Holdings of Illinois, LLC
American Land Holdings of Indiana, LLC
American Land Holdings of Kentucky, LLC
American Land Holdings of New Mexico, LLC
American Land Holdings of West Virginia, LLC
Arid Operations Inc.
Big Ridge, Inc.
Big Sky Coal Company
Black Hills Mining Company, LLC
BTU Western Resources, Inc.
Caballo Grande, LLC
Caseyville Dock Company, LLC
Central States Coal Reserves of Illinois, LLC
Central States Coal Reserves of Indiana, LLC
Century Mineral Resources, Inc.
Coal Reserve Holding Limited Liability
        Company No. 1
COALSALES II, LLC
Colorado Yampa Coal Company, LLC
Conservancy Resources, LLC
Cottonwood Land Company
Cyprus Creek Land Company
Cyprus Creek Land Resources, LLC
Dyson Creek Coal Company, LLC
Dyson Creek Mining Company, LLC
El Segundo Coal Company, LLC
Empire Land Holdings, LLC
Falcon Coal Company, LLC
Four Star Holdings, LLC
Francisco Equipment Company, LLC
Francisco Land Holdings Company, LLC
Francisco Mining, LLC
Gallo Finance Company, LLC
Gold Fields Chile, LLC
Gold Fields Mining LLC
Gold Fields Ortiz, LLC
Hayden Gulch Terminal, LLC
Highwall Mining Services Company
Hillside Recreational Lands, LLC
HMC Mining, LLC
Illinois Land Holdings, LLC
Independence Material Handling, LLC
James River Coal Terminal, LLC
Juniper Coal Company, LLC
Kayenta Mobile Home Park, Inc.
Kentucky Syngas, LLC
Kentucky United Coal, LLC
Lively Grove Energy Partners, LLC

Lively Grove Energy, LLC
Marigold Electricity, LLC
Midco Supply and Equipment Corporation
Midwest Coal Acquisition Corporation
Midwest Coal Reserves of Illinois, LLC
Midwest Coal Reserves of Indiana, LLC
Midwest Coal Reserves of Kentucky, LLC
Moffat County Mining, LLC
Mustang Energy Company, LLC
New Mexico Coal Resources, LLC
NM Equipment Company, LLC
Pacific Export Resources, LLC
Peabody America, LLC
Peabody Archveyor, LLC
Peabody Arclar Mining, LLC
Peabody Asset Holdings, LLC
Peabody Bear Run Mining, LLC
Peabody Bear Run Services, LLC
Peabody Caballo Mining, LLC
Peabody Cardinal Gasification, LLC
Peabody China, LLC
Peabody Coalsales, LLC
Peabody COALTRADE International (CTI), LLC
Peabody COALTRADE, LLC
Peabody Colorado Operations, LLC
Peabody Colorado Services, LLC
Peabody Coulterville Mining, LLC
Peabody Development Company, LLC
Peabody Electricity, LLC
Peabody Employment Services, LLC
Peabody Energy Corporation
Peabody Energy Generation Holding Company
Peabody Energy Investments, Inc.
Peabody Energy Solutions, Inc.
Peabody Gateway North Mining, LLC
Peabody Gateway Services, LLC
Peabody Holding Company, LLC
Peabody Holdings (Gibraltar) Limited
Peabody IC Funding Corporation
Peabody IC Holdings, LLC
Peabody Illinois Services, LLC
Peabody Indiana Services, LLC
Peabody International Investments, Inc.
Peabody International Services, Inc.
Peabody Investments Corporation
Peabody Magnolia Grove Holdings, LLC
Peabody Midwest Management Services, LLC
Peabody Midwest Mining, LLC
Peabody Midwest Operations LLC
Peabody Midwest Services, LLC
Peabody Mongolia, LLC
Peabody Natural Gas, LLC

