## UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

In re:

Peabody Energy Corporation, et al.,

Debtors.[1]

Case No. 16-42529
CHAPTER 11

(Joint Administration Requested)

Hearing Date and Time:
TBD

Hearing Location:
TBD

## MOTION OF THE DEBTORS AND DEBTORS IN POSSESSION FOR ENTRY OF AN ORDER ESTABLISHING CERTAIN NOTICE, CASE MANAGEMENT AND ADMINISTRATIVE PROCEDURES

Peabody Energy Corporation ("PEC") and certain of its direct and indirect subsidiaries, as debtors and debtors in possession (collectively, the "Debtors"), hereby move this Court, pursuant to sections 102(1) and 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rules 1015(c), 2002 and 9007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and consistent with the Local Rules of the United States District Court for the Eastern District of Missouri (the "Local Bankruptcy Rules") and the Procedures Manual accompanying the Local Bankruptcy Rules (the "Procedures Manual"), for entry of an order (a) approving and implementing notice, case management and administrative procedures (collectively, the "Case Management Procedures")[2] and (b) granting such other relief as is just and proper, and in support thereof, respectfully represent as follows:[3]

---

[1] The Debtors and their employer identification numbers are listed on Schedule 1 attached hereto. The addresses for each of the Debtors are set forth in the Debtors' chapter 11 petitions.

[2] A copy of the Case Management Procedure are attached to this Motion as Exhibit A.

[3] A copy of the proposed order will be made available on the Debtors' case website at http://www.kccllc.net/peabody.

## Jurisdiction and Venue

1.      This Court has subject matter jurisdiction to consider this matter pursuant to

28 U.S.C. §§ 157 and 1334 and Rule 81-9.01(B)(1) of the Local Rules of the United States

District Court for the Eastern District of Missouri.  This is a core proceeding pursuant to

28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

2.      On April 13, 2016 (the "Petition Date"), the Debtors commenced their

reorganization cases by filing voluntary petitions for relief under the Bankruptcy Code.  The

Debtors are authorized to continue to operate their businesses and manage their properties as

debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.      Debtor PEC is a Delaware corporation headquartered in St. Louis, Missouri.  PEC

was incorporated in 1998 and became a public company in 2001.  Each of the other Debtors is a

wholly-owned direct or indirect subsidiary of PEC.

4.      PEC is the world's largest private-sector coal company (by volume), with 26

active coal mining operations located in the United States and Australia.  The Debtors' domestic

mines produce and sell thermal coal, which is primarily purchased by electricity generators.

PEC's Australian operations mine both thermal and metallurgical coal, a majority of which is

exported to international customers.  As of December 31, 2015, Debtor PEC and its subsidiaries'

property holdings include 6.3 billion tons of proven and probable coal reserves and

approximately 500,000 acres of surface property through ownership and lease agreements.  In

the United States alone, as of December 31, 2015, the Debtors held an estimated 5.5 billion tons

of proven and probable coal reserves, and the Debtors generated sales of approximately 180

million tons of coal.  In addition to its mining operations, the Debtors market and broker coal

from other coal producers across the United States, Australia, Europe and Asia.

5.      The Debtors operate in a competitive and highly regulated industry that has experienced strong headwinds and precipitously declining demand and pricing in recent years due to the rise of low priced alternative energy sources – including an abundance of natural gas. Combined with these factors, slowing global economic growth drove a wide range of goods prices lower in 2015 and resulted in the largest broad market decline since 1991.  Indeed, demand from electric utilities in the United States alone declined approximately 110 million tons in 2015.  These market conditions, in connection with lower realized pricing in the United States and Australia, resulted in a 21.0 million ton decline in the Debtors' and their non-debtor subsidiaries' coal sales during 2015.  As a result of these challenges, several large United States coal companies have filed for chapter 11 protection in recent years.

6.      A comprehensive description of the Debtors' businesses and operations, capital structure and the events leading to the commencement of these chapter 11 cases can be found in the Declaration of Amy Schwetz, Executive Vice President and Chief Financial Officer of Debtor PEC, in Support of First Day Motions of Debtors and Debtors in Possession (the "First Day Declaration"), which was filed contemporaneously herewith and is incorporated herein by reference.

**Case Management Procedures**

7.      The Debtors request that to the extent the Case Management Procedures conflict with either the Bankruptcy Rules or the Local Bankruptcy Rules, the Case Management Procedures govern and supersede such rules for these chapter 11 cases.

8.      As set forth more in Exhibit A to Motion, the Case Management Procedures, among other things: (a) establish requirements for filing and serving notices, motions, applications, declarations, objections, replies, responses, memoranda, briefs, supporting documents and other requests for relief filed in these chapter 11 cases (collectively, the "Court

Filings"); (b) delineate standards for notices of hearings and agenda letters; (c) fix periodic omnibus hearing dates and articulate mandatory guidelines for the scheduling of hearings and objection deadlines; and (d) limit matters that are required to be heard by the Court.

9.     The Debtors believe that the Case Management Procedures will facilitate service of Court Filings in a manner that will be less burdensome and costly than serving such pleadings on every potentially interested party.  These procedures will maximize the efficiency and orderly administration of these chapter 11 cases, while at the same time ensuring that appropriate notice is provided, particularly to parties who have expressed an interest in these chapter 11 cases and those directly affected by a request for relief.  In particular, the Case Management Procedures are intended to:

(a)     reduce the need for emergency hearings and requests for expedited relief;

(b)     provide for omnibus hearings for the Court to consider motions, pleadings, applications and objections (and responses thereto);

(c)     foster consensual resolution of important matters;

(d)     assure prompt receipt of court fillings affecting parties' interests;

(e)     allow for electronic notice in accordance with the Court's electronic filing system;

(f)     provide ample opportunity for parties in interest to prepare for and respond to matters before this Court;

(g)     reduce the substantial administrative and financial burden that would otherwise be placed on the Debtors and other parties in interest who file documents in these chapter 11 cases; and

(h)     reduce the administrative burdens on the Court and the office of the Clerk of the Court of the United States Bankruptcy Court for the Eastern District of Missouri (the "Clerk of the Court").

10.     To ensure that parties in interest in these chapter 11 cases are made aware of the Case Management Procedures, the Debtors propose to: (a) serve the Case Management Procedures on the Master Service List (as defined in the Case Management Procedures); publish

the Case Management Procedures on the Debtors' restructuring website at

http://www.kccllc.net/peabody (the "Case Website"); and (c) make the Case Management

Procedures readily available on request to the Debtors' proposed claims and noticing agent,

Kurtzman Carson Consultants, LLC (the "Claims and Noticing Agent").  If the Case

Management Procedures are modified during these chapter 11 cases, the Debtors will ensure

updated versions of the Case Management Procedures are available on the Case Website and will

file notice of the same electronically on the docket and serve such updated procedures in

accordance with the then current Case Management Procedures.

### Argument

11.     The Bankruptcy Code, the Bankruptcy Rules and the Local Bankruptcy Rules

provide the Court with authority to approve notice, case management and administrative

procedures.  Specifically, Bankruptcy Rule 1015(c) provides that "[w]hen an order for

consolidation or joint administration of a joint case or two or more cases is entered pursuant to

this rule, … the court may enter orders as may tend to avoid unnecessary costs and delay."

Fed. R. Bankr. P. 1015(c).  Contemporaneously with the filing of this Motion, the Debtors have

filed a motion requesting joint administration of their chapter 11 cases.  Accordingly, an

administrative order to establish certain case management procedures is warranted in the

Debtors' cases pursuant to Bankruptcy Rule 1015(c).

12.     The Bankruptcy Rules further provide that "[t]he court may from time to time

enter orders designating the matters in respect to which, the entity to whom, and the form and

manner in which notices shall be sent except as otherwise provided by these rules."

