UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| In re: | Case No. 16-42529 |
| PEABODY ENERGY CORPORATION, et al., | Chapter 11 |
| Debtor. | (Jointly Administered)<br>Related to Docket Nos. 45 and 149 |

## LIMITED OBJECTION TO MOTION OF THE DEBTORS AND DEBTORS IN POSSESSION, PURSUANT TO SECTIONS 105, 361, 362, 363, 364, AND 507(b) AND BANKRUPTCY RULES 4001(b) AND (c), FOR INTERIM AND FINAL ORDERS (I) AUTHORIZING DEBTORS (A) TO OBTAIN POSTPETITION FINANCING AND (B) TO UTILIZE CASH COLLATERAL; (II) GRANTING ADEQUATE PROTECTION TO PREPETITION SECURED PARTIES; AND (III) SCHEDULING A FINAL HEARING

PLEASE TAKE NOTICE that Natural Resource Partners L.P., WPP LLC, and ACIN LLC (collectively, the "NRP Parties"), hereby submit this limited objection (the "Limited Objection") to the Motion of the Debtors and Debtors in Possession Pursuant to Sections 105, 361, 362, 364, and 507 and Bankruptcy Rules 4001(b) and (c), for Interim and Final Orders (I) Authorizing Debtors (A) to Obtain Postpetition Financing and (B) to Utilize Cash Collateral; (II) Granting Adequate Protection to Prepetition Secured Parties; and (III) Scheduling a Final Hearing (docket item 45) (the "DIP Motion") and to the Amended Interim Order (I) Authorizing Debtors (A) to Obtain Postpetition Financing Pursuant to 11 U.S.C. §§ 105, 361, 362, 363(b), 364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1) and 364(e) and (B) to Utilize Cash Collateral Pursuant to 11 U.S.C. § 363; (II) Granting Adequate Protection to Pre-petition Secured Parties Pursuant to 11 U.S.C. §§ 361, 362, 363, 364 and 507(b) and (III) Scheduling a Final Hearing Pursuant to Bankruptcy Rules 4001(b) and (c) (docket item 149) (the "Interim Order"). In support of their Limited Objection to the Motion and Interim Order, the NRP Parties state the following:

## BACKGROUND

1. On April 13, 2016 (the "Petition Date"), the Debtors each filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of Missouri, Eastern Division (the "Court").

2. The Debtors continue to operate their businesses as debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

3. The NRP Parties have entered into several lease agreements with certain of the Debtors (the "Leases").

4. On April 13, 2016, the Debtors filed the Motion, in which they seek approval, in relevant part, of: (a) the proposed terms of post-petition financing; (b) the imposition of liens in favor of lenders; (c) the extension of certain adequate protection measures; (d) a request to pledge Collateral;[1] (e) the imposition of liens on the Debtors' leasehold properties interests; and (f) a proposed final order and final hearing date.

5. On April 15, 2016, this Court entered the Interim Order granting the Motion on a limited, interim basis and scheduled a final hearing on the Motion for May 17, 2016 at 10:00 a.m. (prevailing central time).

## LIMITED OBJECTION

### A. Rights and Obligations Due to the NRP Parties Under Section 365 of the Bankruptcy Code.

6. The NRP Parties do not oppose generally the relief requested by the Debtors in the Motion. However, to the extent the Motion seeks to alter or relieve the Debtors or any interested parties of the obligations imposed by Section 365 of the Bankruptcy Code and to the

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion, the Interim Order, or the DIP Agreement (defined below).

2

extent the Motion seeks to eliminate or alter any of the NRP Parties' rights available under Section 365 of the Bankruptcy Code, the NRP Parties object to the Motion.

**B.     Collateral and Excluded Assets, each as Defined in the Proposed Borrowing.**

7.     The Motion indicates that "Collateral" is defined in the Superpriority Secured Debtor-In-Possession Credit Agreement dated as of April 13, 2016 (the "DIP Agreement") in the following manner:

> "Collateral" means all owned or hereafter acquired assets and property of the DIP Loan Parties (including, without limitation, inventory, accounts receivable (if any), real property, plant, equipment, *rights under leases* and other contracts, patents, copyrights, trademarks, tradenames and other intellectual property and capital stock of subsidiaries), and the proceeds thereof, subject to customary exceptions to be agreed but to include without limitation, for the avoidance of doubt, all cash and cash equivalents of the DIP Loan Parties and any intercompany loans held by the DIP Loan Parties, subject, in the case of liens on the equity interests of P&L Receivables Company, LLC and any intercompany notes issued in connection with the A/R Facility Amendment, to intercreditor arrangements with the A/R Agent. Notwithstanding the foregoing, all "Receivables Assets" (as defined in the Pre-Petition Credit Agreement) sold or otherwise transferred to P&L Receivables Company, LLC in connection with the A/R Facility Agreement shall not constitute Collateral; *provided* [emphasis in original] that any such assets that are reconveyed to the DIP Loan Parties pursuant to the terms of the documentation governing the A/R Facility shall become Collateral.

