# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>Peabody Energy Corporation, <u>et</u> <u>al.</u>,<br><br>            Debtors. | Case No. 16-42529 (BSS)<br>CHAPTER 11<br><br> (Jointly Administered) |

## SUPPLEMENTAL CERTIFICATE OF SERVICE

I, David Hartie, depose and say that I am employed by Kurtzman Carson Consultants LLC (KCC), the claims and noticing agent for the Debtors in the above-captioned case.

On June 27, 2016, at my direction and under my supervision, employees of KCC caused the following documents to be served via First Class mail to the registered holders of Common Stock, CUSIP 704549 20 3, on the service list attached hereto as **Exhibit A**, provided by American Stock Transfer & Trust Company, as transfer agent:

- **Notice of Deadlines for Filing Proofs of Claim** [*Attached hereto as **Exhibit B**￼*]

- ***Blank* Official Form 410 Proof of Claim Form** [*Attached hereto as **Exhibit C**￼*]

Dated: June 28, 2016

                    *__/s/ David Hartie*
                    David Hartie
                    KCC
                    1290 Avenue of the Americas
                    New York, NY 10104
                    Tel 917.281.4800

# Exhibit A

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | STATE | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| AIMEE CONNER | | ADDRESS REDACTED | | | | | | |
| ALAN DITCHEK | | ADDRESS REDACTED | | | | | | |
| ALAN H COHEN | | ADDRESS REDACTED | | | | | | |
| ALICE THARENOS | | ADDRESS REDACTED | | | | | | |
| ALLAN FREEDMAN | | ADDRESS REDACTED | | | | | | |
| ALLISON LICH | | ADDRESS REDACTED | | | | | | |
| AMANDA LICH | | ADDRESS REDACTED | | | | | | |
| ASHLEY SAUER | | ADDRESS REDACTED | | | | | | |
| AUDREY J CARTER | | ADDRESS REDACTED | | | | | | |
| AUDRY RAPPLEYEA | | ADDRESS REDACTED | | | | | | |
| BETTIE JANE PRICE | | ADDRESS REDACTED | | | | | | |
| BILL STORMES | | ADDRESS REDACTED | | | | | | |
| BRADLEY PHILLIPS | | ADDRESS REDACTED | | | | | | |
| BRADY SWEET | | ADDRESS REDACTED | | | | | | |
| BRIAN G EASTERDAY and | GWENDOLYN R EASTERDAY JT TEN | ADDRESS REDACTED | | | | | | |
| BRIAN LAURA K DINICOLA DINICOLA | TEN BY ENTIRETY | ADDRESS REDACTED | | | | | | |
| BRIAN NEILSEN | | ADDRESS REDACTED | | | | | | |
| BROCK BAKER TOD | SHERYL KAY BAKER | ADDRESS REDACTED | | | | | | |
| BRUCE A KENITZER | | ADDRESS REDACTED | | | | | | |
| BRYCE WEST | | ADDRESS REDACTED | | | | | | |
| CAREY HIEB | | ADDRESS REDACTED | | | | | | |
| CARLA TAYLOR ESTEP | | ADDRESS REDACTED | | | | | | |
| CAROL L SHAFFER and | CHRISTINA L KAUFMAN JT TEN | ADDRESS REDACTED | | | | | | |
| CAROL RILEY | | ADDRESS REDACTED | | | | | | |
| CAROLYN MITCHELL BROMFMAN | | ADDRESS REDACTED | | | | | | |
| CHARLES C KENNEDY | | ADDRESS REDACTED | | | | | | |
| CHERYL LOOMIS | | ADDRESS REDACTED | | | | | | |
| CHINO KIM | | ADDRESS REDACTED | | | | | | |
| CLAY L BEACH and | VALERIA C BEACH JT TEN | ADDRESS REDACTED | | | | | | |
| COMPUTERSHARE AS PRIOR AGENT FOR PEABO | ADJUSTMENT ACCOUNT | ADDRESS REDACTED | | | | | | |
| CONNIE DE SANTANA | | ADDRESS REDACTED | | | | | | |
| CRAIG J WOLLMAN and | SUZANNE F WOLLMAN JT TEN | ADDRESS REDACTED | | | | | | |
| CRISTOPHER SNYDER | | ADDRESS REDACTED | | | | | | |
| CYNTHIA BUSTER CUST | EB | ADDRESS REDACTED | | | | | | |
| DANIEL C BONNELL and | META BONNELL JT TEN | ADDRESS REDACTED | | | | | | |
| DANIELLE SANTOMENNO | | ADDRESS REDACTED | | | | | | |
| DARELL T HOWELL and | BRENDA A HOWELL JTTEN | ADDRESS REDACTED | | | | | | |
| DARREN L PLAYLE | | ADDRESS REDACTED | | | | | | |
| DAVE ALMEIDA | | ADDRESS REDACTED | | | | | | |
| DAVID J DIPASQUALE | | ADDRESS REDACTED | | | | | | |
| DAVID J SHAFER | | ADDRESS REDACTED | | | | | | |
| DAVID JAMES | | ADDRESS REDACTED | | | | | | |
| DAVID L DAVIDSON and | OLIVIA B DAVIDSON JT TEN | ADDRESS REDACTED | | | | | | |
| DAVID POWELL | | ADDRESS REDACTED | | | | | | |
| DEAN L SMEHIL and | JOAN P SMEHIL JT TEN | ADDRESS REDACTED | | | | | | |
| DEBRA ROBERTSON | | ADDRESS REDACTED | | | | | | |
| DENISE M LEE | | ADDRESS REDACTED | | | | | | |

In re: Peabody Energy Corporation, et al.,
Chapter 11 Case No. 16-42529-399

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | STATE | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| DENNIS C LOEFFLER and | NANCY J LOEFFLER | ADDRESS REDACTED | | | | | | |
| DONALD SIMMONS | | ADDRESS REDACTED | | | | | | |
| DOUGLAS LATOZ | | ADDRESS REDACTED | | | | | | |
| DOUGLAS LOUCKS | | ADDRESS REDACTED | | | | | | |
| DOVA J KASDEN | | ADDRESS REDACTED | | | | | | |
| EDWARD CHARLES LEEMON | | ADDRESS REDACTED | | | | | | |
| EDWARD M CURTIS JR and | ANNE G CURTIS | ADDRESS REDACTED | | | | | | |
| EDWARD R OBERHOLSER and | CONSTANCE V OBERHOLSER JT TEN | ADDRESS REDACTED | | | | | | |
| EFFIDEEN AMEERALLY | | ADDRESS REDACTED | | | | | | |
| EMMANUEL DAVIS | | ADDRESS REDACTED | | | | | | |
| ERIC BALTZ | | ADDRESS REDACTED | | | | | | |
| FRANK PHILIP SWETT III | | ADDRESS REDACTED | | | | | | |
| GASPAR SICH | | ADDRESS REDACTED | | | | | | |
| GEOFFREY MOORE | | ADDRESS REDACTED | | | | | | |
| GEORGE A HURST | | ADDRESS REDACTED | | | | | | |
| GERALD D SON and | LINDA L SON JT TEN | ADDRESS REDACTED | | | | | | |
| GERALD EUGENE LEGER and | EDNA ISABEL LEGER JT TEN | ADDRESS REDACTED | | | | | | |
| GERALD HAANTZ | | ADDRESS REDACTED | | | | | | |
| GORDON FLETCHER | | ADDRESS REDACTED | | | | | | |
| GREATHOUSE STEVEN | | ADDRESS REDACTED | | | | | | |
| GREGORY LEE ALTHOFF | | ADDRESS REDACTED | | | | | | |
| GREGORY WUNDER CUST | DLWW | ADDRESS REDACTED | | | | | | |
| HARRY W DUNK and | MARIAN A DUNK and | ADDRESS REDACTED | | | | | | |
| HARRY W DUNK and | MARIAN A DUNK and | ADDRESS REDACTED | | | | | | |
| HARRY W DUNK and | MARIAN A DUNK and | ADDRESS REDACTED | | | | | | |
| IRL F ENGELHARDT | | ADDRESS REDACTED | | | | | | |
| JACK SMITH and | PEGGY SUE SMITH JT TEN | ADDRESS REDACTED | | | | | | |
| JAIME LODGE CUST | JSL | ADDRESS REDACTED | | | | | | |
| JAIME LODGE CUST | WJL | ADDRESS REDACTED | | | | | | |
| JAKBEK LTD | A PARTNERSHIP | ADDRESS REDACTED | | | | | | |
| JAMES C CAMPBELL | | ADDRESS REDACTED | | | | | | |
| JAMES D PURDUE | | ADDRESS REDACTED | | | | | | |
| JAMES GURNEY JONASSON | | ADDRESS REDACTED | | | | | | |
| JAMES NIEMCZYK | | ADDRESS REDACTED | | | | | | |
| JAMES SPAMPINATO and | MARILYN J SPAMPINATO JT TEN | ADDRESS REDACTED | | | | | | |
| JAMES W BAXTER and | SANDI L BAXTER JT TEN | ADDRESS REDACTED | | | | | | |
| JASON C SANCHEZ CUST | BTS | ADDRESS REDACTED | | | | | | |
| JEREMIAH BUSH | | ADDRESS REDACTED | | | | | | |
| JERRE C PFAFF and | NANCY B PFAFF TEN COM | ADDRESS REDACTED | | | | | | |
| JOE B HURLEY IV | | ADDRESS REDACTED | | | | | | |
| JOHN C KELLER | | ADDRESS REDACTED | | | | | | |
| JOHN D SZUCHAN | | ADDRESS REDACTED | | | | | | |
| JOHN JOSEPH VALLAR | | ADDRESS REDACTED | | | | | | |
| JOHN O EBERHART | | ADDRESS REDACTED | | | | | | |
| JOHN PELLEGRINI | | ADDRESS REDACTED | | | | | | |
| JOHN R FRANCIS and | NANCY FRANCIS JT TEN | ADDRESS REDACTED | | | | | | |
| JOHN ROBERT MILNER | | ADDRESS REDACTED | | | | | | |

