UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>Peabody Energy Corporation, <u>et al.</u>,<br>                              Debtors. | Case No. 16-42529-399<br>CHAPTER 11<br><br>Jointly Administered<br><br>Hearing Date and Time:<br>July 20, 2016 at 10:00 (Central)<br><br>Response Deadline:<br>July 13, 2016<br><br>Hearing Location:<br>United States Courthouse<br>Thomas F. Eagleton Federal Building<br>5th Floor, North Courtroom<br>111 S. 10th Street<br>St. Louis, Missouri 63102 |

**MOTION OF DEBTORS AND DEBTORS IN POSSESSION, PURSUANT TO SECTIONS 105(a), 365(d)(4) AND 1121(d) OF THE BANKRUPTCY CODE, FOR A BRIDGE ORDER EXTENDING THE PERIODS DURING WHICH (A) THE DEBTORS MAY ASSUME NONRESIDENTIAL REAL PROPERTY LEASES AND (B) THE DEBTORS HAVE THE EXCLUSIVE RIGHT TO FILE A PLAN OF <u>REORGANIZATION</u>**

Peabody Energy Corporation ("<u>PEC</u>") and certain of its direct and indirect subsidiaries, as debtors and debtors in possession (collectively, the "<u>Debtors</u>"), hereby move this Court, pursuant to sections 105(a), 365(d)(4) and 1121(d) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), for the entry of a bridge order temporarily extending the periods (collectively, the "<u>Subject Periods</u>") during which (a) the Debtors may choose to assume or reject unexpired leases of nonresidential real property under which a Debtor is the lessee (the "<u>Nonresidential Lease Assumption Period</u>") and (b) the Debtors have the exclusive right to file a plan in their above-captioned cases and solicit acceptances thereto (the "<u>Exclusivity Period</u>")

until the Court rules on the Debtors' motions to extend the Subject Periods (collectively, the "Extension Motions"), which will be filed no later than August 3, 2016, and in support thereof, respectfully represent as follows:[1]

**Background**

1. On April 13, 2016 (the "Petition Date"), the Debtors commenced their reorganization cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. Debtor PEC is a Delaware corporation headquartered in St. Louis, Missouri. PEC was incorporated in 1998 and became a public company in 2001. Each of the other Debtors is a wholly-owned direct or indirect subsidiary of PEC.

3. PEC is the world's largest private-sector coal company (by volume), with 26 active coal mining operations located in the United States and Australia. The Debtors' domestic mines produce and sell thermal coal, which is primarily purchased by electricity generators. PEC's Australian operations mine both thermal and metallurgical coal, a majority of which is exported to international customers. As of December 31, 2015, Debtor PEC and its subsidiaries' property holdings include 6.3 billion tons of proven and probable coal reserves and approximately 500,000 acres of surface property through ownership and lease agreements. In the United States alone, as of December 31, 2015, the Debtors held an estimated 5.5 billion tons of proven and probable coal reserves, and the Debtors generated sales of approximately 180

---

[1] A copy of the proposed order will be made available on the Debtors' case website at http://www.kccllc.net/peabody.

million tons of coal. In addition to their mining operations, the Debtors market and broker coal from other coal producers across the United States, Australia, Europe and Asia.

4. The Debtors operate in a competitive and highly regulated industry that has experienced strong headwinds and precipitously declining demand and pricing in recent years due to the rise of low priced alternative energy sources – including an abundance of natural gas. Combined with these factors, slowing global economic growth drove a wide range of goods prices lower in 2015 and resulted in the largest broad market decline since 1991. Indeed, demand from electric utilities in the United States alone declined approximately 110 million tons in 2015. These market conditions, in connection with lower realized pricing in the United States and Australia, resulted in a 21.0 million ton decline in the Debtors' and their non-debtor subsidiaries' coal sales during 2015. As a result of these challenges, several large United States coal companies have filed for chapter 11 protection in recent years.

5. A comprehensive description of the Debtors' businesses and operations, capital structure and the events leading to the commencement of these chapter 11 cases can be found in the Declaration of Amy Schwetz, Executive Vice President and Chief Financial Officer of Debtor PEC, in Support of First Day Motions of Debtors and Debtors in Possession [Docket No. 7].

