UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | ) | |
|---|---|---|
| In re: | ) | Case No. 16-42529-399 |
| | ) | |
| PEABODY ENERGY CORPORATION, *et al.*, | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**STIPULATION AND AGREED ORDER OF THE DEBTORS AND
GOVERNMENTS TO SECTION 105 OF THE BANKRUPTCY CODE AND
BANKRUPTCY RULE 9019**

This Stipulation and Agreed Order is entered into by and among (i) Peabody Energy Corporation ("PEC"), on behalf of itself and its 152 debtor-affiliates, (collectively with PEC, the "Debtors," or, when used in reference to such Debtors on or after the Effective Date, the "Reorganized Debtors") and (ii) the United States of America (the "United States"), on behalf of (a) the Environmental Protection Agency (the "EPA"), (b) the United States Department of the Interior (the "DOI"), (c) the states of Illinois, Kansas, Missouri, Montana and Oklahoma (the "States"), (d) the Eastern Shawnee Tribe of Oklahoma, (e) the Ottawa Tribe of Oklahoma, (f) the Peoria Tribe of Indians of Oklahoma, (g) the Seneca-Cayuga Nation, (h) the Wyandotte Nation, (i) the Miami Tribe of Oklahoma and (j) the Cherokee Nation ((d) through (j), collectively, the "Seven Tribes," and collectively with EPA, DOI and the States, the "Governments"). The Debtors and the Governments are referred to in this Stipulation and Agreed Order collectively as the "Parties").[1]

---

[1] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Plan.

- 1 -

NAI-1502560886v16

## PROCEDURAL HISTORY

A.    On April 13, 2016, the Debtors commenced reorganization cases in this Court by filing voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  By order of the Court [Dkt. No. 105], the Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered.

B.    Prior to, or on the bar date established by this Court for government claims, the Governments filed Proofs of Claim Nos. 5537, 5538, 5539, 5540, 5541, 5542, 5543, 5544, 5545, 5546, 5547, 5550, 5620, 5621, 6120, 6145, 6689, 6690, 6722, 6730, 6731, 6733, 6735, 6736, 6738, 6760, 6766, 6768, 6773, 6774, 6775, 6776, 6777, 6921 against PEC and Debtor Gold Fields Mining, LLC ("Gold Fields") alleging certain environmental liabilities of PEC and Gold Fields (collectively, the "Environmental Proofs of Claim").  The Environmental Proofs of Claim are set forth below on Table 1:

## TABLE 1

| Proof of Claim | Date Filed | Claimant | Debtor | Claim Amount |
|---|---|---|---|---|
| 5537 | August 19, 2016 | Ottawa Tribe of Oklahoma | PEC | $149,444,000.00 |
| 5538 | August 19, 2016 | Eastern Shawnee Tribe of Oklahoma | PEC | $149,444,000.00 |
| 5539 | August 19, 2016 | Seneca-Cayuga Nation | PEC | $149,444,000.00 |
| 5540 | August 19, 2016 | Peoria Tribe of Indians of Oklahoma | PEC | $149,444,000.00 |
| 5541 | August 19, 2016 | Wyandotte Nation | PEC | $149,444,000.00 |
| 5542 | August 19, 2016 | Eastern Shawnee Tribe of Oklahoma | Gold Fields | $149,444,000.00 |
| 5543 | August 19, 2016 | Ottawa Tribe of Oklahoma | Gold Fields | $149,444,000.00 |
| 5544 | August 19, 2016 | Peoria Tribe of Indians of Oklahoma | Gold Fields | $149,444,000.00 |
| 5545 | August 19, 2016 | Seneca-Cayuga Nation | Gold Fields | $149,444,000.00 |
| 5546 | August 19, 2016 | Wyandotte Nation | Gold Fields | $149,444,000.00 |
| 5547 | August 19, 2016 | Miami Tribe of Oklahoma | Gold Fields | $149,444,000.00 |
| 5550 | August 19, 2016 | Miami Tribe of Oklahoma | PEC | $149,444,000.00 |
| 5620 | August 19, 2016 | Cherokee Nation | PEC | $149,444,000.00 |
| 5621 | August 19, 2016 | Peoria Tribe of Indians of | PEC | $149,444,000.00 |