1

| | |
|---|---|
| Peabody Natural Resources Company | 9 East Shipping (Asia) Pte. Lt |
| Peabody New Mexico Services, LLC | 9 East Shipping Ltd. |
| Peabody Operations Holding, LLC | Bowen Basin Coal JV |
| Peabody Powder River Mining, LLC | BTU International BV |
| Peabody Powder River Operations, LLC | Burton Coal JV |
| Peabody Powder River Services, LLC | Capricorn JV |
| Peabody PowerTree Investments LLC | Carbones Del Guasare, S.A. |
| Peabody Recreational Lands, LLC | Carbones Peabody De Venezuela |
| Peabody Rocky Mountain Management Services, LLC | Cardinal Gasification Center, LLC |
| Peabody Rocky Mountain Services, LLC | CL Power Sales Eight, LLC |
| Peabody Sage Creek Mining, LLC | Complejo Siderurgico Del Lago, C.A. |
| Peabody School Creek Mining, LLC | Conexcel #1 Pty Ltd. |
| Peabody Services Holding, LLC | Coppabella and Moorvale JV |
| Peabody Southwest, LLC | Dalrymple Bay Coal Terminal Pty Ltd. |
| Peabody Southwestern Coal Company, LLC | Desarrollos Venshelf IV, C.A. |
| Peabody Terminal Holding Company LLC | Dominion Terminal Associates |
| Peabody Terminals, LLC | Econo-Power International Corporation |
| Peabody Trout Creek Reservoir LLC | Excel Equities International |
| Peabody Twentymile Mining, LLC | Excelven Pty Ltd. |
| Peabody Venezuela Coal Corporation | FutureGen Industrial Alliance, Inc. |
| Peabody Venture Fund, LLC | Global Center For Energy And Human Development, LLC |
| Peabody Western Coal Company | Gravimag LLC |
| Peabody Wild Boar Mining, LLC | Great Point Energy, Inc. |
| Peabody Wild Boar Services, LLC | Green Gen Company Limited (China) |
| Peabody Williams Fork Mining, LLC | Guaniamo Mining Corporation |
| Peabody Wyoming Gas, LLC | Half-Tide Marine Pty Ltd. |
| Peabody Wyoming Services, LLC | Helensburgh Coal Pty Ltd. |
| Peabody-Waterside Development, LLC | Hunter Valley Coal Chain Coordinator Limited |
| PEC Equipment Company, LLC | Integrated Logistics Company Pty Ltd. |
| PG Investments Six L.L.C. | Islands of Waterside Homebuilding, LLC |
| Point Pleasant Dock Company, LLC | Islands of Waterside, LLC |
| Pond River Land Company | LRCS Limited Partnership |
| Porcupine Production, LLC | Mega Uranium Ltd. |
| Porcupine Transportation, LLC | Metropolitan Collieries Pty L |
| Riverview Terminal Company | Middlemount Coal Pty Ltd. |
| Sage Creek Holdings, LLC | Middlemount Mine Management Pty Ltd. |
| Sage Creek Land & Reserves, LLC | Millenium Coal Pty Ltd. |
| School Creek Coal Resources, LLC | Monto Coal 2 Pty Ltd. |
| Seneca Coal Company, LLC | Monto Coal JV |
| Seneca Property, LLC | Moorvale West JV |
| Shoshone Coal Corporation | Mount Thorley Coal Loading Pty Ltd. |
| Southwest Coal Holdings, LLC | MUC Resources LLC |
| Star Lake Energy Company, LLC | NCIG Holdings Pty Ltd. |
| Sugar Camp Properties, LLC | Newcastle Coal Infrastructure Group Pty Ltd. |
| Thoroughbred Generating Company, LLC | Newcastle Coal Shippers Pty Ltd. |
| Thoroughbred Mining Company LLC | Newhall Funding Company |
| Twentymile Coal, LLC | North Goonyella Coal Mines Pty |
| Twentymile Equipment Company, LLC | North Goonyella Joint Venture |
| Twentymile Holdings, LLC | North Queensland Coal Terminal Pty. Ltd. |
| United Minerals Company, LLC | North Wambo Pty Ltd. |
| West Roundup Resources, LLC | Olive Downs South JV |
| Wild Boar Equipment Company, LLC | P&L Receivables Co., LLC |
| Wild Boar Land Holdings Company, LLC | Pbdy Budjero Pty Ltd |
| | Pbdy Energy Au PCI (C&M Equip) |
| **Non-Filing Companies and Affiliates** | Pbdy Energy Au PCI (C&M Mgmt) |

2

Pbdy Energy Au PCI Berrigurra
Pbdy Energy Au PCI Equip Pty L
Pbdy Energy Au PCI Exploration
Pbdy Energy Au PCI Mgmt Pty Lt
Pbdy Energy Au PCI Mine Mgmt P
Pbdy Energy Au PCI Rush Pty Lt
Pbdy Inv Dev Bus Svc Beijing
Pbdy Inv Dev Bus Svc Urumqi
Peabody (Bowen) Pty Ltd.
Peabody (Burton Coal) PTY LTD
Peabody (Kogan Creek) Pty Ltd.
Peabody (Wilkie Creek) Pty Ltd.
Peabody Acquisition Co. No. 2 Pty
Peabody Acquisition Co. No. 5 Pty
Peabody Acquisition Cooperatie
Peabody AMBV$_2$ BV
Peabody Australia Holdco Pty L
Peabody Australia Intermediate
Peabody Australia Mining Pty L
Peabody BB Interests Pty Ltd.
Peabody Bistrotel Pty Ltd.
Peabody Budjero Pty Ltd.
Peabody Capricorn Pty Ltd.
Peabody CHPP, LLC
Peabody Coal Venezuela Ltd.
Peabody COALSALES Australia Pty Ltd.
Peabody COALTRADE Asia Pvt Lt
Peabody COALTRADE AU
Peabody COALTRADE GmbH
Peabody Coaltrade India Pvt Lt
Peabody COALTRADE International, Ltd.
Peabody COALTRADE Pacific Pte
Peabody Coppabella Pty Ltd
Peabody Custom Mining Pty Ltd
Peabody Investment & Development Business Services
    Beijing Co (China)
Peabody Energy (Botswana) (Proprietary) Limited
Peabody Energy (Gibraltar) Ltd.
Peabody Energy Au PCI Pty Ltd
Peabody Energy Aust Coal
Peabody Energy Australia PCI Financing Pty Ltd.
Peabody Energy Australia PTY L
Peabody Energy Australia PCI Exploration Pty Ltd.
Peabody Energy Australia PCI Financing Pty Ltd.
Peabody Energy Finance Pty Ltd.
Peabody Global Services Pte. L
Peabody Gobi LLC
Peabody Investments Holland B.V.
Peabody Int'l. (Gibraltar) Ltd
Peabody Investments (Gibraltar)
Peabody MCC (Gibraltar) Ltd
Peabody MCC Holdco Pty
Peabody Mining (Gibraltar) Ltd
Peabody Mining Services (Indonesia)
Peabody Monto Pty Ltd
Peabody Moorvale Pty Ltd