Fed R. Bankr. P. 2002(m); see also Fed. R. Bankr. P. 9007 ("When notice is to be given under

these rules, the court shall designate, if not otherwise specified herein, the time within which, the

entities to whom, and the form and manner in which the notice shall be given.").

13.     Section 105(a) of the Bankruptcy Code provides that bankruptcy courts "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]."  11 U.S.C. § 105(a).  This section thus grants bankruptcy courts broad authority and discretion to enforce the provisions of the Bankruptcy Code either under specific statutes or under equitable common law principles.  Accordingly, an administrative order to establish certain case management procedures is warranted in the Debtors' cases pursuant to section 105(a) of the Bankruptcy Code.  In addition, Bankruptcy Rule 9036 authorizes parties in interest to request that "all or part of the information required to be contained in the notice be sent by a specified type of electronic transmission." Fed. R. Bankr. P. 9036.

14.     Moreover, section 102(1) of the Bankruptcy Code provides that, where the Bankruptcy Code provides for an action to occur "after notice and a hearing," such action may occur "after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances."  11 U.S.C. § 102(1)(A). Therefore, the Debtors submit that omnibus hearings and electronic notice, whenever possible, should be permitted to alleviate the burden on the Debtors, the Court, the Clerk of the Court and other parties in interest.

15.     Further, pursuant to Local Bankruptcy Rule 5005(B), "registration to file electronically constitutes the participant's consent to receive notice and service by electronic means and is a written waiver of service by other means (e.g., first class mail). . . . [and] notice through the Court's CM/ECF system constitutes service of the documents referenced in the Notice of Electronic Filing."  L.R. 5005(B).  Hence, any party submitting a document pursuant to the Court's electronic filing system has already waived conventional service and will not be

prejudiced by electronic notice.  If a party does not have access to email, then such party may

seek an exemption from electronic service pursuant to the Case Management Order to receive

paper copies of any documents.  Therefore, no party will be affected adversely by the proposed

electronic service set forth herein.

16.     Due to the substantial number of parties in interest expected to be involved in

these chapter 11 cases and the anticipated number of motions and other pleadings that will be

filed in these chapter 11 cases, the Debtors submit that the implementation of the Case

Management Procedures will avoid unnecessary costs and delay and will promote the efficient

and orderly administration of the Debtors' chapter 11 cases by, among other things, (a) limiting

service of documents filed in these chapter 11 cases to those parties that have an interest in the

subject matter thereof, (b) authorizing electronic service and (c) fixing monthly omnibus

hearings.  Significantly, the Case Management Procedures do not seek to waive the substantive

rights of any party to these chapter 11 cases.

17.     Bankruptcy courts have regularly granted relief similar to that requested herein to

expedite case administration and to reduce the costs thereof.  See, e.g., In re Noranda Aluminum,

Inc., No. 16-10083 (Bankr. E.D. Mo. Feb. 12, 2016) (Docket No. 123) (order granting, among

other things, a motion to establish certain notice, case management and administrative

procedures); In re Arch Coal, Inc., No. 16-40120 (Bankr. E.D. Mo. Jan. 21. 2016)

(Docket No. 155); In re Patriot Coal Corp., No. 12-51502 (Bankr. E.D. Mo. Mar. 22, 2013)

(Docket No. 3361); accord In re Gas-Mart USA, Inc., No. 15-41915 (Bankr. W.D. Mo.

Aug. 11, 2015) (Docket No. 218) (granting motion establishing certain notice, case

administration and administrative procedures); In re Interstate Bakeries Corp., No. 04-45814

(Bankr. W.D. Mo. Sept. 24, 2004) (Docket No. 80) (same); In re Alpha Natural Res., Inc.,

No. 15-33896 (Bankr. E.D. Va. Aug. 5, 2015) (Docket No. 111); In re Patriot Coal Corp.,

No. 15-32450 (Bankr. E.D. Va. May 13, 2015) (Docket No.  79); In re James River Coal Co.,

No. 14-31848 (Bankr. E.D. Va. Apr. 10, 2014) (Docket No. 77); In re Patriot Coal Corp.,

No. 12-12900 (Bankr. S.D.N.Y. July 16, 2012) (Docket No. 84).[4]

18.     Accordingly, the Debtors submit that entry of the Case Management Order is

appropriate and warranted and that the Case Management Procedures should be approved and

implemented in these chapter 11 cases.

**Notice**

19.     Notice of this Motion has been given to: (a) Davis Polk & Wardwell LLP and

Bryan Cave LLP as counsel to Citibank, N.A. as Administrative Agent for the First Lien Secured

Credit Facility and the Debtors' proposed debtor in possession secured credit facility; (b) Brown

Rudnick LLP, as counsel to Wilmington Savings Fund Society, FSB as prospective trustee and

collateral agent for the Secured Second Lien Notes; (c) Foley & Lardner LLP, as counsel to

Wilmington Trust Company as prospective Indenture Trustee for the Unsecured Notes;[5]

(d) Robinson & Cole LLP, as counsel to U.S. Bank as resigning trustee and collateral agent for

the Second Lien Notes, the Unsecured Notes and the Convertible Notes;[6] (e) counsel to any ad

hoc committees; (f) the Debtors' 50 largest unsecured creditors; (g) Mayer Brown LLP, as

counsel to PNC Bank, N.A., as Administrator under the Debtors' prepetition accounts receivable

securitization facility; (h) the United Mine Workers of America; (i) the Office of the United

---

[4]     Unreported orders cited herein are not attached to this Motion.  Copies of these orders will be made
available to the Court or other parties upon request made to the Debtors' counsel.

[5]     These include the: (i) 6.00% Senior Notes due November 2018; (ii) 6.50% Senior Notes due
September 2020; (iii) 6.25% Senior Notes September 2021; and the (iv) 7.875% Senior Notes due
November 2026.

[6]     These include the: (i) 6.00% Senior Notes due November 2018; (ii) 6.50% Senior Notes due
September 2020; (iii) 6.25% Senior Notes September 2021; (iv) 7.875% Senior Notes due
November 2026; and the (v) Convertible Junior Subordinated Debentures due December 2066.

States Trustee for the Eastern District of Missouri; (j) the Internal Revenue Service; (k) the

Securities and Exchange Commission; (l) the United States Department of the Interior; (m) the

United States Department of Labor; (n) the United States Attorney's Office for the Eastern

District of Missouri; and (o) Pension Benefit Guaranty Corporation (collectively, the "<u>Notice</u>

<u>Parties</u>").  In light of the nature of the relief requested, the Debtors submit that no further notice

is necessary.

### **<u>No Prior Request</u>**

20.    No prior request for the relief sought in this Motion has been made to this or any

other Court in connection with these chapter 11 cases.

WHEREFORE, the Debtors respectfully request that the Court:  (i) enter an order, substantially in the form submitted to the Court, granting the relief requested herein; and (ii) grant such other and further relief to the Debtors as the Court may deem just and proper.