Motion, p. 20 (citing section 1.01 of the DIP Agreement) (emphasis added).

8.     The DIP Agreement actually defines the term "Collateral" as follows:

> "Collateral" means all of the "Collateral" as defined in any Security Document or in the Interim Order or the Final Order (including all Real Property of any Borrower or other Loan Party) and all of the other property that is or becomes subject to Liens in favor of the Administrative Agent for the Secured Parties under the Loan Documents, the Interim Order or the Final Order; provided that Collateral shall exclude any Excluded Assets.

DIP Agreement, p. 8.

9.     The Interim Order defines "Collateral," in relevant part, as follows:

> As security for the DIP Obligations, effective and perfected upon the date of entry of this Interim Order and without the necessity of the execution, recordation of filings by the Debtor Loan Parties of mortgages, security agreements, control agreements,

3

pledge agreements, financing statements or other similar documents, or the possession or control by the DIP Agent of, or over, any Collateral, the following security interests and liens are hereby granted to the DIP Agent for its own benefit and the benefit of the DIP Lenders (all property identified in clauses 8(a), 8(b), 8(c), and 8(d) below being collectively referred to as the "Collateral"). . . .

[(8)](a) First Lien on Unencumbered Property. Pursuant to section 364(c)(2) of the Bankruptcy Code, a valid, binding, continuing, enforceable, fully-perfected first priority senior security interest in and lien upon all tangible and intangible pre- and post-petition property of the Debtor Loan Parties, whether existing on the Petition Date or thereafter acquired, that, on or as of the Petition Date is not subject to valid, perfected and non-avoidable liens (collectively, "Unencumbered Property"), including, without limitation, any and all unencumbered cash of the Debtor Loan Parties (whether maintained with the DIP Agent or otherwise) and any investment of such cash and cash collateral, inventory, accounts receivable, other rights to payment whether arising before or after the Petition Date (including, without limitation, postpetition intercompany claims against the Debtor Loan Parties and their non-Debtor affiliates), contracts, properties, plants, fixtures, machinery, equipment, general intangibles, documents, instruments, securities, chattel paper, *interests in leaseholds*, real properties, deposit accounts, patents, copyrights, trademarks, trade names, rights under license agreements, other intellectual property, capital stock of subsidiaries, wherever located, and the proceeds, products, *rents*, and profits of all the foregoing, whether arising under section 552(b) of the Bankruptcy Code or otherwise, *in each case other than (i) the Excluded Assets, but including any proceeds of Excluded Assets* and (ii) Avoidance Actions, but, subject only to and effective upon entry of the Final Order, including any Avoidance Proceeds;

[(8)](b) Liens Priming Prepetition Secured Parties' Liens. Pursuant to section 364(d)(1) of the Bankruptcy Code, a valid, binding, continuing, enforceable, fully-perfected first priority senior priming security interest in and lien upon all pre- and post-petition property of Loan Parties (provided that with respect to the property of Peabody Holdings (Gibraltar) Limited, "Collateral" shall only include 65% of the equity interests in non-Debtor Peabody Investments (Gibraltar) Limited) (including, without limitation, any and all cash and cash collateral of the Debtor Loan Parties (whether maintained with the DIP Agent or otherwise) and any investment of such cash and cash collateral, inventory, accounts receivable, other rights to payment whether arising before or after the Petition Date (including, without limitation, postpetition intercompany claims against the Debtor Loan Parties and their non-Debtor affiliates), contracts, properties, plants, fixtures, machinery, equipment, general intangibles, documents, instruments, securities, chattel paper, *interests in leaseholds*, real properties, deposit accounts, patents, copyrights, trademarks, trade names, rights under license agreements, other intellectual property, capital stock of subsidiaries, wherever located, and the proceeds, products, *rents*, and profits of all the foregoing, whether arising under section 552(b) of the Bankruptcy Code or otherwise, *in each case other than (i) the Excluded Assets, but including any proceeds of Excluded Assets* and (ii) the Avoidance Actions, but, subject only to and effective upon entry of the Final Order, including any Avoidance Proceeds, whether