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | STATE | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| JOHN ROUSH | | ADDRESS REDACTED | | | | | | |
| JOHN SCHMIDT | | ADDRESS REDACTED | | | | | | |
| JOHN WEAVER | | ADDRESS REDACTED | | | | | | |
| JOHNNIE GREEN | | ADDRESS REDACTED | | | | | | |
| JONATHAN DEGOTARDI | | ADDRESS REDACTED | | | | | | |
| JONATHAN DEVER | | ADDRESS REDACTED | | | | | | |
| JONATHAN GARO KOOMEY and | MELISSA GRIGORIEFF JT TEN | ADDRESS REDACTED | | | | | | |
| JONATHAN SHERMAN | | ADDRESS REDACTED | | | | | | |
| JOREY L KRAWCZYN | | ADDRESS REDACTED | | | | | | |
| JOSCOLYN JOAN KOUBA and | DOUGLAS PHILIP KOUBA JT TEN | ADDRESS REDACTED | | | | | | |
| JOSEPH E GULLY | | ADDRESS REDACTED | | | | | | |
| JOSEPH SMITH | | ADDRESS REDACTED | | | | | | |
| JUDITH WAGNER | | ADDRESS REDACTED | | | | | | |
| KATHRYN WINKELMANN | | ADDRESS REDACTED | | | | | | |
| KAY FRANCES LOWERY | | ADDRESS REDACTED | | | | | | |
| KEITH MORAN | | ADDRESS REDACTED | | | | | | |
| KELLY F MADER | | ADDRESS REDACTED | | | | | | |
| KENNETH WAGNER | | ADDRESS REDACTED | | | | | | |
| KITLEE I MOGNETT | | ADDRESS REDACTED | | | | | | |
| KURT BROWN | | ADDRESS REDACTED | | | | | | |
| LARRY B DUNCAN | | ADDRESS REDACTED | | | | | | |
| LAWRENCE SUMNER | | ADDRESS REDACTED | | | | | | |
| LAWRENCE W GALLAGHER | | ADDRESS REDACTED | | | | | | |
| LEE PETERSON | | ADDRESS REDACTED | | | | | | |
| LEWIS C EPSTEIN | TOD DEBRA L BRIDGES | ADDRESS REDACTED | | | | | | |
| LILA J DRAKE and | RALPH E DRAKE JT TEN | ADDRESS REDACTED | | | | | | |
| LINA YOUNG | | ADDRESS REDACTED | | | | | | |
| LINDA ALBERT | | ADDRESS REDACTED | | | | | | |
| LINK SHAREHOLDER SEVICES LLC | | ADDRESS REDACTED | | | | | | |
| LISA CANTWELL | | ADDRESS REDACTED | | | | | | |
| LISA MICHELLE CANTWELL and | EDWARD W CANTWELL JT TEN | ADDRESS REDACTED | | | | | | |
| LYNDON L LANE | | ADDRESS REDACTED | | | | | | |
| M CHRIS TAYLOR | | ADDRESS REDACTED | | | | | | |
| MAKE A BUCK INVESTMENT CLUB | WILLIAM YOUNG | ADDRESS REDACTED | | | | | | |
| MANCIL D ROBINSON II | | ADDRESS REDACTED | | | | | | |
| MARIA DE SANTANA | | ADDRESS REDACTED | | | | | | |
| MARIE A STAFFORD | | ADDRESS REDACTED | | | | | | |
| MARILYN A MCCARRAGHER | | ADDRESS REDACTED | | | | | | |
| MARILYN MYERS TR | ROGER M LAWRENCE TRUST | ADDRESS REDACTED | | | | | | |
| MARK S TAYLOR | | ADDRESS REDACTED | | | | | | |
| MARK SUMNER | | ADDRESS REDACTED | | | | | | |
| MARSHALL WOLF | | ADDRESS REDACTED | | | | | | |
| MARVIN ROBERTS | | ADDRESS REDACTED | | | | | | |
| MATTHEW J RUDER | | ADDRESS REDACTED | | | | | | |
| MERLE B YOUNG JR | | ADDRESS REDACTED | | | | | | |
| MICHAEL ALOIS KOWALSKI | | ADDRESS REDACTED | | | | | | |
| MICHAEL EUGENE KARNS | | ADDRESS REDACTED | | | | | | |