**Argument**

6. Pursuant to sections 365(d)(4)(A) and 1121(b) of the Bankruptcy Code, the Subject Periods currently expire 120 days after the Petition Date, or August 11, 2016. <u>See</u> 11 U.S.C. §§ 365(d)(4)(A), 1121(b). Nevertheless, the Bankruptcy Code provides that the Subject Periods may be extended.

7. With respect to the Nonresidential Lease Assumption Period, section 365(d)(4)(B)(i) provides as follows:

> The court may extend the period determined under subparagraph (A), prior to the expiration of the 120-day period, for 90 days on the motion of the trustee or lessor for cause.

11 U.S.C. § 365(d)(4)(B)(i).

8. With respect to the Exclusivity Period, section 1121(d)(1) of the Bankruptcy Code provides as follows:

> Subject to paragraph (2), on request of a party in interest made within the respective periods specified in subsections (b) and (c) of this section and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section.

11 U.S.C. § 1121(d)(1).

9. Section 105(a) of the Bankruptcy Code provides that the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

10. No later than August 3, 2016 (which date is within the Nonresidential Lease Assumption Period and the Exclusivity Period), the Debtors intend to file the Extension Motions, with notice to all required parties under the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Local Rules of this Court and the Order Establishing Certain Notice, Case Management and Administrative Procedures [Docket No. 114] (the "Case Management Order"), requesting an extension of the Subject Periods. The Case Management Order clearly provides that an order extending the Subject Periods may be granted so long as the motions requesting such relief are filed prior to the expiration of the Subject

Periods.² Out of an abundance of caution, however, the Debtors are hereby requesting that the Court enter a bridge order extending the Subject Periods until the Court has ruled on the anticipated Extension Motions.

11.   Relief similar to that requested herein has been granted by courts in this Circuit and others.  See In re Allens, Inc., No. 13-73597 (BTB) (Bankr. W.D. Ark. Feb. 19, 2014) (Docket No. 664) (bridge order extending exclusivity period until court enters order on substantive extension motion); In re Northwest Missouri Biofuels, LLC, No. 09-50160 (JWV) (Bankr. W.D. Mo. Aug. 5, 2009) (Docket No. 101) (same); In re Patriot Coal Corp., No. 12-12900 (SCC) (Bankr. S.D.N.Y. Nov. 1, 2012) (Docket No. 1506) (same).

**Notice**

12.   In accordance with the Case Management Order, notice of this Motion has been given to (a) all parties on the Master Service List (as defined in the Case Management Order) and (b) any party that has requested notice pursuant to Bankruptcy Rule 2002 as of the time of service.  In light of the nature of the relief requested, the Debtors submit that no further notice is necessary.

**No Prior Request**

13.   No prior request for the relief sought in this Motion has been made to this or any other Court in connection with these chapter 11 cases.

---

² The Case Management Order provides as follows:

> If a Motion to extend the time for a party to take any action is filed consistent with this Case Management Order <u>before the expiration of the period</u> prescribed by the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules or the provisions of any order entered by this Court, <u>the time shall automatically be extended until the Court acts on the Motion</u>.

Case Management Order ¶ 32 (emphasis added).

WHEREFORE, the Debtors respectfully request that the Court (i) enter an order substantially in the form posted on the Debtors' case website, granting the relief requested herein; and (ii) grant such other and further relief to the Debtors as the Court may deem just and proper.

Dated: July 6, 2016
      St. Louis, Missouri

Respectfully submitted,

/s/ Steven N. Cousins
Steven N. Cousins, MO 30788
Susan K. Ehlers, MO 49855
Armstrong Teasdale LLP
7700 Forsyth Boulevard, Suite 1800
St. Louis, MO  63105
Telephone:  (314) 621-5070
Facsimile:  (314) 612-2239
Email:  scousins@armstrongteasdale.com
Email:  sehlers@armstrongteasdale.com

Heather Lennox (admitted *pro hac vice*)
Jones Day
North Point
901 Lakeside Avenue
Cleveland, OH  44114
Telephone:  (216) 586-3939
Facsimile:  (216) 579-0212

Amy Edgy (admitted *pro hac vice*)
Daniel T. Moss (admitted *pro hac vice*)
Jones Day
51 Louisiana Avenue, N.W.
Washington, D.C.  20001-2113
Telephone:  (202) 879-3939
Facsimile:  (202) 626-1700

*Attorneys for Debtors and*
*Debtors in Possession*