| **Proof of Claim** | **Date Filed** | **Claimant** | **Debtor** | **Claim Amount** |
|---|---|---|---|---|
| | | Oklahoma | | |
| 6120 | August 19, 2016 | Cherokee Nation | Gold Fields | $149,444,000.00 |
| 6145 | August 19, 2016 | Wyandotte Nation | PEC | $149,444,000.00 |
| 6689 | October 6, 2016 | Missouri Department of Natural Resources | Gold Fields | $18,159,774.00 |
| 6690 | October 6, 2016 | Missouri Department of Natural Resources | PEC | $18,159,774.00 |
| 6722 | October 10, 2016 | State of Oklahoma | Gold Fields | $4,442,833.00 |
| 6730 | October 11, 2016 | Illinois Department of Natural Resources | Gold Fields | $1,393,667.00 |
| 6731 | October 11, 2016 | Illinois Department of Natural Resources | PEC | $1,393,667.00 |
| 6733 | October 11, 2016 | Missouri Department of Natural Resources | Gold Fields | $1,949,233.00 |
| 6735 | October 11, 2016 | Oklahoma Department of Environmental Quality | PEC | $762,757.63 |
| 6736 | October 11, 2016 | Oklahoma Department of Environmental Quality | Gold Fields | $1,878,398.66 |
| 6738 | October 11, 2016 | Montana Natural Resource Damage Program | PEC | $27,851,200.00 |
| 6760 | October 11, 2016 | State of Oklahoma | PEC | $6,099,270.00 |
| 6766 | October 11, 2016 | Secretary of Kansas Department of Health and Environment | PEC | $3,177,369.00 |
| 6768 | October 11, 2016 | United States, on behalf of DOI | PEC | $286,757,944.00 |
| 6773 | October 11, 2016 | Kansas Department of Health and Environment | Gold Fields | $73,584,615.00 |
| 6774 | October 11, 2016 | Secretary of Kansas Department of Health and Environment | Gold Fields | $3,177,369.00 |
| 6775 | October 11, 2016 | Kansas Department of Health and Environment | PEC | $40,903,373.00 |
| 6776 | October 11, 2016 | United States, on behalf of EPA | PEC | $877,431,819.00 |
| 6776 | October 11, 2016 | United States, on behalf of EPA | Gold Fields | $934,070,370.00 |
| 6777 | October 11, 2016 | United States, on behalf of DOI | Gold Fields | $429,547,177.00 |
| 6921 | February 16, 2017 | Missouri Department of Natural Resources | PEC | $18,159,774.00 |

- 3 -

NAI-1502560886v16

C. On January 25, 2017, the Debtors filed *(i) Debtors' Objection to U.S. Department of Interior's Claim (Claim #6768)* [Dkt. No. 2184]*; (ii) Debtors' Objection to U.S.* [sic] *Department of Justice's Claim (Claim #6738)* [Dkt. No. 2185]*; and (iii) Debtors' Objection to U.S. Environmental Protection Agency's Claim (Claim #6776)* [Dkt. No. 2186].

D. On January 25, 2017, the Debtors also filed the *Debtors' Thirteenth Omnibus Claims Objection to Certain Claims (Zero Liability Claims)* [Dkt. No. 2187], whereby the Debtors objected to Proofs of Claim Nos. 5620, 5538, 5550, 5537, 5540, 5621, 5539, 5541, 6145, 6775, 6766, 6768, 6768, 6760, 6768, 6735, 5860, 5850 and 6731.

E. On January 27, 2017, the Debtors filed the *Second Amended Joint Plan of Reorganization of Debtors and Debtors in Possession* (as it may be modified, supplemented or amended, the "Plan") [Dkt. No. 2229].

F. On February 2, 2017, the Debtors filed (i) *Debtors' Objection to U.S. Environmental Protection Agency's Claim (Claim #6776)*, [Dkt. No. 2316]; (ii) *Debtors' Objection to U.S. Department of Interior's Claim (Claim #6777)* [Dkt. No. 2317]; (iii) *Debtors' Objection to the Secretary of Kansas Department of Health and Environment's Claim (Claim #6777)* [Dkt. No. 2318]; (iv) *Debtors' Objection to the State of Missouri's Claim (Claim #6777)* [Dkt. No. 2319]; (v) *Debtors' Objection to the State of Oklahoma's Claim (Claim #6777)* [Dkt. No. 2320]; (vi) *Debtors' Objection to Kansas Department of Health and Environment (Claim #6773)* [Dkt. No. 2321]; (vii) *Debtors' Objection to the Illinois Department of Natural Resources' Claim (Claim #6730)* [Dkt. No. 2322]; and (vii) *Debtors' Objection to Missouri Department of Natural Resources' Claims (Claim #6689 & Claim #6690)* [Dkt. No. 2323].