Peabody Moorvale West Pty Ltd
Peabody Mozambique Limitada
Peabody Netherlands Holding BV
Peabody Olive Downs Pty Ltd
Peabody Pastoral Holdings PTY
Peabody West Burton Pty Ltd
Peabody West Rolleston Pty Ltd
Peabody West Walker Pty Ltd
Peabody-Winsway Resources BV
Peabody-Winsway Resources LLC
PEAMCoal Holdings Pty Ltd
PEAMCoal Pty Ltd
Port Kembla Coal Terminal Limited
PowerTree Carbon Company, LLC
Prairie State Energy Campus
PT Peabody COALTRADE Indonesia
PT Peabody Mining Services
Red Mountain JV
Ribfield Pty Ltd.
Seaham No. 4 Colliery Pty Ltd.
Sterling Centennial MO Ins Co
Survant Mining Company, LLC
Transportes Coal Sea de Venezuela, C.A.
Venshelf IV, C.A.
West Rolleston JV
West Walker JV
Wambo Coal Pty Ltd.
Wambo Coal Terminal PL
Wambo Open Cut Pty Ltd.
West/North Burton JV
WICET Holdings Pty Ltd.
Wilpinjong Coal Pty Ltd.
Wyoming Quality Healthcare Coalition, LLC

**Debtors' Directors, Officers and Management**

A. Verona Dorch
Alice Tharenos
Allen T. Capdeboscq
Amy B. Schwetz
Audry P. Rappleyea
Barbara E. Busby
Beth C. Sutton
Bradley E. Phillips
Brandon Risner
Brian R. Cropper
Bryan A. Galli
Bryce G. West
Charles F. Meintjes
Charles R. Otec
Charles R. Tilly
Chino Kim
Christina R. Lorents
Christopher S. Walker
Christopher W. Wittenauer
Creston P. Ragan

3

Daniel J. Applebaum
Darral G. Heaton
David A. James
David Richard Leslie Barham
Douglas D. Loucks
Donald S. Pearson
Drew W. Kimery
Emmanuel Jason Davis
Eric J. Baltz
Gary J. Wilhelm
Gary T. Kacich
Gene Koch
Glenn L. Kellow
Gregory P. Vandiver
H. E. Lentz
Heather A. Wilson
Jacob A. Williams
James Marchino
James A. Tichenor
Jason H. Pello
Jay Honse
Jeffrey A. Maher
John F. Turner
John R. Schwartze
John S. Yaeger
Joshua J. Price
Julie A. Nadolny
Kemal Williamson
Kendra Quick
Kurt A. Jones
Lina Young
Marc E. Hathhorn
Marc D. Stone
Mark Blom
Mark A. Scimio
Matthew A. Ubelhor
Matthew J. Pedersen-Howard
Michael J. Flannigan
Michael J. Jasutis
Michael Siebers
Michael Sutherlin
Michelle Mitchell-Bromfman
Mitchell W. Knapton
Patrick J. Forkin
Patrick K. Sollars
Paul M. Wagner
Peggy A. Scott
Philip C. Dinsmoor
Priscilla E. Duncan
Randolph S. Lehn
Raymond V. Shepherd
Robert A. Malone
Robert B. Karn, III
Robert F. Bruer
Sandra A. Van Trease
Scott J. Mayer

Scott L. Croger
Scott N. Durgin
Scott T. Jarboe
Scott Harrell
Thomas W. Dietrich
Victor P. Svec
Walter L. Hawkins, Jr.
William A. Coley
William C. Rusnack
William E. James
William R. Hall

**Major Equity Holders**

Arthur J. Gallagher & Co.
Blackrock, Inc.
Kopernik Global Investors
Morgan Stanley
The Vanguard Group