Respectfully submitted,

Dated: April 13, 2016
St. Louis, Missouri

  /s/ Steven N. Cousins

Steven N. Cousins, MO 30788
Susan K. Ehlers, MO 49855
Armstrong Teasdale LLP
7700 Forsyth Boulevard, Suite 1800
St. Louis, MO  63105
Telephone:  (314) 621-5070
Facsimile:  (314) 612-2239
Email:  scousins@armstrongteasdale.com
Email:  sehlers@armstrongteasdale.com

Heather Lennox (*pro hac vice* pending)
Jones Day
North Point
901 Lakeside Avenue
Cleveland, OH  44114
Telephone:  (216) 586-3939
Facsimile:  (216) 579-0212
Email:  hlennox@jonesday.com

Amy Edgy (*pro hac vice* pending)
Daniel T. Moss (*pro hac vice* pending)
Jones Day
51 Louisiana Avenue, N.W.
Washington, D.C.  20001-2113
Telephone:  (202) 879-3939
Facsimile:  (202) 626-1700
Email:  aedgy@jonesday.com
Email:  dtmoss@jonesday.com

*Proposed Attorneys for Debtors
and Debtors in Possession*

## SCHEDULE 1

| | Debtor's Name | Debtor's EIN Number |
|---|---|---|
| 1. | Peabody Energy Corporation | 13-4004153 |
| 2. | American Land Development, LLC | 20-3405570 |
| 3. | American Land Holdings of Colorado, LLC | 26-3730572 |
| 4. | American Land Holdings of Illinois, LLC | 30-0440127 |
| 5. | American Land Holdings of Indiana, LLC | 20-2514299 |
| 6. | American Land Holdings of Kentucky, LLC | 20-0766113 |
| 7. | American Land Holdings of New Mexico, LLC | 32-0478983 |
| 8. | American Land Holdings of West Virginia, LLC | 20-5744666 |
| 9. | Arid Operations, Inc. | 84-1199578 |
| 10. | Big Ridge, Inc. | 37-1126950 |
| 11. | Big Sky Coal Company | 81-0476071 |
| 12. | Black Hills Mining Company, LLC | 32-0049741 |
| 13. | BTU Western Resources, Inc. | 20-1019486 |
| 14. | Caballo Grande, LLC | 27-1773243 |
| 15. | Caseyville Dock Company, LLC | 20-8080107 |
| 16. | Central States Coal Reserves of Illinois, LLC | 43-1869432 |
| 17. | Central States Coal Reserves of Indiana, LLC | 20-3960696 |
| 18. | Century Mineral Resources, Inc. | 36-3925555 |
| 19. | Coal Reserve Holding Limited Liability Company No. 1 | 43-1922737 |
| 20. | COALSALES II, LLC | 43-1610419 |
| 21. | Colorado Yampa Coal Company, LLC | 95-3761211 |
| 22. | Conservancy Resources, LLC | 20-5744701 |
| 23. | Cottonwood Land Company | 43-1721982 |
| 24. | Cyprus Creek Land Company | 73-1625890 |
| 25. | Cyprus Creek Land Resources LLC | 75-3058264 |
| 26. | Dyson Creek Coal Company, LLC | 43-1898526 |
| 27. | Dyson Creek Mining Company, LLC | 20-8080062 |
| 28. | El Segundo Coal Company, LLC | 20-8162824 |
| 29. | Empire Land Holdings, LLC | 61-1742786 |
| 30. | Falcon Coal Company, LLC | 35-2006760 |
| 31. | Four Star Holdings, LLC | 30-0885825 |
| 32. | Francisco Equipment Company, LLC | 37-1805119 |
| 33. | Francisco Land Holdings Company, LLC | 36-4831111 |
| 34. | Francisco Mining, LLC | 30-0922117 |
| 35. | Gallo Finance Company, LLC | 43-1823616 |
| 36. | Gold Fields Chile, LLC | 13-3004607 |
| 37. | Gold Fields Mining, LLC | 36-2079582 |
| 38. | Gold Fields Ortiz, LLC | 22-2204381 |
| 39. | Hayden Gulch Terminal, LLC | 86-0719481 |
| 40. | Highwall Mining Services Company | 20-0010659 |
| 41. | Hillside Recreational Lands, LLC | 32-0214135 |
| 42. | HMC Mining, LLC | 43-1875853 |
| 43. | Illinois Land Holdings, LLC | 26-1865197 |
| 44. | Independence Material Handling, LLC | 43-1750064 |
| 45. | James River Coal Terminal, LLC | 55-0643770 |
| 46. | Juniper Coal Company, LLC | 43-1744675 |
| 47. | Kayenta Mobile Home Park, Inc. | 86-0773596 |
| 48. | Kentucky Syngas, LLC | 26-1156957 |
| 49. | Kentucky United Coal, LLC | 35-2088769 |
| 50. | Lively Grove Energy, LLC | 20-5752800 |
| 51. | Lively Grove Energy Partners, LLC | 26-0180403 |
| 52. | Marigold Electricity, LLC | 26-0180352 |
| 53. | Midco Supply and Equipment Corporation | 43-6042249 |
| 54. | Midwest Coal Acquisition Corp. | 20-0217640 |
| 55. | Midwest Coal Reserves of Illinois, LLC | 20-3960648 |

| | Debtor's Name | Debtor's EIN Number |
|---|---|---|
| 56. | Midwest Coal Reserves of Indiana, LLC | 20-3405958 |
| 57. | Midwest Coal Reserves of Kentucky, LLC | 20-3405872 |
| 58. | Moffat County Mining, LLC | 74-1869420 |
| 59. | Mustang Energy Company, LLC | 43-1898532 |
| 60. | New Mexico Coal Resources, LLC | 20-3405643 |
| 61. | NM Equipment Company, LLC | 36-4821991 |
| 62. | Pacific Export Resources, LLC | 27-5135144 |
| 63. | Peabody America, LLC | 93-1116066 |
| 64. | Peabody Archveyor, L.L.C. | 43-1898535 |
| 65. | Peabody Arclar Mining, LLC | 31-1566354 |
| 66. | Peabody Asset Holdings, LLC | 20-3367333 |
| 67. | Peabody Bear Run Mining, LLC | 26-3582291 |
| 68. | Peabody Bear Run Services, LLC | 26-3725923 |
| 69. | Peabody Caballo Mining, LLC | 83-0309633 |
| 70. | Peabody Cardinal Gasification, LLC | 20-5047955 |
| 71. | Peabody China, LLC | 43-1898525 |
| 72. | Peabody Coalsales, LLC | 20-1759740 |
| 73. | Peabody COALTRADE International (CTI), LLC | 20-1435716 |
| 74. | Peabody COALTRADE, LLC | 43-1666743 |
| 75. | Peabody Colorado Operations, LLC | 20-2561644 |
| 76. | Peabody Colorado Services, LLC | 26-3723774 |
| 77. | Peabody Coulterville Mining, LLC | 20-0217834 |
| 78. | Peabody Development Company, LLC | 43-1265557 |
| 79. | Peabody Electricity, LLC | 20-3405744 |
| 80. | Peabody Employment Services, LLC | 26-3730348 |
| 81. | Peabody Energy Generation Holding Company | 73-1625891 |
| 82. | Peabody Energy Investments, Inc. | 68-0541702 |
| 83. | Peabody Energy Solutions, Inc. | 43-1753832 |
| 84. | Peabody Gateway North Mining, LLC | 27-2294407 |
| 85. | Peabody Gateway Services, LLC | 26-3724075 |
| 86. | Peabody Holding Company, LLC | 74-2666822 |
| 87. | Peabody Holdings (Gibraltar) Limited | 20-5543587 |
| 88. | Peabody IC Funding Corporation | 46-2326991 |
| 89. | Peabody IC Holdings, LLC | 30-0829603 |
| 90. | Peabody Illinois Services, LLC | 26-3722638 |
| 91. | Peabody Indiana Services, LLC | 26-3724339 |
| 92. | Peabody International Investments, Inc. | 26-1361182 |
| 93. | Peabody International Services, Inc. | 20-8340434 |
| 94. | Peabody Investments Corp. | 20-0480084 |
| 95. | Peabody Magnolia Grove Holdings, LLC | 61-1683376 |
| 96. | Peabody Midwest Management Services, LLC | 26-3726045 |
| 97. | Peabody Midwest Mining, LLC | 35-1799736 |
| 98. | Peabody Midwest Operations, LLC | 20-3405619 |
| 99. | Peabody Midwest Services, LLC | 26-3722194 |
| 100. | Peabody Mongolia, LLC | 20-8714315 |
| 101. | Peabody Natural Gas, LLC | 43-1890836 |
| 102. | Peabody Natural Resources Company | 51-0332232 |
| 103. | Peabody New Mexico Services, LLC | 20-8162939 |
| 104. | Peabody Operations Holding, LLC | 26-3723890 |
| 105. | Peabody Powder River Mining, LLC | 43-0996010 |
| 106. | Peabody Powder River Operations, LLC | 20-3405797 |
| 107. | Peabody Powder River Services, LLC | 26-3725850 |
| 108. | Peabody PowerTree Investments, LLC | 20-0116980 |
| 109. | Peabody Recreational Lands, L.L.C. | 43-1898382 |
| 110. | Peabody Rocky Mountain Management Services, LLC | 26-3725390 |
| 111. | Peabody Rocky Mountain Services, LLC | 20-8162706 |
| 112. | Peabody Sage Creek Mining, LLC | 26-3730653 |
| 113. | Peabody School Creek Mining, LLC | 20-3585831 |