4

now existing or hereafter acquired, that is subject to the existing liens presently securing the Stipulated Debt (including in respect of issued but undrawn letters of credit). Such security interests and liens shall be senior in all respects to the interests in such property of the Pre-Petition Secured Parties arising from current and future liens of the Pre-Petition Secured Parties (including, without limitation, the Adequate Protection Liens) (collectively, the "Primed Liens") and to any liens and security interests to which such Primed Liens are senior or pari passu;

[(8)](c) Liens Junior to Certain Other Liens. Pursuant to section 364(c)(3) of the Bankruptcy Code, a valid, binding, continuing, enforceable, fully-perfected security interest in and lien upon all pre- and post-petition property of the Debtor Loan Parties, including, without limitation, any and all cash and cash collateral of the Debtor Loan Parties (whether maintained with the DIP Agent or otherwise) and any investment of such cash and cash collateral, inventory, accounts receivable, other rights to payment whether arising before or after the Petition Date (including, without limitation, post-petition intercompany claims against the Debtor Loan Parties and their non-Debtor affiliates), contracts, properties, plants, fixtures, machinery, equipment, general intangibles, documents, instruments, securities, chattel paper, *interests in leaseholds*, real properties, deposit accounts, patents, copyrights, trademarks, trade names, rights under license agreements, other intellectual property, capital stock of subsidiaries, wherever located, and the proceeds, products, *rents*, and profits of all the foregoing, whether arising under section 552(b) of the Bankruptcy Code or otherwise, *in each case other than (i) the Excluded Assets, but including any proceeds of Excluded Assets* and (ii) the Avoidance Actions, but, subject only to and effective upon entry of the Final Order, including any Avoidance Proceeds, that is subject to valid, perfected and unavoidable liens permitted under the Existing Secured Agreements to the extent such permitted liens are senior to the Pre-Petition Lender Security Interests and were in existence immediately prior to the Petition Date (other than, for the avoidance of doubt, the Primed Liens), or to any such valid and unavoidable liens in existence immediately prior to the Petition Date that are perfected subsequent to the Petition Date as permitted by section 546(b) of the Bankruptcy Code . . .

Interim Order, pp. 26-29 (emphasis added).

    10.    The DIP Agreement defines the term "Excluded Assets" as follows:

any assets to the extent that and for so long as the grant of a security interest therein would be prohibited by, cause a default under, result in a breach of or otherwise violate applicable law or any organizational documents or any contractual or lease provisions or give another party any rights or termination or acceleration or any rights to obtain a Lien to secure obligations owing to such party (excluding, in all cases, any such restrictions contained in any Existing Debt Documents or in the Intercompany Credit Agreement on Global Center's ability to grant security over its rights thereunder in favor of the Lenders (or in either case any security agreement or other agreement related thereto)); provided that this clause (i) will not apply to restrictions overridden or rendered unenforceable by the Bankruptcy Code or the

5

>UCC anti-assignment provisions or by other applicable law or as a result of the Cases or, to the extent this clause was (a) applicable because the grant of a security interest would violate applicable law, if there is a change of law that would result in a grant of a security interest no longer violating applicable law; provide, further, that upon the removal of all restrictions specified in this clause (a) shall no longer apply.

DIP Agreement, p.14. The Interim Order relies upon the definition of Excluded Assets "as such term is defined in the Existing Credit Documents" which documents do not appear to be included in any of the Debtors' filings with the Bankruptcy Court. *Id.* at p. 10. The Motion does not use or define the term Excluded Assets.

11. Notwithstanding the Debtors' multiple definitions of "Collateral" and the lack of clarity related to the definition of "Excluded Assets," the NRP Parties assert that their Leases with the Debtors should not be treated as Collateral for purposes of the instant Motion or otherwise, as the Leases contain anti-assignment/anti-lien provisions, which qualify the Leases as Excluded Assets based on the definition recited above.