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | STATE | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| MICHAEL FLANNIGAN | | ADDRESS REDACTED | | | | | | |
| MICHAEL J CONNOLLY TTEE and | MARY ANN CONNOLLY TTEE OF THE BC | ADDRESS REDACTED | | | | | | |
| MICHAEL PRITT | | ADDRESS REDACTED | | | | | | |
| MICHAEL SIEBERS | | ADDRESS REDACTED | | | | | | |
| MICHELLE A ALTHOFF | | ADDRESS REDACTED | | | | | | |
| MILES H RIGGS | | ADDRESS REDACTED | | | | | | |
| NEARY PENCO | C O US BANK NA | ADDRESS REDACTED | | | | | | |
| NEIL R RAPPENECKER and | KIMBERLEY F RAPPENECKER JT TEN | ADDRESS REDACTED | | | | | | |
| NEIL REYNOLDSON | | ADDRESS REDACTED | | | | | | |
| NORMAN LEVINE and SUSAN LEVINE | JT TEN | ADDRESS REDACTED | | | | | | |
| PAMELA TUCKER COLLINS and | DAVID GARRETT COLLINS JT TEN | ADDRESS REDACTED | | | | | | |
| PATRICIA G LEWIS | | ADDRESS REDACTED | | | | | | |
| PATRICIA T FRAZER and | THOMAS R FRAZER TEN COM | ADDRESS REDACTED | | | | | | |
| PAUL E SUMNER | | ADDRESS REDACTED | | | | | | |
| PAUL J BROWN | | ADDRESS REDACTED | | | | | | |
| PAULINE S CATON and | RONALD A CATON | ADDRESS REDACTED | | | | | | |
| PETER BRISBANE | | ADDRESS REDACTED | | | | | | |
| PETER JUDD CLARK | | ADDRESS REDACTED | | | | | | |
| PETER MANZ DC TR | PFT SHRING PLAN and TRUST | ADDRESS REDACTED | | | | | | |
| RANDALL JOSEPH MAJZEL and | LINDA KAY MAJZEL JT TEN | ADDRESS REDACTED | | | | | | |
| RAY CHO and | HAI QING YAN JT TIC | ADDRESS REDACTED | | | | | | |
| RICHARD MARX TR | RICHARD H MARX LIVING TRUST | ADDRESS REDACTED | | | | | | |
| RICHARD O SPARKS and | NANCY S SPARKS JT TEN | ADDRESS REDACTED | | | | | | |
| RIPLEY ELIZABETH COOLEY | | ADDRESS REDACTED | | | | | | |
| ROBERT E MOHLER | BOOK ENTRY | ADDRESS REDACTED | | | | | | |
| ROBYN L MAISEL | | ADDRESS REDACTED | | | | | | |
| RON S ANDERSON | | ADDRESS REDACTED | | | | | | |
| ROY EVERETT LESLIE and | NYOKA JUNE LESLIE JT TEN | ADDRESS REDACTED | | | | | | |
| RUSSELL EUGENE ENGELHARDT and | SUZANNE ENGELHARDT JT TEN | ADDRESS REDACTED | | | | | | |
| RYAN M TEW | | ADDRESS REDACTED | | | | | | |
| SANDRA STENBERG | | ADDRESS REDACTED | | | | | | |
| SCOTT J MAYER | BOOK ENTRY | ADDRESS REDACTED | | | | | | |
| SHANNON BURNETT | | ADDRESS REDACTED | | | | | | |
| SISNEROS TRUCKING | | ADDRESS REDACTED | | | | | | |
| STACIE LEIGH NUSCA | | ADDRESS REDACTED | | | | | | |
| STEPHEN CALLAHAN | | ADDRESS REDACTED | | | | | | |
| STEPHEN WILSON | | ADDRESS REDACTED | | | | | | |
| STEVE DONALD BISHOP and | ANNETTE MARIE BISHOP JT TEN | ADDRESS REDACTED | | | | | | |
| STEVEN ASPINALL | | ADDRESS REDACTED | | | | | | |
| STEVEN M SEIDL | | ADDRESS REDACTED | | | | | | |
| TERRY G HUDSON and | PATRICIA A HUDSON JT TEN | ADDRESS REDACTED | | | | | | |
| TERRY HUDSON | | ADDRESS REDACTED | | | | | | |
| THOMAS M WILLIS | | ADDRESS REDACTED | | | | | | |
| TODD STEVEN DUNKEL and | SHELLY W DUNKEL JT TEN | ADDRESS REDACTED | | | | | | |
| VICTOR SVEC | | ADDRESS REDACTED | | | | | | |
| WANDA BURGET | | ADDRESS REDACTED | | | | | | |
| WANDA ROSE BURKHARDT and | PEGGY JOYCE SALYERS | ADDRESS REDACTED | | | | | | |

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | STATE | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| WARDWELL C LEONARD JR | | ADDRESS REDACTED | | | | | | |
| WARNER JENNINGS | | ADDRESS REDACTED | | | | | | |
| WARREN L HENDERSON and | BARBARA E HENDERSON TR | ADDRESS REDACTED | | | | | | |
| WAYNE B MOFFITT | | ADDRESS REDACTED | | | | | | |
| WENDY D LONGACRE CUST | DLL | ADDRESS REDACTED | | | | | | |
| WENDY D LONGACRE CUST | ASL | ADDRESS REDACTED | | | | | | |
| WESLEY D WORNOM | | ADDRESS REDACTED | | | | | | |
| WHITMAN GOODWIN AND | IAN GOODWIN JTWROS | ADDRESS REDACTED | | | | | | |
| WILLIAM G SKEA | DEBORAH M SKEA | ADDRESS REDACTED | | | | | | |
| WILLIAM WYATT OATES and | SHARON KAY OATES JT TEN | ADDRESS REDACTED | | | | | | |
| YU LEE | | ADDRESS REDACTED | | | | | | |
| ZHENCHUN SHI | | ADDRESS REDACTED | | | | | | |

# Exhibit B

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

---

In re:

Peabody Energy Corporation, et al.,

                Debtors.

Case No. 16-42529-399
CHAPTER 11

Jointly Administered

---

## NOTICE OF DEADLINES FOR FILING OF PROOFS OF CLAIM

**TO ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST ANY OF THE ABOVE-CAPTIONED DEBTOR ENTITIES:**

      On June 16, 2016, the United States Bankruptcy Court for the Eastern District of Missouri (the "Court") entered an order (Docket No. 771) (the "Bar Date Order")[1] establishing certain deadlines for the filing of proofs of claim in the chapter 11 cases of the above-captioned debtors and debtors in possession (collectively, the "Debtors", and each a "Debtor").  A list of all of the Debtors, together with their respective case numbers, is attached hereto.

      By the Bar Date Order, the Court established: (i) **August 19, 2016 at 11:59 p.m., Central Time** (the "General Bar Date"), as the general deadline for entities to file proofs of claim in the Debtors' cases for claims against the Debtors that arose or are deemed to have arisen prior to the date on which the Debtors filed their chapter 11 petitions, April 13, 2016 (the "Petition Date");  and (ii) **October 11, 2016 at 11:59 p.m., Central Time** (the "Governmental Bar Date"), as the general deadline for governmental units to file proofs of claim in the Debtors' cases for claims against the Debtors that arose or are deemed to have arisen prior to the Petition Date.  As described below, the Bar Date Order also establishes different bar dates for certain categories of claims.

      For your convenience, enclosed with this Notice is a customized proof of claim form (the "Proof of Claim Form"), which identifies on its face the amount, nature and classification of your claim(s), if any, listed in the Debtors' schedules of assets and liabilities and statements of financial affairs filed in these chapter 11 cases (collectively, the "Schedules").

      As used in this Notice, the term "entity" has the meaning given to it in section 101(15) of title 11 of the United States Code (the "Bankruptcy Code"), and includes all persons, estates, trusts and the United States trustee.  As used in this Notice, the terms "person" and "governmental unit" have the meanings given to them in sections 101(41) and 101(27) of the Bankruptcy Code, respectively.

---

[1]     All capitalized terms not otherwise defined herein shall have the meaning set forth in the Bar Date Order.

As used in this Notice, the term "claim" means, as to or against any of the Debtors and in accordance with section 101(5) of the Bankruptcy Code:  (a) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or (b) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

Contact information for the Debtors' claims, noticing and balloting agent, Kurtzman Carson Consultants, LLC ("KCC"), which is available to provide you with additional information regarding these chapter 11 cases and the filing of a proof of claim, is provided in section 10 below.

## 1.    THE BAR DATES

The Bar Date Order establishes the following bar dates for filing proofs of claim or requests for payment of certain administrative expenses in these cases (collectively, the "Bar Dates"):

(a)    The General Bar Date.  Pursuant to the Bar Date Order, except as described below, all entities holding claims (whether secured, unsecured, priority or unsecured priority, including section 503(b)(9) claims) against the Debtors that arose or are deemed to have arisen prior to the Petition Date are required to file proofs of claim by the General Bar Date (i.e., by August 19, 2016 at 11:59 p.m., Central Time).  *The General Bar Date applies to all types of claims against the Debtors that arose prior to the Petition Date, including secured claims, unsecured priority claims (including, without limitation, claims entitled to priority under section 503(b)(9) of the Bankruptcy Code) and unsecured nonpriority claims.*

(b)    The Governmental Bar Date. Pursuant to the Bar Date Order, except as described below, all governmental units holding claims against the Debtors that arose before the Petition Date are required to file proofs of claim by the Governmental Bar Date (i.e., by October 11, 2016 at 11:59 p.m., Central Time).