G. On March 9, 2017, the Governments filed *United States', States' and Tribes' Objection to Debtors' Second Amended Joint Plan of Reorganization* [Dkt. No. 2648] (the "Plan Objection").

H. A separate Stipulation and Agreed Order, dated March 16, 2017, was entered into between (i) Gold Fields, (ii) Century Indemnity Company and Pacific Employers Insurance Company (collectively, the "Insurers") and (iii) Blue Tee Corporation ("Blue Tee") that resolves, among other things, whether and/or to what extent the historical insurance policies set forth on Exhibit I.A.127 to the Plan (the "Historic Gold Fields Policies") provide coverage for the Environmental Proofs of Claim and other claims (the "Insurance Settlements"). See *Stipulation and Agreed Order Pursuant to Sections 105(a) and 363 of the Bankruptcy Code and Bankruptcy Rules 6004 and 9019 (i) Approving Settlement and Release Agreement Between and Among Gold Fields Mining LLC, Blue Tee and the Historic Gold Fields Insurers, (ii) Authorizing Gold Fields Mining LLC to Enter Into the Settlement and Release Agreement, (iii) Authorizing the Sale of Gold Fields Mining LLC's Rights in Historic Gold Fields Insurance Policies Free and Clear of Liens, Claims, and Interests, (iv) Approving the Settlement Agreement and Release, and (v) Providing for Injunctive Relief Barring Claims Against the Historic Gold Fields Insurers* [Dkt. No. 2370] ("Insurer Stipulation and Agreed Order").[2]

## RECITALS

I. The Parties now each desire to (i) resolve the Plan Objection as provided herein and as reflected in other changes to the Plan and (ii) resolve, compromise, and settle all Claims asserted in the Environmental Proofs of Claim. These efforts to resolve Claims shall include, but

- 5 -

not be limited to, the entry of a future settlement agreement or settlement agreements that will include customary covenants not to sue and/or releases and contribution protections.

J.    The Governments' Environmental Proofs of Claim assert, among other things, certain administrative claims against the Debtors.  While the Debtors disagree with the Governments' characterization of their alleged claims, rather than dispute the nature of these claims and engage in costly, complex, and protracted litigation to the detriment of the Debtors' estates and other parties in interest, the Debtors have agreed to the compromise as set forth herein.

K.    The Insurers have agreed to pay $12,000,000.00 (the "Insurer Payment") for environmental liabilities at Blue Tee sites at the direction of the Governments in accordance with an allocation to be set forth in a future settlement agreement between the Governments and the Debtors, subject to the Debtors' approval which shall not be unreasonably withheld.  The Insurer Payment shall initially be made to the Gold Fields Liquidating Trust to be held in trust exclusively for the benefit of the Governments and to be allocated and paid in accordance with the future settlement agreement.

L.    The Parties agree that the Insurer Payment is for the benefit of Claims and Causes of Action (including those asserted in the Environmental Proofs of Claim) made by the Governments; provided, however, that regardless of the number of claimants or amount of such claims, the Insurer Payment shall not exceed $12,000,000.00.

M.    The Parties have agreed that the United States will also retain the $11,192,942.00 tax refund due to Peabody, to the extent approved by the Internal Revenue Service, resulting from certain tax losses generated in the 2015 tax year and carried back to the 2010 tax year (the "Tax Payment") to be used as a set off recovery on the proofs of claim of the United States in

accordance with an allocation set forth in a future settlement agreement(s). Notwithstanding anything to the contrary in this Stipulation and Agreed Order, the Plan or the Confirmation Order, the Parties agree that the United States shall not be entitled to set off of any other tax refunds requested by the Debtors or the Reorganized Debtors resulting from any tax losses or tax overpayments or other credits for any other tax periods, including for the avoidance of doubt the 2016 tax year and any subsequent tax years, carried back or otherwise applied to a pre-petition tax year against any pre-petition Claim (*i.e.*, including, but not limited to, those asserted in the Environmental Proofs of Claim) of the United States whether or not asserted in the Chapter 11 Cases and provided for under this Stipulation and Agreed Order, the Plan or the Confirmation Order.