**Debtors' Professionals**

Ernst & Young
FTI Consulting, Inc.
Jones Day
Kekst
Kurtzman Carson Consultants
Lazard Frères & Company
Abacus Financial Services LTD
Babst, Calland, Clements & Zomnir
Baker & Mckenzie LLP
Bamberger Foreman Oswald & Hahn
Beveridge & Diamond, PC
BKD LLP
Blooston, Mordkofsky, Dickens, Duffy & Prendergast,
   LLP
Bona Lex LLC
Brownstein Hyatt & Farber, P.C.
Crowell Moring
Dechert LLP
Dowd Bennett LLP
Evans & Dixon, LLC
Eversheds LLP
Greensfelder, Hemker & Gale
Gordon & Gordon, P.S.C.
H&K Law, LLC
Heussen
Hogan Lovells US LLP
Holland & Hart
Hunton & Williams
Ice Miller
Jackson Kelly PLLC
John R. Cline, PLLC
Keefe And Depauli, PC
King & Spalding LLP
Koenman & Koenman

4

KPMG LLP
Lighthouse Legal Consulting, LLC
Lundmark Baberish Lamont & Slavin, P.C.
Manatt, Phelps & Phillips
Masey & Gail, LLP
Mcanany Van Cleave & Phillips, P.C.
Mcguire Woods LLP
Miller & Chevalier
Montgomery Amatuzio Dusbabek Chase
Ogletree Deakins
Park International
Pricewaterhouse Coopers
Ritesma & Lyon PC
Senniger Powers
Shook, Hardy & Bacon LLP
Snell & Wilmer
Terrance Gileo Faye
Thompson Coburn LLP
Troutman Sanders LLP
Uhy LLP
Vranesh And Raisch, LLP
Wachtell, Lipton, Rosen & Katz
Wilmer Hale, LLP

**Parties in Significant Litigation With the Debtors**

Lori J. Lynn
Sunrise Energy, LLC
Pioneer Oil Company, Inc
Wildearth Guardians
Sally Jewell – US Secretary of Interior
Ned Farquhar – Deputy Assistant Secretary
    for Land and Minerals Management
Powder River Basin Resource Council
U.S. Office of Surface Mining and Reclamation
Western Organization of Resource Councils
Queensland Bulk Handling Pty Ltd.

**Landlords**

Bureau of Indian Affairs
David & Linda Yager
Indiana Coal LLC
James F Rourke Investment Company
Jerry And Luann Elkins
Jerry J Dilts
John Yager
Justin Potter Grandchildren's Trust
Linda K. Rourke Trust
Navajo Nation
New Mexico Commissioner of Public Lands
Office of Natural Resources Revenue
Office of State Lands And Investments
Old National Wealth Management
Paul D. Rourke Living Trust
Reserve Coal Properties Company

State Board Of Land Commissioner
Steven Dilts Family
Talmar, LLC
Templeton Mineral Lands, LLC
Two Rivers Ranch Ltd Partnership
WPP LLC

**Major Customers**

Ameren Missouri
Arizona Public Service Company
Associated Electric Cooperative, Inc.
Duke Energy Indiana, Inc.
Dynegy Coal Trading & Transport.
Dynegy Commercial Asset Management, LLC
Hoosier Energy Rural Electric Cooperative
Indiana Michigan Power Company
Indianapolis Power & Light Company
LG&E and KU Services Company
MidAmerican Energy Company
Midwest Generation, LLC
Northern Indiana Public Service Commission
NRG Power Marketing, LLC
Oklahoma Gas and Electric Company
Omaha Public Power District
Public Service Company of Colorado
Public Service Company of Oklahoma
Salt River Project
Southwestern Electric Power Company
Tennessee Valley Authority
TUCO, Inc.
Tucson Electric Power Company
Western Fuels Association, Inc.
Wisconsin Electric Power Company

**Indenture/Administrative Trustees**

Citibank, N.A.
U.S. Bank, National Association

**Major Equipment Lessors**

Bank of America Leasing
Citizens Asset Finance, Inc.
Fifth Third Leasing Company
General Electric Capital Corporation
Huntington National Bank
Macquarie Equipment Capital, Inc.
NXT Capital LLC
PNC Equipment Finance
Siemens Financial Services
Sovereign Bank
SunTrust Equipment Finance & Leasing
U.S. Bancorp Equipment Finance
Wells Fargo Bank Equipment Finance
Wells Fargo Bank Northwest, N.A.