| | Debtor's Name | Debtor's EIN Number |
|---|---|---|
| 114. | Peabody Services Holdings, LLC | 26-3726126 |
| 115. | Peabody Southwest, LLC | 20-5744732 |
| 116. | Peabody Southwestern Coal Company, LLC | 43-1898372 |
| 117. | Peabody Terminal Holding Company, LLC | 26-1087861 |
| 118. | Peabody Terminals, LLC | 31-1035824 |
| 119. | Peabody Trout Creek Reservoir LLC | 30-0746873 |
| 120. | Peabody Twentymile Mining, LLC | 26-3725223 |
| 121. | Peabody Venezuela Coal Corp. | 43-1609813 |
| 122. | Peabody Venture Fund, LLC | 20-3405779 |
| 123. | Peabody-Waterside Development, L.L.C. | 75-3098342 |
| 124. | Peabody Western Coal Company | 86-0766626 |
| 125. | Peabody Wild Boar Mining, LLC | 26-3730759 |
| 126. | Peabody Wild Boar Services, LLC | 26-3725591 |
| 127. | Peabody Williams Fork Mining, LLC | 20-8162742 |
| 128. | Peabody Wyoming Gas, LLC | 20-5744610 |
| 129. | Peabody Wyoming Services, LLC | 26-3723011 |
| 130. | PEC Equipment Company, LLC | 20-0217950 |
| 131. | PG INVESTMENTS SIX, L.L.C. | 43-1898530 |
| 132. | Point Pleasant Dock Company, LLC | 20-0117005 |
| 133. | Pond River Land Company | 73-1625893 |
| 134. | Porcupine Production, LLC | 43-1898379 |
| 135. | Porcupine Transportation, LLC | 43-1898380 |
| 136. | Riverview Terminal Company | 13-2899722 |
| 137. | Sage Creek Holdings, LLC | 26-3286872 |
| 138. | Sage Creek Land & Reserves, LLC | 38-3936826 |
| 139. | School Creek Coal Resources, LLC | 20-2902073 |
| 140. | Seneca Coal Company, LLC | 84-1273892 |
| 141. | Seneca Property, LLC | 36-4820253 |
| 142. | Shoshone Coal Corporation | 25-1336898 |
| 143. | Southwest Coal Holdings, LLC | 37-1794829 |
| 144. | Star Lake Energy Company, L.L.C. | 43-1898533 |
| 145. | Sugar Camp Properties, LLC | 35-2130006 |
| 146. | Thoroughbred Generating Company, L.L.C. | 43-1898534 |
| 147. | Thoroughbred Mining Company LLC. | 73-1625889 |
| 148. | Twentymile Coal, LLC | 95-3811846 |
| 149. | Twentymile Equipment Company, LLC | 38-3982017 |
| 150. | Twentymile Holdings, LLC | 38-3937156 |
| 151. | United Minerals Company, LLC | 35-1922432 |
| 152. | West Roundup Resources, LLC | 20-2561489 |
| 153. | Wild Boar Equipment Company, LLC | 32-0488114 |
| 154. | Wild Boar Land Holdings Company, LLC | 36-4831131 |

## **Exhibit A**

Case Management Procedures

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

|  |  |
|---|---|
| In re:<br><br><br>Peabody Energy Corporation, <u>et al.</u>,<br><br>          Debtors. | Case No. 16-42529<br>CHAPTER 11<br><br>(Joint Administration Requested)<br><br>Hearing Date and Time:<br>TBD<br><br>Hearing Location:<br>TBD |

<u>**NOTICE, CASE MANAGEMENT AND ADMINISTRATIVE PROCEDURES**</u>

       To the extent the Case Management Procedures conflict with the Federal Rules of Bankruptcy Procedures (the "<u>Bankruptcy Rules</u>"), the Local Rules of the United States Bankruptcy Court for the Eastern District of Missouri (the "<u>Local Bankruptcy Rules</u>") or the accompanying Procedures Manual, the Case Management Procedures, shall govern and supersede such rules. The Case Management Procedures are as follows:

<u>**Case Management Procedures**</u>

**A.**      **Omnibus Hearings**

       1.    <u>All Matters to be Heard at Omnibus Hearings</u>.  All matters requiring a hearing in these cases shall be set forth and be heard at periodic omnibus hearings (the "<u>Omnibus Hearings</u>"), in accordance with these Case Management Procedures, unless otherwise ordered by the Court for good reason shown.  Peabody Energy Corporation ("<u>PEC</u>") and certain of its direct and indirect subsidiaries, as debtors and debtors in possession (collectively, the "<u>Debtors</u>") shall be authorized to schedule (or reschedule as appropriate), in cooperation with the Court, Omnibus Hearings to consider all notices, motions, applications and other requests for relief, all briefs,

memoranda, affidavits, declarations, replies and other documents filed in support of such papers

seeking relief (collectively, the "Requests for Relief") and all objections and responses to such

Requests for Relief (collectively, the "Objections" and, together with the Requests for Relief and

all other filed documents, the "Court Filings") pursuant to the following procedures:

(a) Initial Omnibus Hearings. The next four Omnibus Hearings shall be held on the following dates and times:

(i) [_____] [_].m. Central Time on the [_____] day of [_____], 2016;

(ii) [_____] [_].m. Central Time on the [_____] day of [_____], 2016;

(iii) [_____] [_].m. Central Time on the [_____] day of [_____], 2016; and

(iv) [_____] [_].m. Central Time on the [_____] day of [_____], 2016.

(b) Subsequent Omnibus Hearings. The Debtors shall be authorized to schedule, in cooperation with the Court, additional Omnibus Hearings. The Debtors shall file notices of additional Omnibus Hearing dates on a periodic basis with the Court. Kurtzman Carson Consultants, LLC ("KCC" or the "Claims and Noticing Agent") also shall post the date of the Omnibus Hearings on http://www.kccllc.net/peabody (the "Case Website"). Entities may contact the Claims and Noticing Agent for information concerning all scheduled Omnibus Hearings.

(c) Proposed Omnibus Hearing Agenda. Two days before each Omnibus Hearing (and if such day is a weekend or holiday, the business day immediately preceding such day), Debtors' counsel shall file a proposed agenda with regard to the matters that are scheduled to be heard at such Omnibus Hearing (the "Proposed Hearing Agenda"). The Proposed Hearing Agenda may include notice of matters that have been consensually adjourned to a later Omnibus Hearing in lieu of parties filing a separate notice of such adjournment.