C. **Reservation of Rights Related to the Proposed Lien on the Proceeds of Leases in Favor of Lenders.**

12. Finally, the Motion and Interim Order suggest that liens in favor of the lenders will attach to payments due to the NRP Parties under Section 365(d)(3) of the Bankruptcy Code as well as to cure payments that may become due to the NRP Parties pursuant to the Leases and under Section 365(b)(1)(A) of the Bankruptcy Code. The NRP Parties request that the Final Order granting the Motion makes clear that liens in favor of the lenders will not attach to any payments due to the NRP Parties under Section 365(d)(3) of the Bankruptcy Code or to any cure payments that may become due to the NRP Parties pursuant to the Leases and Section 365(b)(1)(A) of the Bankruptcy Code.

## RESERVATION OF RIGHTS

13. Nothing in this Limited Objection is intended to be, or should be construed as, a waiver by the NRP Parties of any of their rights under the Leases, the Bankruptcy Code, or applicable law.

## JOINDER

14. The NRP Parties hereby join in any objections to the Motion filed by other lessors, as if restated in full herein, to the extent that they are not inconsistent with this Limited Objection.

WHEREFORE, the NRP Parties respectfully request that this Court (a) sustain this Limited Objection for the reasons set forth above, and (b) grant such other and further relief as this Court deems just and appropriate under the circumstances.

Dated: May 3, 2016

Respectfully submitted,

By: /s/ E. Rebecca Case
E. Rebecca Case, Esquire (MO Bar No. 38010)
STONE LEYTON & GERSHMAN;
A PROFESSIONAL CORPORATION
7733 Forsyth Boulevard, Suite 500
St. Louis, MO 63105
Telephone: (314) 721-7011
Facsimile: (314) 721-8660
Email: rcase@stoneleyton.com

and

Augustus C. Epps, Jr., Esquire (VSB No. 13254)
Michael D. Mueller, Esquire (VSB No. 38216)
Jennifer M. McLemore, Esquire (VSB No. 47164)
CHRISTIAN & BARTON, LLP
909 East Main Street, Suite 1200
Richmond, VA 23219-3095
Telephone: (804) 697-4100
Facsimile: (804) 697-6112

Counsel to Natural Resource Partners L.P., WPP LLC, and ACIN LLC

## CERTIFICATE OF SERVICE

I hereby certify that on May 3, 2016, a true and correct copy of the foregoing pleading was served on all parties receiving electronic notice in this case via the CM/ECF system for the United States Bankruptcy Court for the Eastern District of Missouri and were served on the Master Service List by email or as otherwise indicated on the list attached as **EXHIBIT A**, in accordance with the Order Establishing Case Management and Administrative Procedures (ECF #114).

/s/ E. Rebecca Case
E. Rebecca Case

1953114

# EXHIBIT A
## PARTIES RECEIVING NOTICE BY EMAIL

Jones Day
Amy Edgy
Daniel T Moss
51 Louisiana Avenue; N.W.
Washington, DC 20001-2113
aedgy@jonesday.com
dtmoss@jonesday.com

Armstrong Teasdale LLP
Steven N Cousins
Susan K Ehlers
7700 Forsyth Boulevard; Suite 1800
St Louis, MO 63105
scousins@armstrongteasdale.com;
sehlers@armstrongteasdale.com

Missouri Attorney General's Office
Supreme Court Bldg
207 W. High St.
P.O. Box 899
Jefferson City, MO 65101
attorney.general@ago.mo.gov

Missouri State Treasury
P.O. Box 210
Jefferson City, MO 65102
Patrick.Morgan@treasurer.mo.gov

Office of the United States Trustee
Eastern District of Missouri
Leonora S. Long
Paul A. Randolph
111 South 10th Street
Suite 6353
St. Louis, MO 63102
leonora.long@usdoj.gov
paul.a.randolph@usdoj.gov

Securities & Exchange Commission
David A Glockner, Regional Director
175 W Jackson Blvd; Suite 900
Chicago, IL 60604
chicago@sec.gov

Bryan Cave LLP
Lloyd A Palans
211 North Broadway Ste 3600
St Louis, MO 63102
lapalans@bryancave.com

Foley & Lardner LLP
Douglas E Spelfogel
Richard J Bernard
90 Park Avenue
New York, NY 10016
dspelfogel@foley.com
rbernard@foley.com

US Department of the Interior
Secretary of the Interior
Sally Jewell
1849 C Street; NW
Washington, DC 20240
feedback@ios.doi.gov

Pension Benefit Guaranty Corporation
Office of the Chief Counsel
Deborah J. Bisco
Mary A. Petrovic
1200 K Street, NW, Suite 340
Washington, DC 20005-4026
petrovic.mary@pbgc.gov;
bisco.deborah@pbgc.gov
efile@pbgc.gov