(c)    The Rejection Bar Date.  Pursuant to the Bar Date Order, any entity asserting claims against the Debtors arising from or relating to the rejection of executory contracts or unexpired leases, in accordance with section 365 of the Bankruptcy Code and pursuant to a court order or by operation of section 365(d)(4) of the Bankruptcy Code, or claims otherwise related to such rejected agreements, including:  (i) secured claims, unsecured priority claims and unsecured nonpriority claims that arose or are deemed to have arisen prior to the Petition Date; and (ii) administrative claims under section 503(b) of the Bankruptcy Code, (collectively, "Rejection Damages Claims") are required to file proofs of claim by the later of:  (i) the General Bar Date or the Governmental Bar Date (as applicable) and (ii) 11:59 p.m., Central Time, on the date that is 30 days after the entry of the relevant order or deemed rejection date.  The later of these dates is referred to in this Notice as the "Rejection Bar Date."  *For the avoidance of doubt, all*

2

*prepetition and postpetition claims of any kind or nature arising from or relating to rejected executory contacts or unexpired leases must be filed by the Rejection Bar Date.*

(d)     <u>The Amended Schedule Bar Date</u>.  Pursuant to the Bar Date Order, if, subsequent to the date of this Notice, a Debtor amends or supplements its Schedules to: (i) reduce the undisputed, noncontingent and liquidated amount of a claim against the Debtor; (ii) change the nature or classification of a claim against the Debtor in a manner adverse to the scheduled creditor; or (iii) add a new claim to the Schedules with respect to a party that was not previously served with notice of the Bar Dates, the affected claimant is required to file a proof of claim or amend any previously filed proof of claim in respect of the new or amended scheduled claim on or before the later of:  (i) the General Bar Date; and (ii) 11:59 p.m., Central Time, on the date that is 30 days after the date that notice of the applicable amendment or supplement to the Schedules is served on the claimant.  The later of these dates is referred to in this Notice as the "<u>Amended Schedule Bar Date</u>."

## 2.      WHO MUST FILE A PROOF OF CLAIM

Unless one of the exceptions described in Section 5 below applies, if you have a claim that arose or is deemed to have arisen prior to the Petition Date, you MUST file a proof of claim to vote on a chapter 11 plan or to share in distributions from the Debtors' bankruptcy estates. Claims based on acts or omissions of the Debtors that occurred before the Petition Date must be filed on or prior to the applicable Bar Date, even if such claims are not now fixed, liquidated or certain or did not mature or become fixed, liquidated or certain before the Petition Date.

Except where the Governmental Bar Date, Rejection Bar Date or the Amended Schedule Bar Date apply to establish a different deadline or one of the exceptions described in Section 5 below applies, the following entities must file proofs of claim on or before the General Bar Date:

(a)     any entity (i) whose prepetition claim against a Debtor is not listed in the applicable Debtor's Schedules or is listed as "disputed," "contingent" or "unliquidated" and (ii) that desires to participate in any of these chapter 11 cases or share in any distribution in any of them; and

(b)     any entity that believes that its prepetition claim is improperly classified in the Schedules or is listed in an incorrect amount or against an incorrect Debtor and that desires to have its claim allowed in a classification or amount or against a Debtor other than that identified in the Schedules.

## 3.      WHAT TO FILE

The Debtors are enclosing a Proof of Claim Form for use in these cases, or you may use another proof of claim form that conforms substantially to the standard proof of claim form, Official Form B 410.  If your claim is scheduled by the Debtors, the attached Proof of Claim Form also sets forth:  (a) the amount of your scheduled claim (if any); (b) the identity of the Debtor against which your claim is scheduled; (c) whether your claim is scheduled as disputed, contingent or unliquidated; and (d) whether your claim is scheduled as a secured, unsecured

3

priority or unsecured nonpriority claim.  You will receive a different Proof of Claim Form for each claim scheduled in your name by the Debtors.  You may utilize the Proof of Claim Form(s) provided by the Debtors to file your claim.  Additional proof of claim forms may be obtained, free of charge, at the following websites:  http://www.kccllc.net/peabody or http://www.uscourts.gov/bkforms.

All proof of claim forms must be **signed** by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant (electronic signatures are acceptable).  The proof of claim form must be written in English and be denominated in United States currency.  You should attach to your completed proof of claim form any documents upon which the claim is based (or, if such documents are voluminous, attach a summary) or an explanation as to why the documents are not available.

Except as otherwise set forth in the Bar Date Order, all Claimants asserting a Claim against more than one Debtor must file a separate Proof of Claim with respect to each such Debtor and identify on each Proof of Claim the particular Debtor against which such Claim is asserted and the case number for that particular Debtor.  If any Proof of Claim does not clearly specify the name of the Debtor against which the claim is asserted (including listing multiple Debtors), that Proof of Claim shall be administered as though it was filed against Peabody Energy Corporation, unless a single different case number is clearly specified.  Notwithstanding the foregoing, the failure of any entity to file its Proof of Claim against the correct Debtor shall not constitute cause to expunge the Proof of Claim.  Rather, the Debtors may seek to reclassify the Proof of Claim so that the claim is asserted against the proper Debtor on notice to the affected claimant.

The following entities (each, an "Authorized Entity") are each authorized to file one master proof of claim (any such claim, a "Master Proof of Claim") on its own behalf and on behalf of all of its affiliates, if any, such that any such Master Proof of Claim shall have the same effect as if each of such Authorized Entity and its affiliates, if any, had individually filed a proof of claim against each Debtor on account of the claims asserted in such Master Proof of Claim notwithstanding paragraph 8(e) of the Bar Date Order but subject to all of the other terms of the Bar Date Order: (a) Federal Insurance Company (with respect to insurance policies and related agreements); (b) the Pension Benefit Guaranty Corporation; (c) any agency of the United States of America; (d) ACE American Insurance Company (the "ACE Companies");[2] (e) Liberty Surety Company, (f) Lexon Insurance Company (the "Lexon Companies");[3] (g) Zurich American Insurance Company (the "Zurich Companies");[4] (h) Federal Insurance Company (with respect to

---

[2]    The ACE Companies include, but are not limited to, ACE American Insurance Company, Illinois Union Insurance Company, Westchester Surplus Lines Insurance Company, Westchester Fire Insurance Company, Insurance Company of North America, Indemnity Insurance Company of North America, and Pacific Employers Insurance Company, and their respective affiliates and successors.

[3]    The Lexon Companies include, but are not limited to, Lexon Insurance Company and Bond Safeguard Insurance Company, and their respective affiliates and successors.

[4]    The Zurich Companies include, but are not limited to, the Fidelity and Deposit Company of Maryland, Colonial American Casualty and Surety Company, and American Guarantee and Liability Insurance Company.

surety bonds and related agreements); (i) ESIS, Inc.; (j) CNA Surety; and (k) Travelers Companies.[5]  In addition, the Debtors may consent to the filing of a Master Proof of Claim by other entities. Notwithstanding any other provision of the Bar Date Order to the contrary, upon receipt of the Debtors' written consent (which the Debtors may grant or withhold in their reasonable discretion), each such entity shall be authorized to file a Master Proof of Claim, subject to the terms of the Bar Date Order (but notwithstanding paragraph 8(e) thereof).

For administrative convenience, any Master Proof of Claim authorized herein shall be filed in the case of Debtor PEC (as defined in the Bar Date Order) (*In re Peabody Energy Corporation*, Case No. 16-42529-399) (the "Lead Case") with respect to all amounts asserted in such Master Proof of Claim, and such Master Proof of Claim shall be deemed to be filed and asserted by the applicable entity or entities against every Debtor that is potentially liable for the applicable claim so long as such authorized Master Proof of Claim sets forth in reasonable detail the basis for such claim and, to the extent reasonably possible, the amount asserted against each applicable Debtor.  No authorized Master Proof of Claim shall be disallowed, reduced or expunged solely on the basis that it is filed only in the Lead Case and only against Debtor PEC.