N.      The Debtors have agreed to pay $20 million (the "Debtors' Payment," and together with the Insurer Payment and the Tax Payment, the "Settlement Payments") to the Gold Fields Liquidating Trust to be held in trust exclusively for the benefit of the Governments and to be allocated as follows: $3.4 million to an EPA dedicated special account for the Old American Zinc site in Illinois; $3.4 million to an EPA dedicated special account for the Taylor Springs site in Illinois; $1 million to an EPA dedicated special account for the Bautsch Gray site in Illinois; $2.6 million to an EPA dedicated special account for the Tar Creek site in Oklahoma; $0.15 million to an EPA dedicated special account for the Seven Tribes'-related investigation(s) within OU5 at the Tar Creek site in Oklahoma; $0.15 million to a tribal dedicated special account for the Seven Tribes' response costs at the Tar Creek site in Oklahoma; $1.25 million to an EPA dedicated special account for the Cherokee County site in Kansas; $0.25 million to a Kansas dedicated special account for operations and maintenance at the Cherokee County site in Kansas; $2.65 million to an EPA dedicated special account for the Caney Residential Yard site in

Kansas; $2.65 million to an EPA dedicated special account for the Jasper County site in Missouri; $2 million to the Gold Fields Liquidating Trust for the AZLS site in Kansas; and $0.5 million to a Kansas dedicated special account for the East La Harpe smelter site.[3]  Under no circumstances shall these funds be used for any other purpose.  The above allocation of the Debtors' Payment shall also be set forth in the future settlement agreement between the Debtors and the Governments.  The Debtors' Payment shall be made within five business days of the Court's approval of the future settlement agreement referenced above.

O.        The Gold Fields Debtors own (i) a five-acre parcel in Caney, Kansas (the "Caney Parcel") at the AZLS site and (ii) two 0.17 acres parcels in Rockwood, Tennessee (the "Rockwood Parcels").  With respect to the Caney Parcel, the environmental remediation action was completed in 1999 in accordance with an EPA approved plan and the Gold Fields Debtors improved the initial site remedy in 2015, also in accordance with an EPA approved plan.  Currently, the Caney Parcel only requires ongoing maintenance.  The Caney Parcel no longer requires active remediation activities.  Similarly, the Rockwood Parcels no longer require active remediation activities; instead, the Rockwood Parcels currently require only minimal maintenance activities (*e.g.*, cutting grass).

P.        $2 million of the Debtors' Payment allocated to the Caney Parcel will be set aside and held in trust in a segregated account to be used exclusively for response actions and operations and maintenance activities at the Caney Parcel and used for no other purpose whatsoever.  If the Gold Fields Liquidating Trust transfers the Caney Parcel to the State of Kansas, or any agency thereof, it shall transfer to the State or agency thereof any remaining funds in the segregated account.  The Gold Fields Liquidating Trustee and the State of Kansas

---

[3] The dedicated special accounts shall mean special accounts set up by the EPA pursuant to 42 U.S.C. § 9622(b)(3) or similar accounts set up by Kansas and/or the Tribes under their applicable laws.

- 8 -

NAI-1502560886v16

and/or the applicable State or agency shall agree that any such funding provided shall not be used for any other purpose.

Q. The Gold Fields Liquidating Trustee shall provide EPA and Kansas (meaning KDHE) at least 45 days advance notice of any transfer of the Caney Parcel. If the Caney Parcel is not transferred within one year of the creation of the Gold Fields Liquidating Trust, the Gold Fields Liquidating Trustee may abandon the Caney Parcel subject to notice and opportunity to object by the EPA and Kansas. If the Caney Parcel is abandoned, any remaining funds in the segregated account will be paid to a State of Kansas dedicated special account with notice to EPA and the State of Kansas.