**Parties to Significant Executory**
**Contracts with the Debtors**

Bridgestone Americas, Inc.
Custom Staffing Services
Dennis M. McCoy & Sons, Inc.
Dyno Nobel, Inc.
Flanders Electric Motor Service
Fricke Management & Contracting, Inc.
HollyFrontier Refining & Marketing
Interstate Power Systems, Inc.
Joy Global Surface Mining, Inc.
Joy Global Underground Mining, LLC
Komatsu Equipment Company
Liebherr Mining Equipment Company
Macallister Machinery Co., Inc.
Marathon Petroleum Company
Michelin North America, Inc.
Nalco Company
Nelson Brothers, LLC
Orica Ground Support, Inc.
Phillips 66 Company
Pittman Mine Services, LLC
Union Wire Rope
Veyance Technologies, Inc.
Wagner Equipment Company
Wesco
Western Refining Wholesale, Inc.
Whayne Supply Company
Yampa Valley Electric Association, Inc.

**Insurers/Insurance Brokers**

**Brokers:**
AON Insurance Managers, Inc.
AON Risk Services Central, Inc.
Arthur J. Gallagher & Co.
Lexington Insurance Company
Lockton Companies, LLC
Marsh USA, Inc.
Willis of Tennessee

**Insurers:**
ACE American Insurance Company
ACE European Group, Ltd.
ACE Group – Jaya Proteski
ACE Insurance Limited
AIG
AIG Property Casualty Insurance Agency, Inc.
AIG Specialty Insurance Company
Allied World National Assurance Company Ltd.
AON Bermuda Insurance, Ltd.
AON UK, Ltd.
Apollo Liability Consortium
Arch Insurance Company

Arch Specialty Insurance Company
Aspen Insurance UK Limited
AXIS Insurance Company
Berkshire Hathaway Specialty Insurance
C.N.A.
China Pacific Property Insurance Company
Endurance American Insurance Company
Freedom Specialty Insurance Company
Great American Insurance Companies
Huatai Property and Casualty Insurance Co., Ltd.
Iron Shore Indemnity Inc.
Ironshore Europe Limited
Liberty Mutual Insurance Europe Limited
National Union Fire Insurance Company of Pittsburgh
Navigators Insurance Company
Old Republic Insurance Company
Prosight Specialty Insurance
SCOR Channel Limited
SCOR UK Company Limited
Starr Insurance &Reinsurance Limited
Starr Surplus Lines Insurance Company
Sterling Centennial Missouri Insurance Corporation
Tenger Insurance LLC
The Hartford
U.S. Specialty Insurance Company
UK Defence Club
UK P&I Club
United States Aviation Underwriters, Inc.
Water Quality Insurance Syndicate
XL Catlin & Novae
XL Insurance Company SE
XL Specialty Insurance Company
Zurich American Insurance Company
Zurich Australian Insurance Limited
Zurich Insurance Plc

**Premium Financing Companies**

AFCO Credit Corporation
Bank Direct Capital Finance

**Principal Trade Vendors**

Arnold Machinery Company
Beneflex HR Resources, Inc.
Blue Cross Blue Shield
Brake Supply Company, Inc.
Caremark
Dominion Terminal Associates
Elkland Mining LLC
Empire Southwest AZ, LLC
Fairmont Supply Company
Harrington Benefit Services, Inc.
Prairie State Generating Company
Rudd Equipment Corporation
Silver Script Insurance Company

6

The Vanguard Group
United Central Industrial Supply
United Minerals Company, LLC
Wyoming Machinery Company

**Major Utilities**

Ameren IP
American Fiber Comm, LLC
Arizona Public Service
AT&T
AT&T Teleconference Services
AT&T U-Verse (SM)
C.M., Inc.
CenturyLink
City Of Flagstaff
City Of Gillette
Cogent Communications, Inc.
Comcast
Continental Divide Electric
Daviess-Martin Remc
Duke Energy Corporation
Egyptian Electric Cooperative
Ellis Water Company, Inc.
Ferrellgas, Inc.
First Energy Solutions Corp
Francisco Water Dept.
Franklin Salvage
Frontier
Globalstar USA
Globe Wireless
Granite Telecommunications
Hostirian
Kentucky Utilities Co
Knox County Water, Inc.
M2M Wireless
Masergy Communications Inc.
Mitel Technologies, Inc.
Navajo Tribal Utility Authority
New Mexico Gas Company
Pike-Gibson Water, Inc.
Pleasantville Water Company Inc.
PNM Gas Services
Powder River Energy Corporation
Ridge Farm Water Works
Rocky Mountain Power
Saline Valley Conservancy District
Shawnee Communications
Smithville Communications, Inc.
Sourcegas, LLC
Southeastern Illinois Electric
Unisource Energy Services
Vectren Energy Delivery
Verizon
Village Of Coulterville
Washington Municipal Public

Win Energy
Yampa Valley Electric Assn., Inc.