(d) Content of Proposed Hearing Agenda. The Proposed Hearing Agenda will include, to the extent known by Debtors' counsel: (i) the docket number and title of each matter to be scheduled for hearing on such Omnibus Hearing, including the initial filing and

any responses, replies or documents related thereto; (ii) whether the matters are contested or uncontested; (iii) whether the matters have settled or are proposed to be continued; (iv) other comments that will assist the Court; and (v) a suggestion for the order in which the matters should be addressed.  The matters listed on the Proposed Hearing Agenda shall be limited to matters of substance and shall not include administrative filings, such as notices of appearance and certificates of service.

(e)    Adjournment of Omnibus Hearings.  Notwithstanding the Local Bankruptcy Rules, and unless the Court orders otherwise, the Debtors' counsel may, without further leave of the Court, adjourn any hearing on a Court Filing filed by the Debtors to a subsequent Omnibus Hearing, and (ii) adjourn any hearing on a Court Filing filed by a non-Debtor to a subsequent Omnibus Hearing.

**B.    Filing Procedures; General Motion Practice; Deadlines for Filing of Responsive Pleadings**

2.    Procedures Established for Court Filings.  All Court Filings in these chapter 11 cases shall be filed with the Court on the docket of Peabody Energy Corporation, et al., Case No. 16-42529.  In accordance with Local Bankruptcy Rule 5005(A), registered users of the Court's electronic case filing system shall file all Court Filings electronically.

3.    General Motion Practice.  The following procedures shall be followed for Requests for Relief generally, except those filed by non-Debtor parties seeking relief from the automatic stay pursuant to section 362 of title 11 of the United States Code (the "Bankruptcy Code"):

(a)    Ordinary Scheduling Procedures.  In the event that a party files a Request for Relief at least 14 days prior to the next scheduled Omnibus Hearing, the matter shall be set for hearing on such scheduled Omnibus Hearing, and the deadline to file an Objection to such Request for Relief shall be seven days prior to the Omnibus Hearing.  The Debtors' counsel may propose to schedule matters filed by another party on a date other than the next Omnibus Hearing date if the Debtors in good faith believe that the hearing on the particular matter could exceed one hour.

(b)    Inconsistent Filings.  If a document is filed by a non-Debtor and purports to set a hearing date inconsistent with these Case

Management Procedures (an "Inconsistent Filing"), the hearing shall be scheduled, without the necessity of Court order, for the first Omnibus Hearing date after the notice period required by the Case Management Procedures has expired, and the Debtors shall provide such party with notice of these Case Management Procedures within five days of receipt of the Inconsistent Filing.

(c)     Service of Requests for Relief.  All Requests for Relief shall be served in accordance with the provisions of the Bankruptcy Rules and the Local Bankruptcy Rules on: (i) the master service list attached as Annex A hereto (the "Master Service List") that the Claims and Noticing Agent shall maintain pursuant to Bankruptcy Rule 2002 and Local Bankruptcy Rule 9013-3(D); (ii) the list of entities (the "2002 List" and, together with the Master Service List, the "Service List") that have filed a request for service of filings pursuant to Bankruptcy Rule 2002 (a "2002 Notice Request"); and (iii) each entity with a particularized interest in the subject matter of the specific Court Filing (each, an "Affected Entity").

(d)     Notices of Requests for Relief.  Parties should consult the Local Bankruptcy Rules regarding the form and content of notices and visit the Court's website at http://www.moeb.uscourts.gov for more information.

(e)     Requests for Shortened Time or Limited Notice.  Nothing contained herein shall prejudice the rights of any party in interest to move the Court to further limit or expand notice of matters and proceedings upon a showing of good cause, including, but not limited to, the right to file a Request for Relief upon shortened notice, to seek expedited hearings, where appropriate, in accordance with Local Bankruptcy Rule 9013-2(A) or to seek an enlargement or reduction of time pursuant to Bankruptcy Rule 9006.

(f)     Notice Periods.  Except as specifically set forth herein, all notice periods for Requests for Relief shall be computed in accordance with the Bankruptcy Rules and Local Bankruptcy Rules, and nothing in these Case Management Procedures shall be deemed to change such requirements.

(g)     Evidentiary Hearings.  Nothing herein shall prejudice the rights of any party to seek appropriate discovery with respect to any Court Filing, and all parties' rights to request an evidentiary hearing or establish a discovery schedule shall be preserved.

4.      Filing and Service of Objections, Replies and Other Responsive Pleadings.

      (a)      Extension of Objection Deadline.  The Objection Deadline may be extended upon the consent of the entity filing the Request for Relief without further order of the Court.

      (b)      Service of Objections.  All Objections shall be filed with the Court and served by the applicable Objection Deadline upon the entity filing the Request for Relief, those entities on the Service List, and each Affected Entity; provided, however, that if the Objection Deadline is after the date that is seven days before the applicable hearing date, then Objections shall also be served by email or, if email is unavailable, facsimile, hand delivery or overnight mail upon the Debtors, any official committees appointed in these chapter 11 cases (any "Committees") and each Affected Entity.

      (c)      Service of Replies to Objections.  If an Objection is filed, the movant or another interested party may file a reply with the Court, which shall be filed and served so as to actually be received by the Debtors, each party that filed an Objection, each Committee and each Affected Entity in all cases by 12:00 p.m. (Central time) at least two days before the applicable hearing date (and if such day is a weekend or holiday, the business day immediately preceding such day).

5.      Granting the Request for Relief Without a Hearing.  A Request for Relief may be granted without a hearing, provided that: (a) the notice filed with the Request for Relief includes a statement that the Request for Relief may be granted and an order entered without a hearing unless a timely Objection is filed; and (b) after the passage of the Objection Deadline, the attorney for the entity who filed the Request for Relief (i) files a declaration pursuant to 28 U.S.C. § 1746 indicating that no Objection has been filed or served in accordance with these Case Management Procedures (each, a "Certificate of No Objection") and (ii) if the entity who filed the Request for Relief is not the Debtor, serves a Certificate of No Objection by email upon the proposed counsel to the Debtors at least one day prior to submission thereof to the Court. Upon the filing of a Certificate of No Objection, the Court may grant the relief requested in the Request for Relief without further submission, hearing or request.  If the Court does not grant the

relief, (a) the Request for Relief shall be heard at the next scheduled Omnibus Hearing and (b) the decision not to grant the relief shall not constitute an extension of the Objection Deadline related thereto, unless otherwise agreed between the party seeking relief and a party seeking to object.

6.      Settlements.  In the event that a matter is properly noticed for hearing and the parties reach agreement on a settlement of the dispute prior to the scheduled hearing, the parties may announce the settlement at the scheduled hearing.  In the event that the Court determines that the notice of the dispute and the hearing is an adequate notice of the effects of the settlement (i.e., that the terms of the settlement are not materially different from what parties in interest could have expected if the dispute were fully litigated), the Court may approve the settlement at the hearing without further notice of the terms of the settlement.

7.      In the event that the Court determines that additional or supplemental notice is required, the Debtors shall serve such notice in accordance with the procedures set forth herein, and a hearing to consider such settlement shall be held on the next hearing date deemed appropriate by the Court.  Nothing herein shall be construed as modifying the requirements of Bankruptcy Rule 9019 where the Court deems such rule applicable.

8.      Motion Practice for Lift Stay Actions.  Consistent with Local Bankruptcy Rule 4001-1(B), motions filed by non-debtor parties seeking relief pursuant to section 362 of the Bankruptcy Code and objections thereto shall be governed by the following procedures:

(a)      Any motion shall be filed and served at least 21 days prior to an Omnibus Hearing to be heard initially at such hearing.

(b)      Each motion shall be served in accordance with the provisions of the Bankruptcy Rules and the Local Bankruptcy Rules.