Kirkland & Ellis LLP
Steve Hessler
601 Lexington Avenue
New York, NY 10022-4611
stephen.hessler@kirkland.com

LATHROP & GAGE LLP
Wendi Alper-Pressman Esq.
Pierre Laclede Center
7701 Forsyth Boulevard; Suite 500
Clayton, MO 63105
wpressman@lathropgage.com

Page 1 of 5

## EXHIBIT A
## PARTIES RECEIVING NOTICE BY EMAIL

MAYER BROWN LLP
Christine Walsh, Esq.
1221 Avenue of the Americas
New York, NY 10020-1001
cwalsh@mayerbrown.com

MOORE & VAN ALLEN PLLC
David L. Eades
Charles (Trey) R. Rayburn III
Cole B. Richins
100 North Tryon Street; Suite 4700
Charlotte, NC 28202
davideades@mvalaw.com
treyrayburn@mvalaw.com;
colerichins@mvalaw.com;

Christian & Barton LLP
Michael D Mueller Esq.
909 East Main St Ste 1200
Richmond, VA 23219-3095
mmueller@cblaw.com

Stone Leyton & Gershman
E Rebecca Case
Howard S Smotkin
Janice R Valdez
7733 Forsyth Blvd Ste 500
St Louis, MO 63105
erc@stoneleyton.com
hss@stoneleyton.com
jrv@stoneleyton

Wilkinson, Goeller, Modesitt, Wilkinson & Drummy
Kevin L. Roots
333 Ohio Street
Terre Haute, IN 47807
klroots@wilkinsonlaw.com

Summers Compton Wells LLC
David A. Sosne
Bonnie L. Clair
Brian J. LaFlamme
8909 Ladue Road
St Louis, MO 63124
dasattymo@summerscomptonwells.com;
blcattymo@summerscomptonwells.com;
blaflamme@summerscomptonwells.com

Morgan, Lewis & Bockius LLP
Julia Frost-Davies
Amelia C. Joiner
One Federal Street
Boston, MA 02110-1726
julia.frost-davies@morganlewis.com;
amelia.joiner@morganlewis.com

Moye White LLP
James T. Burghardt
Tim Swanson
1400 16th Street, Sixth Floor
Denver, CO 80202
jim.burghardt@moyewhite.com
tim.swanson@moyewhite.com

Perkins Coie LLP
Richard M. Lorenzen, Esq.
2901 North Central Avenue, Suite 2000
Phoenix, AZ 85012-2788
Rlorenzen@perkinscoie.com

Buchanan Ingersoll Rooney PC
Kelly M. Neal, Esquire
One Oxford Centre, 20th Floor
301 Grant Street
Pittsburgh, PA 15219-1410
kelly.neal@bipc.com

Windels Marx Lane & Mittendorf, LLP
Alan Nisselson, Esq.
Michele Arbeeny, Esq.
156 West 56th Street
New York, NY 10019
anisselson@windelsmarx.com;
marbeeny@windelsmarx.com

**EXHIBIT A**
**PARTIES RECEIVING NOTICE BY EMAIL**

U.S. Department of Justice -- Civil Division
Serajul F. Ali, Trial Attorney
1100 L Street, N.W., Room 10000
Washington, DC 20005
serajul.ali@usdoj.gov

LANGLEY LLP
Brandon K. Bains
901 Main Street, Suite 600
Dallas, TX 75202
bbains@l-llp.com

Nelson Mullins Riley & Scarborough L.L.P.
Jody A. Bedenbaugh
George B. Cauthen
1320 Main Street, 17th Floor
Columbia, SC 29201
jody.bedenbaugh@nelsonmullins.com;
george.cauthen@nelsonmullins.com

New Mexico Attorney General
James C. Jacobsen
Assistant Attorney General
111 Lomas Blvd. NW, Suite 300
Albuquerque, NM 87102-2368
jjacobsen@nmag.gov

Reed Smith LLP
Matthew E. Tashman, Esq.
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
Mtashman@ReedSmith.com

Spencer Fane LLP
Gerald P. Greiman
1 N. Brentwood Blvd., Suite 1000
St. Louis, MO 63105
ggreiman@spencerfane.com

Missouri Department of Revenue
Bankruptcy Unit
Attention: Jeffrey W. Hunt
PO Box 475
Jefferson City, MO 65105-0475
edmoecf@dor.mo.gov