The Pension Benefit Guaranty Corporation (the "PBGC"), may file a single, consolidated proof of claim on account of each of its claims, which claim shall be deemed to be filed against all of the Debtors (the "PBGC Claim"); provided, however, that the PBGC Claim shall set forth in reasonable detail the basis and amount of the claims asserted against each Debtor, as required by the Bankruptcy Code, the Bankruptcy Rules, and any applicable order of the Court.  If timely filed by the applicable Bar Date, the PBGC Claim shall be deemed a valid proof of claim against each Debtor described in the PBGC Claim and PBGC shall not be required to file a proof of claim in the separate case of each such Debtor.  The authorization for PBGC to file a single, consolidated proof of claim is for procedural purposes only, intended for administrative convenience and shall not be interpreted or construed to substantively affect any right, objection, claim or defense of any party in interest to the PBGC Claim, including amount, extent, validity, priority, perfection, or enforceability of any claim or security interest asserted by the PBGC Claim.  For the avoidance of doubt, the authorization granted in the Bar Date Order is without prejudice to the right of any party to object to the PBGC Claim on the basis of insufficient information, or to seek to disallow, and/or expunge the proof of claim to the extent it is determined that all or any portion of the claims or security interests asserted in the PBGC Claim are not allowable against any individual Debtor's estate.

Any entity asserting a Rejection Damages Claim with an administrative claim component must file, along with its proof of claim, a detailed statement describing the nature and basis of any portion of the Rejection Damages Claim asserting an administrative priority under section 503(b) of the Bankruptcy Code (the "Administrative Claim Supplement").

Under the Bar Date Order, the filing of a proof of claim form, along with an attached Administrative Claim Supplement, if applicable, shall be deemed to satisfy the procedural requirements for the assertion of a Rejection Damages Claim (including any administrative claim

---

[5]      The Travelers Companies include, but are not limited to Aetna Casualty & Surety, Seaboard Surety, St. Paul Fire & Marine, and Travelers Casualty and Surety Company of America.

included therein). *All other administrative claims under section 503(b) of the Bankruptcy Code must be made by separate requests for payment in accordance with section 503(a) of the Bankruptcy Code and shall not be deemed proper if made by proof of claim.* No deadline has been established for the filing of administrative claims other than (a) claims under section 503(b)(9) of the Bankruptcy Code and (b) any portion of a Rejection Damages Claim seeking administrative priority, which claims must be filed by the General Bar Date and the Rejection Bar Date, respectively.

**4.      WHEN AND WHERE TO FILE**

All Proofs of Claim must be sent by either (i) first-class mail, overnight courier, or hand-delivery to **Peabody Energy Corp Claims Processing Center, c/o KCC, 2335 Alaska Avenue, El Segundo, CA 90245**; (ii) electronically using the interface available on KCC's website at https://epoc.kccllc.net/peabody; or (iii) electronically using Court's website at http://www.moeb.uscourts.gov/epoc. **Proofs of claim may NOT be delivered by facsimile or electronic mail transmission**. Proofs of claim must be actually received **on or before the applicable Bar Date**.

Claimants must submit proofs of claim to the PEC Claims Processing Center in person; electronically through KCC's or the Court's website; or by courier service, hand delivery or mail. Proofs of claim will be deemed filed only when **actually received** by the PEC Claims Processing Center or the Court on or before the applicable Bar Date. **Proofs of claim may NOT be delivered by facsimile or electronic mail transmission**. Any facsimile or electronic mail submission will not be accepted and will not be deemed filed until a proof of claim is submitted by one of the approved methods described above.

Proof of claim forms will be collected from the PEC Claims Processing Center, docketed and maintained by the Debtors' claims agent, KCC. If you wish to receive acknowledgement of KCC's receipt of a proof of claim, you must submit to KCC by the applicable Bar Date and concurrently with your original proof of claim:  (a) a copy of the original proof of claim; and (b) a self-addressed, postage prepaid return envelope.  Filed proofs of claim will be posted on KCC's website, www.kccllc.net/peabody, as soon as is practicable after receipt.

**5.      WHO NEED NOT FILE A PROOF OF CLAIM**

The Bar Date Order further provides that the following entities, whose claims otherwise would be subject to the General Bar Date or the Governmental Bar Date, need not file proofs of claim:

(a)      any entity that already has filed a signed proof of claim against the applicable Debtor(s) with KCC or the Clerk of the Bankruptcy Court for the Eastern District of Missouri in a form substantially similar to Official Form B 410;

(b)      any entity whose claim is listed on the Schedules filed by the Debtors if (i) the claim is not scheduled as disputed, contingent or unliquidated and (ii) the entity agrees with the amount, nature and priority of the claim as set forth in the Schedules and (iii) the entity does not dispute that the claim is an obligation of the specific Debtor(s) in whose Schedules the claim is listed;

(c)     any holder of a claim that heretofore has been allowed by a final order of this Court;

(d)     any holder of a claim that has been paid in full by any of the Debtors (or any other party);

(e)     any holder of a claim for which a specific deadline to file a proof of claim previously has been fixed by this Court;

(f)     any Debtor or affiliate of a Debtor having a claim against a Debtor; provided, however, for the avoidance of doubt, that any non-Debtor affiliate having a claim against a Debtor in these above-captioned cases not listed on the Schedules must file a proof of claim;

(g)     any current employee for regular prepetition wages and benefits that were allowed to be paid pursuant to the *Order Granting in Part Motion of the Debtors and Debtors in Possession and: (I) Authorizing Payment of Prepetition Employee Wages and Benefits; (II) Authorizing Payment and Continuation of Certain Postpetition Employee Wages and Benefits; (III) Authorizing Payment of Costs and Expenses Incident to the Foregoing; (IV) Authorizing Financial Institutions to Honor and Process Related Checks and Transfers; and (V) Granting Other Related Relief* [D.I. 109]; provided, however, that if an employee believes that he or she has a claim against any of the Debtors for anything other than regular wages or benefits, then the employee must file a proof of claim by the General Bar Date;

(h)     any person or entity that holds or asserts a claim that is limited exclusively to the repayment of principal, interest, and/or other applicable fees and charges (a "Debt Claim") owed under any bond or note issued by the Debtors pursuant to an indenture (an "Indenture"), to the extent that the relevant Indenture Trustee (as defined below) files a proof of claim authorized by clause (ii) below; provided, however, that: (i) the foregoing exclusion in this subparagraph shall not apply to the indenture trustee under the applicable indenture (the "Indenture Trustee"), (ii) each Indenture Trustee shall be authorized to file a single proof of claim against Debtor PEC, on or before the General Bar Date, and the filing of such proof of claim by an Indenture Trustee will be deemed to constitute the filing of a proof of claim against all Debtors against whom a claim may be asserted under the applicable Indenture, (iii) each Indenture Trustee will be permitted, in lieu of attaching voluminous documentation, to file with its proof of claim a summary of the applicable Indenture and other operative documents, on the condition that such documents will be made available by the Indenture Trustee within ten (10) business days after receipt of a written request from a party in interest, and (iv) any holder of a Debt Claim wishing to assert a claim against any or all Debtors, other than a Debt Claim arising out of or relating to an Indenture, shall be required to file a proof of claim with respect to such claim on or before the General Bar Date, unless another exception in this paragraph applies;