R. Regarding the Rockwood Parcels, the Debtors, prior to the Effective Date, or the Gold Fields Liquidating Trustee, if after the Effective Date, will undertake best efforts to sell, assign, donate, or otherwise transfer the Rockwood Parcels to a third party (collectively, the "<u>Rockwood Transfer</u>"). The Gold Fields Liquidating Trustee shall provide EPA at least 45 days advance notice of any transfer of the Rockwood Parcels. If the Rockwood Parcels are not transferred within one year of the creation of the Gold Fields Liquidating Trust, the Gold Fields Liquidating Trustee may abandon the Rockwood Parcels subject to notice and opportunity to object by the EPA and the State of Tennessee.

S. The Governments agree to withdraw the Plan Objection.

T. The Debtors have sound business purposes and justifications and have appropriately exercised such judgment to justify the resolution of the Environmental Proofs of Claim and the Plan Objection with the Settlement Payments, as set forth herein in this Stipulation and Agreed Order and future settlements related thereto.

NAI-1502560886v16

U. The resolution and settlement of the Plan Objection and the Environmental Proofs of Claim in exchange for the Settlement Payments is in the best interests of the Debtors, their creditors and all parties in interest.

V. The resolution of the Plan Objections and the Environmental Proofs of Claim provides substantial benefits to the Debtors; eliminates the delay, uncertainty and expense of litigating the merits of the Environmental Proofs of Claim; and advances the orderly, economical and expeditious liquidation of the Gold Fields Debtors.

W. While Debtors believe they would prevail, the probability of success for any litigation, including the issues raised in the Plan Objections and the Environmental Proofs of Claims, is always uncertain.  Also, the litigation of the matters resolved by this Stipulation and Agreed Order would be complex and costly

X. The future settlement[s] related to this Stipulation and Agreed Order is subject to the approval of the Governments' officials with requisite authority to approve such settlements.

## **STIPULATION AND AGREED ORDER**

NOW, THEREFORE, it is hereby stipulated and agreed by and between the Parties through their undersigned counsel and the Court ORDERS, as follows:

1. The findings and conclusions of law set forth herein constitute the findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.  To the extent any of the following findings of fact constitute conclusions of law or any of the following conclusions of law constitute findings of fact, they are adopted as such.

2. The statutory predicates for the relief requested in this Stipulation and Agreed Order are section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019. This Court has authority to approve this Stipulation and Agreed Order.

3. This Stipulation and Agreed Order and the transactions contemplated therein are in the best interests of the Debtors, their creditors, and all parties in interest.

4. This Stipulation and Agreed Order shall constitute valid and binding obligations of all Parties and shall be enforceable in accordance with the terms hereof.

5. The Insurer Payment, as approved by the Insurer Stipulation and Agreed Order, shall be initially paid to the Gold Fields Liquidating Trust and held in trust exclusively for the benefit of the Governments and shall be allocated and paid in accordance with a future settlement agreement subject to the Debtors' approval which shall not be unreasonably withheld.

6. The Insurer Payment shall be for the benefit of Claims and Causes of Action (including those asserted in the Environmental Proofs of Claim) made by the Governments, <u>provided</u>, <u>however</u>, that regardless of the number of claimants or amount of such claims, the Insurer Payment shall not exceed $12,000,000.00.

7. The Tax Payment shall be for the benefit of Claims and Causes of Action (including those asserted in the Environmental Proofs of Claim) made by the United States.

8. The United States shall be entitled to retain the Tax Payment to be used as a set off recovery on the proofs of claim of the United States in accordance with an allocation set forth in a future settlement agreement. Notwithstanding anything to the contrary in this Stipulation and Agreed Order, the Plan or the Confirmation Order, the United States shall not be entitled to set off of any other tax refunds requested by the Debtors or the Reorganized Debtors resulting from any tax losses or tax overpayments or other credits for any other tax periods, including, for

the avoidance of doubt the 2016 tax year and any subsequent tax years, carried back or otherwise applied to a pre-petition tax year against any pre-petition Claim (*i.e.*, including, but not limited to, those asserted in the Environmental Proofs of Claim) of the United States whether or not asserted in the Chapter 11 Cases and provided for under this Stipulation and Agreed Order, the Plan or the Confirmation Order.