**Accounts Receivable Securitzation Facility
Purchasers**

PNC Bank, National Association

**Union**

United Mine Workers of America

**Environmental Regulatory Agencies and
Reclamation Bonding Entities**

Arizona Department of Homeland Security
Arizona Department of Weights and Measures
Bureau of Indian Affairs
City of Evansville Environment Protection Agency
Colorado Department of Agriculture
Colorado Department of Natural Resources, Division of
    Reclamation and Mining
Colorado Department of Public Health & Environment
Colorado Department of Public Health & Environment,
    Air Pollution Control Division
Colorado Department of Public Health & Environment,
    Hazardous Materials and Waste Management
    Division
Colorado Department of Public Health & Environment,
    Water Quality Control Division
Colorado, Division of Reclamation Mining and Safety
Egyptian Health Department
Federal Communications Commission
Gibson County Health Department
Illinois Department of Natural Resources, Explosives
    Division
Illinois Department of Transportation
Illinois Emergency Management Agency
Illinois Environmental Protection Agency
Indiana Department of Homeland Security
Indiana Department of Environmental Management
Indiana Department of Natural Resources
Indiana Department of Transportation
Indiana State Department of Health
Kentucky Department for Natural Resources
Knox County Area Planning Commission
Mine Safety & Health Administration
Montana Department of Environmental Quality
National Weather Service Employees Organization
Navajo Nation Environmental Protection Agency
New Mexico - Mining and Minerals Division
New Mexico Environment Department
New Mexico Office of the State Engineer
State of Illinois Department of Natural Resources
State of Indiana Department of Natural Resources

7

United States Department of Agriculture - Forest
    Service
United States Army Corps of Engineers
United States Department of the Interior, Office of
    Surface Mining
United States Department of Justice, Bureau of
    Tobacco and Firearms
United States Department of Labor, Mine Safety and
    Health Administration
United States Environmental Protection Agency
United States Federal Communications Commission,
    Wireless Telecommunications Bureau
United States Fish and Wildlife Service
United States Forest Service
United States Nuclear Regulatory Commission
Warrick County Area Board of Zoning Appeals
Warrick County Building Commission
Warrick County Health Department
Wyoming Department of Environmental Quality
    (Air Land and Water Quality Division)

**Other Governmental Entities**

Internal Revenue Service
Pension Benefit Guaranty Corporation
United States Attorney's Office for the Eastern District
    of Missouri
United States Department of Labor
United States Department of the Interior

**Secured Lenders**

3i Debt Management US, LLC
Aegon USA Investment Management, LLC
AllianceBernstein, L.P.
Allstate Investment Management Company
American Capital Asset Management, LLC
American Century Investment Management, Inc.
American Money Management Corporation
Apex Credit Partners, LLC
Ares Management, LLC
Aurelius Capital Management, L.P.
Australia and New Zealand Banking Group, Ltd.
Avenue Capital Management II, L.P.
Babson Capital Management, LLC
Bank of America Merrill Lynch Proprietary Trading
Bank of America, National Association
Barclays Bank Plc
Barclays Capital, Inc.
Bennett Management Corporation
BlackRock Advisors, LLC
BNP Paribas Asset Management, Inc.
Branch Banking And Trust Company
Brevan Howard U.S. Investment Management, L.P.
Capital Research & Management Company
Caterpillar Financial Services

Chartwell Investment Partners, Inc.
Citigroup Global Markets, Inc.
Comerica Bank
Compass Bank
Cortland Capital Market Services, LLC
Crédit Agricole Corporate and Investment Bank
Crédit Industriel et Commercial
Credit Suisse AG
Credit Value Partners, L.P.
Deutsche Bank AG
Deutsche Bank Securities, Inc.
DuPont Capital Management Corporation
DW Partners, L.P.
ED&F Man Capital Markets, Inc.
Elliott Management Corporation
Euroclear Bank
Fidelity Management & Research Company
Fifth Third Bank
First Eagle Investment Management, LLC
FOC Partners
Franklin Advisers, Inc.
Glendon Capital Management, L.P.
GoldenTree Asset Management, L.P.
Goldman Sachs
Goldman Sachs Asset Management, L.P.
Highland Capital Management
HillMark Capital Management, L.P.
HSBC Bank USA, National Association
III Capital Management
Industrial and Commercial Bank of China Limited
ING Financial Markets, LLC
Intermediate Capital Group, Inc.
JP Morgan
JP Morgan Chase Bank
JP Morgan Chase Bank/Correspondence Clearing
    Services
JP Morgan Investment Management, Inc.
JP Morgan Whitefriars, Inc.
JMMB Securities, Ltd.
Kames Capital Plc
KDP Asset Management, Inc.
Kingsland Capital Management, LLC
Linden Advisors, L.P.
Loews Corporation
Logan Circle Partners, L.P.
Loomis Sayles & Company, L.P.
MacKay Shields, LLC
Macquarie Bank Limited
Mangrove Partners
Marathon Asset Management, L.P.
MJX Asset Management, LLC
Morgan Stanley Bank, N.A.
MUFG Union Bank, National Association
National Australia Bank Limited
Neuberger Berman Fixed Income, LLC
New York Life Investment Management, LLC