(c)      If the Omnibus Hearing at which such motion shall be heard is more than 30 days after the date of service of the motion, the movant shall be deemed to have consented to the continuation of

the automatic stay and waived its right to assert termination of the automatic stay pursuant to section 362(e) of the Bankruptcy Code until such Omnibus Hearing.

(d)     Any Objections to such motion shall be filed and served no later than on the date that is seven days prior to the date of the Omnibus Hearing at which the motion is scheduled to be heard.

(e)     The initial hearing on any motion for relief from the automatic stay shall be a preliminary hearing unless otherwise agreed to by the Debtors.  Notwithstanding section 362(e) of the Bankruptcy Code, if a scheduled motion with respect to a request for relief by a party other than the Debtors under section 362(d) of the Bankruptcy Code is adjourned upon the consent of the Debtors and the moving party to a date that is on or after the 30th day after the moving party's request for relief was made, the moving party shall be deemed to have consented to the continuation of the automatic stay in effect pending the conclusion of, or as a result of, a preliminary hearing and determination under section 362(d) of the Bankruptcy Code, and shall be deemed to have waived its right to assert the termination of the automatic stay under section 362(e) of the Bankruptcy Code.  The Court may continue the effectiveness of the automatic stay until a final hearing on the matter.

(f)     Nothing in this section shall prevent a party from seeking expedited consideration of a motion for relief from the automatic stay.

C.     **Service and Notice Procedures**

9.     Procedures Established for Notices.  All Court Filings shall be filed with the Court and served in accordance with the notice procedures set forth herein (the "Notice Procedures").

10.     Entities Entitled to Service.  All Court Filings (other than proofs of claim) shall be served on the Service List and any other Affected Entities according to the Notice Procedures.  In accordance with Bankruptcy Rule 2002 and Local Bankruptcy Rule 9013-3(D), the Claims and Noting Agent shall maintain the Master Service List, which shall be updated monthly.  An updated Master Service List shall be made available by (i) accessing the Case Website, (ii) contacting the Claims and Noticing Agent directly or (iii) contacting Debtors'

counsel directly.  The Master Service List shall include the names and mailing addresses of following parties (the "Core Parties"):

    (a)    the Debtors and their counsel;

    (b)    Davis Polk & Wardwell LLP, as counsel and Bryan Cave LLP as co-counsel to Citibank, N.A. as administrative agent for the Debtors' prepetition first lien secured credit facility and proposed postpetition secured credit facility;

    (c)    counsel for any official committees;

    (d)    the United Mine Workers of America;

    (e)    the United States Trustee for the Eastern District of Missouri;

    (f)    the Internal Revenue Service;

    (g)    the Securities and Exchange Commission;

    (h)    the United States Department of the Interior; and

    (i)    the United States Attorney's Office for the Eastern District of Missouri;

11.    <u>Requests for Documents Require Email Address</u>.  Except as set forth in paragraph 12 herein, a 2002 Notice Request filed with the Court shall be deemed proper if and only if it includes the following information with respect to the party filing such request: (a) name; (b) street address; (c) name of client(s), if applicable; (d) telephone number; (e) email address; and (f) fax number.

12.    <u>Certification Opting Out of Email Service</u>.  Any non-attorney or entity filing a 2002 Notice Request who does not maintain (and cannot practicably obtain) an email address, and therefore cannot receive service by email, must include in the 2002 Notice Request a certification to that effect (the "Certification").  The Certification shall include a statement certifying that the individual or entity (a) does not maintain an email address and (b) cannot practicably obtain an email address at which the individual or entity could receive service by

email.  Such individual entity will thereafter receive paper service (collectively, the "Non-ECF Parties") as provided in these Case Management Procedures.  Attorneys subject to Local Bankruptcy Rule 5005's electronic filing and notice requirements may not opt out of electronic service under that Rule.

13.    If a 2002 Notice Request fails to include an email address, fax number or a Certification, the Debtors shall forward a copy of these Case Management Procedures to such party within five days and specifically requesting an email address or fax number and warn such party that without this information they will not be added to the 2002 List.  Thereafter, if no email address, fax number or no Certification is provided in response to such request, such party shall not be added to the 2002 List and shall not be served with copies of Court Filings filed in these chapter 11 cases unless such pleadings and/or documents directly affect such party.

14.    Maintenance of the Service List.  At least every ten days during the first 60 days of these chapter 11 cases, and thereafter at least every 30 days, the Claims and Noting Agent shall maintain and update the Service List by (a) making any necessary additions and deletions and (b) posting an updated version of the Service List on the Case Website.

15.    Service of Motions Required to Be Served on All Creditors and Parties in Interest.  With respect to filings for which particular notices are required to be served on all creditors and parties in interest – including pursuant to Bankruptcy Rules 2002(a)(2) and (3), 4001, 6004, 6007 and 9019 – parties shall serve all such filings only on the Service List by email (or otherwise, as directed by the Court) and in accordance with the following procedures, unless otherwise ordered by the Court:

(a)    in the case of any use, sale, lease or abandonment of property, on each entity asserting an interest in that property;

(b)    in the case of a motion for relief or modification of the automatic stay, on each entity asserting a lien or encumbrance on the affected property;

(c)    in the case of a motion relating to the use of cash collateral or obtaining credit, each party asserting an interest in the cash collateral or a lien or other interest in property upon which a lien or encumbrance is proposed to be granted;

(d)    in the case of a motion under Bankruptcy Rule 9019, all parties that are parties to the relevant compromise and settlement or that may be directly affected by such compromise or settlement; and

(e)    in the case of assumption, assignment or rejection of an executory contract or an unexpired lease, each party to the executory contract or the unexpired lease;

16.    Except as otherwise provided by order of the Court, the Notice Procedures shall not apply to notices of the matters or proceedings described in the following Bankruptcy Rules:

(a)    Bankruptcy Rule 2002(a)(1) (meeting of creditors pursuant to section 341 of the Bankruptcy Code);

(b)    Bankruptcy Rule 2002(a)(4) (hearing on the dismissal of a case or cases or the conversion of a case to another chapter);

(c)    Bankruptcy Rule 2002(a)(5) (time fixed to accept or reject a proposed modification of a chapter 11 plan);

(d)    Bankruptcy Rule 2002(a)(7) (time fixed for filing a proof of claim pursuant to Bankruptcy Rule 3003(c));

(e)    Bankruptcy Rule 2002(b)(1) (time fixed for filing objections to, and any hearing to consider approval of, a disclosure statement);

(f)    Bankruptcy Rule 2002(b)(2) (time fixed for filing objections to, and any hearing to consider confirmation of, a chapter 11 plan);

(g)    Bankruptcy Rule 2002(d) (certain matters for which notice is to be provided to equity security holders);

(h)    Bankruptcy Rule 2002(f)(1) (entry of an order for relief);

(i)    Bankruptcy Rule 2002(f)(2) (dismissal or conversion of a case to another chapter of the Bankruptcy Code);

(j)     Bankruptcy Rule 2002(f)(3) (time allowed for filing claims pursuant to Bankruptcy Rule 3002);

(k)     Bankruptcy Rule 2002(f)(6) (waiver, denial or revocation of a discharge as provided in Bankruptcy Rule 4006);

(l)     Bankruptcy Rule 2002(f)(7) (entry of an order confirming a chapter 11 plan); and

(m)     Bankruptcy Rule 2002(f)(8) (summary of the trustee's final report and account should a case be converted to chapter 7 of the Bankruptcy Code).

Notice of the foregoing matters shall be given to all parties in interest in accordance with Bankruptcy Rule 2002 and other applicable Bankruptcy Rules, unless otherwise ordered by the Court or otherwise prescribed by the Bankruptcy Code.