U.S. Department of Justice -- Civil Division
Seth B. Shapiro, Trial Attorney
P.O. Box 875
Ben Franklin Station
Washington, DC 20044
seth.shapiro@usdoj.gov

Wilmington Savings Fund Society, FSB
Patrick Healy
500 Delaware Avenue, 11th Floor
Wilmington, DE 19801
phealy@wsfsbank.com

Godfrey & Kahn,
S.C. Brady
C. Williamson
Katherine Stadler
Erin A. West
One East Main Street, Suite 500
P.O. Box 2719
Madison, WI 53701-2719
bwilliam@gklaw.com
kstadler@gklaw.com
ewest@gklaw.com

Harris Beach PLLC
Lee E. Woodard, Esq.
333 West Washington Street, Suite 200
Syracuse, NY 13202
lwoodard@harrisbeach.com

Morrison & Foerster LLP
Lorenzo Marinuzzi
250 West 55th Street
New York, NY 10019-9601
lmarinuzzi@mofo.com

National Labor Relations Board, Region 14
Ann G Wright, Compliance Officer
1222 Spruce Street, Room 8.302
Saint Louis, MO 63103-2829
Anng.wright@nlrb.gov

# EXHIBIT A
## PARTIES RECEIVING NOTICE BY EMAIL

Mathis, Marifian & Richter, Ltd.
Mary E. Lopinot
P.O. Box 16025
St. Louis, MO 63105
mlopinot@mmrltd.com

Affinity Law Group, LLC
J. Talbot Sant, Jr.
Ira M. Potter
Mark R. Sanders
1610 Des Peres Road, Suite 100
St Louis, MO 63131
tsant@affinitylawgrp.com;
ipotter@affinitylawgrp.com;
msanders@affinitylawgrp.com

## EXHIBIT A
## PARTIES RECEIVING NOTICE BY MAIL

Internal Revenue Service
Centralized Insolvency Operation
PO Box 7346
Philadelphia, PA  19101-7346

Internal Revenue Service
Centralized Insolvency Operation
2970 Market St
Philadelphia, PA  19104

US Attorney for Eastern District of Missouri
555 Independence St
Rush H Limbaugh Sr US Courthouse
Cape Girardeau, MO  63703

US Attorney for Eastern District of Missouri
Attn Richard Callahan Esq
111 S. 10th Street; 20th Floor
Thomas Eagleton US Courthouse
St. Louis, MO  63102

Citibank NA
388 Greenwich Street
New York, NY  10013

Wilmington Trust Company
Mr Steven M Cimalore
1100 North Market St
Rodney Square North
Wilmington, DE  19890-1600

Wilmington Trust Company; as Trustee
1105 North Market Street
Wilmington, De  19890-1600

United Mine Workers of America
Attn: Cecil Roberts; President
18354 Quantico Gateway Dr.; Suite 200
Triangle, VA  22172-1179

U.S. Bank National Association
225 Asylum Street 26th Floor
Hartford, CT  06103

Carnahan, Evans, Cantwell & Brown, P.C.
Christiaan D. Horton
2805 S. Ingram Mill Road
P.O. Box 10009 G.S.S.
Springfield, MO  65808-0009

Emmet, Marvin & Martin, LLP
Thomas A. Pitta & Edward P. Zujkowski
120 Broadway, 32nd Floor
New York, NY  10271

Securities and Exchange Commission
Jolene Wise
175 West Jackson Blvd
Suite 900
Chicago, IL  60604

Bank of Oklahoma, National Association
Corporate Trust
Attn: George Kubin, Senior Vice President
1600 Broadway, 3rd Floor
Denver, CO  80202

United Mine Workers of America 1974 Pension
Plan and Trust
Attn: David W. Allen, General Counsel
2121 K Street, N.W.
Washington, DC  20037

Pension Benefit Guaranty Corporation
Attn: John J. Butler, Financial Analyst
1200 K Street, N.W.
Washington, DC  20005-4026

Kinder Morgan Inc.
Attn: Andrew C. Sheedy
1001 Louisiana, Suite 1000
Houston, TX  77002

Wagner Equipment Co.
Attn: Alex Rosie
18000 Smith Road
Aurora, CO  80011

Dyno Nobel Inc.
Attn: Jeffrey Droubay
2795 E. Cottonwood Parkway, Suite 500
Salt Lake City, UT  8412