7

(i)     any entity (other than a counterparty to a Swap Contract) whose claim is for repayment of principal, interest, fees, charges or any other obligations under or in connection with the Existing Credit Documents; provided, that (i) the Pre-Petition Agent is authorized, but not directed, to file the Pre-Petition Credit Agreement Master Proof of Claim in the Debtors' lead chapter 11 case *In re Peabody Energy Corporation, et al.*, (Case No. 16-42529) on behalf of itself and each applicable Pre-Petition Credit Agreement Claim Party (other than counterparties to the Swap Contracts) on account of the applicable Pre-Petition Credit Agreement Claim Parties' respective Pre-Petition Credit Agreement Claims, and upon the filing of the Pre-Petition Credit Agreement Master Proof of Claim, such proof of claim shall be deemed to have been filed by the Pre-Petition Agent and by each such Pre-Petition Credit Agreement Claim Party (and each of their respective successors and assigns) against all Debtor(s) liable under the applicable Existing Credit Documents, and the claim of each such Pre-Petition Credit Agreement Claim Party, and each of its respective successors and assigns, shall be treated as if such entity had filed a separate proof of claim in each of the applicable chapter 11 cases of the Debtors; provided, further, that nothing in the Bar Date Order shall affect the right of any Pre-Petition Credit Agreement Claim Party (or any of their respective successors in interest or assigns) to vote separately on any plan proposed in these chapter 11 cases, and that the Pre-Petition Agent shall not be required to file with the Pre-Petition Credit Agreement Master Proof of Claim any instruments, agreements or other documents evidencing the obligations owing by each of the Debtors to any Pre-Petition Credit Agreement Claim Party, which instruments, agreements or other documents will be provided upon written request to counsel to the Pre-Petition Agent; for the avoidance of doubt, the filing of any proof of claim or amendment of any such proof of claim, including, without limitation, the Pre-Petition Credit Agreement Master Proof of Claim, against any Debtor in any Case by any of the First Lien Secured Parties, including, without limitation, the Pre-Petition Agent, shall not in any way prejudice or otherwise adversely affect the First Lien Secured Parties' rights, remedies, powers or privileges under the Existing Credit Documents, the Interim Order, or the Final DIP Order, including, without limitation, the right of any Pre-Petition Credit Agreement Claim Party to file a separate proof of claim in any of the Debtors' chapter 11 cases with respect to any Debtor; and

(j)     any holder of a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration (other than any claim allowable under section 503(b)(9) of the Bankruptcy Code or any portion of a Rejection Damages Claim asserting administrative priority under section 503(b) of the Bankruptcy Code).

**No Bar Date for Proofs of Interest.**  Any entity holding an interest in any Debtor (an "Interest Holder"), which interest is based exclusively upon the ownership of common or preferred stock in a corporation, a membership interest in a limited liability corporation or partnership or warrants or rights to purchase, sell or subscribe to such a security or interest (any such security or interest, an "Interest"), need not file a proof of Interest on or before the General Bar Date; provided, however, that Interest Holders who wish to assert claims against any

8

of the Debtors that arise out of or relate to the ownership or purchase of an Interest, including claims arising out of or relating to the sale, issuance or distribution of the Interest, must file proofs of claim on or before the General Bar Date, unless another exception identified in this Notice applies.  The Debtors have reserved the right to establish at a later time a bar date requiring Interest Holders to file proofs of Interest.  If such bar date is established, Interest Holders will be notified of the bar date for filing proofs of Interest at the appropriate time.

**6.      EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

As described in Section 1 above, any entity wishing to assert a Rejection Damages Claim must file, by the Rejection Bar Date, a proof of claim for any prepetition or postpetition damages caused by such rejection, or any other prepetition or postpetition claims of any kind or nature whatsoever relating to the rejected agreement.  As further described in Section 3 above, any entity asserting a Rejection Damages Claim with an administrative claim component must file, along with its proof of claim, an Administrative Claim Supplement.

**7.      CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM BY THE APPLICABLE BAR DATE**

EXCEPT AS OTHERWISE SET FORTH IN THE BAR DATE ORDER, ANY ENTITY THAT IS REQUIRED TO FILE A PROOF OF CLAIM WITH RESPECT TO A PARTICULAR CLAIM AGAINST A DEBTOR BUT THAT FAILS TO DO SO BY THE APPLICABLE BAR DATE DESCRIBED IN THIS NOTICE SHALL BE FOREVER BARRED, ESTOPPED AND ENJOINED FROM THE FOLLOWING:  (A) ASSERTING ANY SUCH CLAIM AGAINST THE DEBTORS OR THEIR ESTATES OR PROPERTY THAT (I) IS IN AN AMOUNT THAT EXCEEDS THE AMOUNT, IF ANY, THAT IS IDENTIFIED IN THE SCHEDULES ON BEHALF OF SUCH ENTITY AS UNDISPUTED, NONCONTINGENT AND LIQUIDATED OR (II) IS OF A DIFFERENT NATURE OR CLASSIFICATION THAN ANY SUCH CLAIM IDENTIFIED IN THE SCHEDULES ON BEHALF OF SUCH ENTITY (ANY SUCH CLAIM IN THIS SUBPARAGRAPH (A) BEING REFERRED TO IN THIS NOTICE AS AN "UNSCHEDULED CLAIM"); (B) VOTING UPON, OR RECEIVING DISTRIBUTIONS UNDER, ANY CHAPTER 11 PLAN IN THESE CHAPTER 11 CASES IN RESPECT OF AN UNSCHEDULED CLAIM; OR (C) WITH RESPECT TO ANY ADMINISTRATIVE PRIORITY CLAIM COMPONENT OF ANY REJECTION DAMAGES CLAIM, ASSERTING ANY SUCH PRIORITY CLAIM AGAINST THE DEBTORS OR THEIR ESTATES OR PROPERTY.

**8.      THE DEBTORS' SCHEDULES AND ACCESS THERETO**

You may be listed as the holder of a claim against one or more of the Debtors in the Debtors' Schedules.  To determine if and how you are listed on the Schedules, please refer to the descriptions set forth on the enclosed Proof of Claim Form(s) regarding the nature, amount and status of your claim(s).  If you received postpetition payments from the Debtors (as authorized by the Court) on account of your claim, the information on the enclosed Proof of Claim Form may reflect the net remaining amount thereof.  If the Debtors believe that you may hold claims against more than one Debtor, you will receive multiple Proof of Claim Forms, each of which will reflect the nature and amount of your claim against one Debtor, as listed in the Schedules.

If you rely on the Debtors' Schedules, it is your responsibility to determine that the claim is accurately listed in the Schedules.  Otherwise, or if you decide to file a proof of claim, you must do so before the applicable Bar Date in accordance with the procedures set forth in this Notice.

**9.      RESERVATION OF RIGHTS**

The Debtors reserve the right, subject to the Final DIP Order, to:  (a) dispute, or assert offsets or defenses against, any filed claim or any claim listed or reflected in the Schedules as to nature, amount, liability, priority, classification or otherwise; (b) subsequently designate any scheduled claim as disputed, contingent or unliquidated; and (c) otherwise amend or supplement the Schedules.  Nothing contained in this Notice shall preclude the Debtors from objecting to any claim, whether scheduled or filed, on any grounds.

**10.      ADDITIONAL INFORMATION**

Copies of the Debtors' Schedules, the Bar Date Order, the Proof of Claim Form and other information and documents regarding the Debtors' chapter 11 cases are available for inspection and download free of charge on KCC's website at http://www.kccllc.net/peabody.  Copies of the Schedules and other documents filed in these cases also may be examined between the hours of 8:30 a.m. and 4:30 p.m., Central Time, Monday through Friday, at the U.S. Bankruptcy Court Eastern District of Missouri, Office of the Clerk of Court, 111 South 10th Street, Fourth Floor, St. Louis, MO 63102.