9. The Debtors' Payment shall be initially paid to the Gold Fields Liquidating Trust and held in trust exclusively for the benefit of the Governments and to be allocated and paid in accordance with paragraph N above and a future settlement agreement subject to the Debtors' approval which shall not be unreasonably withheld. The Debtors' Payment shall be for the benefit of Claims and Causes of Action (including those asserted in the Environmental Proofs of Claim) made by the Governments in accordance with the allocation set forth in paragraph N above and a future settlement agreement.

10. Pursuant to a future settlement agreement, the Governments will resolve, compromise, and settle as provided herein all Claims asserted in the Environmental Proofs of Claim.

11. Despite receipt by the Gold Fields Liquidating Trust, the Debtors' Payment, the Insurer Payment, and the financial assurances referred to in paragraph 13 shall not constitute Gold Fields Liquidating Trust Assets (as defined in the Plan) available to fund distributions to holders of Allowed Claims (as defined in the Plan) against any of the Debtors or be available to satisfy fees and expenses associated with administration of the Gold Fields Liquidating Trust, except to the extent necessary to maintain such assets on the Governments' behalf.

12. From and after the Effective Date, each of the Parties must use their respective commercially reasonable efforts to execute or cause to be executed and deliver or cause to be

delivered all such agreements, instruments and documents as may reasonably be necessary from time to time to carry out the intent and purpose of this Stipulation and Agreed Order and to consummate the transactions contemplated hereby and thereby.  Any future settlement agreements related to this Stipulation and Agreed Order are subject to the approval of the Governments' officials with requisite authority to approve such settlements.

13. Prior to the Effective Date, the Debtors shall use commercially reasonable efforts to assist the applicable Governments to draw down on certain existing financial assurances created for the benefit of certain applicable Governments.  In the event that such financial assurances have not been drawn down by the Effective Date, the Gold Fields Liquidating Trust shall succeed to the Debtors' rights under the financial assurances and use its commercially reasonable efforts to assist the applicable Governments to draw down on such financial assurances.  In no event shall any financial assurances or proceeds thereof be used other than as approved by the applicable Governments.

14. Each signatory hereto shall be responsible for their own fees and expenses in connection with the negotiation and consummation of this Stipulation and Agreed Order.

15. The Debtors are authorized and directed to make any changes to the form of the Gold Fields Liquidating Trust Agreement necessary to reflect provisions of this Stipulation and Agreed Order.

16. Any modifications, alterations or amendments to this Stipulation and Agreed Order in whole or in part shall be subject to further approval of the Court.

17. In the event that any term or provision of this Stipulation and Agreed Order is in conflict with the Confirmation Order or the Plan, including but not limited to the Gold Fields Liquidating Trust, the terms of this Stipulation and Agreed Order shall control.

18.     Notwithstanding any Bankruptcy Rule or Local Bankruptcy Rule that might otherwise delay the effectiveness of this Stipulation and Agreed Order, the terms and conditions of this Stipulation and Agreed Order shall be immediately effective and enforceable upon its entry.  Further, this Stipulation and Agreed Order constitutes a final and immediately appealable order within the meaning of 28 U.S.C. § 158(a).

19.     No later than two days after the date this Stipulation and Agreed Order is entered on the docket, the Claims and Noticing Agent is directed to serve a copy of this Order on the Notice Parties and is directed to file a certificate of service no later than 24 hours after service.

DATED:  March 17, 2017
St. Louis, Missouri

cke

Barry S. Schermer
United States Bankruptcy Judge

NAI-1502560886v16

      Pg 15 of 19

Dated:  March 17, 2017
        St. Louis, Missouri

/s/ Steven N. Cousins
Steven N. Cousins, MO 30788
Susan K. Ehlers, MO 49855
Armstrong Teasdale LLP
7700 Forsyth Boulevard, Suite 1800
 St. Louis, MO  63105
Telephone:  (314) 621-5070
Facsimile:  (314) 612-2239
Email:  scousins@armstrongteasdale.com
Email:  sehlers@armstrongteasdale.com

Heather Lennox (admitted *pro hac vice*)
Jones Day
North Point
901 Lakeside Avenue
Cleveland, OH  44114
Telephone:  (216) 586-3939
Facsimile:  (216) 579-0212
Email:  hlennox@jonesday.com