8

NewMark Capital
Nomura Corporate Research and Asset Management, Inc.
NYL Investors, LLC
Oak Hill Advisors, L.P.
Oaktree Capital Management, L.P.
Octagon Credit Investors, LLC
OppenheimerFunds, Inc.
Ostra Capital Management LLC
Oversea-Chinese Banking Corporation
Pacific Life Fund Advisors, LLC
Palmer Square Capital Management, LLC
Pine River Capital Management, L.P.
PineBridge Investments, LLC
Pinnacle Capital, Ltd.
PNC Bank, N.A.
PPM America, Inc.
Providence Equity Partners, Inc.
Prudential Investment Management
RBC Capital Markets, LLC
RBS Securities, Inc.
Regiment Capital Advisors
Robeco Institutional Asset Management B.V.
S. Goldman Asset Management
Seix Investment Advisors, LLC
Silvermine Capital Management, LLC
Societe Generale
Soros Fund Management, LLC
South Dakota Investment Council
Standard Chartered Bank
State Street Global Advisors
Swiss Life Asset Management AG
Taconic Capital Advisors, L.P.
TCW Investment Management Company
TD Asset Management, Inc.
TIAA-CREF Investment Management
TPG Capital
TPH Asset Management, LLC
U.S. Bank National Association
UBS AG
Voya Investment Management, LLC
W.R. Huff Asset Management Co, LLC
Wellington Management Company, LLP
Wells Fargo Bank, N.A.
Westpac Banking Corporation
Whitebox Advisors, LLC
Wolverine Asset Management, LLC
Zais Group, LLC

**Unsecured Lenders**

Aegon USA Investment Management, LLC
Akanthos Capital Management, LLC
AllianceBernstein, L.P.
Alta Capital Management, LLC
American Century Investment Management, Inc.

American National Registered Investment Advisor, Inc.
APG Asset Management US, Inc.
Archer Investment Corporation
Ares Management, LLC
Aurelius Capital Management, L.P.
B. Riley & Co., LLC
Babson Capital Management, LLC
Baker Ellis Asset Management, LLC
Balboa Securities Corporation
Banco de Sabadell, S.A.
Bank Hapoalim, Ltd.
Bank Leumi USA
Bank of America Merrill Lynch Proprietary Trading
Bank of Springfield
Barclays Capital, Inc.
Bennett Management Corporation
BH Asset Management, LLC
BlackRock Advisors, LLC
Brownstone Investment Group, LLC
Broyhill Asset Management, LLC
Buckley Muething Capital Management Company
Capital Research & Management Company
Capstone Asset Management Company
Carret Asset Management, LLC
Caspian Capital, L.P.
Chartwell Investment Partners, Inc.
CI Investments, Inc.
Cincinnati Asset Management, Inc.
Citadel Advisors, LLC
Citadel Securities, LLC
Citigroup Global Markets, Inc.
Columbia Management Investment Advisers, LLC
Conning Asset Management
Cornèr Banca, S.A.
Credit Agricole Securities, Inc.
Credit Suisse AG
Credit Suisse Securities, LLC
CRT Capital Group, LLC
CSS, LLC
DDJ Capital Management, LLC
Deutsche Bank Securities, Inc.
Eastern Bank
ED&F Man Capital Markets, Inc.
Elliott Management Corporation
Ellis Lake Capital, LLC
Euroclear Bank
Federal Life Insurance Company
Federated Investors, Inc.
Ferox Capital, LLP
Fidelity Management & Research Company
Franklin Advisers, Inc.
Garrison Financial Corporation
Geneva Advisors, LLC
Goldman Sachs Asset Management, L.P.
Guggenheim Funds Investment Advisors, LLC
Guggenheim Securities, LLC

9

GW&K Investment Management, LLC
Hallmark Capital Management, Inc.
Hartford Investment Management Company
Haverford Trust Company
HighTower Advisors, LLC
Horizon Asset Management, Inc.
Huntleigh Securities Corporation
Invesco Advisers, Inc.
J.A. Glynn & Company
J.P. Morgan Chase Bank/Correspondence Clearing
    Services
J.P. Morgan Investment Management, Inc.
J.P. Morgan Securities, LLC
Jefferies, LLC
Kayne Anderson Capital Advisors, L.P.
KSBM Asset Management Limited
Leader Capital Corporation
Leumi Private Bank AG
MacKay Shields, LLC
Mangrove Partners
Marathon Asset Management, L.P.
Mason Street Advisors, LLC
Mesirow Financial, Inc.
MetLife Investment Advisors Company, LLC
Metropolitan West Asset Management, LLC
Millennium Advisors, LLC
Morgan Stanley & Company, LLC
Morgan Stanley Investment Management, Inc.
Morgan Stanley Wealth Management
Muzinich & Company, Inc.
Neuberger Berman Fixed Income, LLC
New Century Advisors, LLC
New Mexico Educational Retirement Board
New York Life Investment Management, LLC
Nine Masts Capital, Ltd.
NISA Investment Advisors, LLC
NNIP Advisors B.V.
Nomura Corporate Research and Asset
    Management, Inc.
Nuveen Asset Management, LLC
Oaktree Capital Management, L.P.
Odeon Capital Group, LLC
OppenheimerFunds, Inc.
Orleans Capital Management Corporation
Ostra Capital Management, LLC
P&S Credit Management, L.P.
Pacific Heights Asset Management, LLC
Pacific Life Fund Advisors, LLC
Palmer Square Capital Management, LLC
Paloma Partners Management Company
Payden & Rygel
Pershing Advisor Solutions, LLC
PIMCO - Pacific Investment Management Company
Pine River Capital Management, L.P.
PineBridge Investments, LLC
PNC Capital Advisors, LLC