17.     Service by Email.  All Court Filings shall be electronically filed on the Court's Electronic Filing System and served via email,[1] which shall be deemed to constitute proper service for all parties who are sent such email service, provided, however, that notwithstanding the foregoing and paragraph 19 below, (a) a summons and complaint in an adversary proceeding shall not be served by email and (b) documents filed under seal shall not be served.  In accordance with Local Bankruptcy Rule 5005(B), the "Notice of Electronic Filing" that is automatically generated by the Court's electronic filing system (the "Court's CM/ECF System") shall constitute proof of service by electronic mail for those parties who are or whose agents are registered attorney users of the Court's CM/ECF System.  Therefore, a party filing a Court Filing that is served on registered attorney users via the Court's CM/ECF System has no further obligation for service of such Court Filing with respect to such entities to be proper.

(a)     Consent to Electronic Service.  Each creditor or party in interest on the Master Service List or that files a 2002 Notice Request shall be

---

[1]     If an email address is not available, Court Filings shall be served by facsimile; where facsimile is unavailable, Court Filings shall be served by first class mail, overnight delivery or hand delivery, in the sole discretion of the serving party.

deemed to have consented to service of all Court Filings solely by electronic transmission pursuant to Local Rule 5005(B), unless such creditor or party in interest has included a Certification opting out of such service.

(b)     Email Subject Line.  With respect to the service of any Court Filing, the subject line of the email shall include: (i) the Debtors' case name Peabody Energy Corporation, et al., and consolidated case number 16-42529; (ii) the name of the party serving such Court Filing; (iii) the name of the attorney or law firm submitting the Court Filing; and (iv) the title of the Court Filing being served. If the title of the Court Filing is too long to fit within the subject line of the email, the subject line shall contain a shortened version of such title, and the text of the email shall contain the full name of such Court Filing.

(c)     Email Attachments.  All Court Filings served by email shall include access to a computer file containing the entire document (including any proposed form of order and exhibits, attachments or other materials) in PDF, readable by Adobe Acrobat or other equivalent document reader programs commonly available without cost. The relevant Court Filing shall either be attached to the email in a format specified above or the email shall contain a link to such filing in such format.

(d)     Effective Date of Service.  Service by email on a party shall be effective as of the earlier of: (i) the date the Court Filing (or a notice stating that the Court Filing cannot be attached due to its size but is available on the Court's CM/ECF System or the Case Website) is transmitted by email to the address provided by such party; or (ii) the date the Court Filing is posted on the Court's CM/ECF System where service on such entity via the Court's CM/ECF System is proper under these Case Management Procedures.

18.     Certificates of Service.  Certificates of service of all Court Filings, including a Service List, shall be filed with the Court within 24 hours of service of such Court Filings; provided, however, that parties shall not be required to serve the certificates of service to such recipients.

19.     Serving Adversary Proceedings.  All pleadings and other Court Filings in any adversary proceeding commenced in these chapter 11 cases shall be served upon each

Affected Entity and any other entities required to be served under any applicable Bankruptcy Rule or Local Bankruptcy Rule.

20.     Submitting Proposed Orders to the Claims and Noticing Agent.  Any Court Filing that includes a proposed order related to such filing (the "Proposed Order") shall include the following statement in a footnote at the outset of the Court Filing: "A copy of the proposed order will be made available on the case website at http://www.kccllc.net/peabody." Proposed Orders shall be emailed to PeabodyInfo@kccllc.com immediately after filing the Court Filing.  This email shall attach the Proposed Order and the as-filed Court Filing in PDF format, and the subject line of the email message shall include the title and ECF docket number of the applicable Court Filing.  Proposed Orders that have been properly submitted in accordance herewith will be posted on the Case Website at http://www.kccllc.net/peabody.

21.     Submitting Proposed Orders to the Court.  Proposed Orders shall be emailed to the Court as provided in the Court's Procedures Manual[2] (or as otherwise instructed by the Court).  The Proposed Order shall: (i) be sufficiently descriptive to clearly state the relief granted, including a description of any property subject to the order; and (ii) contain the name and address of the person who prepared the order.  Submitting a Proposed Order in accordance with these Procedures will be deemed to satisfy the requirements of Local Bankruptcy Rules 9050 and 9061(E).  The Claims and Noticing Agent shall post all entered orders on the Case Website at http://www.kccllc.net/peabody.

22.     Service of Orders.  The Claims and Noticing Agent shall serve all court orders entered on the Docket (the "Final Order") to the Core Parties and any party in interest in the matter covered by the Final Order (or as otherwise directed by the Court) regardless of which

---

[2]     The Court's Procedures Manual is available at http://www.moeb.uscourts.gov/pdfs/local_rules/2015/ Procedures_Manual_2015.pdf.

party proffered the Order.  Also, the Claims and Noticing Agent shall post all Final Orders on the

Case Website at http://www.kccllc.net/peabody.

23.     <u>Right to Request Special Notice Procedures</u>.  Nothing herein shall

prejudice the rights of any party in interest to seek an amendment or waiver of the provisions of

the Case Management Procedures upon a showing of good cause, including, without limitation,

the right to file a motion seeking emergency <u>ex parte</u> relief or relief upon shortened notice.

**D.     Additional Case Management Procedures**

24.     <u>Elimination of Three-Day Extension</u>.  The three-day extension for

additional time after service by mail as set forth in Bankruptcy Rule 9006(f) shall not apply to

parties duly served by email, the CM/ECF System or other electronic transmission.

25.     <u>Omnibus Responses</u>.  Debtor entities are allowed to file omnibus

responses to objections.

26.     <u>Adequate Notice</u>.  Notice and service accomplished in accordance with the

provisions set forth in these Case Management Procedures shall be deemed adequate in all

respects pursuant to the Bankruptcy Code, the Bankruptcy Rules and the Local Bankruptcy

Rules.

27.     <u>Computation of Time</u>.  Unless otherwise specified, all time periods

referenced in these Case Management Procedures shall be calculated in accordance with

Bankruptcy Rule 9006(a).

28.     <u>Extensions of Time</u>.  If a Motion to extend the time for a party to take any

action is filed consistent with this Order before the expiration of the period prescribed by the

Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules or the provisions of any

order entered by this Court, the time shall automatically be extended until the Court acts on the

Motion.

29.    <u>Page Limitation</u>.  The page limitation set forth in Local Rule 9004(C) shall not apply to Court Filings in this case.

30.    <u>Effect of the Case Management Procedures</u>.  The Bankruptcy Rules and the Local Bankruptcy Rules shall continue to apply to all proceedings in these chapter 11 cases, except to the extent that any provision of the Case Management Procedures by its terms supersedes or is inconsistent with such rules.

31.    <u>Confidentiality</u>.  Nothing in these Case Management Procedures shall prejudice the right of any Party to move the Court to request relief under section 107(b) of the Bankruptcy Code or Bankruptcy Rule 9018 to protect any entity with respect to a trade secret or confidential research, development or commercial information or to protect a person with respect to a scandalous or defamatory matter contained in a Court Filing.

32.    <u>Telephonic Appearances</u>.  Attorneys for parties in the Debtors' cases may appear telephonically at hearings if they:

(i)     adhere to the Case Management Procedures, Local Bankruptcy Rule 9070, and those rules required by the Court;

(ii)    they are admitted to practice before the Court; and

(iii)   enter their appearance on the record.