If you require additional information regarding the filing of a proof of claim, you may contact KCC at (866) 967-1783 (toll free in the U.S. and Canada) or +1 (310) 751-2683 (international calls).  You also may contact KCC by writing to:

> Peabody Energy Corp Claims Processing Center
> c/o KCC
> 2335 Alaska Avenue
> El Segundo, CA 90245

**A HOLDER OF A POSSIBLE CLAIM AGAINST THE DEBTORS SHOULD CONSULT AN ATTORNEY REGARDING ANY MATTERS NOT COVERED BY THIS NOTICE, SUCH AS WHETHER THE HOLDER SHOULD FILE A PROOF OF CLAIM.**

BY ORDER OF THE COURT

| | Debtor's Name | Debtor's Case No. |
|---|---|---|
| 1. | Peabody Energy Corporation | 16-42529 |
| 2. | American Land Development, LLC | 16-42535 |
| 3. | American Land Holdings of Colorado, LLC | 16-42540 |
| 4. | American Land Holdings of Illinois, LLC | 16-42600 |
| 5. | American Land Holdings of Indiana, LLC | 16-42546 |
| 6. | American Land Holdings of Kentucky, LLC | 16-42589 |
| 7. | American Land Holdings of New Mexico, LLC | 16-42579 |
| 8. | American Land Holdings of West Virginia, LLC | 16-42571 |
| 9. | Arid Operations, Inc. | 16-42562 |
| 10. | Big Ridge, Inc. | 16-42553 |
| 11. | Big Sky Coal Company | 16-42530 |
| 12. | Black Hills Mining Company, LLC | 16-42544 |
| 13. | BTU Western Resources, Inc. | 16-42554 |
| 14. | Caballo Grande, LLC | 16-42559 |
| 15. | Caseyville Dock Company, LLC | 16-42537 |
| 16. | Central States Coal Reserves of Illinois, LLC | 16-42688 |
| 17. | Central States Coal Reserves of Indiana, LLC | 16-42551 |
| 18. | Century Mineral Resources, Inc. | 16-42567 |
| 19. | Coal Reserve Holding Limited Liability Company No. 1 | 16-42543 |
| 20. | COALSALES II, LLC | 16-42570 |
| 21. | Colorado Yampa Coal Company, LLC | 16-42560 |
| 22. | Conservancy Resources, LLC | 16-42564 |
| 23. | Cottonwood Land Company | 16-42572 |
| 24. | Cyprus Creek Land Company | 16-42534 |
| 25. | Cyprus Creek Land Resources LLC | 16-42602 |
| 26. | Dyson Creek Coal Company, LLC | 16-42612 |
| 27. | Dyson Creek Mining Company, LLC | 16-42621 |
| 28. | El Segundo Coal Company, LLC | 16-42691 |
| 29. | Empire Land Holdings, LLC | 16-42692 |
| 30. | Falcon Coal Company, LLC | 16-42547 |
| 31. | Four Star Holdings, LLC | 16-42556 |
| 32. | Francisco Equipment Company, LLC | 16-42568 |
| 33. | Francisco Land Holdings Company, LLC | 16-42580 |
| 34. | Francisco Mining, LLC | 16-42591 |
| 35. | Gallo Finance Company, LLC | 16-42586 |
| 36. | Gold Fields Chile, LLC | 16-42548 |
| 37. | Gold Fields Mining, LLC | 16-42561 |
| 38. | Gold Fields Ortiz, LLC | 16-42578 |
| 39. | Hayden Gulch Terminal, LLC | 16-42583 |
| 40. | Highwall Mining Services Company | 16-42588 |
| 41. | Hillside Recreational Lands, LLC | 16-42594 |
| 42. | HMC Mining, LLC | 16-42566 |
| 43. | Illinois Land Holdings, LLC | 16-42599 |
| 44. | Independence Material Handling, LLC | 16-42606 |
| 45. | James River Coal Terminal, LLC | 16-42569 |
| 46. | Juniper Coal Company, LLC | 16-42577 |
| 47. | Kayenta Mobile Home Park, Inc. | 16-42607 |
| 48. | Kentucky Syngas, LLC | 16-42618 |
| 49. | Kentucky United Coal, LLC | 16-42573 |
| 50. | Lively Grove Energy, LLC | 16-42595 |

|  | Debtor's Name | Debtor's Case No. |
|---|---|---|
| 51. | Marigold Electricity, LLC | 16-42628 |
| 52. | Midco Supply and Equipment Corporation | 16-42585 |
| 53. | Midwest Coal Acquisition Corp. | 16-42576 |
| 54. | Midwest Coal Reserves of Illinois, LLC | 16-42597 |
| 55. | Midwest Coal Reserves of Indiana, LLC | 16-42611 |
| 56. | Midwest Coal Reserves of Kentucky, LLC | 16-42620 |
| 57. | Moffat County Mining, LLC | 16-42636 |
| 58. | Mustang Energy Company, LLC | 16-42657 |
| 59. | New Mexico Coal Resources, LLC | 16-42647 |
| 60. | NM Equipment Company, LLC | 16-42582 |
| 61. | Pacific Export Resources, LLC | 16-42598 |
| 62. | Peabody America, LLC | 16-42609 |
| 63. | Peabody Archveyor, L.L.C. | 16-42623 |
| 64. | Peabody Arclar Mining, LLC | 16-42545 |
| 65. | Peabody Asset Holdings, LLC | 16-42555 |
| 66. | Peabody Bear Run Mining, LLC | 16-42565 |
| 67. | Peabody Bear Run Services, LLC | 16-42574 |
| 68. | Peabody Caballo Mining, LLC | 16-42533 |
| 69. | Peabody Cardinal Gasification, LLC | 16-42542 |
| 70. | Peabody China, LLC | 16-42552 |
| 71. | Peabody Coalsales, LLC | 16-42539 |
| 72. | Peabody COALTRADE International (CTI), LLC | 16-42590 |
| 73. | Peabody COALTRADE, LLC | 16-42575 |
| 74. | Peabody Colorado Operations, LLC | 16-42563 |
| 75. | Peabody Colorado Services, LLC | 16-42531 |
| 76. | Peabody Coulterville Mining, LLC | 16-42550 |
| 77. | Peabody Development Company, LLC | 16-42558 |
| 78. | Peabody Electricity, LLC | 16-42532 |
| 79. | Peabody Employment Services, LLC | 16-42538 |
| 80. | Peabody Energy Generation Holding Company | 16-42656 |
| 81. | Peabody Energy Investments, Inc. | 16-42642 |
| 82. | Peabody Energy Solutions, Inc. | 16-42632 |
| 83. | Peabody Gateway North Mining, LLC | 16-42624 |
| 84. | Peabody Gateway Services, LLC | 16-42581 |
| 85. | Peabody Holding Company, LLC | 16-42592 |
| 86. | Peabody Holdings (Gibraltar) Limited | 16-42604 |
| 87. | Peabody IC Funding Corporation | 16-42615 |
| 88. | Peabody IC Holdings, LLC | 16-42601 |
| 89. | Peabody Illinois Services, LLC | 16-42610 |
| 90. | Peabody Indiana Services, LLC | 16-42619 |
| 91. | Peabody International Investments, Inc. | 16-42536 |
| 92. | Peabody International Services, Inc. | 16-42541 |
| 93. | Peabody Investments Corp. | 16-42549 |
| 94. | Peabody Magnolia Grove Holdings, LLC | 16-42587 |
| 95. | Peabody Midwest Management Services, LLC | 16-42593 |
| 96. | Peabody Midwest Mining, LLC | 16-42667 |
| 97. | Peabody Midwest Operations, LLC | 16-42660 |
| 98. | Peabody Midwest Services, LLC | 16-42608 |
| 99. | Peabody Mongolia, LLC | 16-42617 |
| 100. | Peabody Natural Gas, LLC | 16-42626 |