Amy Edgy (admitted *pro hac vice*)
Daniel T. Moss (admitted *pro hac vice*)
Jones Day
51 Louisiana Avenue, N.W.
Washington, D.C.  20001-2113
Telephone:  (202) 879-3939
Facsimile:  (202) 626-1700
Email:  aedgy@jonesday.com
Email:  dtmoss@jonesday.com

*Attorneys for Debtors
and Debtors in Possession*

NAI-1502560886v16

JEFFREY H. WOOD
Acting Assistant Attorney General
Environment and Natural Resources
Division

CARRIE COSTANTIN
Acting United States Attorney

JANE RUND
Assistant United States Attorney

/s/ Patrick M. Casey
PATRICK M. CASEY (Bar No. 731048FL)
JOHN BRODERICK
LISA CHERUP
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
Ben Franklin Station
P.O. Box 7611
Washington, DC 20044-7611
Tel. (202) 514-1448
Fax (202) 514-0097
E-mail patrick.casey@usdoj.gov

ALAN S. TENENBAUM
National Bankruptcy Coordinator
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
Ben Franklin Station
P.O. Box 7611
Washington, DC 20044-7611
E-mail alan.tenenbaum@usdoj.gov

/s/ Robert F. Ritchie
ROBERT F. RITCHIE (IL #6311337)
Supervising Attorney
Revenue Litigation Bureau
Office of the Illinois Attorney General
500 South Second Street
Springfield, Illinois 62701
Tel. (217) 524-7456
Fax (217) 782-1396
E-mail rritchie@atg.state.il.us
*Admitted Pro Hac Vice*
Illinois Department of Natural Resources

/s/ Thomas M. Franklin
THOMAS M. FRANKLIN
Mo. Bar 32358
The Franklin Law Firm
11100 Ash Street, Suite 103
Leawood, Kansas 66211
Tel. (816) 941-2121
Fax (913) 912-1267
E-mail tom.franklin@tmflaw.com
Attorney for Kansas Department of Health
and Environment and its Secretary, as
Trustee

JOSHUA D. HAWLEY
Missouri Attorney General

/s/ Michael D. Morris
MICHAEL D. MORRIS
Assistant Attorney General
Missouri Bar No. 63109
Missouri Attorney General's Office
P.O. Box 899
Jefferson City, Missouri 65102
Tel. (573) 751-8355
Fax (573) 751-4323
E-mail Michael.Morris@ago.mo.gov

/s/ Katherine M. Haque-Hausrath
KATHERINE M. HAQUE-HAUSRATH
Assistant Attorney General
Montana Natural Resource Damage Program
Montana Department of Justice
P.O. Box 201425
1720 Ninth Avenue
Helena, Montana 59620-1425
Tel. (406) 444-0290
E-mail khaque-hausrath@mt.gov

/s/ P. Clayton Eubanks
P. CLAYTON EUBANKS OBA #16648
Deputy Solicitor General
Oklahoma Attorney General's Office
313 N.E.21st Street
Oklahoma City, Oklahoma 73105
Tel. (405) 522-8992
E-mail Clayton.eubanks@oag.ok.gov

/s/ Gary Henry
GARY HENRY
Environmental Attorney
State of Oklahoma,
Department of Environmental Quality
707 N. Robinson, P.O. Box 1677
Oklahoma City, Oklahoma 73101
Tel. (405) 702-7185
Fax (405) 702-7199
E-mail gary.henry@deq.ok.gov

/s/ Brian J. Cleary
BRIAN J. CLEARY (Idaho Bar No. 5780)
Admitted Pro Hac Vice
The Cleary Law Group, P.C.
9030 N. Hess St., #362
Hayden, Idaho 83835
Tel. (208) 762-1081
Fax (866) 361-5496
E-mail brian@clearylawgroup.com
Special Counsel to Tribal Respondents

NAI-1502560886v16

Submitted by:

Steven N. Cousins
Susan K. Ehlers
Armstrong Teasdale LLP
7700 Forsyth Boulevard, Suite 1800
St. Louis, MO  63105

Heather Lennox
Jones Day
North Point
901 Lakeside Avenue
Cleveland, OH  44114

Amy Edgy
Daniel T. Moss
Jones Day
51 Louisiana Avenue, N.W.
Washington, D.C.  20001-2113

*Attorneys for Debtors
and Debtors in Possession*