Prairie Fire Capital LLC
Private Management Group, Inc.
ProFund Advisors, LLC
Proven Wealth, Ltd.
Provident Investment Management, LLC
Prudential Investment Management, Inc.
RBC Capital Markets, LLC
Robert W. Baird & Company, Inc.
Ryan Labs, Inc.
S. Goldman Asset Management, LLC
Saturna Capital Corporation
Scotia DBG Investments, Ltd
Serengeti Asset Management, L.P.
SG Americas Securities, LLC
Sheffield Investment Management, Inc.
South Dakota Investment Council
State Street Global Advisors
Stoever, Glass & Company, Inc.
Strategic Investment Partners, LLC
Summit Asset Management, LLC
Swiss Life Asset Management AG
Taconic Capital Advisors, L.P.
TCW Investment Management Company
TD Asset Management, Inc.
TIAA-CREF Investment Management
Trondheim Capital LLC
UBS Securities, LLC
USAA Asset Management Company
Van Eck Associates Corporation
W.R. Huff Asset Management Co., LLC
Wellington Management Company, LLP
Wells Fargo Bank, N.A.
Wells Fargo Financial Services, Inc.
Wells Fargo Securities, LLC
Wexford Capital, L.P.
Wolverine Asset Management, LLC

**United States Bankruptcy Judges for the Eastern
District of Missouri**

Judge Barry S. Schermer
Judge Charles E Rendlen, III
Chief Judge Kathy Surratt-States

**Publicly-Available Attorneys and Staff for the
United States Trustee's Office for the Eastern
District of Missouri**

Barbara J. Dorsey
Chicquita Greene
Cynthia E. Moore
Eva Kinzel
Karen R. Wilson-Smith
Kathy Lickenbrock
Leonora S. Long
Margaret E. Slaughter

Martha M. Dahm
Paul Randolph
Sandra Herling

**List of Known Professionals for
Secured / Unsecured Lenders**

Centerview Partners LLC
Davis Polk & Wardwell LLP
Ducera Partners LLC
Houlihan Lokey, Inc.
Kirkland & Ellis LLP
Kramer Levin Naftalis & Frankel LLP
O'Melveny & Myers LLP
Pachulski Stang Ziehl & Jones LLP
Zolfo Cooper, LLC

## <u>Schedule 2</u>

**Disclosure of Relationships with Interested Parties**

**<u>Schedule 2</u>**

AIG

AIG Property Casualty Ins. Agency Inc.

AIG Specialty Ins. Co.

Ares Management, LLC

AT&T

AT&T Teleconference Services

AT&T U-Verse (SM)

Avenue Capital Group

Avenue Capital Management II, L.P.

Bank of America Leasing

Bank of America Merrill Lynch Proprietary Trading

Bank of America, National Association

Barclays Bank PLC

Barclays Capital, Inc.

Berkshire Hathaway Specialty Insurance

BNP Paribas

BNP Paribas Asset Management, Inc.

Dynegy Coal Trading & Transport.

Dynegy Commercial Asset Management, LLC

Frontier

General Electric Capital Corp.

ING Financial Markets, LLC

J.P. Morgan

J.P. Morgan Investment Management, Inc.

J.P. Morgan Securities, LLC

J.P. Morgan Whitefriars, Inc.

JMMB Securities, LTD

JPMorgan Chase Bank/Correspondence Clearing Services

Macquarie Bank Limited

Macquarie Equipment Capital, Inc.

MidAmerican Energy Company

Midwest Generation, LLC

Nuveen Asset Management

Oak Hill Advisors, L.P.

Oaktree Capital Management LLC

Orica Ground Support Inc.

Rocky Mountain Power

Siemens Financial Services

State Street Global Advisors

Tennessee Valley Authority

TIAA-CREF Investment Management

TPG Capital

Tucson Electric Power Company

Unisource Energy Services

United States Aviation Underwriters Inc.

Vectren Energy Delivery

Lazard has also been engaged by a certain entity on Schedule 1 that, due to confidentiality obligations, Lazard is unable to disclose.  Lazard does not believe that this entity is a significant creditor of the Debtors, and Lazard's representation of the entity was only on matters that are unrelated to the Debtors and these cases.