If an attorney desires to participate in a hearing by telephone, the attorney may request dial-in information from the Courtroom Deputy, Wynne Abernathy, at (314) 244-4806 and notify attorneys for the Debtors at least 3 days prior to the scheduled hearing and when less than 3 days only for cause shown.  Non-attorneys, including pro se parties, members of the public, members of the press and attorneys who have not entered an appearance on the record in the Debtors' Cases, may not use the Court's dial-in; <u>however</u>, all persons are welcome to attend any hearing in-person.  Local counsel may not use the Court's dial-in unless physically outside the District at

the time of the hearing.  Attorneys participating by telephone must put their phones on "mute" at all times except when speaking.  Attorneys participating by telephone may not use their speakerphones, unless first authorized by the Court, and must put their telephones on "hold" under any circumstances or otherwise be "absent" from their telephonic appearance.  If an attorney must exit his telephonic appearance, he must seek Court authority to leave and disconnect from the telephonic call.  If the telephonic appearances present any disruption or inconvenience to the Court, the Court has the discretion to disconnect the call and proceed with the hearing.

33.    <u>Promulgation of the Case Management Procedures</u>.  Within two days of the entry of the Case Management Order, the Claims and Noticing Agent shall serve a copy of the Case Management Procedures on each of the parties on the Service List.  In addition, within two days after the end of the calendar month, the Claims and Noticing Agent shall serve a copy of the Case Management Procedures upon any party filing a 2002 Notice Request within such calendar month.  To help ensure that all parties who may participate in these chapter 11 cases are aware of the terms of the Case Management Procedures, the Claims and Noticing Agent will post the Case Management Procedures on the Case Website.

34.    <u>No Taxpayer ID</u>.  The Debtors are not required to include each individual Debtor's name, address and taxpayer identification number in Court Filings.

## Annex A

**Master Service List**

**The Debtors**

c/o Peabody Energy Corporate Headquarters
Attn: Scott T. Jarobe, Esq.
Vice President and Deputy General Counsel Corporate and Capital Markets
Peabody Plaza
701 Market Street
St. Louis, MO  63101-1826
Email: SJarboe@peabodyenergy.com

**Counsel to the Debtors**

Heather Lennox
Jones Day
North Point
901 Lakeside Avenue
Cleveland, OH  44114
Telephone:  (216) 586-3939
Facsimile:  (216) 579-0212
Email:  hlennox@jonesday.com

Amy Edgy
Daniel T. Moss
Jones Day
51 Louisiana Avenue, N.W.
Washington, D.C.  20001-2113
Telephone:  (202) 879-3939
Facsimile:  (202) 626-1700
Email:  aedgy@jonesday.com
Email:  dtmoss@jonesday.com

**Local Counsel to the Debtors**

Steven N. Cousins
Susan K. Ehlers
Armstrong Teasdale LLP
7700 Forsyth Boulevard, Suite 1800
St. Louis, MO  63105
Telephone:  (314) 621-5070
Facsimile:  (314) 621-5065
Email:  scousins@armstrongteasdale.com

Email:  sehlers@armstrongteasdale.com

**Office of the United States Trustee**

Paul Randolph, Esq.
Office of the United States Trustee, Eastern District of Missouri
111 South 10th Street
Suite 6.353
St. Louis, MO  63102
Telephone: (314) 539-2976
Facsimile: (314) 539-2990
Email: USTP.Region13@usdoj.gov

**The Internal Revenue Service**

International Revenue Service
Attn: Centralized Insolvency Operation
2970 Market St.
Philadelphia, PA  19104-5016
Telephone: (800)-973-0424
Facsimile: (855)-253-6787

International Revenue Service
Attn: Centralized Insolvency Operation
P.O. Box 7346
Philadelphia, PA 19101-7346
Telephone: (800)-973-0424
Facsimile: (855)-253-6787

**The Securities and Exchange Commission**

Securities and Exchange Commission
Attn: Christopher Cox
Secretary of the Treasury
100 F Street, NE
Washington, DC  20549
Telephone:  (202)-942-8088
Email:  secbankruptcy@sec.gov

Securities & Exchange Commission – Chicago Office
Attn:  David A. Glockner, Bankruptcy Dept.
175 W. Jackson Boulevard
Suite 900
Chicago, IL 60604
Telephone:  (312)-353-7390
Email:  chicago@sec.gov
Email:  secbankruptcy@sec.gov

Securities & Exchange Commission – New York Office
Attn: Andrew S. Calamari, Bankruptcy Dept.
Brookfield Place
200 Vesey Street, Ste. 400
New York, NY 10281-1022
Telephone:  (212)-336-1100
Email:  bankruptcynoticeschr@sec.gov
Email:  NYROBankruptcy@SEC.GOV

**The United States Department of the Interior**

United States Department of the Interior
Attn: Sally Jewell, Secretary of the Interior
1849 C Street, NW
Washington, DC  20240
Telephone:  (202)-280-3100
Email:  feedback@ios.doi.gov

**The United States Attorney's Office for the Eastern District of Missouri**

Attn: Richard Callahan, Esq.
Thomas Eagleton U.S. Courthouse
111 S. 10th Street, 20th Floor
St. Louis, MO  63102
Telephone: (314) 539-2200
Facsimile: (314) 539-2309

**Counsel to Citibank, N.A. as Administrative Agent for the First Lien Secured Credit Facility and the Debtors' Proposed Debtor in Possession Secured Credit Facility**

Damian Schaible, Esq.
Angela M. Libby, Esq.
Davis Polk & Wardell, LLP
450 Lexington Avenue
New York, NY 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Email: damian.schaible@davispolk.com
Email: angela.libby@davispolk.com

Lloyd A. Palans
Bryan Cave LLP
211 North Broadway, Suite 3600
St. Louis, MO 63102
Telephone: (314) 259-2000
Facsimile:  (314) 259-2020
Email: lapalans@bryancave.com

**Counsel to Wilmington Savings Fund Society, FSB, as Prospective Trustee and Collateral Agent for the Secured Second Lien Notes**

Brown Rudnick LLP
7 Times Square
New York, New York 10036
Attention: Howard Steel, Esq.
Telephone: (212) 209-4800
Facsimile: (212) 938-2806
Email:  hsteel@brownrudnick.com

**Counsel to Wilmington Trust Company as Prospective Indenture Trustee and Collateral Agent for Unsecured Notes**

Foley & Lardner LLP
90 Park Avenue
New York, New York 10016
Attn:  Douglas E. Spelfogel, Esq. & Richard J. Bernard, Esq.
Telephone: (212) 682-7474
Facsimile:  (212) 687-2329
Email:  dspelfogel@foley.com
Email:  rbernard@foley.com

**Counsel to U.S. Bank as Resigning Trustee and Collateral Agent for the Secured Second Lien Notes, Unsecured Notes and Convertible Notes**

Robinson & Cole LLP
Attn: Edward J. Samorajczyk, Jr., Esq.
280 Trumbell Street
Hartford, CT 06103
Telephone: (860) 275-8207
Email: esamorajczyk@rc.com

**Counsel to PNC Bank as Administrator and LC Bank**

Mayer Brown LLP
Attn: Brian Trust, Esq.
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 506-2500
Facsimile: (212) 262-1910
Email:  btrust@mayerbrown.com

Mayer Brown LLP
Attn:  Richard G. Ziegler, Esq.
71 S. Wacker Drive
Chicago, IL 60606
Telephone: (312) 782-0600
Facsimile: (312) 701-771
Email:  rziegler@mayerbrown.com

**Counsel for Any Official Committees**

To be Determined

**United Mine Workers of America**

Grant Crandall, Esq.
United Mine Workers of America
18354 Quantico Gateway Drive
Suite 200
Triangle, Virginia  22172
Telephone: (703) 291-2400

**Claims and Noticing Agent**

Kurtzman Carson Consultants, LLC
2335 Alaska Ave.
El Segundo, CA  90245
Attn:  Drake D. Foster
Telephone: (310) 823-9000
Fascimile: (310) 823-9133
Email:  PeabodyInfo@kccllc.com

**Any Party Requesting Service Pursuant to Bankruptcy Rule 2002**