| | Debtor's Name | Debtor's Case No. |
|---|---|---|
| 101. | Peabody Natural Resources Company | 16-42634 |
| 102. | Peabody New Mexico Services, LLC | 16-42646 |
| 103. | Peabody Operations Holding, LLC | 16-42678 |
| 104. | Peabody Powder River Mining, LLC | 16-42666 |
| 105. | Peabody Powder River Operations, LLC | 16-42676 |
| 106. | Peabody Powder River Services, LLC | 16-42613 |
| 107. | Peabody PowerTree Investments, LLC | 16-42596 |
| 108. | Peabody Recreational Lands, L.L.C. | 16-42605 |
| 109. | Peabody Rocky Mountain Management Services, LLC | 16-42603 |
| 110. | Peabody Rocky Mountain Services, LLC | 16-42616 |
| 111. | Peabody Sage Creek Mining, LLC | 16-42625 |
| 112. | Peabody School Creek Mining, LLC | 16-42633 |
| 113. | Peabody Services Holdings, LLC | 16-42645 |
| 114. | Peabody Southwest, LLC | 16-42631 |
| 115. | Peabody Southwestern Coal Company, LLC | 16-42641 |
| 116. | Peabody Terminal Holding Company, LLC | 16-42650 |
| 117. | Peabody Terminals, LLC | 16-42614 |
| 118. | Peabody Trout Creek Reservoir LLC | 16-42622 |
| 119. | Peabody Twentymile Mining, LLC | 16-42627 |
| 120. | Peabody Venezuela Coal Corp. | 16-42651 |
| 121. | Peabody Venture Fund, LLC | 16-42637 |
| 122. | Peabody-Waterside Development, L.L.C. | 16-42662 |
| 123. | Peabody Western Coal Company | 16-42644 |
| 124. | Peabody Wild Boar Mining, LLC | 16-42672 |
| 125. | Peabody Wild Boar Services, LLC | 16-42677 |
| 126. | Peabody Williams Fork Mining, LLC | 16-42630 |
| 127. | Peabody Wyoming Gas, LLC | 16-42640 |
| 128. | Peabody Wyoming Services, LLC | 16-42653 |
| 129. | PEC Equipment Company, LLC | 16-42673 |
| 130. | PG INVESTMENTS SIX, L.L.C. | 16-42638 |
| 131. | Point Pleasant Dock Company, LLC | 16-42655 |
| 132. | Pond River Land Company | 16-42629 |
| 133. | Porcupine Production, LLC | 16-42648 |
| 134. | Porcupine Transportation, LLC | 16-42665 |
| 135. | Riverview Terminal Company | 16-42664 |
| 136. | Sage Creek Holdings, LLC | 16-42670 |
| 137. | Sage Creek Land & Reserves, LLC | 16-42635 |
| 138. | School Creek Coal Resources, LLC | 16-42643 |
| 139. | Seneca Coal Company, LLC | 16-42652 |
| 140. | Seneca Property, LLC | 16-42659 |
| 141. | Shoshone Coal Corporation | 16-42668 |
| 142. | Southwest Coal Holdings, LLC | 16-42674 |
| 143. | Star Lake Energy Company, L.L.C. | 16-42639 |
| 144. | Sugar Camp Properties, LLC | 16-42649 |
| 145. | Thoroughbred Generating Company, L.L.C. | 16-42679 |
| 146. | Thoroughbred Mining Company LLC. | 16-42680 |
| 147. | Twentymile Coal, LLC | 16-42669 |
| 148. | Twentymile Equipment Company, LLC | 16-42675 |
| 149. | Twentymile Holdings, LLC | 16-42654 |
| 150. | United Minerals Company, LLC | 16-42663 |

|  | Debtor's Name | Debtor's Case No. |
|---|---|---|
| 151. | West Roundup Resources, LLC | 16-42671 |
| 152. | Wild Boar Equipment Company, LLC | 16-42658 |
| 153. | Wild Boar Land Holdings Company, LLC | 16-42661 |

# Exhibit C

**Fill in this information to identify the case:**

Indicate the Debtor against which you assert a claim by listing it below.
**(You may only indicate one Debtor per claim form.)**

Debtor _____

United States Bankruptcy Court for the Eastern District of Missouri

Case number _____

Official Form 410

# Proof of Claim

04/16

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Other than a claim under 11 U.S.C. § 503(b)(9), this form should not be used to make a claim for an administrative expense arising after the commencement of the case.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies or any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed.** That date is on the notice of bankruptcy (Form 309) **that you received.**

| Part 1: | Identify the Claim |
|---------|--------------------|

**1. Who is the current creditor?**

Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☐ No

☐ Yes.    From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Name _____

Number    Street _____

City _____ State _____ ZIP Code _____

Country _____

Contact phone _____

Contact email _____

Where should payments to the creditor be sent? (if different)

Name _____

Number    Street _____

City _____ State _____ ZIP Code _____

Country _____

Contact phone _____

Contact email _____

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___

**4. Does this claim amend one already filed?**

☐ No

☐ Yes.    Claim number on court claims registry (if known) _____    Filed on _____
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☐ No

☐ Yes. Who made the earlier filing? _____

**Part 2:**    **Give Information About the Claim as of the Date the Case Was Filed**

6.  **Do you have any number you use to identify the debtor?**
☐ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ___ ___ ___ ___

7.  **How much is the claim?**    $_____. **Does this amount include interest or other charges?**

☐ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

8.  **What is the basis of the claim?**    Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

_____

9.  **Is all or part of the claim secured?**
☐ No

☐ Yes.  The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate: If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** _____
Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**    $_____

**Amount of the claim that is secured:**    $_____

**Amount of the claim that is unsecured:**    $_____ (The sum of the secured and unsecured amount should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:**    $_____

**Annual Interest Rate** (when case was filed)_____%

☐ Fixed

☐ Variable

10. **Is this claim based on a lease?**
☐ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.**    $_____

11. **Is this claim subject to a right of setoff?**
☐ No

☐ Yes**.** Identify the property: _____

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☐ No

☐ Yes. *Check all that apply:*

**Amount entitled to priority**

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).   $_____

☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).   $_____

☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).   $_____

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).   $_____

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).   $_____

☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies.   $_____

\* Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment.

**13. Is all or part of the claim pursuant to 11 U.S.C. § 503(b)(9)?**

☐ No

☐ Yes. Indicate the amount of your claim arising from the value of any goods received by the debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.

$_____

---

**Part 3:    Sign Below**

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgement that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   _____
                    MM  /  DD  /  YYYY

_____
Signature

**Print the name of the person who is completing and signing this claim:**

Name   _____
        First name            Middle name            Last name

Title   _____

Company   _____
          Identify the corporate servicer as the company if the authorized agent is a servicer.

Address   _____
          Number        Street

          _____
          City                  State          ZIP Code       Country

Contact phone   _____        Email   _____

---

Official Form 410

# Instructions for Proof of Claim

United States Bankruptcy Court                                                                                                12/15

**These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.**

> **A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.**
> 18 U.S.C. §§ 152, 157 and 3571

## How to fill out this form

- **Fill in all of the information about the claim as of the date the case was filed.**

- **Fill in the caption at the top of the form**

- **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.

- **Attach any supporting documents to this form.**
  Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of *redaction* on the next page.)

  Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. In addition to the documents, a summary may be added. Federal Rule of Bankruptcy Procedure (called "Bankruptcy Rule") 3001(c) and (d).

- **Do not attach original documents because attachments may be destroyed after scanning.**

- **If the claim is based on delivery health care goods or services, do not disclose confidential health care information. Leave out or redact confidential information both in the claim and in the attached documents.**

**PLEASE SEND COMPLETED PROOF(S) OF CLAIM TO:**

Peabody Energy Corp Claims Processing Center

c/o KCC

2335 Alaska Avenue

El Segundo, CA 90245

- **A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth.** See Bankruptcy Rule 9037.

- **For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian.** For example, write *A.B., a minor child (John Doe, parent, 123 Main St., City, State)*. See Bankruptcy Rule 9037.

## Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, either enclose a stamped self-addressed envelope and a copy of this form or you may view a list of filed claims in this case by visiting the Claims and Noticing and Agent's website at http://www.kccllc.net/peabody.

## Understand the terms used in this form

**Administrative expense:** Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing that bankruptcy estate. 11 U.S.C. § 503

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Claim Pursuant to 11 U.S.C. §503(b)(9):** A claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of the Debtor's business.  Attach documentation supporting such claim.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. §101 (10).

**Debtor:** A person, corporation, or other entity to who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received.
11 U.S.C. §101 (13).

**Evidence of perfection:** Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statement.

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Priority claim:** A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. §507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

**Proof of claim:** A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

**Do not file these instructions with your form.**

**Secured claim under 11 U.S.C. §506(a):** A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of 1325(a).

Examples of liens on property include a mortgage on real estate a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In states, a court judgment may be a lien.

**Setoff:** Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

**Uniform claim identifier:** An optional 24-character identifier that some creditors use to facilitate electronic payment.

**Unsecured claim:** A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.